IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*,<br><br>Defendants.<br>_____/ | No. C 18-03748 WHA<br><br>**OMNIBUS ORDER DENYING MOTIONS TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW, FOR RECONSIDERATION, AND FOR PRELIMINARY INJUNCTION AND VACATING HEARING** |

**INTRODUCTION**

In this *pro se* employment action, plaintiff moves to certify an order for interlocutory review, for leave to file a motion for reconsideration of the same order, and for preliminary injunction. For the reasons stated below, the motions are **DENIED**. The hearing on plaintiff's motion for preliminary injunction pending appeal scheduled for January 17 is hereby **VACATED**.

**STATEMENT**

The background of this action, as taken from the allegations in plaintiff's complaint, is found in a prior order (Dkt. No. 69). In brief, defendant United States Department of Veterans Affairs hired *pro se* plaintiff Tatyana Evgenievna Drevaleva as a medical instrument technician in April 2017. Approximately six weeks into the job, while still in the probationary period of her employment, plaintiff requested a leave without pay for a month and a half to travel to Russia to undergo in-vitro fertilization. Plaintiff's supervisor informed her that to qualify for an

unpaid leave, she had to be employed by the hospital for a minimum of twelve months in order to qualify for unpaid leave and further advised her that she would need written medical documentation to support her request.

In May 2017, after learning her supervisor was out of office for two weeks, plaintiff asked someone else, this time the assistant manager, for unpaid leave. The assistant manager informed plaintiff of the proper procedure for requesting such a leave, but allegedly also told her, "If you need to go — go!" which plaintiff treated as verbal permission to travel to Russia, which she then did the next day. Plaintiff allegedly emailed her supervisor while in Russia without a response until July 2017, when plaintiff received an email from her supervisor advising plaintiff that her employment had been terminated. As plaintiff later learned during a mediation session with her supervisor in September 2017, she was ultimately terminated for taking a leave without permission, inasmuch as her request for leave without pay was denied because she had not been employed at the hospital for the minimum one-year period.

In June 2018, plaintiff filed the instant action. She alleged the following claims: (1) gender and pregnancy discrimination under Title VII of the Civil Rights Act; (2) disability discrimination under the ADA and failure to accommodate under the Rehabilitation Act of 1973; (3) age discrimination under the Age Discrimination in Employment Act; (4) tort claims for libel and intentional infliction of emotional distress; and (5) deprivation of liberty and property without due process. All of plaintiff's claims arose from her employment at the VA hospital. Plaintiff sought relief in the form of back pay, five million dollars of compensatory damages, two million dollars of punitive damages, and attorney's fees (Dkt. No. 1 at 24–25).

In October 2018, defendants moved to dismiss plaintiff's complaint (Dkt. No. 34) and plaintiff moved to strike defendants' motion to dismiss (Dkt. No. 38) and preliminarily enjoin defendants, *i.e.*, reinstate her to the same or a substantially similar position at any Veterans Affairs Medical Center (Dkt. No. 39). An order dated December 3, 2018, granted defendants' motion to dismiss (with leave to amend) and denied both plaintiff's motions to strike and for preliminary injunction (Dkt. No. 69).

Plaintiff has subsequently filed a flurry of motions. Specifically, plaintiff has filed three motions (styled as "applications") to certify the order granting defendants' motion to dismiss for interlocutory review (Dkt. Nos. 76, 77, 84) and a motion for leave to file a motion for reconsideration of the same order (Dkt. No. 78). Plaintiff also again requests (styled as a motion for preliminary injunction) to be reinstated back to work at any Veterans Affairs Medical Center pending appeal of the order granting the motion to dismiss (Dkt. Nos. 81, 82). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiff's motion for preliminary injunction pending appeal suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for January 17.

## ANALYSIS

### 1. MOTIONS TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal where an order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." Interlocutory review under Section 1292(b) is an extraordinary remedy generally limited to instances where immediate appeal might avoid protracted and expensive litigation. *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429–30 (9th Cir. 1973).

Here, plaintiff requests certification for interlocutory review of the order dismissing her complaint with leave to amend (Dkt. Nos. 76, 77, 84). Plaintiff, however, has not demonstrated that there are substantial grounds for difference of opinion as to the controlling questions of law in this case. Rather, plaintiff largely attacks governing precedent — for example, stating that our court of appeals "[o]bviously . . . failed to follow the requirements established for Age Discrimination cases" (*e.g.*, Dkt. No. 77 at 3) — and the Court's interpretation of the law (*e.g.*, Dkt. No. 76 at 20). Strong disagreement with the Court's order or governing precedent alone, however, is insufficient to show that substantial grounds for difference of opinion exist. Moreover, this order finds that plaintiff's amendment of her complaint in accordance to the order dated December 3, 2018, granting her leave to amend would more efficiently advance the

3

1  ultimate termination of this action rather than an interlocutory appeal. Accordingly, plaintiff's
2  motions for certification for interlocutory review are **DENIED**.

### 2. MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION.

In addition to her motions for certification for interlocutory review, plaintiff also moves for leave to file a motion for reconsideration of the order dated December 3, 2018 (Dkt. No. 78). Again, the crux of plaintiff's motion is vehement disagreement with the Court's application of controlling law (*see, e.g.*, *id*. at 8).

Plaintiff bases her motion on Civil Local Rule 7-9(b)(3), which requires a motion for leave to file a motion for reconsideration to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Plaintiff, however, fails to show material facts or dispositive legal arguments the order dated December 3, 2018, ignored. Instead, plaintiff again largely takes issue with the Court's interpretation of governing law and its application under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This alone, however, is insufficient grounds for reconsideration. Accordingly, plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

### 3. MOTION FOR PRELIMINARY INJUNCTION.

Plaintiff again moves for preliminary injunction, seeking to be immediately reinstated back to work at any Veterans Affairs Medical Center pending appeal (Dkt. Nos. 81, 82). For the same reasons stated in the order dated December 3, 2018 (and the additional reason based on denial of plaintiff's instant motions to certify that order for interlocutory review), plaintiff's renewed motion for preliminary injunction is **DENIED**.[*]

### CONCLUSION

For the foregoing reasons, plaintiff's motions to certify the order dismissing the action with leave to amend for interlocutory review, for leave to file a motion for reconsideration, and

---

[*] This order notes that our court of appeals has already denied, *sua sponte*, plaintiff's "emergency" motion for injunctive relief pending appeal (Dkt. No. 90).

United States District Court
For the Northern District of California

4

for preliminary injunction are **DENIED**.  The hearing on the motion for preliminary injunction pending appeal is **VACATED**.

**IT IS SO ORDERED.**

Dated:  January 3, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5