United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TATYANA EVGENIEVNA DREVALEVA,**<br>Plaintiff**,**<br>vs.<br>**U.S. DEPARTMENT OF VETERANS AFFAIRS, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-03748-WHA (YGR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 102 |

Pending before the Court is an affidavit by *pro se* plaintiff Tatyana Evgenievna Drevaleva filed pursuant to 28 U.S.C. § 144, claiming that Judge William H. Alsup "has a bias and prejudice towards the Plaintiff and acts in favor of the opposing Party[,]" which is being treated as a motion to disqualify Judge Alsup. (Dkt. No. 102 ("Aff.").) For the following reasons, the Court **DENIES** plaintiff's motion.

**I. BACKGROUND**

**A. Underlying Action**

Plaintiff Drevaleva was born in Russia and holds dual citizenship of the United States and Russia. She underwent naturalization to obtain the former in December 2013. (Dkt. No. 1 ("Compl.") at 3.) Beginning on April 3, 2017, Drevaleva worked as a medical instrument technician, specializing in electrocardiography, at Raymond G. Murphy Veteran Affairs Medical Center ("VAMC") (the "Hospital") in Albuquerque, New Mexico. (Compl. at 2.) Drevaleva's supervisors included manager Carla Dunkelberger, RN and assistant manager Phil Johnson, RN. (*Id.*) At the time she began working at the Hospital, Drevaleva was fifty (50) years old. (*Id.* at 3.)

Drevaleva alleges that her supervisors, Dunkelberger in particular, discriminated against her for her age, gender, and desire to conceive a child and resulting decision to pursue in-vitro

United States District Court
Northern District of California

fertilization ("IVF") treatment in Russia, by terminating and then refusing to reinstate her employment. (*Id.* 3-9.) Based on these allegations, Drevaleva brought the instant action against the United States Department of Veteran Affairs and Peter O'Rourke, acting Secretary thereof for (i) "pregnancy discrimination," (ii) gender discrimination, (iii) age discrimination, (iv) disability discrimination and failure to provide reasonable accommodation, (v) libel, (vi) intentional infliction of emotional distress, and (vii) deprivation of liberty and property without due process. (*Id.* at 10-23.)

**B. Procedural History**

Plaintiff filed her complaint on June 25, 2018, and on October 5, 2018, it was transferred to the San Francisco division. (Dkt. No. 31.) Thereafter, the case was reassigned to Judge Alsup. (Dkt. No. 33.) Defendants filed a motion to dismiss plaintiff's action on October 9, 2018. (Dkt. No. 34.) Plaintiff subsequently filed a motion to strike defendants' motion and a motion for preliminary injunction. (Dkt. Nos. 38, 39.) Plaintiff also opposed defendants' motion to dismiss (Dkt. No. 40) and, following defendants' reply in support thereof, moved for leave to file a supplemental brief (Dkt. No. 42).

On November 2, 2018, Judge Alsup denied plaintiff's request for leave to file supplemental briefing. (Dkt. No. 51.) Therein, Judge Alsup noted that "Local Rule 7-3(d) states, "'[o]nce a reply is filed, no additional memoranda, papers, or letters may be filed with the court without prior approval' unless new evidence has been submitted in the reply or relevant judicial opinions were published after the reply or opposition was filed." (*Id.* at 1.) Judge Alsup found that neither exception applied to plaintiff's motion and explained that although "[p]laintiff alleges that defendants raised new issues in their reply that were not present in their motion to dismiss . . . [she] fails to identify these new issues and does not explain what information she found to be 'misleading' in defendants' reply[.]" (*Id.*) Judge Alsup noted that plaintiff had "already had the opportunity to present arguments and cite to case law in her opposition and various other requests and motions she has submitted" and found "no basis for permitting additional briefing[.]" (*Id.* at 1-2.)

