FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 2 5 2021

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

   *Plaintiff*　　　　　　　　　　　　　　　　　Case No. 1:21-cv-00761-WPJ

         v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

   *Defendants*

**APPLICATION TO CERTIFY THAT MY LAWSUIT No. 1:21-cv-00761-WPJ IS OF GENERAL PUBLIC IMPORTANCE, AND APPLICATION FOR PERMISSION FOR BOTH THE EQIAL EMPLOYMENT OPPORTUNUTY COMISSION (the EEOC) AND THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA TO INTERVENE IN THE CIVIL ACTION No. 1:21-cv-00761-WPJ,**

**42 U.S.C. § 2000e-5(f)(1.)**

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction.**

Plaintiff Tatyana Drevaleva is applying to U.S. District Court for the District of New Mexico to certify that my lawsuit No. 1:21-cv-0761-WPJ is of a general public importance, and I am applying for a permission for both the Equal Employment Opportunity Commission (the EEOC) and the Attorney General of the United States of America to intervene in the lawsuit No. 1:21-cv-00761-WPJ.

**Statement of Facts.**

The facts of this case are undisputed. On June 30, 2017, I was fired from my full time job at the New Mexico VA Health Care System for my attempt to have a child, for my sex/gender, for my age 50 yo at that time, and for my temporary disability that was related to taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an In-Vitro Fertilization (IVF) attempt. The Federal Government defamed me about the reasons of the termination of my employment. Specifically, the Federal Government kept lying that I had been fired for failure to follow the proper steps to obtain a Leave Without Pay (LWOP) and for absence without leave (AWOL.) The Federal Government fabricated the EEO Investigative File in my EEO Complaint No. 200P-0501-20171 03883, please, take a Judicial Notice of my related

case No. 4:21-cv-00684-HSG *Drevaleva v. Hayo* et al., Fifth Request to Take a Judicial Notice, August 10, 2021, Doc. No. 59.

On June 25, 2018, I filed a lawsuit No. 4:18-cv-03748-HSG *Drevaleva v. 1) The U.S. Department of Veterans Affairs, 2) Mr. Peter O'Rourke, Acting United States Secretary of Veterans Affairs*. All Defendants in this lawsuit were served with a Summons and an Original June 25, 2018 Complaint, see Doc. No. 22, 25, 26, and 27.

On October 09, 2018, Assistant U.S. Attorney Ms. Clair Cormier filed a Motion to Dismiss my Original June 25, 2018 Complaint (Doc. No. 34) (**ER 03748 Vol. 2, pages 342-352**.) Please, read the plain language of this Motion (**ER 03748 Vol. 2, from page 344, line 16 to page 345, line 27**),

"I. FACTS[2]

Plaintiff, Tatyana E. Drevaleva, was employed as a medical instrument technician at the Raymond G. Murphy Veterans Affairs Medical Center ("VAMC") in Albuquerque, New Mexico. **Complaint at p. 2**. After working at the VAMC for about a month and a half, Plaintiff requested leave without pay ("LWOP") and travelled to Russia. **Complaint at p. 3, 6**. Plaintiff planned to undergo an In-Vitro Fertilization ("IVF") procedure and search for a surrogate mother in Russia since she cannot carry the pregnancy herself. **Complaint at p. 4**.

While in Russia, Plaintiff emailed a translated document from her Russian OB/GYN explaining that she was in the Russian registry to receive an IVF procedure. **Complaint**

**attachment 2**. Plaintiff updated her supervisors on her IVF procedure by email and informed them that she was staying in Russia a month longer than originally predicted. **Complaint at p. 6, 7**. Plaintiff requested additional time off, and her supervisor replied stating that Plaintiff had been let go. **Complaint at p. 7**. Plaintiff returned to the United States after remaining in Russia for another month. **Complaint at p. 7, 8**.

In a mediation proceeding, Plaintiff learned that her supervisor submitted her LWOP request to the Director of Nursing Services, who denied her request under the Family Medical Leave Act ("FMLA") because she did not qualify for leave under the FMLA, which requires the employee to have worked for the employer for at least one year. **Complaint at p. 8**. The supervisor explained that a letter stating Plaintiff's leave was denied was mailed to her home and could not be emailed to Plaintiff in Russia because it was against VAMC policy. **Complaint at p. 8, 9**. After the VAMC refused to reinstate her, Plaintiff learned that the VAMC hired two younger male monitor technicians. **Complaint at p. 9**. This led Plaintiff to file claims for pregnancy discrimination, sex discrimination, age discrimination, and disability discrimination against the VAMC. **Complaint at p. 10-21** (Causes of Action 1 through 4).

