IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

      **Plaintiff,**

  vs.                                                                                                                           No. 21-cv-761 WJ-JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, ET AL.

      **Defendants.**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXPEDITED JURY TRIAL (DOC. 458)**

The Court should deny Plaintiff's Motion for Expedited Jury Trial (Doc. 458) (the "Motion").[1] Plaintiff provides no authority that would entitle her to an "expedited" or "immediate" jury trial. Nor does she explain why she is entitled to a permanent injunction or a hearing on a permanent injunction.

**ARGUMENT**

**I.  Plaintiff Is Not Entitled to an Expedited Jury Trial.**

Plaintiff has already demanded a jury trial in this case. *See* Doc. 1 at 1, 18. Plaintiff now demands an "expedited" or "immediate" jury trial, Doc. 458 at 10, even though none of the authorities she cites provides for an expedited jury trial, *see id*. at 11-14.[2] Plaintiff's demand for

---

[1] Plaintiff's Motion omits the recitation required under D.N.M.LR-Civ. 7.1(a). Plaintiff conferred with the undersigned after she filed her Motion, and the undersigned informed her that the Motion is opposed.

[2] The language she quotes from 42 U.S.C. § 2000e-5(f)(2), *see* Doc. 458 at 13, applies only when "the Attorney General in a case involving a government, governmental agency, or political subdivision, . . . bring[s] an action for appropriate temporary or preliminary relief." Here, Plaintiff brings this case *pro se*, not the Attorney General. *See* Doc. 465 (seeking intervention by the Attorney General).

an expedited trial puts the cart before the horse. The case management conference scheduled in the Northern District of California was vacated. *See* Doc. 436 (continuing case management conference to August 20, 2021); Doc. 451 at 7 (vacating all dates and deadlines). This Court has not yet issued a scheduling order. *See* Fed. R. Civ. P. 16(b)(1); D.N.M.LR-Civ. 16.1. Plaintiff has indicated that she wishes to engage in discovery. *See* Doc. 458 at 8. The parties may wish to file motions for summary judgment that would obviate the need for a trial. *See, e.g.*, Doc. 464 (Plaintiff's Motion for Partial Summary Judgment). Accordingly, the Court should deny Plaintiff's demand for an expedited jury trial.

**II.     Plaintiff's Request for a Permanent Injunction Is Premature.**

Plaintiff also seeks a "hearing of my Motion for Permanent Injunction." Doc. 458 at 2. Plaintiff does not indicate what motion to which she refers. To the extent she refers to Doc. 449 (First Administrative Motion for Permission to File a Motion for Permanent Injunction), it has already been denied. *See* Doc. 451 at 3.

To the extent Plaintiff seeks a permanent injunction in her Motion, *see* Doc. 458 at 10 (moving the Court to "issu[e] a Permanent Injunction in a form of getting reinstated back to work at any VAMC"), Plaintiff's request should be denied as premature. "For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff has not demonstrated actual success on the merits given that "the merits of this case have yet to be adjudicated." *Quarrie v. New Mexico Inst. of Mining & Tech.*, 584 F. App'x

916, 917 (10th Cir. 2014). As with Plaintiff's request for an expedited jury trial, a hearing on the merits of any request for permanent injunctive relief would be premature at this time. *See, e.g., Hinton v. Dick's Sporting Goods, Inc*., No. 2:13CV237-KS-MTP, 2013 WL 6384601, at *2 (S.D. Miss. Dec. 6, 2013) ("Conducting a hearing—in essence, a trial—on Plaintiff's request for a permanent injunction at this stage of the proceedings would prejudice the Defendants, be impracticable, and undermine a central benefit of the discovery rules, allowing 'parties to obtain the fullest possible knowledge of the issues and facts before trial.'" (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Expedited Jury Trial (Doc. 458).

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed August 31, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically August 31, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney