IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


TATYANA EVGENIEVNA DREVALEVA,

       Plaintiff,

      vs.                          No.  21-cv-761 WJ-JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, ET AL.

       Defendants.


## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT AND MEMORANDUM (DOC. 477)

On September 3, 2021, Plaintiff filed an 81-page document styled "Part 1. Plaintiff's Statement That the Civil Local Rule 56.1(a) of the Rules of the U.S. District Court for the District of New Mexico Is Inapplicable to Me. Part 2. Memorandum in Support to My First Motion for Partial Summary Judgment" (the "Motion"). Doc. 477.[1]

First, Plaintiff raises a specious argument that Federal Rule of Civil Procedure 16 does not apply to this case because it is a condemnation action, proceeding to compel the giving of testimony or production of documents, or proceeding requesting only injunctive or other

---

[1] Plaintiff purported to serve the Motion by emailing it to the undersigned, even though Defendants do not consent to service via email. *See* Doc. 477 at 82. Plaintiff did not seek Defendants' concurrence, nor does the Motion comply with D.N.M.LR-Civ. 7.1(a). Plaintiff cannot evade this rule by styling her document a "Statement" rather than a "Motion" when she is asking the Court for relief. *See* Doc. 477 at 12 ("The U.S. District Court for the District of New Mexico **shall** consider My First Motion for Partial Summary Judgment (Doc. No. 464) for the following reasons . . .") (emphasis in original). Furthermore, Plaintiff's 81-page Motion does not comply with the page limitations of D.N.M.LR-Civ. 7.5. Even though Plaintiff is proceeding pro se, "this District has long insisted that pro se parties follow the same rules of civil procedure as any other litigant." *In re Young*, No. 1:14-cv-01143-JB-LF, 2015 WL 11718113, at *1 (D.N.M. Oct. 28, 2015), *report and recommendation adopted*, 546 B.R. 218 (D.N.M. 2015).

emergency relief. Doc. 477 at 2-5. However, this is a garden-variety employment discrimination action to which Rule 16 applies. *See* D.N.M.LR-Civ. 16.3.

Although there has not yet been a Rule 16 scheduling order entered in this case since it was transferred to the District of New Mexico, Defendant does not believe that Plaintiff's First Motion for Partial Summary Judgment (Doc. 464) violates Local Rule 56.1(a), which appears to address how late a motion can be filed, not how early. Under Federal Rule of Civil Procedure 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Hence, a motion for summary judgment filed at this time should not be denied as premature.

The Motion also purports to include the Statement of Material Facts required under Local Rule 56.1(b) to support Plaintiff's First Motion for Partial Summary Judgment (Doc. 464) ("Summary Judgment Motion"), which was filed on August 25, 2021. *See* Doc. 477 at 17-80. The Court should reject or strike Plaintiff's Statement of Material Facts. *See Vera v. Rodriguez*, No. CV 16-491 SCY/KBM, 2017 WL 6621048, at *1 (D.N.M. Dec. 27, 2017) (noting that district courts have inherent power to limit successive summary judgment motions and briefs in order to manage their dockets).

Plaintiff is engaging in piecemeal litigation by "breaking what is in reality a single motion for summary judgment into distinct and individual pleadings." *Id*. (internal quotation marks omitted).[2] "The basis for discouraging this type of piecemeal litigation . . . is clear: such a practice forces the parties to file multiple motions, responses, and replies, when a single omnibus document would suffice and further causes extra work for this busy Court, which has to read and analyze

---

[2] Plaintiff has communicated her intent to file a Second Motion for Partial Summary Judgment. *See* Email from Plaintiff, Aug. 26, 2021, attached as Ex. A.

overlapping and often duplicative arguments." *Id*. (internal quotation marks omitted). The Court should reject Plaintiff's efforts to "create additional haystacks" for the Court "to look for the needle." *Id*. (internal quotation marks omitted). Indeed, Plaintiff's abusive practice of filing multiple supplemental briefs led the Northern District of California to order her not to file "[a]dditional briefs beyond the motion, opposition and . . . reply" without obtaining the Court's leave. *See* Doc. 415.

Plaintiff's serial summary judgment filings also grossly exceed the page limitations of the Local Rules. Plaintiff's Summary Judgment Motion already clocks in at 42 pages. *See* Doc. 464. Plaintiff belatedly seeks to add an additional 64 pages of facts untethered to the legal argument in the Summary Judgment Motion, for a total of **106 pages** for the Court's consideration. The Court has not granted leave for Plaintiff to exceed the page limitations in Local Rule 7.5 and should therefore disregard any additional filings to support Plaintiff's Summary Judgment Motion. *See, e.g.*, *Vera*, 2017 WL 6621048, at *2 (noting that "piecemeal motions which strike the Court as merely attempts to skirt procedural rules, including those providing page limitations, should be disallowed").

For the foregoing reasons, the Court should consider Plaintiff's Summary Judgment Motion (Doc. 464) standing alone and reject Plaintiff's efforts to needlessly multiply these proceedings by filing piecemeal supplements such as the Motion (Doc. 477). Defendant has already responded to Plaintiff's Summary Judgment Motion, *see* Doc. 468, and should not have to keep responding to Plaintiff's serial filings.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed September 3, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically September 3, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney