

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 7 2021

MITCHELL R. ELFERS
CLERK

Tatyana Evgenievna Drevaleva

    *Plaintiff*

          v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

Case No. 1:21-cv-00761-WJ-JFR

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 7 2021

MITCHELL R. ELFERS
CLERK

**FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE**

**LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT**

**OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No.**

**1:21-cv-00761-WJ-JFR,**

**MEMORANDUM OF POINTS AND AUTHORITIES;**

**DECLARATION;**

**PROPOSED ORDER.**

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction.**

On August 27, 2021, Assistant U.S. Attorney Ms. Christine Lyman unlawfully entered a Notice of Substitution of Government Counsel (Doc. No. 466.)

Ms. Christine Lyman is an Assistant U.S. Attorney who was appointed by the Attorney General of the United States pursuant to 28 U.S. Code § 542 (see my Separate Brief, Part 19.) Ms. Lyman is under the supervision of the U.S. Attorney for the District of New Mexico Mr. Fred J. Federici who was appointed by President of the United States of America, see 28 U.S. Code § 541 (see my Separate Brief, Part 18.) The U.S. Attorney has a duty to **prosecute** the crimes on behalf of the Government, see 28 U.S. Code § 547 (see a separate Brief, Part 20.)

Plaintiff Pro Se Tatyana Drevaleva moves the U.S. District Court for the District of New Mexico to do all of the following:

1) To disqualify Ms. Lyman from falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR

2) To impose criminal penalties on Ms. Lyman for unlawful appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans

Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR without obtaining Consent of these Defendants for legal representation

3) To issue a recommendation to the Washington State Bar Association (WSBA) to permanently debar Ms. Lyman for a felony that was appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of these Defendants for legal representation, see the ABA Model Rules of Professional Conduct, Rule 5.5 - Unauthorized Practice of Law; Multijurisdictional Practice of Law (see the Separate Brief, Part 23)

4) To recommend the Attorney General of the United States of America to permanently remove Assistant U.S. Attorney Ms. Christine Lyman from her job as an Assistant U.S. Attorney for a felony that was appearance of Attorney Ms. Christine Lyman who is licensed to practice law in the State of Washington on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs for legal representation

5) To subject Ms. Lyman to criminal penalties for genocide, 18 U.S. Code CHAPTER 50A— GENOCIDE

6) To issue any Order that the Court deems just and proper.

I notified Ms. Christine Lyman about my intention to file this Motion. Ms. Lyman notified ne about her intention to oppose this Motion.


**Statement of Facts.**

The facts of my case are undisputed. On June 30, 2017, I was fired from the New Mexico VA Health Care System for my desire to have a child, for my sex/gender, for my age 50 yo at that time, and for my temporary disability that was related to taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an In-Vitro fertilization (IVF) procedure. On June 12, 2017, the Federal Government replaced me by young male employee Mr. David Williams at the time when I was in Russia. The Federal Government also replaced me by another male employee Mr. David Trujillo. Prior to firing me, the Federal Government didn't give me a Notice and an opportunity to be heard. Subsequently, the Federal Government refused to reinstate me back to work at the VAMC. The Federal Government also lied about the reasons of the termination of my employment. Specifically, the Federal Government said that I had been fired for failure to follow the proper steps to obtain a Leave Without Pay and for absence without leave (AWOL.) As a result of the defamation, I was not receiving my Unemployment Insurance

benefits, and my full time job offer at the Minneapolis VAMC was rescinded in 2018. Also, I was not hired for a full time job at the West Los Angeles VAMC in 2018.

On June 25, 2018, I filed a lawsuit No. 4:18-cv-03748-HSG *Drevaleva v/ 1) The U.S. Department of Veterans Affairs, 2) Mr. Peter O'Rourke, Acting United States **Secretary of Veterans Affairs*** (Doc. No. 1) at the U.S. District Court for the Northern District of California.

This lawsuit contained three sets of claims:

1) Discrimination claims:

    a) Pregnancy Discrimination (**ER 03748 Vol. 1, from page 11, line 23 to page 15, line 17**)

    b)  Sex Discrimination (**ER 03748 Vol. 1, from page 15, line 18 to page 18, line 6**)

    c) Age Discrimination (**ER 03748 Vol. 1, from page 18, line 7 to page 19, line 6**)

    d) Disability Discrimination, Failure to Provide with Reasonable Accommodations (**ER 03748 Vol. 1, from page 19, line 7 to page 22, line 7**)

2) Tort claims

    a) Libel (**ER 03748 Vol. 1, page 22, lines 8-25**)

    b) Intentional Infliction of Emotional Distress ((**ER 03748 Vol. 1, from page 22, line 26 to page 23, line 25**)

3) The violation of the Fifth Amendment to the U.S. Constitution – both the Substantive Due Process Clause and the Procedural Due Process Clause (**ER 03748 Vol. 1, from page 23, line 26 to page 24, line 26.**)

With my Original June 25, 2018 Complaint No.4:18-cv-03748-HSG, I filed an Application to Proceed IFP (Doc. No. 3) that the District Court granted (Doc. No. 7.)

