**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**

SEP 17 2021

**FOR THE DISTRICT OF NEW MEXICO**

MITCHELL R. ELFERS
CLERK

Tatyana Evgenievna Drevaleva

*Plaintiff*                                    Case No. 1:21-cv-00761-WJ-JFR

v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

*Defendants*


**REPLY TO LYMAN'S CRIMINAL, FRIVOLOUS, AND MALICIOUS OPPOSITION**

**TO MY FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS.**

**CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S.**

**DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE**

**LAWSUIT No. 1:21-cv-00761-WJ-JFR.**

## MEMORANDUM OF POINTS AND AUTHORITIES.

**Statement of Facts.**

On September 07, 2021, the U.S. District Court for the District of New Mexico filed my FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR (Doc. No. 484) where I listed the following bases for disqualification:

**<u>Basis No. 1</u>**.

Prior to responding to my lawsuit No. 3:18-cv-03748-WHA, Assistant U.S. Attorney Ms. Clair Cormier **didn't** file a Notice of Appearance in violation of the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 5-1(c)(2)(A), "A Notice of Appearance must be e-filed whenever counsel joins a case" (see a Separate Brief to my First Motion to Disqualify Ms. Lyman, Part 21.) Therefore, there is no evidence that appearance of the U.S. Department of Justice and Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman in my lawsuit No. 3:18-cv-03748-WHA, 3:18-cv-03748-JCS, 4:18-cv-03748-HSG, and 1:21-cv-00761-WJ-JFR (further, 1:21-cv-00761-WJ-JFR) was lawful and was authorized by both the U.S. Department of Veterans Affairs and the U.S. Department of Justice.

**Basis No. 2**.

There is no evidence that, responding to my lawsuit No. 1:21-cv-00761-WJ-JFR, the Secretaries of the U.S. Department of Veterans Affairs Mr. Peter O'Rourke, Mr. Robert Wilkie, and Mr. Denis Richard McDonough ever followed the provisions of 38 C.F.R. § 14.514(a.) Therefore, there is no evidence that Assistant U.S. Attorneys who appeared in my lawsuit No. 1:21-cv-00761-WJ-JFR Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman based their defenses, and objections on the material facts of the case that were obtained during the investigation pursuant to 38 C.F.R. § 14.514(a.)

**Basis No. 3**.

All Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms., Zack, and Ms. Lyman never filed a sworn Declaration that would be signed by Defendant Secretary of the U.S. Department of VA or by any other Officer who would declare under the penalty of perjury and under both the Federal laws and the laws of the State of New Mexico that:

1) The Secretary and/or the Officer are familiar with the material facts of the case, and they could testify competently thereto

2) Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman represent the true and genuine points of view of Defendants the U.S. Department of Veterans Affairs and the Secretary

3) Everything Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman wrote in their pleadings and Motions is true and correct.

Also, all Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms., Zack, and Ms. Lyman never filed their own sworn Declarations and they never declared under the penalty of perjury and under both the Federal laws and the laws of the States of California and New Mexico that:

1) Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms., Zack, and Ms. Lyman are familiar with the material facts of the case, and they could testify competently thereto

2) Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman represent the true and genuine points of view of Defendants the U.S. Department of Veterans Affairs and the Secretary

3) Everything Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman wrote in their pleadings and Motions is true and correct.

Therefore, all pleadings and Motions that were filed by Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms., Zack, and Ms. Lyman in case No. 1:21-cv-00761-WJ-JFR are hearsay that is not supposed to be reviewed. Pease, see 28 U.S.C. § 1`746 and the F.R.C.P. Rule 11(b.)

**Basis No. 4**.

Because there is no evidence that Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman belong to "one law firm" within the meaning of the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 5-1(c)(2)(B), and therefore a Notice of Substitution of Counsel could be inappropriate. Also, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.4 Entry of Appearance, subdivision (b) (the definition of one "law firm".) It is undisputed that Ms. Zack and Ms. Lyman work for different Offices of the U.S. Attorneys, and therefore they don't belong to one "law firm."

**Basis No. 5**.

On May 11, 2021, Assistant U.S. Attorney Ms. Adrienne Zack entered a Notice of Substitution of Counsel in case No. 4:18-cv-03748-HSG Doc. No. 382.) However, there was no evidence that Ms. Zack's appearance was authorized and/or approved by the General Counsel, by the Regional Counsel of the U.S. Department of Veterans Affairs, and by the Secretary of the U.S. Department of Veterans Affairs Mr. Denis Richard McDonough, see 38 CFR § 14/514(a).

**Basis No. 6**.

After the lawsuit No. 4:18-cv-03748-HSG was transferred to the U.S. District Court for the District of New Mexico, Assistant U.S. Attorney Ms. Zack solely and without the authorization of Defendant Secretary of the U.S. Department of VA Mr. Denis Richard McDonough "appointed" Assistant U.S. Attorney Ms. Christine Lyman to defend the Secretary.

There is no evidence that the Secretary ever knows who Ms. Lyman is, and there is no evidence that the Secretary ever consented to be represented by Ms. Lyman in the lawsuit No. 1:21-cv-00761-WJ-JFR.

**Basis No. 7**.

Prior to getting out of my lawsuit No. 1:21-cv-00761-WJ-JFR, Ms. Zack never filed a Motion to Withdraw in violation of the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.8 Withdrawal of Appearance, and I never had an opportunity to make a decision whether or not I wanted to oppose this Motion.

**Basis No. 8**.

Because Ms. Christine Hyojin Lyman is admitted at the Colorado Supreme Court and at the Washington State Bar Association. There is no evidence that Ms. Lyman is admitted at any highest Court of the State of New Mexico, and there is no evidence that Ms. Lyman is authorized to practice law at the State of New Mexico, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.2 Bar Admission, Membership and Dues, subdivision (a.)

**Basis No. 9**.

There is no evidence that Ms. Lyman is a member of the Federal Bar, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.3 Appearance of Attorneys Licensed Outside the District.

**Basis No. 10**.

Because, based on Ms. Lyman's conduct in my lawsuit No. 1:21-cv-00761-WJ-JFR and in another not related lawsuit *Tolbert v. Gallup Indian Med. Ctr*., Civ. 19-0830, Ms. Lyman can't be an Attorney in good standing, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.3 Appearance of Attorneys Licensed Outside the District, subdivision (a)(1.)

There is no evidence that Ms. Lyman always complies with the Rules of Professional Conduct that are adopted by the Supreme Court of the State of New Mexico, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.9 Rules of Professional Conduct. Filing frivolous documents in my lawsuit No. 1:21-cv-00761-WJ-JFR, Ms. Lyman already exhibited a criminal behavior such as:

a) obstruction of Justice (lying to the Court  about the legal standards and citing only irrelevant case laws in Lyman's Opposition to my First Motion for Partial Summary Judgment)

b) tampering with the evidence (criminally concealing the material fact of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment when I was in Russia undergoing a complete medical examination and getting prepared to the actual IVF procedure, and Lyman concealed another material fact of the case that Ms. Dunkelberger had hired another young male employee Mr. David Trujillo to substitute my employment)

    c) genocide (criminally preventing me from getting access to the medical treatment of my infertility.)