On November 10, 2018, plaintiff moved for leave to file a motion for reconsideration of

the November 2 order denying her request for leave to file supplemental briefing. (Dkt. No. 55.) On November 14, 2018, Judge Alsup denied plaintiff's request for reconsideration. (Dkt. No. 56.) Therein, Judge Alsup found that plaintiff had not shown any of the three grounds required for reconsideration under Local Rule 7-9(b). (*Id.*) He noted that plaintiff had already made most of the arguments found in her motion for leave to file a motion for reconsideration in her opposition to defendants' motion to dismiss and so, allowing her to repeat these arguments would violate Local Rule 7-9(c). (*Id.*)

On November 19, 2018, Judge Alsup issued an order responding to two "inquiries" included in plaintiff's opposition to defendants' motion to dismiss. (Dkt. No. 57.) First, in response to plaintiff's question of whether this action should be maintained in this court or transferred to the district court in New Mexico, Judge Alsup advised that this question was better suited to the upcoming initial case management conference then scheduled for November 29. (*Id.*) Second, Judge Alsup denied plaintiff's request for the appointment of counsel pursuant to 42 U.S.C. Section 2000e-5(f)(1)(B).[1] (*Id.*) In so doing, he explained that to determine whether a plaintiff is entitled to appointment of counsel under Title VII, a court must assess three factors, including the plaintiff's efforts to secure counsel, of which plaintiff did not produce any evidence in support of her request for appointment of counsel. (*Id.*) He also directed plaintiff to the court's legal help center. (*Id.*)

On November 20, 2018, plaintiff filed a notice of appeal to the 9th Circuit Court of Appeals of Judge Alsup's order denying her request for appointment of counsel. (Dkt. No. 58.) On November 22, 2018, plaintiff filed three motions: (i) to transfer her case the United States Supreme Court[2] (Dkt. No. 60); (ii) for a court reporter "free of charge" for the "hearing" November 29, 2018 (Dkt. No. 61); and (iii) to transfer her "Constitutional claims to the U.S. Court of Federal Claims"[3] (Dkt. No. 62).

---

[1] The Court advises plaintiff that this section does exist.

[2] Plaintiff subsequently withdrew this motion. (Dkt. No. 68.)

[3] Plaintiff subsequently withdrew this motion. (Dkt. No. 73.)

On November 26, 2018, and upon referral from the court of appeals to determine whether plaintiff's *in forma pauperis* status should continue on her appeal of the district court's decision denying her request for appointment of counsel (Dkt. No. 67), Judge Alsup issued an order finding plaintiff's appeal frivolous and revoking her *in forma pauperis* status on appeal. (Dkt. No. 63.) Judge Alsup explained that plaintiff immediately appealed the denial of appointment of counsel "instead of moving for leave for reconsideration or making any kind of attempt to produce evidence before the Court of her efforts to secure counsel[.]" (*Id.*) Therefore, he reasoned, "[w]ithout such evidence of plaintiff's efforts to secure counsel, plaintiff is not entitled to appointment of counsel. And, although plaintiff is proceeding *pro se*, she is readily capable of supplementing to the Court any noted deficiencies in her requests[.]" (*Id.*) Later on November 26, 2018, plaintiff file a motion for reconsideration of this order, attaching as Exhibit 1 an email to a Mr. Bohm asking him to represent her on a contingency basis. (Dkt. No. 65.)

On December 4, 2018, Judge Alsup issued an order denying plaintiff's motion for reconsideration of revocation of plaintiff's *in forma pauperis* status on appeal. (Dkt. No. 71.) Therein, Judge Alsup found that although plaintiff states that she made one attempt to secure counsel "[t]hat new fact does not change the conclusion that plaintiff has not met the standard under *Bradshaw* [*v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981)]." (*Id.*) On December 3, 2018, plaintiff filed a second notice of appeal, this time of the court's denial of her request to file supplemental briefing regarding defendants' motion to dismiss. (Dkt. No. 70.)