Plaintiff moved from New Mexico to California, where she applied for Unemployment Insurance benefits. **Complaint at p. 8**. She did not receive the benefits because the Employment Development Department ("EDD") learned that Plaintiff was let go for cause. **Complaint at p. 9**. Plaintiff alleges the VAMC committed libel when her supervisor told the EDD that she was

discharged for cause because she traveled to Russia without approved leave. **Complaint at p. 21** (Fifth Cause of Action).

Plaintiff alleges the VAMC intentionally caused her emotional distress ("IIED") by relieving her of her position at the VAMC and depriving her of the opportunity to have children. **Complaint at p.21-22** (Sixth Cause of Action).

Finally, Plaintiff alleges the VAMC deprived her of liberty or property in violation of the Fifth Amendment of the United States Constitution. **Complaint at p. 22-23** (Seventh Cause of Action). She claims the VAMC deprived her of the liberty to work and of any property she would have purchased if she was still employed at the VAMC. **Complaint at p.23**.

All of Plaintiff's seven claims arise from her employment at the VAMC. Her prayer for relief requests reinstatement, back pay, compensatory damages of five million dollars, attorney's fees, and punitive damages for libel in the amount of two million dollars. **Complaint at p. 24-25**.

---

[2] Many of the "facts" presented in this motion are based on Plaintiff's allegations. Defendant presents these facts for purposes of this motion only. Should this case proceed beyond this motion, Defendant may present evidence disputing certain allegations."

Please, take a Judicial Notice that Ms. Cormier based her Motion to Dismiss my Original June 25, 2018 Complaint on the factual allegations that I made in my Original June 25, 2018 Complaint (Doc. No. 1.) Therefore, Ms. Cormier violated 38 C.F.R. § 14.514(a),

"(a) *Suits against United States or Department of Veterans Affairs officials.* When a suit involving any activities of the Department of Veterans Affairs is filed against the United States or **the Secretary** or a suit is filed against any employee of the Department of Veterans Affairs in which is involved any official action of the employee, not covered by the provisions of §§ 14.600 through 14.617, a copy of the petition will be forwarded to the General Counsel who will take necessary action to obtain the pertinent facts, cooperate with or receive the cooperation of the Department of Justice and, where indicated, advise the Regional Counsel of any further action required."

Please, notice that there is **no evidence** that:

1) a copy of my Original June 25, 2018 Complaint No. 1:21-cv-00761-WPL was ever forwarded to the General Counsel
2) the General Counsel ever obtained the pertinent facts of the case
3) the General Counsel ever cooperated with or received the cooperation with the U.S. Department of Justice
4) the General Counsel ever advised the Regional Counsel of any further action required.

On November 02, 2018, Assistant U.S. Attorney Ms. Kimberly Robinson filed a possibly fabricated Declaration of Carla Dunkelberger **under the penalty of perjury** (Doc. No. 50-1) **(ER 03748 Vol. 2, pages 459-561)** with severely redacted Exhibits (Doc. No. 50-2) **(ER 03748 Vol. 2, pages 462-486)** where all information about the scope of my disability was totally and carefully removed. Please, read the plain language of the so-called "Declaration of Carla Dunkelberger" **(ER 03748 Vol. 2, page 461, lines 14-15)**, "11. I am informed and believe that Ms. Drevaleva was terminated effective June 30, 2017 due to her being absent without leave since May 21, 2017."

Please, read Alsup's July 11, 2018 Order that dismissed my lawsuit No. 4:18-cv-03748-HSG (Doc. No. 154), from page 5, line 25 to page 6, line 2, "She went absent without leave. That is why she was terminated. She failed to obtain permission to leave her job. The reason she wanted to go to Russia was not the cause of her termination. Rather, it was her failure to obtain approval. There is no law that allows employees to decide on their own when they can abandon their jobs in order to undergo discretionary medical procedures."