Because my Application IFP was granted, the U.S. Marshals Service served all Defendants with a Summons and with my Original June 25, 2018 Complaint.

On August 08, 2018, the U.S. Marshals Service served the Office of the U.S. Attorney in San Jose, CA (Doc. No. 22.)

On August 24, 2018, the U.S. Marshals Service served the Attorney General of the United States (Doc. No. 24.)

On August 20, 2018, the U.S. Marshals Service served Secretary O'Rourke (Doc. No. 26.)

On August 20, 2018, the U.S. Marshals Service served the U.S. Department of Veterans Affairs (Doc. No. 27.)

Because Secretary of the U.S. Department of VA was named as a Defendant in the lawsuit No. 4:18-cv-03748-HSG, and because the Secretary was served with a Summons and with an Original June 25, 2018 Complaint, and because my Complaint No. 4:18-cv-03748-HSG didn't involve 38 CFR §§ 14.600 through 14.617, the Secretary was supposed to follow the requirements of 38 CFR § 14.514(a) (see a Separate Brief, Part 1) such as:

a) a copy of the petition will be forwarded to the General Counsel

b)  who will take necessary action

c)  to obtain the pertinent facts,

d)  cooperate with or receive the cooperation of the Department of Justice and,

e)  where indicated, advise the Regional Counsel of any further action required.

On October 10, 2018, Assistant U.S. Attorney Ms. Clair Cormier filed a Motion to Dismiss my Original Complaint No. 4:18-cv-03748-HSG (Doc. No. 34.) Please, notice that, before filing her Motion to Dismiss, Ms. Cormier **hadn't** entered a Notice of Appearance of an Attorney in violation of the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 5-1(c)(2)(A), "A Notice of Appearance must be e-filed whenever counsel joins a case" (see a Separate Brief, Part 21.)

Please, read Ms. Cormier's Motion to Dismiss (**ER 03748 Vol. 2, from page 344, line 16 to page 345, line 27**),

"**I. FACTS**[2]

Plaintiff, Tatyana E. Drevaleva, was employed as a medical instrument technician at the Raymond G. Murphy Veterans Affairs Medical Center ("VAMC") in Albuquerque, New Mexico. **Complaint at p. 2.** After working at the VAMC for about a month and a half, Plaintiff requested leave without pay ("LWOP") and travelled to Russia. **Complaint at p. 3, 6**. Plaintiff planned to undergo an In-Vitro Fertilization ("IVF") procedure and search for a surrogate mother in Russia since she cannot carry the pregnancy herself. **Complaint at p. 4**.

While in Russia, Plaintiff emailed a translated document from her Russian OB/GYN explaining that she was in the Russian registry to receive an IVF procedure. **Complaint attachment 2**. Plaintiff updated her supervisors on her IVF procedure by email and informed them that she was staying in Russia a month longer than originally predicted. **Complaint at p. 6, 7**. Plaintiff requested additional time off, and her supervisor replied stating that Plaintiff had been let go. **Complaint at p. 7**. Plaintiff returned to the United States after remaining in Russia for another month. **Complaint at p. 7, 8**.

In a mediation proceeding, Plaintiff learned that her supervisor submitted her LWOP request to the Director of Nursing Services, who denied her request under the Family Medical Leave Act ("FMLA") because she did not qualify for leave under the FMLA, which requires the employee to have worked for the employer for at least one year. **Complaint at p. 8.** The supervisor explained that a letter stating Plaintiff's leave was denied was mailed to her home and could not be emailed to Plaintiff in Russia because it was against VAMC policy. **Complaint at p. 8, 9**. After the VAMC refused to reinstate her, Plaintiff learned that the VAMC hired two younger male monitor technicians. **Complaint at p. 9**. This led Plaintiff to file claims for pregnancy discrimination, sex discrimination, age discrimination, and disability discrimination against the VAMC. **Complaint at p. 10-21** (Causes of Action 1 through 4).

Plaintiff moved from New Mexico to California, where she applied for Unemployment Insurance benefits. Complaint at p. 8. She did not receive the benefits because the Employment Development Department ("EDD") learned that Plaintiff was let go for cause. **Complaint at p.**

**9**. Plaintiff alleges the VAMC committed libel when her supervisor told the EDD that she was discharged for cause because she traveled to Russia without approved leave. **Complaint at p. 21** (Fifth Cause of Action).

Plaintiff alleges the VAMC intentionally caused her emotional distress ("IIED") by relieving her of her position at the VAMC and depriving her of the opportunity to have children. **Complaint at p.21-22** (Sixth Cause of Action).