In my First Motion to Disqualify Ms. Lyman, I asked the U.S. District Court for the District of New Mexico to impose Ms. Lyman to Attorney Discipline pursuant to the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.10 Attorney Discipline as well as to subject her to criminal penalties.

**Basis No. 11**.

Because there is no evidence that Ms. Lyman resides in the State of New Mexico. She never provided me with her physical address, and she provided me with her P.O. box address. I suggest that Ms. Lyman may not be physically present in Albuquerque, NM, and she may reside in a different State such as Colorado or Washington.

**Basis No. 12**.

Because Ms. Lyman's area of practice is business law and not civil rights.

**Basis No. 13**.

There is no evidence that Ms. Lyman ever applied for admission to the Bar of the U.S. District Court for the District of New Mexico, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.2 Bar Admission, Membership and Dues, subdivision (b), and there is no evidence that Ms. Lyman ever:

(1) consented to this court's exercise of disciplinary jurisdiction over any alleged misconduct;

(2) certified familiarity with the local rules of this court; and

(3) certified familiarity with the Rules of Professional Conduct adopted by the Supreme Court of New Mexico and adopted by this court in D.N.M.LR-Civ. 83.9.

### Basis No. 14.

There is no evidence that Ms. Lyman paid a $100 fee to the Clerk for appearing in the lawsuit No. 1:21-cv-00761-WJ-JFR, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 83.3 Appearance of Attorneys Licensed Outside the District, subdivision (a)(2.)

### Basis No. 15.

Because, instead of performing her direct duties to prosecute both Ms. Dunkelberger and Mr. Johnson for discrimination and for unlawful termination of my employment from the New Mexico VA Health Care System pursuant to 38 CFR § 14.560, Ms. Lyman criminally conspired with both Dunkelberger and Johnson, and Lyman committed multiple felonies in violation of 18 U.S.C. § 241, § 246, Chapter 73, and Chapter 50A.

**<u>Basis No. 16.</u>**

There is no evidence that the General Counsel and/or the Regional Counsel ever followed the procedures that are described at 38 CFR § 14.561, and there is no evidence that the General Counsel and/or the Regional Counsel "first ascertain[ed] that necessary administrative or adjudicatory (forfeiture (see Pub. L. 86-222; 73 Stat. 452), etc.), action has been taken" prior to submitting my lawsuit No. 1:21-cv-00761-WJ-JFR to the Office of the U.S. Attorney

**<u>Basis No. 17.</u>**

Assistant U.S. Attorney is a Governmental Attorney who is subjected to the same discipline and to the same rules of professional conduct that all other Attorneys, see 28 CFR § 77.2.

Also, please, see 28 U.S. Code § 530B that states that an Attorney for the Government is a subject to the same State laws and rules and the rules of a local Federal Court that all other Attorneys.

Because my lawsuit No. 1:21-cv-00761-WJ-JFR involves a criminal deprivation of my civil rights by the U.S. Department of Veterans Affairs, I assume that the Secretary of the U.S. Department of VA Mr. McDonough may seek a consultation with the Attorney General, see 28 U.S. Code § 512, and the Attorney General shall establish the section within the Criminal Division of the U.S. Department of Justice with responsibility for the enforcement of laws against suspected participants in serious human rights offenses within the meaning of 28 U.S.

Code § 509B (see a Separate Brief, Part 14.) However, instead of prosecuting both Ms. Dunkelberger and Mr. Johnson for their felonies, Ms. Lyman entered a Notice of Substitution of Counsel, and she expressed a desire to defend both Ms. Dunkelberger and Mr. Johnson in the lawsuit No. 1:21-cv-00761-WJ-JFR. Therefore, Ms. Lyman is ineligible to represent the U.S. Department of Veterans Affairs and its Secretary in the lawsuit No. 1:21-cv-00761-WJ-JFR because Ms. Lyman's intention is to defend criminals instead of prosecuting them for their felonies.

### Basis No. 18.

On August 31, 2021, Ms. Lyman opposed my Motion for an Expedited Jury Trial that is consolidated with my Motion for Permanent Injunction. Therefore, Ms. Lyman acted contrary to 28 U.S. Code § 514 that authorized the Attorney General to investigate claims within the Executive Departments and Agencies "giving all facts necessary to enable him to furnish proper professional service in attending the examination or making the investigation" The Jury Trial that I demanded in case No. 1:21-cv-00761-WJ-JFR is exactly this type of the proceeding that is described at 28 U.S. Code § 514, and the Jury Trial would give me an opportunity to investigate my case – to collect the material facts of the case, to examine the witnesses, and to review the documents from the U.S. Department of Veterans Affairs that are related to my employment in 2017 and to the reasons of the termination of my employment. By opposing my Motion for an Expedited Jury Trial, Ms. Lyman obstructed Justice and tamperered with the evidence, see 18

U.S.C. Chapter 73 – Obstruction of Justice. Therefore, a removal of Ms. Lyman from representing Federal Defendants in my case is warranted.

Please, notice that the Attorney General may investigate the United States Attorney pursuant to 28 U.S. Code § 526 and may remove the United States Attorney and the Assistant U.S. Attorney from the office for willful misconduct pursuant to 28 U.S. Code § 528.

### Ms. Lyman's Opposition to my First Motion to Disqualify.

On September 09, 2021, Ms. Lyman opposed my First Motion to Disqualify Lyman,, and she listed the following arguments in support of her Opposition:

**Argument No. 1**. That I sought disqualification of Judges Alsup and Spero.

My objection. The Argument No. 1 is irrelevant to the scope of my First Motion to Disqualify Ms. Lyman because the statutes that govern misconduct and disqualification of Judges are different from the statutes that govern discipline and disqualification of Attorneys. Moreover, even though my Motions for Disqualification of Judges Alsup and Spero were not officially granted, these Motions were successful because both Alsup and Spero recused themselves from judging my lawsuits (Doc. No. 319 and 450.)

**Argument No. 2**. That I sought disqualification of Attorney Robinson.

<u>My objection</u>. I sought disqualification of Attorney Robinson on the grounds that were different from the grounds for disqualification of Attorney Lyman.

Even though my Motions for Disqualification of Attorney Robinson were not officially granted, they were successful because Robinson disqualified herself from falsely representing the U.S. Department of VA and its Secretary, and AUSA Zack substituted Robinson (Doc. No. 382.)

**Argument No. 3**. That I sought disqualification of the various Judges of the California Courts in my not related lawsuits against the Alameda Health System.