Also on December 3, 2018, Judge Alsup granted defendants' motion to dismiss and denied plaintiff's motions to strike and for preliminary injunction. (Dkt. No. 69.) Plaintiff filed her third notice of appeal to the Ninth Circuit on December 7, 2018, this time regarding the court's December 3 decision granting defendants' motion to dismiss and denying plaintiff's motions to strike and for preliminary injunction. (Dkt. No. 75.) On December 9, 2018, plaintiff filed for certification for an appeal of the court's order granting defendants' motion to dismiss. (Dkt. No. 76.) She subsequently filed a "second application for certification for an appeal" of that order on December 10, 2018. (Dkt. No. 77.) On December 11, 2018, plaintiff filed a motion for leave to file a motion for reconsideration of the court's December 3 order. (Dkt. No. 78.) On December

12, 2018, plaintiff filed a second motion for a preliminary injunction (Dkt. No. 81) as well as a "supplemental motion to the motion for injunction pending appeal" (Dkt. No. 82). On December 13, 2018, plaintiff filed a third application for certification for an appeal. (Dkt. No. 84.)

On December 18, 2018, plaintiff filed a motion for leave to file an amended complaint for employment discrimination. (Dkt. No. 86.) Ten days later, plaintiff filed a motion to "stay the libel, the IIED, and the constitutional causes of action."[4] (Dkt. No. 96.) On January 3, 2019, Judge Alsup issued an omnibus order denying plaintiff's three motions to certify the court's order granting defendants' motion to dismiss for interlocutory review, for reconsideration, and for preliminary injunction. (Dkt. No. 98.) On January 7, 2019, plaintiff filed a motion for leave to file a motion for reconsideration of the court's January 3 order denying her motion for injunction pending appeal and supplemental motion for injunction pending appeal. (Dkt. No. 99.) Therein, plaintiff averred that Judge Alsup did not read her motions as he "didn't address even one argument that [she] listed[.]" (*Id.* at 2.)

On January 9, 2019, plaintiff filed the instant affidavit that Judge Alsup "has a bias and prejudice toward the plaintiff." (Aff.) On February 17 and 20, 2019, plaintiff has filed "motion[s] to amend/correct for severance" (Dkt. No. 124) and to certify her case to the Chief Justice of the 9th Circuit or to appoint a Master (Dkt. No. 126). On February 24, 2019, plaintiff filed a letter to Susan Soong, Clerk of the Court, that the clerk of the court's rejection of plaintiff's motion to certify her case to the Chief Justice of the 9th Circuit was unlawful and lacking in legal basis. (Dkt. No. 128.)

On February 25, 2019, Judge Alsup issued an order in response to plaintiff's January 9 affidavit, declining to recuse himself on the ground of bias and remaining "determined to give the *pro se* plaintiff fair hearings and proceedings." (Dkt. No. 129.) Therein, Judge Alsup explained that the "ruling complained of were decided on their merits, not on account of any bias against

---

[4] The Court notes that beginning on December 28, 2019, and in the wake of the recent government shutdown, defendants filed a number of administrative motions to stay the case pending restoration of government funding. (*See* Dkt. Nos. 94, 100, 106.) Plaintiff opposed the first and second motions on the grounds that her "lawsuit is exactly about the protection of [her] life, the lives of [her] children, and [her] future property." (*See* Dkt. Nos. 95 at 2, 101.) Judge Alsup granted all three motions. (Dkt. Nos. 104, 107.)

plaintiff." Judge Alsup also treated the affidavit as a motion to disqualify and asked the Clerk to reassign the motion randomly to another district judge. (*Id.*) On April 18, 2019, the motion to disqualify was randomly reassigned to the undersigned. (Dkt. No. 135.)