On November 18, 2020, the 9th Circuit reversed Alsup's ruling. Please, read the unpublished Memorandum in Appeal No. 19-16395, pages 3-4, "Drevaleva alleged that her supervisors fraudulently concealed available leave options when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia, imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies, and failed to provide a full explanation of the reason for her leave to the medical staff

responsible for approving the leave request. At this early stage in the proceedings, these allegations are sufficient to warrant proceeding to summary judgment. See *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992)…"

"The district court dismissed Drevaleva's Rehabilitation Act claim based on the finding that an affidavit submitted by defendant Dunkelberger demonstrated that Drevaleva's requested accommodation for her alleged impairment in reproductive functioning was denied for the legitimate reason of Drevaleva's failure to follow the proper procedure for requesting leave. However, Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request that was approved by her supervisor. Liberally construed, these allegations, in conjunction with those discussed above with respect to Drevaleva's Title VII claim, are sufficient to warrant proceeding to summary judgment. See *Buckey*, 968 F.2d at 794."

Please, notice that Attorney Robinson never filed any Petition for Rehearing and never attempted to challenge the rulings of the 9th Circuit that I had left my job with a permission of my Assistant Manager Mr. Phil Johnson, and that the New Mexico VA Health Care System fraudulently violated its own policies and cheated Dr. Tina Prince about the reasons of my 2017 trip to Russia.

After remand of my lawsuit No. 4:18-cv-03748-HSG back to the District Court, Assistant U.S. Attorney Ms. Adrienne Zack filed a June 04, 2021 Answer (Doc. No. 396) to my Original June 25, 2018 Complaint where Zack maliciously claimed that I was not entitled to any relief and where Zack criminally attempted to dismiss my Complaint.

On June 17, 2021, I filed the First Motion for Judgment on the Pleadings (Doc. No. 410) where I demonstrated by the preponderance of the evidence that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment at the time when I was in Russia undergoing a complete medical examination and getting prepared for an actual IVF procedure. On June 17, 19, and July 04, 2021, I filed three Motions to Strike (Doc. No. 411, 412, and 422) Zack's June 04, 2021 Answer (Doc. No. 396.) On August 12, 2021, just one day before the scheduled Motions for Summary Judgment, Judge Gilliam criminally denied my First Motion for Judgment on the Pleadings, recklessly disregarded the material fact of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment, denied my three Motions to Strike Zack's June 04, 2021 Answer, denied my Motion for Leave to File a Motion for Permanent Injunction, asserted that I was not entitled to a reasonable accommodation in a form of taking an international trip "on a one day notice" because I was a probationary employee, prohibited me to file more Motions to Strike Zack's June 04, 2021 Answer, and transferred my Complaint No. 1:21-cv-00761-WPJ to the U.S. District Court for the District of New Mexico, see Gilliam's Order (Doc. No. 451.)

Therefore, even after the 9th Circuit remanded my lawsuit No. 1:21-cv-00761-WPJ back to the District Court, Assistant U.S. Attorney Zack and both Judges Spero and Gilliam criminally attempted to dismiss my lawsuit, recklessly disregarded the material facts of the case, applied the wrong legal standards, intentionally and maliciously prolonged a fair resolution of my lawsuit, denied my Motion for Preliminary or Permanent Injunction, and criminally prolonged my pain

and suffering as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017.

Also, Gilliam criminally prevented me from filing my Motion for Summary Judgment.

Therefore, I am respectfully asking the U.S. District Court for the District of New Mexico to certify that my lawsuit No. 1:21-cv-00761-WPJ is of a general public importance and to allow both the Equal Employment Opportunity Commission (the EEOC) and the Attorney General of the U.S.A. to intervene in my lawsuit No. 1:21-cv-00761-WPJ. I am making this application pursuant to 42 U.S.C. § 2000e-5(f)(1.)

**Legal Standard.**

Read 42 U.S.C. § 2000e-5(f)(1), "Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance."

**Conclusion.**

I am respectfully asking the U.S. District Court for the District of New Mexico;

1) To certify that my lawsuit No. 1:21-cv-00761-WPJ is of a general public importance

2) To allow all five Members of the Equal Employment Opportunity Commission (the EEOC) to intervene in my lawsuit No. 1:21-cv-00761-WPJ:

   a) Ms. Charlotte A. Burrows, Chair.

   b) Ms. Jocelyn Samuels, Vice Chair.

   c) Ms. Janet Dhillon, Commissioner.

   d) Mr. Keith E. Sonderling, Commissioner.

   e) Ms. Andrea R. Lucas, Commissioner.

3) To allow the Attorney General of the U.S.A. Mr. Merrick B. Garland to intervene in my lawsuit No. 1:21-cv-00761-WPJ.

I declare under the penalty of perjury and under the Federal laws that all above is true and correct. Executed at San Francisco, CA on August 21, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: August 21, 2021.