Finally, Plaintiff alleges the VAMC deprived her of liberty or property in violation of the Fifth Amendment of the United States Constitution. **Complaint at p. 22-23** (Seventh Cause of Action). She claims the VAMC deprived her of the liberty to work and of any property she would have purchased if she was still employed at the VAMC. **Complaint at p.23**.

All of Plaintiff's seven claims arise from her employment at the VAMC. Her prayer for relief requests reinstatement, back pay, compensatory damages of five million dollars, attorney's fees, and punitive damages for libel in the amount of two million dollars. **Complaint at p. 24-25.**

[2] Many of the "facts" presented in this motion **are based on Plaintiff's allegations**. Defendant presents these facts for purposes of this motion only. Should this case proceed beyond this motion, Defendant may present evidence disputing certain allegations."

Please, take a Judicial Notice that the **<u>facts</u>** of the case that Ms. Cormier listed in her Motion to Dismiss were based <u>**on the allegations of my Original June 25, 2018 Complaint**</u> No. 4:18-cv-03748-HSG. Please, notice that there was no evidence that Secretary of the U.S. Department of VA ever followed the proper procedure that was described at 38 CFR § 14.514(a) (see a Separate Brief, Part 1) such as:

  f)   a copy of the petition was never forwarded to the General Counsel

  g)   the General Counsel never took any necessary action

  h)   the General Counsel never obtained the pertinent facts of the case

  i)   the General Counsel never cooperated with and never received the cooperation of the Department of Justice and,

  j)   the General Counsel never advised the Regional Counsel of any further action required.

Please, also notice that Ms. Cormier's Motion to Dismiss was **<u>not</u>** accompanied by a sworn Declaration and/or an Affidavit that was signed by the Official of the General Counsel, the Regional Counsel, and/or by Ms. Cormier *herself* stating that:

  1)   Everything Ms. Cormier wrote in her Motion to Dismiss was a true and genuine point of view of the U.S. Department of Veterans Affairs

  2)   Everything Ms. Cormier wrote in her Motion to Dismiss was based on the true and genuine facts that were obtained by the General Counsel from the U.S. Department of Veterans Affairs in accordance with 38 CFR § 14.514(a)

3)  Everything Ms. Cormier wrote in her Motion to Dismiss was true and correct.

Therefore, Ms. Cormier's Motion to Dismiss violated bot 28 U.S.C. § 1746 and the F.R.C.P. Rule 11(b.) Regardless, Judge Alsup granted this Motion in full in his December 03, 2018 Order (Doc. No. 69.)

On October 18, 2018, I filed a Motion to Strike (Doc. No. 38) Ms. Cormier's Motion to Dismiss. On October 29, 2018, Assistant U.S. Attorney Ms. Kimberly Robinson filed an Opposition to my Motion to Strike (Doc. No. 44.) Please, notice that, before filing this Opposition, Ms. Robinson **hadn't** filed a Notice of Substitution of Counsel in violation of the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 5-1(c)(2)(B), "If counsel **from the same firm** replace one another as the representative of a client, **a Notice of Substitution of Counsel** must be e-filed" (see a Separate Brief, Part 21.)

Also, it is not clear whether Ms. Cormier and Ms. Robinson belonged to "the same firm" because Ms. Cormier was employed by the Office of the U.S. Attorney in San Jose, CA, and Ms. Robinson was employed by the Office of the U.S. Attorney in San Francisco, CA.

On October 30, 2018, Ms. Robinson entered a Notice of Appearance (Doc. No. 48 and 49.) Throughout the entire litigation of my lawsuit No. 4:18-cv-03748-HSG, Ms. Robinson exhibited criminal tactics such as:

a)  lying to the Court about the reasons of the termination of my employment from the New Mexico VA Health Care System. Specifically, Ms. Robinson kept claiming that

I had been properly fired from my job for failure to follow the proper steps to obtain a

Leave Without Pay and for absence without leave (the AWOL)

b) concealing the material facts of the case. Specifically, Ms. Robinson criminally

concealed that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr.

David Williams to substitute my employment

c) filing a possibly fabricated Declaration of Carla Dunkelberger (Doc. No. 50-1) with

severely redacted Exhibits (Doc. No. 50-2) where all information about the scope of

my disability was totally removed

d) procrastinating for very extended periods of time

e) criminally preventing me from obtaining relief in a form of getting reinstated back to

work at the VAMC and being awarded with a full amount of my lost salary and

benefits as a result of discrimination and unlawful termination of my job from the

New Mexico VA Health Care System in 2017.

On July 11, 2019, Judge Alsup criminally dismissed my lawsuit No. 4:18-cv-03748-HSG

stating that I had been properly fired from my job for being absent without leave. I filed an

Appeal No. 19-16395 at the 9th Circuit.

On November 18, 2020, the 9th Circuit partially reversed Alsup's rulings and remanded

my Title VII claim and my Rehabilitation Act claim back to the District Court for a further

proceeding.