<u>My objection</u>. My lawsuits against the Alameda Health System, the Department of Industrial Relations of the State of California, the Narayan Travelstead Professional Law Corporation, and against other Defendants are not related to the scope of my lawsuit No. 1:21-cv-00761-WJ-JFR. Moreover, the statutes that govern disqualification of the California Judges have no connection with the bases for disqualification from 1 to 18 of Assistant U.S. Attorney Ms. Lyman.

Also, I sought the disqualification of the Narayan Travelstead Professional Law Corporation from representing Defendant the Alameda Heath System, and the basis for disqualification was the California Rules of Professional Conduct, Rule 1.7 (conflict of interest.) I didn't invoke Rule 1.7 in my First Motion to Disqualify Attorney Lyman from falsely representing Secretary McDonough.

**Argument No. 4**. I was declared a vexatious litigant by the California Court of Appeal for the First District, Division Four, and my name is on the vexatious litigants list.

My objection. The California statutes that govern vexatious litigants have no application on the bases for disqualification from 1 to 18 of Assistant U.S. Attorney Ms. Lyman that I listed in my First Motion for Disqualification.

**Argument No. 5**.

Read Ms. Lyman's Opposition, page 2, "Because Plaintiff's Motion **lacks merit** and is brought solely to **harass**, **cause unnecessary delay**, or **needlessly increase the cost of litigation**, the Court should deny the Motion and consider whether sanctions or filing restrictions may be appropriate. See Fed. R. Civ. P. 11(b)(1), 11(b)(3); *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) ("'There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam))."

My objection. Ms. Lyman failed to identify all reasons why my First Motion for Disqualification "lack[ed] merit and [was] brought solely to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

*First*, Ms. Lyman failed to respond to the merits of all my bases for disqualification from 1 to 18. Therefore, Ms. Lyman failed to demonstrate by the preponderance of the evidence that my First Motion to Disqualify Lyman **lacked merit**.

*Second*, there is no evidence that Defendant Secretary McDonough pays Attorney's Fees to Ms. Lyman for defending him in the lawsuit No. 1:21-cv-00761-WJ-JFR. Therefore, there is no evidence that my First Motion to Disqualify Lyman **ever increased the cost of litigation**. Even if Mr. McDonough pays Attorney's Fees to Ms. Lyman, she failed to identify her hourly rate, and she failed to identify how much money Mr. McDonough paid to Ms. Lyman for litigating my First Motion to Disqualify Lyman. Moreover, I suggest that Mr. McDonough doesn't have any idea who Ms. Lyman is, and I suggest that Mr. McDonough never retained Ms. Lyman for representing him in the lawsuit no. 1:21-cv-00761-WJ-JFR.

*Third*, Ms. Lyman failed to describe in detail how my Motion to Disqualify Ms. Lyman "harassed" Defendant Mr. McDonough. There was no any testimony of Mr. McDonough *himself* who would declare under the penalty of perjury and under the Federal laws that my First Motion to Disqualify Lyman **harassed** him.

*Fourth*, there is no testimony and there is no Declaration under the penalty of perjury and under the Federal laws that was signed by Defendant Secretary Mr. McDonough who would complain that my First Motion to Disqualify Attorney Lyman **really caused an unnecessary delay** of the lawsuit No. 1:21-cv-00761-WJ-JFR.

**Argument No. 6**.

Read Lyman's Opposition, pages 2-3, "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)."

My objection. There is no evidence that Defendant Mr. McDonough ever knows who Ms. Lyman is, and there is no evidence that Mr. McDonough retained Ms. Lyman to represent him in the lawsuit No. 1:21-cv-00761-WJ-JFR. Therefore, absent Mr. McDonough's Consent to be represented by Ms. Lyman, she can't even speak about "affecting the rights of [Mr. McDonough]."

Ms. Lyman cited the **irrelevant** part of the case law *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) such as, "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *In re American Airlines, Inc.,* 972 F.2d 605, 610 (5th Cir.1992), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines,* — U.S. -, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993). Therefore, motions to disqualify are governed by the ethical rules announced by the

national profession and considered "in light of the. public interest and the litigants' rights." *See Dresser,* 972 F.2d at 543."

However, I found the part of the case law *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994) that is **relevant** to my situation, "The threshold question for the court is **whether there was an attorney-client relationship that would subject a lawyer to the ethical obligation of preserving confidential communications**. *See Nelson v. Green Builders, Inc.,* 823 F.Supp. 1439, 1444 (E.D.Wis.1993) (citing *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311 (7th Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978)). For there to have been an attorney-client relationship, **the parties need not have executed a formal contract**. *Westinghouse,* 580 F.2d at 1317. Nor is the existence of a relationship dependent **upon the payment of fees**. Id. at 1317 n. 6. However, a party must show, that (1) **it submitted confidential information to a lawyer** and (2) **it did so with the reasonable belief that the lawyer was acting as the party's attorney**. *Nelson,* 823 F.Supp. at 1445.8 "

See accord in *UNITED STATES OF AMERICA, Plaintiff, vs. RICK REESE, TERRI REESE, RYIN REESE, and REMINGTON REESE, Defendants*, the U.S. District Court for the District of New Mexico, CR 11-2294 RB, Memorandum Opinion and Order, February 27, 2012 (Exhibit 363.)

As I argued above, there is no evidence that Defendant Secretary McDonough ever submitted **any** information (I am not even speaking about the "confidential information") to Assistant U.S. Attorney Ms. Lyman, and there is no evidence that Secretary McDonough ever

expected Ms. Lyman to represent his true and genuine interests in the lawsuit No. 1:21-cv-00761-WJ-JFR.

As to the "rules of the Court where [Ms. Lyman} appear[ed]", I already listed the various Rules of the U.S. District Court for the District of New Mexico that Lyman violated. In her Opposition, she failed to demonstrate that she had ever followed these Rules. In this Reply, I will not speak about Ms. Lyman's multiple violations of the New Mexico Rules of Professional Conduct, especially the N.M. R. Prof'l. Cond. 16-804. Also, in this Reply, I will not speak about Ms. Lyman's multiple violations of the ABA Model Rules of Professional Conduct, the California Penal Code and the New Mexico criminal statutes.

### Argument No. 7.

Read Lyman's Opposition, page 3,

### "I. Plaintiff Lacks Standing to Seek to Disqualify Opposing Counsel.

As an initial matter, "generally only clients have standing to move to disqualify counsel." *Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JTM-GEB, 2018 WL 2926474, at *3 (D. Kan. June 8, 2018). While Plaintiff exhibits remarkable solicitude for Defendants' right to consent to legal representation, see Doc. 484 at 2-3, Plaintiff fails to plausibly demonstrate how undersigned counsel's representation of Defendants "has caused Plaintiff to suffer any injury-in-fact." *O'Hanlon v. AccessU2 Mobile Sols., LLC*, No. 18-CV-00185-RBJ-NYW, 2018 WL 3586395, at

*4 (D. Colo. July 26, 2018), report and recommendation adopted, No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079 (D. Colo. Jan. 22, 2019)."