In the interim, on February 28, 2019, the court of appeals issued an order affirming Judge Alsup's December 3, 2018 order granting defendants' motion to dismiss as well as denying plaintiff's motions for preliminary injunctive relief and sanctions. (Dkt. No. 131.) On March 20, 2019, the Court of Appeals received a letter from the United States Supreme Court indicating that plaintiff had filed a petition for a writ of certiorari. (Dkt. No. 132.) On April 15, 2019, the Supreme Court issued a letter denying plaintiff's petition. (Dkt. No. 133.) On April 18, 2019, the court of appeals issued an order dismissing plaintiff's appeal of Judge Alsup's order denying her motion for appointment of counsel as frivolous. (Dkt. No. 137.)

## II. LEGAL STANDARD

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To determine under Section 455(a) whether a district judge should be removed for possible bias or prejudice, the court should "ask whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citations and internal quotation marks omitted). If a reasonable person would "perceive[] a significant risk that the judge will resolve the case on a basis other than the merits," the judge's impartiality may reasonably be questioned. *Id.* But, the reasonable person is not "hypersensitive or unduly suspicious, but rather instead a well-informed, thoughtful observer." *Id.* (quotation marks omitted. Accordingly, the standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.*

Analysis under Section 455(a) is "necessarily fact-driven and may turn on subtleties in the particular case" and "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique fact and circumstances of the particular claim at issue." *Id.* A judge's conduct, rulings, opinions, or statements during trial

United States District Court
Northern District of California

proceedings may be the sole basis for recusal under Section 455 only in the rarest of circumstances. *Id.* at 913-14. Section 455(e) additionally notes that "[w]here the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C.A. § 455(e).

## III. ANALYSIS

Plaintiff contends that Judge Alsup has displayed a bias and prejudice against her and has acted in favor of the opposing party. (Aff.) Specifically, plaintiff points to the following decisions and actions by Judge Alsup as evidence of his prejudice against her:

1. denial of plaintiff's request for appointment of counsel;[5]
2. revocation of plaintiff's *in forma pauperis* status on appeal of the denial of plaintiff's request for appointment of counsel in which he characterized the appeal as frivolous;
3. denial of plaintiff's motion for leave to file a motion for reconsideration of the order revoking plaintiff's *in forma pauperis* status;
4. denial of plaintiff's motion for leave to file a supplemental brief regarding defendants' motion to dismiss;
5. denial of plaintiff's motion for reconsideration of the order denying plaintiff's motion for leave to file a supplemental brief;
6. hearing argument first from defense counsel during the November 29, 2018 on defendants' motion to dismiss;
7. doing "everything possible to deprive [plaintiff] of the opportunity to speak" during the November 29, 2018 hearing;
8. also during the November 29, 2018 hearing:
   a. "exhibit[ing] illiteracy in the knowledge and application of federal laws such as the Westfall Act";
   b. "demonstrate[ing] the absence of the knowledge of the key moments of the

[5] Plaintiff suggests that in this order, Judge Alsup "cited to [a] provision of the law that doesn't currently exist (42 U.S.C. Section 2000e-5(f)(1)(B))" as additional evidence of his prejudice. As noted above, the aforementioned provision does exist and can be found at the code section cited.

employment discrimination in Federal Government litigation" including, "what the AFGE (the American Federation of Government Employees) is, what the MSPB (the Merit Systems Protection Board) is, how federal employees can file a claim at the MSPB, when the District Court has jurisdiction over discrimination and nondiscrimination causes of action, what the certification by the Attorney General is, and how preemption applies to discrimination causes of action";

c. "demonstrate[ing] the complete absence of the knowledge regarding the scope of the [IVF] procedure, why this procedure is considered as a pregnancy-related condition, and why a woman must be considered as temporary disabled when she requests a leave of absence for the purpose of undergoing the IVF procedure"; and

d. "suggest[ing] that [plaintiff] was absolutely healthy and therefore . . . didn't have disability due to the IVF procedure";