On March 12, 2021, the 9th Circuit issued a Mandate (Doc. No. 315) and remanded my lawsuit No. 4:18-cv-03748-HSG back to the U.S. District Court for the Northern District of California.

On March 15, 2021, Judge Alsup recuse himself from judging all my lawsuits (Doc. No. 319.)

On May 11, 2021, Assistant U.S. Attorney Ms. Adrienne Zack entered a Notice of Substitution of Counsel in case No. 4:18-cv-03748-HSG Doc. No. 382.) However, there was no evidence that Ms. Zack's appearance was authorized and/or approved by the General Counsel, by the Regional Counsel of the U.S. Department of Veterans Affairs, and by the Secretary of the U.S. Department of Veterans Affairs Mr. Denis Richard McDonough, see 38 CFR § 14/514(a.)

During the litigation of my lawsuit No. 4:18-cv-03748-HSG after remand, Ms. Zack exhibited a criminal behavior such as:

1) She improperly procrastinated from May 11, 2021 to August 12, 2021 before allegedly filing a Motion for Summary Judgment

2) She never propounded a Discovery request to me

3) On June 04, 2021, she filed a frivolous and unsworn Answer to my Original June 25, 2018 Complaint No. 4:18-cv-03748-HSG in violation of both 28 U.S.C. § 1746 and the F.R.C.P. Rule 11(b)

4) In this Answer, Zack criminally concealed multiple material facts of the case such as:

a) That the U.S. Department of VA and Secretary were aware about my age

b) That the U.S. Department of VA and Secretary were aware about my place of birth

c) That the U.S. Department of VA and Secretary were aware about my citizenship

d) That on June 12, 2017 Ms. Dukelberger hired young male employee Mr. David Williams to substitute my employment at the time when I was in Russia undergoing a complete medical examination and getting prepared to an actual IVF procedure

e) That in July and August 2017 I sent emails to both Ms. Dunkelberger and Mr. Johnson where I explained about the scope of my disability

5) Despite I won my Appeal No. 19-16395 at the 9th Circuit, In her June 04, 2021 Answer, Zack claimed that I was not entitled to any relief, and Zack asked the District Court to dismiss my lawsuit no. 4:18-cv-03748-HSG.

Simultaneously, Zack falsely represented the Federal Defendants in two related lawsuits No. 4:21-cv-00500-HSG *Drevaleva v. Glazer et al.* and 4:21-cv-00684-HSG *Drevaleva v. Hayo et al.* During the litigations of these lawsuits, Zack did all of the following:

1) She lied to the District Court about the material facts of the case No. 4:21-cv-00500-HSG criminally concealing multiple essential facts of the case

2) She criminally misled the District Court about the physical address of Defendant Mr. Dennis Hayo in the lawsuit No. 4:21-cv-00684-HSG (Doc. No. 37)

3) She criminally lied to the Court about the legal standards in both lawsuits No, 4:21-cv-00500-HSG and 4:21-cv-00684-HSG

4) She filed two false Certifications of Attorney General with two fabricated signatures of Chief of the Civil Division of the Office of the U.S. Attorney for the Northern District of California Ms. Sara Winslow in both lawsuits No. 4:21-cv-00500-HSG and 4:21-cv-00684-HSG, see my Third Request to Take a Judicial Notice in support to my Opposition to Defendants' Motion to Dismiss, the Federal Rules of Evidence, Rules 106 and 201 in the lawsuit no. 4:21-cv-00500-HSG, August 01, 2021 (Doc. No. 79) where I presented to the attention of the Court the real signature of Ms. Winslow.

The District Court for the Northern District of California scheduled the Parties' Motions for Summary Judgments to be filed on August 13, 2021, see the lawsuit No. 4:18-cv-03748-HSG (Doc. No. 378.) However, on August 09, 2021, Magistrate Judge Spero recused himself from judging all my lawsuits (Doc. No. 450.) On August 12, 2021, just in one day prior to the scheduled filing the Motions for Summary Judgments, Judge Gilliam criminally transferred my lawsuit No. 4:18-cv-03748-HSG to the U.S. District Court for the District of New Mexico (Doc. No. 451.)

On August 26, 2021, I received an email from AUSA Zack (Exhibit 354),

"Good afternoon Ms. Drevaleva,

AUSA Lyman, cc'd here, will be representing the government moving forward in the case that was transferred to New Mexico. She should be able to answer your questions below. I also forwarded her the other messages you sent today.

Thank you,

Adrienne Zack."