My objection. I checked the case law cited by Ms. Lyman *Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JTM-GEB, 2018 WL 2926474, at *3 (D. Kan. June 8, 2018), and I didn't find the phrase "generally only clients have standing to move to disqualify counsel."

I checked the case law *O'Hanlon v. AccessU2 Mobile Sols., LLC*, No. 18-CV-00185-RBJ-NYW, 2018 WL 3586395, at *4 (D. Colo. July 26, 2018), and there were different grounds for disqualification of the Opposing Counsel such as "… Conflict of Interest, Violation of DR-5 of the Rules of Professional Conduct and Violation of **Rules 1.7(a) and 1.9(a)** of the Model Code of Professional Conduct." I am repeating that I **did not** list Rules 1.7 and 1.9 as grounds for disqualification of Ms. Lyman in my First Motion to Disqualify her.

**Argument No. 8**.

Read Lyman's Opposition, page 3, "Some courts grant standing to an opposing party to disqualify counsel "where the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings." *Abbott v. Kidder Peabody & Co.*, 42 F. Supp. 2d 1046, 1050 (D. Colo. 1999). Here, because Plaintiff does not point to any such conflict of interest, she lacks standing to bring this Motion. See *O'Hanlon*, 2018 WL 3586395, at *5."

My objection. I checked the case law *Abbott v. Kidder Peabody & Co.*, 42 F. Supp. 2d 1046, 1050 (D. Colo. 1999), and the basis for disqualification of a law firm in that case was conflict of interest pursuant to the Colo.R. Prof. Conduct **1.7**(b), (c). I am repeating again that I didn't invoke Rule 1.7 as a basis for disqualification of Attorney Lyman. Please, also see *O'Hanlon* that describes the same basis for disqualification – Rule 1.7.

### Argument No. 9.

Read Lyman's Opposition, pages 3-4,

"**II. Plaintiff Presents No Evidence to Support Her Claim of Unauthorized Representation.**

Even assuming, *arguendo*, that Plaintiff has standing, the Court should reject Plaintiff's challenges on the merits. "A degree of skepticism is in order when one party seeks disqualification of opposing counsel based on allegedly deficient representation of the opposing party." *Chavez v. New Mexico*, 397 F.3d 826, 840 (10th Cir. 2005). The party seeking disqualification "ha[s] the burden to establish the grounds for disqualification." *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1473 (D. Colo. 1996)."

My objection. I checked the case law *Chavez v. New Mexico*, 397 F.3d 826, 840 (10th Cir. 2005.) It described the *Dunton* Motion, "Plaintiffs' claim is based on *Dunton v. County of Suffolk*, 729 F.2d 903, 907 (2d Cir. 1984), in which one attorney defended **both a governmental entity and an individual defendant in his individual capacity in a § 1983 case**. The County's

defense — that its co-defendant police officer acted outside the scope of his official duties — undermined the police officer's good faith immunity defense, thereby creating a conflict of interest between the attorney's two clients. See *id.* Neither plaintiff's nor defendants' counsel raised the conflict, although the Second Circuit noted that even plaintiff's counsel "should . . . have been aware of the problem and should have called it to the attention of the court." *Id.* at 909. In the end, the Second Circuit vacated the judgment against the police officer defendant and remanded the case for a new trial because "the trial court had a duty to inform [defendant] of the conflict." *Id.* at 909."

In my lawsuit, the Defendant is Secretary of the U.S. Department of VA Mr. McDonough who is being sued in his official capacity, not in his individual capacity. In my lawsuit No. 1:21-cv-00761-WJ-JFR, there is no any conflict of interest between a Governmental entity and a Governmental Official who is being sued in his individual capacity because I am not suing Mr. McDonough in his individual capacity. Therefore, *Chavez v. New Mexico*, 397 F.3d 826, 840 (10th Cir. 2005) doesn't apply.

I checked *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1473 (D. Colo. 1996), and this case law is inapplicable because it involves the D.C.Colo.LR 83.6. Rule 3.7 of the Colorado Rules of Professional Conduct,

"(a) A lawyer shall not act as **an advocate at a trial in which the lawyer is likely to be a necessary witness** except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client."

In my First Motion to Disqualify Ms. Lyman, I **didn't** assert that she might be a witness at a trial. I am not aware of any issue where Ms. Lyman could possibly testify as a witness at a trial. Therefore, *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1473 (D. Colo. 1996) is inapplicable.

## Argument No. 10.

Read Lyman's Opposition, page 4, "Here, Plaintiff contends that "[t]here is no evidence that Defendants . . . ever consented to be represented by the U.S. Department of Justice and particularly by Ms. Christine Lyman." Doc. 484 at 2. However, Plaintiff inverts the burden of proof without citing any authority for the proposition that evidence of representation must be provided to the Court or to opposing counsel. See *HSBC Bank USA, N.A. v. Dela Cuesta*, No. C-11-4584 EMC, 2012 WL 10527, at *1 n.1 (N.D. Cal. Jan. 3, 2012) (noting that "there is no federal rule requiring evidence of representation before an attorney may make an appearance on behalf of a client"). Hence, absent "any evidence suggesting that [undersigned counsel] do not have the authority to represent" Defendants, the Court should accept undersigned counsel's

representation as an officer of the Court that she is, in fact, authorized to represent Defendants. See *id*."

<u>My objection.</u> I checked the case law *HSBC Bank USA, N.A. v. Dela Cuesta*, No. C-11-4584 EMC, 2012 WL 10527, at *1 n.1 (N.D. Cal. Jan. 3, 2012), and this case law is irrelevant.

*First*, Defendant in this case law is Dela Cuesta which is obviously **not** the U.S; Department of Veterans Affairs.

*Second*, District Judge Edward Chen speaks that "there is no **federal** rule requiring evidence of representation before an attorney may make an appearance on behalf of a client." Maybe, if Defendant is Dela Cuesta, there is really no a "**federal**" rule that requires proof of representation before an Attorney may make an appearance on behalf of a client. However, if Defendant is the U.S. Department of Veterans Affairs, there **is** a Federal Rule that is 38 C.F.R. § 14.514(a) that specifically requires proof of a collaboration between Secretary of the U.S. Department of Veterans Affairs, the Special Counsel, the Regional Counsel, and the U.S. Department of Justice. Also, 38 C.F.R. § 14.514(a) requires collecting pertinent facts of the case after a lawsuit was filed against the Secretary in his official capacity. Please, see a Separate Brief in support to my First Motion to Disqualify Ms. Lyman, Part 1.