9. fraudulently dismissing plaintiff's complaint and in so dismissing:

a. "appl[ying] prima facie cases at the pleading stage of the litigation contrary to the rule established by *Sweirkiewicz v. Sorema*, N.A. 534 U[.]S[.] 506, 508 (2002)";

b. "substitut[ing] two elements of the Prima Facie case for the Title VII discrimination established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) by two newly frivolously invented ones, and judged based on the newly frivolously invented elements";

c. "intentionally falsified the Prima Facie case described in *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) and judged based on the falsified Prima Facie case";

d. "Ordered the preemption of [her] libel, constitutional and IIED (non-discrimination) causes of action by the discrimination ones";

e. "failed to strike defendants' 'insufficient defense or any redundant, immaterial,



United States District Court
Northern District of California

      impertinent, or scandalous matter' such as alleged preemption of the Age Discrimination cause of action by the Title VII cause of action as Defendants claimed in their Motion to Dismiss";

f. "Failed to strike Defendants' writings despite Defendants didn't declare under the penalty of perjury that all foregoing was true and correct"; and

g. "Furiously continued the Case Management Conference and thus deprived the Plaintiff a right to conduct Discovery";

10. denying plaintiff's three applications for certification for interlocutory appeal of the order on defendants' motion to dismiss and motion for reconsideration of the order granting defendants' motion to dismiss and in so doing:

a. "claiming that [d]efendants properly fired [plaintiff] from her job because she hadn't worked at the VA for 12 months, and therefore [] didn't qualify for Leave without Pay under the Family and Medical Leave Act"; and

b. "recklessly disregard[ing] [plaintiff's] explanation and the pieces of evidence (a copy of the AGFGE Master Agreement, a copy of the Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Case of the Office of the Personnel Management (OPM) of the VA system, and the copy of [plaintiff's] medical documentation";

11. denying plaintiff's preliminary injunction asking for immediate reinstatement;

12. failing to read plaintiff's subsequent motion for injunction pending appeal "where [plaintiff] listed completely different reasons for immediate reinstatement back to work" as evidenced by his failure to address "even one argument that [plaintiff] had listed in that Motion;

13. vacating the hearing date for plaintiff's subsequent motion for injunction pending appeal "thus depriving [her] an opportunity to speak in front of the Judge"; and

14. promising to "extend the hearing date of this Motion beyond February 14, 2019 for an indefinite extension . . . attempt[ing] to justify his procrastination by the current Governmental shut down and [not] car[ing] that the Plaintiff is 52 yo [sic],

> unemployed, and urgently needs a job and money to continue [her] struggle with infertility[.]"

(Aff. at 2-5.)

Most of plaintiff's complaints stem from disagreements with Judge Alsup's decisions. Having reviewed the relevant orders and complaints, the Court finds no reasonable question or appearance of partiality arises from Judge Alsup's various findings. Each order appears well-reasoned and grounded in the law of the Ninth Circuit, which recently affirmed Judge Alsup's December 3, 2018 order granting defendants' motion to dismiss as well as denying plaintiff's motions for preliminary injunctive relief and sanctions. (Dkt. No. 131) and dismissing plaintiff's appeal of Judge Alsup's order denying her motion for appointment of counsel as frivolous (Dkt. No. 137).

To the extent that plaintiff's motion to disqualify relies on Judge Alsup's conduct during the November 29, 2018 hearing, the Court finds that plaintiff's allegations fail to establish any fact or circumstance to support a finding of impartiality. As an initial matter, it is not uncommon to have a moving party speak first. Thus, Judge Alsup's request that defense counsel speak first during the hearing as the moving party for the first-filed motion is not, in and of itself, a basis for disqualification. Nor is any alleged "absence of knowledge." Federal judges must frequently learn new areas of law. Such is not a basis for disqualification.

## IV. CONCLUSION

Plaintiff has not identified any facts or circumstances that raise a reasonable question as to Judge Alsup's impartiality. Accordingly, the undersigned **DENIES** plaintiff's motion to disqualify.

**IT IS SO ORDERED.**

Dated: May 9, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California