Next day that was August 27, 2021, Ms. Christine H. Lyman entered a Notice of Substitution of Government Counsel (Doc. No. 466.) Please, read this Notice very carefully,

"**TATYANA EVGENIEVNA DREVALEVA,**      **No. 21-cv-761 WJ-JFR**

**Plaintiff,**

**vs.**

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS, ET AL.**
**Defendants.**

**NOTICE OF SUBSTITUTION OF GOVERNMENT COUNSEL**

The United States of America hereby notifies the Court, parties, and counsel that Christine H. Lyman, Assistant United States Attorney for the District of New Mexico, has replaced Adrienne Zack as Government counsel on behalf of the Defendants, United States

Department of Veterans Affairs and Secretary of Veterans Affairs Denis McDonough,[1] in the above-captioned cause of action.

> Respectfully submitted,
>
> FRED J. FEDERICI
>
> Acting United States Attorney
>
> Electronically filed August 27, 2021
>
> CHRISTINE H. LYMAN
>
> Assistant United States Attorney
>
> P.O. Box 607
>
> Albuquerque, New Mexico 87103
>
> (505) 346-7274
>
> Christine.Lyman@usdoj.gov

[1] Denis McDonough is substituted for Robert Wilkie pursuant to Fed. R. Civ. P. 25(d)."

Please, notice the material facts of the case:

1) Ms. Christine Hyojin Lyman is admitted at the **Colorado Supreme Court**, ID Number: 46084, Since 2013 (Exhibit 355)

2) Ms. Christine Hyojin Lyman is admitted at the **Washington State Bar Association**, ID Number: 39045, Since 2007 (Exhibit .355)

Moreover, Ms. Lyman's area of practice is business law and **not** civil rights (Exhibit 355.) There is also no evidence that Ms. Lyman is admitted to the highest Court of **New Mexico** or to the **New Mexico** Federal territory, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.2 Bar Admission, Membership and Dues,** subdivision (a) (see a Separate Brief, Part 7.)

There is no evidence that Ms. Lyman ever applied for admission to the Bar of the U.S. District Court for the District of New Mexico, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.2 Bar Admission, Membership and Dues**, subdivision (b), and there is no evidence that Ms. Lyman ever:

> **(1)** consented to this court's exercise of disciplinary jurisdiction over any alleged misconduct;
>
> **(2)** certified familiarity with the local rules of this court; and
>
> **(3)** certified familiarity with the Rules of Professional Conduct adopted by the Supreme Court of New Mexico and adopted by this court in D.N.M.LR-Civ. 83.9.

(see a Separate Brief, Part 7.)

Also, there is no evidence that Ms. Lyman is a member of the **Federal Bar**, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.3 Appearance of Attorneys Licensed Outside the District** (see a Separate Brief, Part 8.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TATYANA EVGENIEVNA DREVALEVA,**

      **Plaintiff,**

    **vs.**                   **No.  21-cv-761 WJ-JFR**

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS, ET AL.**

      **Defendants.**

### NOTICE OF SUBSTITUTION OF GOVERNMENT COUNSEL

      The United States of America hereby notifies the Court, parties, and counsel that

Christine H. Lyman, Assistant United States Attorney for the District of New Mexico, has

replaced Adrienne Zack as Government counsel on behalf of the Defendants, United States

Department of Veterans Affairs and Secretary of Veterans Affairs Denis McDonough,[1] in the

above-captioned cause of action.

                    Respectfully submitted,

                    FRED J. FEDERICI
                    Acting United States Attorney

                    *Electronically filed August 27, 2021*
                    CHRISTINE H. LYMAN
                    Assistant United States Attorney
                    P.O. Box 607
                    Albuquerque, New Mexico 87103
                    (505) 346-7274
                    Christine.Lyman@usdoj.gov

---

[1] Denis McDonough is substituted for Robert Wilkie pursuant to Fed. R. Civ. P. 25(d).

Even though there may not currently be any formal disciplinary actions against Ms. Lyman, I don't believe that Ms. Lyman truthfully and in good faith performs her duties as an Assistant U.S. Attorney. Specifically, on August 31, 2021 Ms. Lyman filed an unsworn and libelous Opposition to my Motion for an Expedited Jury Trial that is consolidated with my Motion for Permanent Injunction, and Ms. Lyman also notified me about her intention to oppose my First Motion for Partial Summary Judgment. Please, notice that Ms. Lyman doesn't have any factual and legal bases for her oppositions. Filing an Opposition to my Motion for an Expedited Jury Trial that is consolidated with my Motion for Permanent Injunction,, Ms. Lyman actually committed fraud and multiple felonies because she willfully attempted to prevent me from obtaining relief in a form of getting reinstated back to work at the VAMC and being awarded with a full amount of my lost salary and benefits as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017.

Also, I found a recent tragic case law *Tolbert v. Gallup Indian Med. Ctr.*, Civ. 19-0830 JB/LF where Ms. Lyman opposed Plaintiff's demand for production of documents that were the credentials of the medical professionals who provided the wrong treatment to the patient in a hospital. The fact that Ms. Lyman opposed Plaintiff's demand for production of documents in that tragic case demonstrates that Ms. Lyman **can't** be an Attorney who is in good standing, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.3 Appearance of Attorneys Licensed Outside the District**, subdivision (a)(1) (see a Separate Brief, Part 8.)