*Third*, please, notice a material fact of the case that Judge Chen willfully, criminally, and maliciously granted the Government's Motion to Substitute the United States for Defendants in the lawsuit No. 3:19-cv-05190-EMC *Frost v. Anderson et al.* (Doc. No. 49) even though Chen

**knew** that the signature of Chief of the Civil Division of the Office of the U.S. Attorney Ms. Sara Winslow was fabricated, see my Third Request to take a Judicial Notice in the lawsuit No. 4:21-cv-00500-HSG (Doc. No. 79), please, also see my August 15, 2021 filing in a not related lawsuit No. 3:21-cv-03063-EMC named "First Request to Take a Judicial Notice" where I pointed out to Judge Chen that he had criminally dismissed the lawsuit No. 3:19-cv-05190-EMC even though Chen knew that the signature of Ms. Winslow was fabricated. Please, see Chen's August 25, 2021 Order in the lawsuit No. 3:21-cv-03063-EMC where he **didn't oppose** my finding that he had dismissed the lawsuit No. 3:19-cv-05190-EMCeven though he knew that the signature of Ms. Winslow was fabricated.

**Argument No. 11**.

Read Lyman's Opposition, page 4,

**"III. Attorneys Representing the Federal Government Need Not Be Barred in the State of New Mexico.**

Plaintiff also asserts that undersigned counsel is engaged in the unauthorized practice of law because she is not admitted to practice law before the state courts of New Mexico. See Doc. 484 at 18. The Local Rules permit admission of attorneys "licensed by the highest court of a state, federal territory, or the District of Columbia." D.N.M.LR-Civ. 83.2(a). The Court's website also indicates that "[a]ttorneys employed by, or on special assignment for the United States Government may practice before this court in their official capacity as long as they are

licensed by, and on active status in any state, federal territory, or the District of Columbia." See Admissions, available at https://www.nmd.uscourts.gov/admissions (last visited September 7, 2021)."

My objection. Read the D.N.M.LR-Civ. 83.2(a),

"(a) Application. An applicant for admission to the bar of this court must be **licensed by the highest court of a state, federal territory, or the District of Columbia**, be on active status in a state, federal territory, or the District of Columbia, and be a member of the bar in good standing in all courts and jurisdictions where the applicant has been admitted. Each applicant must complete the application form available from the Clerk, be approved by the Clerk, pay the admission fee to the Clerk, and take the prescribed oath. A fee schedule is available at the Clerk's Office. The admission fee is deposited into the Treasury of the United States as mandated by the Judicial Conference of the United States."

The plain language of the D.N.M.LR-Civ. 83.2(a) says that "An applicant for admission to the bar of this court must be **licensed by the highest court of a state**" but doesn't identify what State it is – the State of New Mexico or any other State. Obviously, Ms. Lyman is **not** licensed **by the Supreme Court of the State of New Mexico**. She is admitted at the Colorado Supreme Court. Because the plain language of the D.N.M.LR-Civ. 83.2(a) doesn't specify whether Ms. Lyman shall be admitted at the Supreme Court of New Mexico in order to practice at the U.S. District Court of New Mexico, I am respectfully asking the U.S. District Court for the District of New Mexico to clarify this issue.

I checked the web-site https://www.nmd.uscourts.gov/admissions that Ms. Liman cited,

**"Federal Attorney Admissions**

Attorneys **employed** by, **or on special assignment** for the United States Government may practice before this court in their official capacity as long as they are licensed by, and on active status **in any state**, federal territory, or the District of Columbia."

I admit that the plain language of the web-site of the U.S. District Court for the District of New Mexico allows Ms. Lyman that is admitted at the Colorado Supreme Court to practice law at the U.S. District Court for the District of New Mexico only on the following conditions:

1) If she is **employed** by the United States Government

2) If she is **on a special assignment** for the United States Government.

However, there is no evidence that Ms. Lyman is "employed by" or "on a special assignment" for the United States Government. It is a factual issue, and Ms. Lyman failed to present any proof that is directly employed by the Office of the U.S. Attorney for the District of New Mexico or that she is on a special assignment for the United States Government. Therefore, I am respectfully asking the U.S. District Court for the District of New Mexico to compel the U.S. Attorney for the District of New Mexico Mr. Fred Federici to demonstrate by the preponderance of the evidence that Ms. Christine Lyman is an Assistant U.S. Attorney who is **directly employed** by the Office of the U.S. Attorney for the District of New Mexico or that she is **on a special assignment** for the United States Government.

**Argument No. 12**.

Read Lyman's Opposition, pages 4-5, "Plaintiff concedes that undersigned counsel is licensed in Colorado and Washington State and is not subject to "any formal disciplinary actions." See Doc. 484 at 17, 20. Plaintiff presents no evidence that undersigned counsel is not currently "in good standing in all courts where admitted," which "means not suspended or disbarred by any court for any reason." D.N.M.LR-Civ. 83.2(c). While Plaintiff demands proof of membership in the Federal Bar, see *id.* at 18, Plaintiff again impermissibly seeks to shift the burden of proof onto Defendants. In any event, the Court can easily confirm undersigned counsel's membership in the District of New Mexico bar, which would render Local Rule 83.3 inapplicable. See *id.* at 21 (complaining that "there is no evidence that Ms. Lyman paid a $100 fee to the Clerk" pursuant to Local Rule 83.3)."

My objection.  Please, see a web-page https://www.nmd.uscourts.gov/news/2021-federal-bar-dues

On September 13, 2021 at approximately 10.40 AM, I called the phone number that is listed on this web-page 505-348-2000 (Option 4: Attorney Information, Selection 1: Attorney Admissions), and I spoke to a Clerk. I asked whether or not Ms. Christine Lyman is admitted to the U.S. District Court for the District of New Mexico, and I gave the Clerk my case No. 1:21-cv-00761-WJ-JFR. The Clerk answered that **yes**, Ms. Christine Lyman is an Attorney for the Government, and Ms. Lyman **is** admitted to the U.S. District Court for the District of New Mexico.

**Argument No. 13**.

Read Lyman's Opposition, page 5,

"**IV. Opposing Plaintiff's Motions Is Not an Ethical Violation or a Crime.**

To the extent Plaintiff seeks undersigned counsel's disqualification for opposing Plaintiff's motions, the Court should deny relief. The Tenth Circuit has rejected similar arguments. See, e.g., *Brown v. Marriott Hotel,* 602 F. App'x 726, 727 (10th Cir. 2015) (affirming denial of a motion to disqualify opposing counsel because attempting to dismiss claims and opposing motions did not "violate any ethical rules or justify disqualification from the case")."