Also, there is no evidence that Ms. Lyman paid a $100 fee to the Clerk for appearing in the lawsuit No. 1:21-cv-00761-WJ-JFR, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.3 Appearance of Attorneys Licensed Outside the District**, subdivision (a)(2) (see a Separate Brief, Part 8.)

Also, please, take a Judicial Notice that Ms. Lyman never disclosed her real physical address, and she listed the P.O. Box as her address:

CHRISTINE H. LYMAN

**P.O. Box 607**

Albuquerque, New Mexico 87103

I suggest that Ms. Lyman may not be physically present in Albuquerque, NM, and she may reside in a different State such as Colorado or Washington.

Also, by frivolously entering a Notice of Substitution of Counsel, Ms. Lyman violated the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.8 Withdrawal of Appearance** because the previous Assistant U.S. Attorney Ms. Adrienne Zack had never filed a Motion to Withdraw, and I need had an opportunity to decide whether or not I will oppose this Motion (see a Separate Brief, Part 10.)

Also, the Court needs to decide whether or not Ms. Zack and Ms. Lyman could be viewed as members of one ":law firm" within the meaning of the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.4 Entry of Appearance**, subdivision (b) (see a Separate Brief, Part 9.) It is undisputed that Ms. Adrienne Zack lives and works in

California. It is disputed where Ms. Lyman lives and works because her physical address is unknown. It is undisputed that Ms. Zack and Ms. Lyman work for different Offices of the U.S. Attorneys.

There is no evidence that Ms. Lyman always complies with the Rules of Professional Conduct that are adopted by the Supreme Court of the State of New Mexico, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.9 Rules of Professional Conduct** (see the Separate Brief, Part 11.) Specifically, Ms. Lyman already exhibited a criminal behavior that was opposing my Motion for an Expedited Jury Trial that is consolidated with my Motion for Permanent Injunction. Ms. Lyman also notified me about her intention to oppose my First Motion for Partial Summary Judgment without having any factual and legal bases for the Opposition. Please, notice that Ms. Lyman covered up the medical malpractice of the doctor who permanently and irreversibly damaged a patient, see the lawsuit *Tolbert v. Gallup Indian Med. Ctr.*, Civ. 19-0830. This conduct doesn't demonstrate a behavior that a Member of the Bar should exhibit.

Because Ms. Lyman already opposed my Motion for an Expedited Jury Trial that is consolidated with a hearing of my Motion for Permanent Injunction, and because Ms. Lyman already notified me that she was going to oppose my First Motion for Partial Summary Judgment whereas she doesn't have any factual and legal bases for her Oppositions, I am respectfully asking the U.S. District Court for the District of New Mexico to impose discipline on Ms. Lyman

in accordance with the Civil Local Rules of the U.S. District Court for the District of New Mexico, **Rule 83.10 Attorney Discipline** (see the Separate Brief, Part 12.)

The facts of my case are undisputed. In 2017, I was fired from my full time job at the New Mexico VA health care System for my desire to have a child, for my sex/gender, for my age, and for my disability. The U.S. Department of Veterans Affairs committed a felony within the meaning of 18 U.S.C. § 246 – denying my right to work on account of sex (see the Separate Brief, Part 22.) Also, multiple Governmental officials conspired with each other with a criminal goal to deprive me of an opportunity to obtain relief in a form of getting reinstated back to work at the VAMC and being awarded with a full amount of my lost salary and benefits as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017. This conduct falls into the scope of 18 U.S.C. § 241 (see the Separate Brief, Part 2.)

Therefore, the U.S. Attorney is charged with a duty to initiate criminal proceedings against my former Supervisors Ms. Dunkelberger and Mr. Johnson who unlawfully fired me and who defamed me about the reasons of the termination of my employment, see 38 CFR § 14.560 (see a Separate Brief, Part 3.) Instead of prosecuting both Ms. Dunkelberger and Mr. Johnson for their felonies, Assistant U.S. Attorney Ms. Christine Lyman opposed my Motion for an Expedited Jury trial that is consolidated with my Motion for Permanent Injunction, and Ms. Lyman also notified me about her intention to oppose my First Motion for Partial Summary Judgment while it is undisputed that Ms. Lyman doesn't have any factual and legal bases for her

Oppositions. Therefore, I am respectfully asking the U.S. District Court for the District of New Mexico to initiate a criminal proceeding against Ms. Lyman for criminal conspiracy with Ms. Dunkelberger and Mr. Johnson, see 18 U.S.C. § 241 (see the Separate Brief, Part 2.)