My objection. I checked the case law *Brown v. Marriott Hotel,* 602 F. App'x 726, 727 (10th Cir. 2015.) It is not certified for publication, and it is not a binding precedent. Moreover, the Defendant in that case was the Marriott Hotel which is **not** the Secretary of the U.S. Department of Veterans Affairs.

In *Brown,* a Plaintiff sought disqualification of the Marriott's Attorneys for two reasons:

1) For opposing Plaintiff's Motions generally

2) For "allegedly **failing to inform corporate officials about Appellant's grievances with his termination**."

I am not aware about the Equal Employment Opportunities policies of the Marriott Hotel, therefore, I don't know whether or not the Executive Management of the Marriott Hotel has a mandatory obligation to be informed about all incidents of the alleged unlawful; discrimination.

Contrary, the Federal statute of the U.S. Department of Veterans Affairs 38 C.F.R. § 14.514(a) directs the Secretary to do all of the following:

1) To forward my Complaint to the Special Counsel

2) To collect the material facts of the case

3) The Special counsel should coordinate with the Regional Counsel and with the U.S. Department of Justice

4) Therefore, if the U.S. Department of VA authorized the U.S. Department of Justice to defend the U.S. Department of VA in any lawsuit, the U.S. Department of Justice should build its defense on the material facts of the case and in a close cooperation with the U.S. Department of Veterans Affairs, with the Special Counsel, and with the Regional Counsel.

In my lawsuit No. 1:21-cv-00761-WJ-JFR, I demonstrated by the preponderance of the evidence that:

1) There is no evidence that Secretary of the U.S. Department of VA ever forwarded my Complaint No. 1:21-cv-00761-WJ-JFR to the Office of Special Counsel

2) There is no evidence that the Office of Special Counsel ever collected the material facts of the case No. 1:21-cv-00761-WJ-JFR

3) There is no evidence that the Office of Special Counsel ever coordinated with the Regional Counsel and with the U.S. Department of Justice

4) There is no evidence that Secretary of the U.S. Department of VA ever authorized Assistant U.S. Attorneys Ms. Cormier, Ms. Robinson, Ms. Zack, and Ms. Lyman to represent the Secretary in my lawsuit No. 1:21-cv-00761-WJ-JFR.

Speaking about Ms. Lyman's mandatory obligation to oppose the unlawful discrimination, she acted against 28 CFR § 0.50 - General functions (see a Separate Brief, Part 1) because Lyman:

1) Criminally concealed the material facts of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment, and she also hired another young male employee Mr. David Trujillo to substitute my employment

2) Criminally used **only** invalid legal arguments in her Oppositions to my First Motion for Partial Summary Judgment and in her Opposition to my Motion for an Expedited Jury Trial that is Consolidated with my Motion for a Permanent Injunction

3) Obstructed Justice and tampered with the evidence, see 28 CFR Subpart Z-1 - Prosecutions for Obstruction of Justice and Related Charges (see a separate Brief, Parts 2 that is 28 CFR § 0.179 and Part 3 that is 28 CFR § 0.179a.)

Therefore, I am eligible to ask the Court to disqualify Lyman **not** because she opposed my Motions in generally but because Lyman willfully violated the statutes that are 28 CFR § 0.50, 28 CFR § 0.179, and 28 CFR § 0.179a.

### Argument No. 14.

Read Lyman's Opposition, page 5, "Plaintiff's accusations of criminal conduct, including genocide, are also unavailing. "Flippant, unfounded accusations of misconduct and fraud by opposing counsel and court officials demean the profession and impair the orderly operation of the judicial system." *Matter of Lisse*, 921 F.3d 629, 644 (7th Cir. 2019). "Such behavior warrants punishment." *Id.*; see also *In re Prop. Movers, L.L.C.*, 31 F. App'x 81, 89 (4th Cir. 2002) (deeming an appeal frivolous where the appellant made "baseless accusations that opposing counsel has engaged in criminal conduct")."

My objection. I checked the case law *Matter of Lisse*, 921 F.3d 629, 644 (7th Cir. 2019.) It is a bankruptcy case, and it is **not** an employment discrimination case where the U.S. Department of Veterans Affairs is a defendant. The U.S. Department of VA has a mandatory obligation to prevent the unlawful discrimination. The U.S. Department of Justice has a mandatory obligation to prosecute the unlawful discrimination, see 28 CFR § 0.50. Instead of prosecuting the unlawful discrimination that was committed by the U.S. Department of Veterans Affairs, the U.S. Department of Justice criminally conspired with the U.S. Department of Veterans Affairs, obstructed Justice, tampered with the evidence, and criminally, intentionally, and maliciously prevented me from obtaining relief in a form of getting reinstated back to work

at any VAMC and being awarded with a full amount of my lost salary and benefits as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017.

I checked the case law *In re Prop. Movers, L.L.C.*, 31 F. App'x 81, 89 (4th Cir. 2002), and it is not an employment discrimination case. It is an unpublished Opinion that is not a binding precedent. It is a dispute about the real estate. This case is not against the U.S. Department of Veterans Affairs, and it doesn't describe the obligations of the Secretary that are set forth at 38 C.F.R. § 14.514(a.) this case also doesn't describe a mandatory obligation of the U.S. Department of Justice to fight with unlawful discrimination. Please, see my detailed explanations above.

**Argument No. 15**.

Read Lyman's opposition, pages 5-6, "Furthermore, Plaintiff "was given the privilege of proceeding in forma pauperis in many cases, but [s]he abused that privilege." *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994). As one Court concluded, "[i]t is now clear that Ms. Drevaleva is abusing her IFP status" by filing "repetitive suits" based on "the VA's termination of Ms. Drevaleva's employment when she left without leave." *Drevaleva v. United States*, No. C 20-00820-HSG, Doc. 10 at 2 (N.D. Cal. Mar. 4, 2020), attached as Exhibit A.[2]

"When a litigant abuses these privileges, filing restrictions are appropriate." *Werner*, 32 F.3d at 1447. Accordingly, the Court should consider placing limits on Plaintiff's abusive filings.

[2] The Ninth Circuit and federal Circuit have dismissed Plaintiff's myriad appeals from this order. *See* Docs. 37 (Ninth Circuit order dismissing appeal as frivolous), 38 (Federal Circuit order dismissing appeal for lack of jurisdiction), Doc. 39 (Ninth Circuit order denying motion for reconsideration, Doc. 53 (Ninth Circuit order dismissing appeal as frivolous.)"

<u>My objection</u>. Of course, all my Appeals after the March 04, 2020 Order of Judge Alsup in case No. 4:20-cv-00820-HSG were really frivolous because the Appellate Courts lacked jurisdiction over all Appeals. Please, notice that Judge Alsup never entered a Final Judgment in case No. 4:20-cv-00820-HSG. Therefore, the 9th Circuit lacked jurisdiction over Appeals No. 20-15596 and 21-15694, see 28 U.S.C. § 1291,"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) **shall** have jurisdiction of appeals **from all final decisions of the district courts** of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."