Also, there is no evidence that the General Counsel and/or the Regional Counsel ever followed the procedures that are described at 38 CFR § 14.561, and there is no evidence that the General Counsel and/or the Regional Counsel "first ascertain[ed] that necessary administrative or adjudicatory (forfeiture (see Pub. L. 86-222; 73 Stat. 452), etc.), action has been taken" prior to submitting my lawsuit No. 1:21-cv-00761-WJ-JFR to the Office of the U.S. Attorney (see a Separate Brief, Part 4.)

Assistant U.S. Attorney is a Governmental Attorney who is subjected to the same discipline and to the same rules of professional conduct that all other Attorneys, see 28 CFR § 77.2 (see a Separate Brief, Part 5.)

Also, please, see 28 U.S. Code § 530B that states that an Attorney for the Government is a subject to the same State laws and rules and the rules of a local Federal Court that all other Attorneys (see a Separate Brief, Part 6.)

Because my lawsuit No. 1:21-cv-00761-WJ-JFR involves a criminal deprivation of my civil rights by the U.S. Department of Veterans Affairs, I assume that the Secretary of the U.S. Department of VA Mr. McDonough may seek a consultation with the Attorney General, see 28 U.S. Code § 512 (see a Separate Brief, Part 13), and the Attorney General shall establish the

section within the Criminal Division of the U.S. Department of Justice with responsibility for the enforcement of laws against suspected participants in serious human rights offenses within the meaning of 28 U.S. Code § 509B (see a Separate Brief, Part 14.) However, instead of prosecuting both Ms. Dunkelberger and Mr. Johnson for their felonies, Ms. Lyman entered a Notice of Substitution of Counsel, and she expressed a desire to defend both Ms. Dunkelberger and Mr. Johnson in the lawsuit No. 1:21-cv-00761-WJ-JFR. Therefore, Ms. Lyman is ineligible to represent the U.S. Department of Veterans Affairs and its Secretary in the lawsuit No. 1:21-cv-00761-WJ-JFR because Ms. Lyman's intention is to defend criminals instead of prosecuting them for their felonies.

On August 31, 2021, Ms. Lyman opposed my Motion for an Expedited Jury Trial that is consolidated with my Motion for Permanent Injunction. Therefore, Ms. Lyman acted contrary to 28 U.S. Code § 514 (see the Separate Brief, Part 15) that authorized the Attorney General to investigate claims within the Executive Departments and Agencies "giving all facts necessary to enable him to furnish proper professional service in attending the examination or making the investigation" The Jury Trial that I demanded in case No. 1:21-cv-00761-WJ-JFR is exactly this type of the proceeding that is described at 28 U.S. Code § 514, and the Jury Trial would give me an opportunity to investigate my case – to collect the material facts of the case, to examine the witnesses, and to review the documents from the U.S. Department of Veterans Affairs that are related to my employment in 2017 and to the reasons of the termination of my employment. By opposing my Motion for an Expedited Jury Trial, Ms. Lyman obstructed Justice and tamperered

with the evidence, see 18 U.S.C. Chapter 73 – Obstruction of Justice. Therefore, a removal of Ms. Lyman from representing Federal Defendants in my case is warranted.

Please, notice that the Attorney General may investigate the United States Attorney pursuant to 28 U.S. Code § 526 (see the Separate Brief, Part 16) and may remove the United States Attorney and the Assistant U.S. Attorney from the office for willful misconduct pursuant to 28 U.S. Code § 528 (see the Separate Brief, Part 17.)

**Conclusion.**

For the reasons stated above, I am respectfully asking the U.S. District Court for the District of New Mexico to immediately and permanently disqualify Ms. Christine H. Lyman from representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough as a Secretary of the U.S. Department of Veterans Affairs in my lawsuit No. 1:21-cv-00761-WJ-JFR.

Also, I am respectfully asking the U.S. District Court for the District of New Mexico to initiate a criminal proceeding and to impose criminal penalties on Ms. Lyman pursuant to 18 U.S. Code CHAPTER 50A— GENOCIDE because Ms. Lyman willfully subjected me to irreparable body injury in a form of preventing me from continuing my treatment of infertility.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on August 31, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva                              Plaintiff Pro Se

August 31, 2021.

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR.**

On August 31, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR,

    MEMORANDUM OF POINTS AND AUTHORITIES;

2) DECLARATION;
3) Exhibits 354 and 355;
4) PROPOSED ORDER.
5) A Separate Brief.