The U.S. Court of Appeals for the Federal Circuit dismissed my Appeal No. 21-1213 because that Court lacked jurisdiction over my F.T.C.A. claim. The Court explained to me why it lacked jurisdiction, and I agreed. I apologized to the U.S. Court of Appeals for the Federal Circuit for erroneously filing a Notice of Appeal No. 21-1213 after the F.T.C.A. lawsuit No. 4:20-cv-00820-HSG.

Regardless the factual issue that was raised in the criminal March 04, 2020 Alsup's Order that I left my job at the new Mexico VS Health Care System **without permission**, the 9th Circuit already resolved this issue in my favor. See Appeal No. 19-16395, the November 18, 2020 memorandum, page 4, "Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request **that was approved by her supervisor**." Please, notice that AUSA Robinson never filed any Petition for Rehearing of the November 18, 2020 Memorandum, and she never challenged the decision of the 9th Circuit that I had left my job with a permission of my Supervisor.

Moreover, I was not required to obtain the permission of my Supervisor before leaving to Russia for the pregnancy purposes. The VAMC had a mandatory obligation to grant me with a provisional leave, see my First Motion for Partial Summary Judgment, Count No. 6.

I am now responding to Lyman's criminal and frivolous assertion that the U.S. District Court for the District of New Mexico should place limits on my filings, I didn't find the plain text of the case law *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) that Lyman cited. I only found multiple other Orders of the District Courts that cited the case law *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) in order to dismiss Pro Se lawsuits.

My lawsuit No. 1:21-cv-00761-WJ-JFR is not frivolous. The U.S. Department of Veterans Affairs discriminated me against my desire to have a child, against my sex/gender, against my age, and against my temporary disability that was related to taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an IVF attempt.

**Conclusion**.

I am respectfully asking the U.S. District Court for the District of New Mexico:

1) To disqualify Ms. Lyman from falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR

2) To impose criminal penalties on Ms. Lyman for unlawful appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR without obtaining Consent of these Defendants for legal representation in violation of 38 C.F.R. § 14.514(a)

3) To issue a recommendation to the Washington State Bar Association (WSBA) to permanently debar Ms. Lyman for a felony that was appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of these Defendants for legal representation in violation of 38 C.F.R. § 14.514(a), see the ABA Model Rules of Professional Conduct, Rule 5.5 - Unauthorized Practice of Law; Multijurisdictional Practice of Law

4) To recommend the Attorney General of the United States of America to permanently remove Assistant U.S. Attorney Ms. Christine Lyman from her job as an Assistant U.S. Attorney for a felony that was appearance of Attorney Ms. Christine Lyman on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR without obtaining Consent of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs for legal representation and in violation of 38 C.F.R. § 14.514(a.) Also, another ground for imposing criminal penalties on Lyman is the fact that she lied to the Court about the reasons of the termination of my employment from the New Mexico VA Health Care System in 2017. Specifically, despite the 9th Circuit ruled that I left my job **with a permission** of my Supervisor, Lyman kept claiming that I had left my job without permission, and this is why I was fired. Also, Lyman concealed the material fact of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute Plaintiff's employment, and Lyman concealed that Ms. Dunkelberger also hired another young male employee Mr. David Trujillo to substitute Plaintiff's employment. Also, Lyman criminally and maliciously used invalid legal arguments in order to prevent me from obtaining relief in a form of getting reinstated back to work at any VAMC and being awarded with a full amount of my lost salary and benefits as a result of discrimination and unlawful

termination of my employment from the New Mexico VA Health Care System in 2017. It was a felony that was committed by Lyman, and I am respectfully asking the District Court to prosecute Lyman for this felony

5) To subject Ms. Lyman to criminal penalties for genocide, 18 U.S. Code CHAPTER 50A— GENOCIDE

6) To issue any Order that the Court deems just and proper.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on September 13, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

September 13, 2021.

**Exhibit 363.**

*UNITED STATES OF AMERICA, Plaintiff, vs. RICK REESE, TERRI REESE, RYIN REESE, and REMINGTON REESE, Defendants*,

the U.S. District Court for the District of New Mexico, CR 11-2294 RB, Memorandum Opinion and Order, February 27, 2012.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    CR 11-2294 RB

RICK REESE, TERRI REESE,
RYIN REESE, and REMINGTON REESE,

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

        **THIS MATTER** is before the Court on the United States' Motion to Reconsider the Court's January 26, 2012 Memorandum Opinion and Order, (Doc. 116). Having considered the issues raised therein on two previous occasions, the Court finds no responses are necessary.

        This is the United States' third attempt to disqualify Attorney Sam Bregman and his law firm, Bregman & Loman, P.C.. The background information and legal analysis are set forth in this Court's previous rulings, (Docs. 77 & 98), and will not be repeated here. The United States argues that the retainer agreements signed by Defendants Terri, Ryin, and Remington Reese created attorney-client relationships that disqualify Attorney Bregman and his law firm from representing Rick Reese in this matter.

        "The threshold question for the court [in considering whether there is an impermissible conflict] is whether there was an attorney-client relationship that would subject a lawyer to the ethical obligation of preserving confidential communications." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994). According to the United States, the Court was wrong to rely on *Cole* because there was no written retainer agreement therein. (Doc. 116 at 5). While the facts in *Cole* are distinguishable from our facts here, the Court was not wrong to rely on *Cole*.



The plaintiff in *Cole* was a middle school principal whose employment was terminated. *Cole*, 43 F.3d at 1377. When Ms. Cole sued the school district for wrongful termination, she moved to disqualify the school district's law firm because she had consulted with attorneys from the law firm during the course of her former employment regarding the dismissal of several district employees, and, thereby established an attorney-client relationship with the law firm. *Cole*, 43 F.3d at 1382-83. The Tenth Circuit discussed the controlling law and applicable legal principles in detail and determined that Ms. Cole was not a former client of the law firm. *Cole*, 43 F.3d at 1383-86. While the facts of *Cole* are distinct from the facts of this case, the legal principles discussed therein are persuasive authority for this Court to follow.

Significantly, *Cole* teaches that the existence of a written retainer agreement is not dispositive of the existence of an attorney-client relationship. Indeed, *Cole* states "[f]or there to have been an attorney-client relationship, the parties need not have executed a formal contract." *Cole*, 43 F.3d at 1384. Rather, in order to establish an attorney-client relationship, *Cole* explains that "a party must show that (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney." *Cole*, 43 F.3d at 1384. *Cole* stands for the proposition that the existence of a written retainer agreement is not a sine qua non requirement, but that the submission of confidential information is.