On August 31, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on August 31, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: August 31, 2021.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 07 2021

MITCHELL R. ELFERS
CLERK

Tatyana Evgenievna Drevaleva

*Plaintiff*

v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

the U.S. Department of Veterans Affairs

*Defendants*

# DECLARATION TO THE FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR,

I, Plaintiff Tatyana Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a party of this action

2) I have a personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) On August 27, 2021, Assistant U.S. Attorney Ms. Christine Lyman unlawfully entered a Notice of Substitution of Government Counsel (Doc. No. 466)

4) There is no  evidence that Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough ever consented to be represented by the U.S. Department of Justice and particularly by Ms. Christine Lyman

5) There is no evidence that the procedures that are described at 38 USC § 14.514(a) were ever followed

6) There is no evidence that Ms. Lyman is authorized to practice law in the State of New Mexico and particularly at the U.S. District Court for the District of New Mexico

7) There is no evidence that Ms. Lyman is admitted to the Federal Bar

8) The previous Assistant U.S. Attorney Ms. Adrienne Zack never filed a Motion to Withdraw from representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of VA, and I never had an opportunity to decide whether or not I wanted to oppose this Motion, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rules 83.4 and 83.8

9) It is not clear whether or not the U.S. District Court for the District of New Mexico should consider that Assistant U.S. Attorneys Ms. Zack and Ms. Lyman work 'in one office" because Mss. Zack works in California, and the location of Ms. Lyman is unknown (whether it is the State of Colorado, or the State of Washington, or the State of New Mexico)

10) Ms. Lyman's qualification is a business law and not the civil rights. Therefore, Ms. Lyman is ineligible to defend the U.S. Department of Veterans Affairs and its Secretary in the civil rights lawsuit No. 1:21-cv-00761-WJ-JFR

11) Ms. Lyman already exhibited a criminal behavior because on August 31, 2021 she opposed my Motion for an Expedited Jury trial that is consolidated with my Motion for Permanent Injunction

12) Previously, Ms. Lyman also exhibited a criminal behavior because she opposed Plaintiff's demand for production of essential documents in case *Tolbert v. Gallup Indian Med. Ctr.*, Civ. 19-0830 JB/LF that was a medical malpractice case

13) In her August 31, 2021 Opposition to my Motion for an Expediter Jury Trial that is consolidated with my Motion for Permanent Injunction, Ms. Lyman criminally perverted the material facts of the case and intentionally and maliciously used invalid legal arguments

14) For the reasons that I stated in my First Motion to Disqualify Ms. Lyman from unlawfully and falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough as a Secretary of the U.S. Department of Veterans Affairs, I am respectfully asking the U.S. District Court for the District f New Mexico to do all of the following:

a) To immediately and permanently disqualify Ms. Lyman from falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard

McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR

b) To impose criminal penalties on Ms. Lyman for unlawful appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR without obtaining Consent of these Defendants for legal representation

c) To issue a recommendation to the Washington State Bar Association (WSBA) to permanently debar Ms. Lyman for a felony that was appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of these Defendants for legal representation, see the ABA Model Rules of Professional Conduct, Rule 5.5 - Unauthorized Practice of Law; Multijurisdictional Practice of Law

d) To recommend the Attorney General of the United States of America to permanently remove Assistant U.S. Attorney Ms. Christine Lyman from her job as an Assistant U.S. Attorney for a felony that was appearance of Attorney Ms. Christine Lyman who is licensed to practice law in the State of Washington on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis

Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs for legal representation

e)  To subject Ms. Lyman to criminal penalties for genocide, 18 U.S. Code CHAPTER 50A— GENOCIDE

f)  To issue any Order that the Court deems just and proper.


I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on August 31, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva                              Plaintiff Pro Se


August 31, 2021.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                      Case No. 1:21-cv-00761-WPJ

        v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

## PROPOSED ORDER.

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to disqualify Assistant U.S. Attorney Ms. Christine Lyman from falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs is **GRANTED.**

A recommendation is issued to the Washington State Bar Association (WSBA) to permanently debar Ms. Lyman for a felony that was appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a

Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of these Defendants for legal representation, see the ABA Model Rules of Professional Conduct, Rule 5.5 - Unauthorized Practice of Law; Multijurisdictional Practice of Law.

A recommendation is issued to the Attorney General of the United States of America to permanently remove Ms. Christine Lyman from her job as an Assistant U.S. Attorney for a felony that was appearance of Attorney Ms. Christine Lyman who is licensed to practice law in the State of Washington on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs for legal representation and also for willful misconduct, see 28 U.S. Code § 528.

A recommendation is issued to the Federal Bureau of Investigations to initiate a criminal proceeding against Assistant U.S. Attorney Ms. Christine Lyman for multiple felonies such as:

1) Criminal conspiracy with Ms. Carla Dunkelberger and Mr. Phil Johnson, see 18 U.S.C. § 241

2) Criminally preventing Plaintiff Tatyana Drevaleva from obtaining employment at the U.S. Department of Veterans Affairs on account of sex, see 18 U.S.C. § 246

3) Obstruction of Justice and tampering with the evidence, see 18 U.S.C. Chapter 73 – Obstruction of Justice

4) Genocide, see 18 U.S. Code CHAPTER 50A— GENOCIDE for willfully causing an irreparable body injury to Plaintiff Ms. Drevaleva by preventing her from continuing her medical treatment.


IT IS SO ORDERED.


_____          _____

Date:                        The Chief District Judge the Hon. William Paul Johnson