Attorney Bregman has repeatedly stated that he did not discuss the facts of the case in detail with the Defendants when he met with them to discuss the possibility of joint representation. While the Court accepted Attorney Bregman's statements, in order to fully develop the record, the Court directed Terri, Ryin, and Remington Reese to file sealed, *ex parte* affidavits, describing any information discussed with Attorney Bregman. The affidavits

establish that these Defendants discussed no confidential information with Attorney Bregman during their brief meetings.

Counsel for the government, in a classic example of the elevation of form over substance, fixates on the written retainer agreements and ignores the fact that no confidential information was submitted to Mr. Bregman from Terri, Ryin, and Remington Reese. As the written retainer agreements are some evidence of attorney-client relationships, this may have been a reasonable tactic for the prosecution to pursue in its first or second attempt to disqualify Mr. Bregman. However, the joint representation of all four Defendants by Mr. Bregman was promptly challenged, and the Court prohibited Mr. Bregman from substituting as counsel for Terri, Ryin, and Remington Reese. Subsequently, the Court required these Defendants to file sealed *ex parte* affidavits describing any information discussed with Attorney Bregman. The affidavits confirm that no confidential information was discussed. In other words, the attorney-client relationships contemplated by the retainer agreements never came to fruition. The prosecutor is well aware of this history, yet he pushes the prosecutorial envelope in his latest motion. Nonetheless, the Court will endeavor to allay the prosecutor's concerns that the Court "incorrectly applied a standard" and was "wrong" and acted "in error". (Doc. 116 at 1, 5, and 6).

Assuming for the sake of argument that the retainer agreements created attorney-client relationships between Attorney Bregman and Terri, Ryin, and Remington Reese, such relationships were terminated when this Court prohibited Attorney Bregman and his law firm from substituting as counsel for Terri, Ryin, and Remington Reese. (Doc. 77). Under New Mexico Rule of Professional Conduct 16-109(A), a lawyer who has formerly represented a client in a matter may thereafter represent another person in the same matter in which that person's

interests are materially adverse to the interests of the former client if the former client gives

informed consent, confirmed in writing.  N.M. Rules Ann. 16-109(A).  In an abundance of

caution, and to complete the record, the Court will require Terri, Ryin, and Remington Reese to

consult with their current attorneys and determine whether to give informed consent, confirmed

in writing, to the representation of Rick Reese in this matter by Attorney Bregman and Bregman

& Loman, P.C.  In the event Terri, Ryin, and Remington Reese consent to such representation,

the writings and the retainer agreements between Bregman & Loman, P.C., and Terri, Ryin, and

Remington Reese shall be filed *ex parte* and under seal.

    **THEREFORE,**

    **IT IS ORDERED** that, in the event Terri, Ryin, and Remington Reese give informed

consent to the representation of Rick Reese by Attorney Sam Bregman and Bregman & Loman,

P.C., the writings evincing such consent and the retainer agreements between Bregman &

Loman, P.C., and Terri, Ryin, and Remington Reese shall be filed *ex parte* and under seal, by

March 16, 2012.

    **IT IS FURTHER ORDERED** that, if Terri, Ryin, and Remington Reese file the above-

referenced documents by March 16, 2012, the United States' Motion to Reconsider the Court's

January 26, 2012 Memorandum Opinion and Order, (Doc. 116), filed on February 20, 2012, will

be, and is, **DENIED**.

                                  _____

                                  **ROBERT C. BRACK**

                                  **UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

Tatyana Evgenievna Drevaleva

  *Plaintiff*          Case No. 1:21-cv-00761-WPJ

     v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

  *Defendants*

**SECOND PROPOSED ORDER.**

  GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's First Motion to disqualify Assistant U.S. Attorney Ms. Christine Lyman from falsely representing Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs is **GRANTED.**

  A recommendation is issued to the Washington State Bar Association (WSBA) to permanently debar Ms. Lyman for a felony that was appearance on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a

Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of these Defendants for legal representation and without following the provisions of 38 C.F.R. § 14.514(a), see the ABA Model Rules of Professional Conduct, Rule 5.5 - Unauthorized Practice of Law; Multijurisdictional Practice of Law.

A recommendation is issued to the Attorney General of the United States of America to permanently remove Ms. Christine Lyman from her job as an Assistant U.S. Attorney for a felony that was appearance of Attorney Ms. Christine Lyman on behalf of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs in the lawsuit No. 1:21-cv-00761-WJ-JFR in the U.S. District Court for the District of New Mexico without obtaining Consent of Defendants the U.S. Department of Veterans Affairs and Mr. Denis Richard McDonough in his official capacity as a Secretary of the U.S. Department of Veterans Affairs for legal representation and without following the provisions of 38 C.F.R. § 14.514(a), and also for willful misconduct, see 28 U.S. Code § 528.  The scope of Ms. Lyman's willful misconduct is:

1) intentionally lying to the Court about the reasons of the termination of Plaintiff Tatyana Drevaleva's employment from the New Mexico VA Health Care System in 2017 in violation of the November 18, 2020 Memorandum in Appeal No, 19-16395

2) criminally concealing the material facts of the case that:

   a) on June 12,2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute Plaintiff's employment

    b) Ms. Dunkelberger also hired another young male employee Mr. David Trujillo to substitute Plaintiff's employment

3) intentionally and maliciously filing the invalid legal arguments with the Court in order to maliciously oppose Plaintiff's Motions and to intentionally and criminally prevent Plaintiff Drevaleva from obtaining relief.

A recommendation is issued to the Federal Bureau of Investigations to initiate a criminal proceeding against Assistant U.S. Attorney Ms. Christine Lyman for multiple felonies such as:

1) Criminal conspiracy with Ms. Carla Dunkelberger and Mr. Phil Johnson, see 18 U.S.C. § 241

2) Criminally preventing Plaintiff Tatyana Drevaleva from obtaining employment at the U.S. Department of Veterans Affairs on account of sex, see 18 U.S.C. § 246

3) Obstruction of Justice and tampering with the evidence, see 18 U.S.C. Chapter 73 – Obstruction of Justice

4) Genocide, see 18 U.S. Code CHAPTER 50A— GENOCIDE for willfully causing an irreparable body injury to Plaintiff Ms. Drevaleva by preventing her from continuing her medical treatment.

**IT IS SO ORDERED.**

_____

Date:                    The Chief District Judge the Hon. William Paul Johnson

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On September 13, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) REPLY TO LYMAN'S CRIMINAL, FRIVOLOUS, AND MALICIOUS OPPOSITION TO MY FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR

2) A SEPARATE BRIEF WITH THE CITATIONS OF AUTHORITIES IN SUPPORT TO MY REPLY TO LYMAN'S CRIMINAL, FRIVOLOUS, AND MALICIOUS OPPOSITION TO MY FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR, The Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7.3(a)

3) Exhibit 363

4) Second Proposed Order

5) Notice of Completion.

On September 13, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on September 13, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: September 13, 2021.