**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 17 2021

MITCHELL R. ELFERS
CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                      Case No. 1:21-cv-00761-WPJ

          v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

**FIRST MOTION FOR PERMISSION TO FILE MORE MOTIONS FOR SUMMARY**

**JUDGMENT OR, AS AN ALTERNATIVE, TO FILE A SUPPLEMENTAL BRIEF IN**

**SUPPORT TO MY FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT.**

## MEMORANDUM OF POINTS AND AUTHORITIES.

### Introduction.

Plaintiff Tatyana Drevaleva is respectfully asking the U.S. District Court for the District of New Mexico to allow me to file more Motions for Summary Judgment or, as an alternative, to file a Supplemental Brief to my First Motion for Partial Summary Judgment.

### Statement of Facts.

On November 18, 2020, the 9th Circuit ruled in Appeal No. 19-16395, pages 3-4, "Drevaleva alleged that her supervisors fraudulently concealed available leave options when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia, imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies, and failed to provide a full explanation of the reason for her leave to the medical staff responsible for approving the leave request. At this early stage in the proceedings, these allegations are sufficient to warrant proceeding **to summary judgment**…. We therefore reverse the district court's dismissal of Drevaleva's **sex discrimination claim** and remand for further proceedings on this claim."

Read page 4, "Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request that was approved by her supervisor. Liberally construed, these allegations, **in conjunction** with those discussed above with respect to Drevaleva's **Title VII claim**, are sufficient to warrant proceeding to **summary judgment**…. We therefore reverse the district court's dismissal of Drevaleva's **Rehabilitation Act claim** and remand for further proceedings on this claim."

Therefore, following the plain language of the Memorandum, the 9th Circuit did all of the following:

1)  It remanded to the District Court my **sex discrimination claim**

2)  It remanded back to the District Court my **Title VII claim**

3)  It remanded back to the District Court my **Rehabilitation Act claim**

4)  It viewed my Title VII claim **in conjunction** with my Rehabilitation Act claim.

5)  It granted Summary Judgment to my sex discrimination claim

6)  It granted Summary Judgment to my Rehabilitation Act claim.

Please, notice that the 9th Circuit failed to identify all components of my Title VII claim such as:

1)  Pregnancy Discrimination – Disparate treatment (the U.S. Department of Veterans Affairs fired me because I wanted to have a child. Contrary, the U.S. Department of

Veterans Affairs treated similarly situated employees Nurses Melanie and Chelsea more favorably because they didn't intend to get pregnant)

2) Pregnancy Discrimination – Disparate impact (the U.S. Department of Veterans Affairs lied about the non-existing Human Resources policy that mandated the Department of Veterans Affairs to mail all pieces of mail to my home postal address in Albuquerque, NM that was on the record. Even if this policy existed, even if this policy were neutral on its face, I would still have a right to proceed with my Title VII claim pursuant to the Disparate Impact theory because this policy prevented me from knowing that my May 17, 2017 Request for a LWOP had been denied)

3) Pregnancy Retaliation (the U.S. Department of Veterans Affairs retaliated me against my protected activity and fired me because I had requested a time off to go to Russia to refill a prescription of my hormonal pills and to perform an In-Vitro Fertilization attempt)

4) The In-Vitro Fertilization Retaliation (the U.S. Department of VA fired me in retaliation for my protected activity because I had requested a time off to go to Russia to perform an In-Vitro Fertilization attempt)

5) Sex/Gender Discrimination:

    a) the U.S. Department of VA substituted me by young male employee Ms. David Williams **at the time when I was in Russia** undergoing a complete medical examination and performing the IVF procedure. On June 12, 2017, the New Mexico VA Health Care System hired Ms. Williams for my already filled **full**

**time** job because the Supervisors of the New Mexico VA Health Care System already knew Mr. Williams because he had already worked at the New Mexico VA Health Care System, see my First Motion for Judgment on the Pleadings, June 17, 2021, Doc. No. 410

b) also, the U.S. Department of Veterans Affairs fired me and hired another male employee Mr. David Trujillo to substitute my employment, see my First Motion for Judgment on the Pleadings, June 17, 2021, Doc. No. 410

6) Refusing to understand my financial and personal problems, refusing to refer me to counseling, refusing to assist me financially, and refusing to grant me with a Sick Leave and/or a LWOP for counseling sessions, see the A.F.G.E. Master Agreement, ARTICLE 15 - EMPLOYEE ASSISTANCE (**ER 03748 Vol. 3, pages 725-726**)

7) Title VII discriminatory and retaliatory discharge in violation of the following Articles of the A.F.G.E. Master Agreement:

a) ARTICLE 33 – TEMPORARY, PART-TIME, AND **PROBATIONARY** EMPLOYEES (**ER 03748 Vol. 4, pages 849-855**), Section 2 - Title 5 and **Hybrid** Employees; Subdivision B. **Probationary** Employees (**ER 03748 Vol. 3, pages 849-851**) (also see my Separate Brief in support to my Reply to Lyman's Opposition to my First Motion for Partial Summary Judgment, Part 1)

b) ARTICLE 56 - TITLE 38 HYBRIDS[1] (**ER 03748 Vol. 4, pages 945-953.**)

---

[1] My intention is to discuss Article 56 of the A.F.G.E. Master Agreement in a separate Brief.

    c) ARTICLE 14 - DISCIPLINE AND ADVERSE ACTION (**ER 03748 Vol. 3, pages 721-724**)

8) Title VII Retaliation:

    a) the U.S. Department of VA retaliated me against my protected activity and never reinstated me back to work because I had initiated an EEO process

    b) the U.S. Department of VA never conducted a true and genuine EEO investigation. It was done in retaliation for my protected EEO activity

    c) the U.S. Department of VA fabricated the EEO Investigative File after the termination of my employment from the New Mexico VA Health Care System in 2017. It was done in retaliation for my protected EEO activity

    d) even if the EEO Investigation existed, Ms. Dunkelberger lied to the EEO Investigator, and she said that, as of November 20, 2017, she hadn't hired anybody to substitute my employment, see (**ER 03748 Vol. 1, page 275**) "... As of today, November 20, 2017, this position has not been filled."

**4.** **If complainant's position subsequently filled... – As of today, November 20, 2017, this position has not been filled.**

    It was done in retaliation for my protected EEO activity.

    e) even of the EEO Investigation existed, both Ms. Dunkelberger and Mr. Johnson lied that they were not aware about my sex.

    See Mr. Johnson's EEO Interrogatory (**ER 03748 Vol. 1, page 215**),

    "14. When did you first become aware of the complainant's sex?

*I am not aware of the complaintants sex. Ther complaintant referred to self as female.*

15. How did you become aware of the complainant's sex?

*I am not aware of the complaintants sex. Ther complaintant referred to self as female."*

**14. When did you first become aware of the complainant's sex?     *I am not aware of the complaintants sex. Ther complaintant referred to self as female.***

**15. How did you become aware of the complainant's sex?     *I am not aware of the complaintants sex. Ther complaintant referred to self as female.***

It was done in retaliation for my protected EEO activity.

See Ms. Dunkelberger's EEO Interrogatory (**ER 03748 Vol. 1, page 225**),

14. "When did you first become aware of the complainant's sex?

*I am not aware of the complainants sex. The complainant referred to self as a female.*

15. How did you become aware of the complainant's sex?

*I am not aware of the complainants sex. The complainant referred to self as a female."*

See (**ER 03748 Vol. 1, page 225**),

**14. When did you first become aware of the complainant's sex? *I am not aware of the complainants sex. The complainant referred to self as a female.***

**15. How did you become aware of the complainant's sex? *I am not aware of the complainants sex. The complainant referred to self as a female.***

f) even if any EEO investigation existed, the U.S. Department of VA never interviewed the witnesses whom I listed in my EEO Interrogatory:

(i)     Nurse Melanie

(ii)    Nurse Chelsea Casey

(iii)   Ms. Nadya Das

(iv)    Ms. Michelle Tirado.

It was done in retaliation for my protected EEO activity.

Also, please, see my Case Management Statement, April 19, 2021, Part 3, Title VII, the Pregnancy Discrimination (Doc. No. 358.)

Subsequently, in 2018 the U.S. Department of Veterans Affairs rescinded my full time job offer at the Minneapolis VAMC and fabricated another EEO Investigative File. This is a topic of my lawsuits No. 4:19-cv-01454-HSG and 4:21-cv-00500-HSG. Up to today, I haven't had an opportunity to present my observations about the second fabricated EEO Investigative File to the attention of the U.S. District Court for the Northern District of California.

Also, in 2018 the U.S. Department of Veterans Affairs failed to hire me for a full time job at the West Los Angeles VAMC after I disclosed that I had been fired from the New Mexico VA Health Care System  This is a topic of my lawsuit No. 4:19-cv-02665-HSG.

The U.S. Department of VA lied about the reasons of the termination of my employment from the New Mexico VA Health Care System. Specifically, the U.S. Department of VA lied

that I had been fired for my alleged failure to follow the proper steps to obtain a LWOP and for Absence Without Leave. The U.S. Department of Veterans Affairs committed a hate crime. This is a topic of my lawsuit No. 4:20-cv-00820-HSG.

The U.S. Department of Veterans Affairs committed multiple Constitutional violations, This is a topic of my lawsuit No. 4:19-cv-05927-HSG.

The U.S. Department of Veterans Affairs also lied that, as a probationary appointee who didn't work at the VAMC for 12 months, I was not eligible for a Family and Medical Leave Act (the F.M.L.A.) However, pursuant to the A.F.G.E. Master Agreement, Article 35, Section 16 – Family and Medical Leave Act (FMLA), Subdivision A (**ER 03748 Vol. 3, page 870**), I had a right to have 16 weeks of an unpaid leave during every 12 month period for maternity reasons. Therefore, my Title VII and Rehabilitation Act claims should be viewed **_in conjunction_** with my F.M.L.A. claims such as:

1) interference with my F.M.L.A. rights, see *ANDREA OLSON, Plaintiff-Appellant, v. UNITED STATES OF AMERICA, by and through the Department of Energy and Bonneville Power Administration; DAN BROUILLETTE\*, Secretary of Energy, Defendants-Appellees, and MBO PARTNERS, INC.*, Defendant, No. 19-35389 (9th Circuit, 2020)

2) retaliation for requesting an F.M.L.A. leave, see *Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir. 2000)

Also, I will demonstrate that the FMLA violation was willful, see the standard for willfulness that was adopted by the U.S. Supreme Court in *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128 (1988.)

The 9th Circuit also maliciously held that the Federal Government was excluded from the ADA, see page 2 of the November 18, 2020 Memorandum "The district court properly dismissed Drevaleva's claim that she was discriminated against in violation of the Americans with Disabilities Act ("ADA") because the federal government is excluded from the coverage of the ADA. See 42 U.S.C. § 12111(5)(B) (stating that "[t]he term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States")."

Doing this, the 9th Circuit acted against the Executive Order 13548 of July 26, 2010 signed by President Barack Obama that intended to make the Federal Government a model for hiring and retaining individuals with disabilities,

"**Sec. 3**. Increasing Agencies' Retention and Return to Work of Individuals with Disabilities. (a) The Director of the Office of Personnel Management, in consultation with the Secretary of Labor and the Chair of the Equal Employment Opportunity Commission, shall identify and assist agencies in implementing strategies for retaining Federal workers with disabilities in Federal employment including, but not limited to, training, **the use of centralized funds to provide reasonable accommodations**, increasing **access to appropriate accessible technologies**, and **ensuring the accessibility of physical and virtual workspaces**.

Sec. 4. *Definitions.* (a) "Disability" **shall** be defined as set forth in **the ADA Amendments Act of 2008**."

Also, please, see my following Supplemental Brief that described the application of the ADAAA in Federal employment discrimination cases:

1) The ADAAA, Actual Disability, the "Regarded as" prong of disability, *JOSEPH L. BURNS v. KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security*, EP-17-CV-00264-DCG, UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS EL PASO DIVISION (January 28, 2020) (Doc. No. 310)

2) The Americans with Disabilities Act, Amendments Act of 2008, case laws, Major Life Activities, Federal employment (February 14, 2021) (Doc. No. 297)

1) Case Management Statement, Disability Discrimination, the ADA, the ADAAA. Failure to Provide with Reasonable Accommodations in violation of the Rehabilitation Act. Executive Orders and case laws (April 22, 2021) (Doc. No. 359.)

The 9th Circuit maliciously failed to analyze Three Prongs of the Disability and failed to distinguish between the following claims:

1) The ADAAA Discrimination, the Disparate Treatment theory (analyzing Three Prongs of the Disability)

2) The ADAAA Discrimination, the Disparate Impact theory (mailing the June 12,2017 letter to my home postal address in Albuquerque, NM and lying that there was a

Human Resources policy that mandated the U.S. Department of VA to send a piece of mail to my home postal address in Albuquerque, NM. Even if this policy existed, I would still have a right to proceed pursuant to the ADAAA Disparate Impact theory because mailing the June 12, 2017 letter to my home postal address in Albuquerque, NM prevented me from learning that my May 17, 2017 Request for a LWOP had been denied)

3) The Disability discriminatory discharge in violation of the A.F.G.E. Master Agreement about the discharge of Title 38 Hybrid probationers

4) The ADAAA and the Rehabilitation Act of 1973 Retaliation Claim:

    a) the U.S. Department of VA fired me in retaliation for requesting to accommodate my disability in a form of a six week unpaid leave)

    b) in 2018, the U.S. Department of VA rescinded my full time job offer at the Minneapolis VAMC because and never reinstated me back to work after I reported that[2]:

        (i)    in 2017 I was fired for taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an IVF attempt

        (ii)    that I initiated an EEO process against the New Mexico VA Health care System

        (iii)    that I filed a lawsuit No. 4:18-cv-03748-HSG against the U.S. Department of VA and its Secretary for discriminating me and for unlawfully

---

[2] It is a topic of my lawsuits No. 4:19-cv-01454-HSG and 4:21-cv-00500-HSG.

terminating my employment from the New Mexico VA Health Care System in 2017

   c)  in 2018, the U.S. Department of VA didn't hire me for a full time job at the West Los Angeles VAMC after I stated during the job interview that, if I am hired, I would request a time off to go to Russia to solve some of my medical problems[3].

Using the wonderful citations that Ms. Lyman provided in support to her Opposition to my First Motion for Partial Summary Judgment, I am using the following case laws:

1) The ADA retaliation claim, see *Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir. 2000)

2) The Rehabilitation Act retaliation claim:

   (i)   *Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1162 (10th Cir. 2014)

   (ii)  *Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007.)

Also, the 9th Circuit remanded my "Rehabilitation Act" claim back to the District Court without analyzing all components of my Rehabilitation Act:

   a)  Section 501 of the Rehabilitation Act

   b)  Section 502 of the Rehabilitation Act

   c)  Section 504 of the Rehabilitation Act

   d)  Section 508 of the Rehabilitation Act.

---

[3] It is a topic of my lawsuit No. 4:19-cv-02665-HSG.

Also, the 9th Circuit obstructed Justice and tampered with the evidence because the Panel criminally failed to accept the material fact of the case that I listed in my January 05, 2020 Replacement Opening Brief in Appeal No. 19-16395 that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment. Here is what the 9th Circuit wrote in its November 18, 2020 Memorandum, page 2, "Dismissal of Drevaleva's Age Discrimination in Employment Act ("ADEA") claim was proper because Drevaleva failed to allege facts sufficient to show that Drevaleva was <u>discriminated</u> against on the basis of her age. See *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012) (setting forth requirements for stating an ADEA claim)." Also, the 9th Circuit obstructed Justice by refusing to follow the precedent established by the U.S. Supreme Court in *Babb v. Wilkie*, Supreme Court of the United States, No. 18–882. Argued January 15, 2020—Decided April 6, 2020.

Also, I am eligible to state the ADEA <u>Retaliation</u> claim, see *Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir. 2000.)

In her August 31, 2021 Opposition to my First Motion for Partial Summary Judgment, AUSA Ms. Lyman failed to oppose the claims that I presented in my First Motion for Partial Summary Judgment, Counts 1 through 8:

1) **Count No. 1**. Discrimination by Way of an Improper Medical Inquiry, the A.D.A.

2) **Count No. 2**. The Violation of my Federal Fifth Amendment Due Process Constitutional Right of Privacy.

3) **Count No. 3**. The Violation of my Right to Privacy Under Article I, § 1 of the California Constitution.

4) **Count No. 4**. Discrimination Against my Marital and Parental Status Because I am a Single Woman and Discrimination Because I am a Head of Household with a Very Small Salary, 38 CFR § 23.530 - Marital or parental status, Subdivision (a)(1) and (a)(2), Title VII.

5) **Count No. 5.** Discrimination against my Russian Origin in violation of Title VII of the Civil Rights Act of 1964. Improper request to submit my medical documentation on English language. Improper request that I didn't have a right to translate my medical documentation from Russian into English myself. Improper request that only a certified translator had a right to translate my medical documentation.

6) **Count No. 6**. Discrimination against my Desire to get Pregnant, against my Sex-Gender, against my Age, and against my Disability by the Agency's Failure to Provide me with a Mandatory (the word "**shall**") Provisional Leave. Title VII, the ADEA, the Rehabilitation Act.

7) **Count No. 7.** Discrimination against my Desire to get Pregnant, against my Sex/Gender, against my Age, and against my Disability by Improperly Placing me on the Absent Without Leave (the AWOL) status, Title VII, the ADEA, the Rehabilitation Act.

8) **Count No. 8.** Discrimination Against my Need to Take a Leave of Absence for the Purpose of Pregnancy, Title VII, the Rehabilitation Act, 38 CFR § 23.530(d), 29 CFR

Appendix to Part 1604, Questions and Answers on the Pregnancy Discrimination Act, Public Law 95-555, 92 Stat. 2076 (1978).

In her Opposition, Ms. Lyman oppose the claims that I had never presented in my First Motion for partial Summary Judgment.

See Lyman's Opposition, Lyman presented the following arguments:

1) Pages 10-11, "II. Plaintiff Is Not Entitled to Summary Judgment on Her **Sex Discrimination** Claim."

2) Pages 11-13, "A. Plaintiff Is Not Entitled to Judgment as a Matter of Law on Her Claim of **Discriminatory Denial of LWOP**."

3) Pages 13-14, "B. Plaintiff Is Not Entitled to Judgment as a Matter of Law on Her Claim of **Discriminatory Termination**."

4) Pages 14-18, "III. Plaintiff Is Not Entitled to Summary Judgment on Her **Failure-to-Accommodate Claim**."

In her Opposition, Lyman failed to explain in detail about every component of my Title VII claim and every component of my "failure to accommodate" claim. Lyman also maliciously cited the irrelevant case laws such as:

1) *Singh v. Cordle*, 936 F.3d 1022, 1037 (10th Cir. 2019) – it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case

law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

2) *Montoya v. Progress Rail Servs. Corp.*, No. 14-CV-1009-BRB-CG, 2016 WL 10539092, (D.N.M. May 18, 2016) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

3) *Moore v. Connection*, No. CV 01-1079 WJ/JHG, 2002 WL 35649615, at *3 (D.N.M. Oct. 7, 2002) – I did not find the plain text of any order on the merits, so I can't tell what this case law is about

4) *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019) – it is **not** a Pregnancy Discrimination and Disability Discrimination, Failure to Provide with Reasonable Accommodation in the U.S. Department of VA case. It is an unequal pay case and a retaliation claim relating to the reprimand

5) *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

6) *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case

law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

7) *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1217 (10th Cir. 2003) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

8) *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 741, 761 (1998) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

9) *Carrasco v. New Mexico Dep't of Workforce Sols.*, No. CV 10-0999 MCA/SMV, 2013 WL 12333991, at *6 n.4 (D.N.M. Mar. 30, 2013) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant. I was unable to find the texts of any Orders on the merits of this case, so I don't know what this case is about.

10) *Aluru v. Anesthesia Consultants*, 176 F. Supp. 3d 1116, 1125 (D. Colo. 2016) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

11) *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant,

and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

12) *Lobato v. New Mexico Env't Dep't*, 733 F.3d 1283, 1292 (10th Cir. 2013) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

13) *Hernandez v. Potter*, 371 F. App'x 896, 900 (10th Cir. 2010) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

14) *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

15) *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

16) *Frazier v. Chertoff*, 372 F. App'x 474 (5th Cir. 2010) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case

law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

17) *Been v. New Mexico Dep't of Info. Tech.*, 815 F. Supp. 2d 1222, 1237 (D.N.M. 2011) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

18) *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204 (10th Cir. 2018) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

19) *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

20) *Hudson v. MCI Telecomms. Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

21) *Sipple v. Crossmark, Inc.*, No. 2:10-CV-00570-MCE, 2012 WL 2798791, at *5 (E.D. Cal. July 9, 2012 - it is **not** an employment discrimination case where the U.S.

Department of VA is a Defendant, and this case law **doesn't** analyze the Federal

statutes and the internal policies of the U.S. Department of VA regarding pregnancy

22) *Saks v. Franklin Covey Co.*, 117 F. Supp. 2d 318, 326 (S.D.N.Y. 2000) - it is **not** an

employment discrimination case where the U.S. Department of VA is a Defendant,

and this case law **doesn't** analyze the Federal statutes and the internal policies of the

U.S. Department of VA regarding pregnancy

23) *Boykin v. ATC/VanCom of Colorado, L.P.*, 247 F.3d 1061, 1065 (10th Cir. 2001) - it

is **not** an employment discrimination case where the U.S. Department of VA is a

Defendant, and this case law **doesn't** analyze the Federal statutes and the internal

policies of the U.S. Department of VA regarding pregnancy

24) *Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir. 2000) - it is **not** an employment

discrimination case where the U.S. Department of VA is a Defendant, and this case

law **doesn't** analyze the Federal statutes and the internal policies of the U.S.

Department of VA regarding pregnancy

25) *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) - it is **not** an employment

discrimination case where the U.S. Department of VA is a Defendant, and this case

law **doesn't** analyze the Federal statutes and the internal policies of the U.S.

Department of VA regarding pregnancy

26) *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1119 (10th Cir. 2004) - it is **not** an

employment discrimination case where the U.S. Department of VA is a Defendant,

and this case law **doesn't** analyze the Federal statutes and the internal policies of the

U.S. Department of VA regarding reasonable accommodations for pregnancy. Specifically, this case law didn't discuss:

a) 5 U.S. Code CHAPTER 65— TELEWORK

b) 5 CFR § 630.1605 - Telework and emergency employees

c) The A.F.G.E. Master Agreement, ARTICLE 20 – TELEWORK (**ER 03748 Vol. 3, pages 747-755**)

d) The OPM's Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care; Part II: Leave and Workplace Flexibilities for Pregnancy and Childbirth; Subdivision  J. Telework (**ER 03748 Vol. 4, pages 1014-1-15**)

e) **Reassignment** to the vacancy that would enable me to perform Telework, see my August 11, 2020 Supplemental Brief "Affirmative Action, 29 C.F.R. §1614.203" (Doc. No. 279),

    (i)        page 16, lines 5-8

    (ii)      from page 17, line 25 to page 18, line 8

    (iii)     page 18, lines 4-8

    (iv)     page 24, lines 14-22

    (v)      page 28, lines 1-12

27) *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1238 (9th Cir. 2012) –I don't argue against the fact that my job as a Medical Instrument Technician Electrocardiograph required my physical attendance at a work place in a hospital

because I needed to work with patients. However, the case law *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1238 (9th Cir. 2012) it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

28) *Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1162 (10th Cir. 2014) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

29) *Unrein v. PHCFort Morgan, Inc.*, 993 F.3d 873, 879 (10th Cir. 2021) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

30) *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1178 (10th Cir. 1999) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

31) *Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy

32) *Burnham v. Valir Health, LLC,* No. CIV-11-80-M, 2012 WL 395560, at *4 (W.D. Okla. Feb. 6, 2012) - it is **not** an employment discrimination case where the U.S. Department of VA is a Defendant, and this case law **doesn't** analyze the Federal statutes and the internal policies of the U.S. Department of VA regarding pregnancy.


**Conclusion.**

For obtaining relief on the merits of all my discrimination and retaliation claims, I am respectfully asking the U.S. District Court for the District of New Mexico to allow me to file several Motions for Summary Judgment to my following discrimination and retaliation claims:

1) Title VII of the Civil Rights Act of 1964:

   a) Pregnancy Discrimination – Disparate Treatment

   b) Pregnancy Discrimination – Disparate Impact

   c) IVF Discrimination - Disparate Treatment

   d) IVF Discrimination - Disparate Impact

   e) Sex/Gender Discrimination

   f) Sex/Gender Retaliation

   g) Pregnancy and IVF Retaliation

2) The Age Discrimination Act of 1967 (the ADEA):

   a) The Age Discrimination

b)  The Age Retaliation.

I still need to do some research about whether or not I am eligible to assert the Disparate Treatment and the Disparate Impact theories in my Age Discrimination/Retaliation Cause of Action.

3)  The Americans with Disabilities Act Amendments act of 2008:

    a)  The ADAAA Discrimination, Three Prongs of Disability

        (i)     Disparate Treatment

        (ii)    Disparate Impact

    b)  The ADAAA Retaliation

4)  The Rehabilitation Act of 1973

    a)  Section 501

    b)  Section 502

    c)  Section 504

    d)  Section 508

    e)  The Rehabilitation Act Retaliation.

5)  The Family and Medical Leave Act (the F.M.L.A.):

    a)  Interference with my F.M.L.A. rights

    b)  The F.M.L.A. retaliation

6)  The Classification Act of 1949; 5 U.S. Code Chapter 51 – CLASSIFICATION; or 5 U.S.C. §§ 5101-5115:

a) the U.S. Department of VA <u>discriminated</u> me against my grade GS-7 and substituted me by two employees Mr. David Williams who had a grade GS-6 and Mr. David Trujillo who had a grade GS-5.

b) the U.S. Department of VA also <u>retaliated</u> me against my attempts to get reinstated back to work with my grade GS-7. The U.S. Department of VA never reinstated me back to work because the Department wanted to keep the employees with the GS-6 and the GS-5 grades and with lower salaries that my grade GS-7.

7) Discriminatory firing claim and for the U.S. Department of VA's failure to comply with the provisions of the A.F.G.E. Master Agreement for the termination of probationary employees:

a) ARTICLE 33 – TEMPORARY, PART-TIME, AND **PROBATIONARY** EMPLOYEES (**ER 03748 Vol. 4, pages 849-855**), Section 2 - Title 5 and **Hybrid** Employees; Subdivision B. **Probationary** Employees (**ER 03748 Vol. 3, pages 849-851**) (also see my Separate Brief, Part 1)

b) ARTICLE 56 - TITLE 38 HYBRIDS (**ER 03748 Vol. 4, pages 945-953**)

c) ARTICLE 14 - DISCIPLINE AND ADVERSE ACTION (**ER 03748 Vol. 3, pages 721-724.**)

As an alternative to the multiple Motions for Summary Judgment, I am respectfully asking the Court to allow me to file a Supplemental Brief in support to my 1st Motion for Partial Summary Judgment. Though, my preference is file several MSJ for the topics described above.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on September 14, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

September 14, 2021.

**Exhibit 365.**

Meet and confer session with Ms. Lyman regarding my intention to file a Motion for Permission to File More Motions for Summary Judgments or, as an alternative, to file a Supplemental Brief in support to my First Motion for Partial Summary Judgment.  (Doc. No. 464.)

 **Gmail**

**Tatyana Drevaleva <tdrevaleva@gmail.com>**

---

## Case No. 1:21-cv-00761-WJ-JFR. Proposed First Motion for Permission to File More Motions for Summary Judgment.

---

**Tatyana Drevaleva <tdrevaleva@gmail.com>**
To: "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

Thu, Sep 9, 2021 at 11:14 AM

Ms. Lyman,

I am preliminary sending you my First Motion for Permission to File More Motions for Summary Judgment.

This is not the electronic service.

I am sending you this Motion for your review, and I am asking you to express your opinion whether or not you want to oppose this Motion.

I am giving you a deadline until September 14, 2021. If you don't respond until September 14, 2021, I will serve you electronically with this Motion on September 14, 2021, and I will mail it to the District Court.

Also, if you don't respond until September 14, 2021, I will file a Notice of Completion of Briefing of my First Motion for Partial Summary Judgment with the District Court on September 14, 2021.

Tatyana.

---

**3 attachments**

📄 **Drevaleva__Declaration__Perm to File more MSJ__00761__September 14, 2021.pdf**
485K

📄 **Drevaleva__First Mot for Perm to File more MSJ__00761__September 14, 2021.pdf**
782K

📄 **Drevaleva__PO__Perm to File more MSJ__00761__September 14, 2021.pdf**
455K

 Gmail                                    **Tatyana Drevaleva <tdrevaleva@gmail.com>**

---

**Case No. 1:21-cv-00761-WJ-JFR. Proposed First Motion for Permission to File More Motions for Summary Judgment.**

---

**Lyman, Christine (USANM)** <Christine.Lyman@usdoj.gov>          Thu, Sep 9, 2021 at 12:52 PM
To: Tatyana Drevaleva <tdrevaleva@gmail.com>

Thank you. I will review and get back to you with my position.

[Quoted text hidden]

 Gmail                                   **Tatyana Drevaleva <tdrevaleva@gmail.com>**

---

## Case No. 1:21-cv-00761-WJ-JFR. Proposed First Motion for Permission to File More Motions for Summary Judgment.

---

Lyman, Christine (USANM) <Christine.Lyman@usdoj.gov>                    Mon, Sep 13, 2021 at 6:54 AM
To: Tatyana Drevaleva <tdrevaleva@gmail.com>

Hi Ms. Drevaleva,


You may note Defendants' opposition to this motion.


Best,

Christine

---

**From:** Tatyana Drevaleva <tdrevaleva@gmail.com>
**Sent:** Thursday, September 9, 2021 1:56 PM
**To:** Lyman, Christine (USANM) <CLyman@usa.doj.gov>
**Subject:** Re: Case No. 1:21-cv-00761-WJ-JFR. Proposed First Motion for Permission to File More Motions for Summary Judgment.


Thank you.

[Quoted text hidden]


--

Respectfully,

Tanya.

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

SEP 17 2021

FOR THE DISTRICT OF NEW MEXICO

MITCHELL R. ELFERS
CLERK

Tatyana Evgenievna Drevaleva

    *Plaintiff*

        v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

    *Defendants*

**DECLARATION TO MY FIRST MOTION FOR PERMISSION TO FILE MORE**

**MOTIONS FOR SUMMARY JUDGMENT OR, AS AN ALTERNATIVE, TO FILE A**

**SUPPLEMENTAL BRIEF IN SUPPORT TO MY FIRST MOTION FOR PARTIAL**

**SUMMARY JUDGMENT.**

I, Plaintiff Tatyana Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a party of this action

2) I have a personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) In its November 18, 2020 Unpublished Memorandum in Appeal No. 19-16395, the 9th Circuit remanded back to the District Court the following claims:

   a) Title VII sex discrimination claim

   b) The Rehabilitation Act claim

4) The 9th Circuit failed to discuss the components of my "title VII" claims such as:

   a) Pregnancy Discrimination/Retaliation

   b) In-Vitro Fertilization Discrimination/Retaliation

   c) Sex/Gender Discrimination

5) The 9th Circuit also erroneously held that the Americans with Disabilities Act (the ADA) doesn't apply to the U.S. Department of Veterans Affairs

6) The 9th Circuit also failed to describe the following components of my Rehabilitation Act claim:

   a) Section 501

   b) Section 502

   c) Section 504

   d) Section 508

   e) The Rehabilitation Act Retaliation

7) The 9th Circuit also obstructed Justice and tampered with the evidence because the 9th Circuit criminally, intentionally, and maliciously failed to accept a material fact of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment at the New Mexico VA Health care System, and I listed this material fact of the case in my January 05, 2020 Replacement Opening Brief in Appeal No. 19-16395

8) The 9th Circuit also maliciously never discussed my F.M.L.A. rights

9) On August 25, 2021, the U.S. District Court for the District of New Mexico filed my First Motion for Partial Summary Judgment in case No. 1:21-cv-00761-WJ-JFR (Doc. No. 464)

10) Opposing this Motion, AUSA Ms. Lyman responded to the merits of the claims that I had never raised in my First Motion for Partial Summary Judgment

11) Therefore, I am respectfully asking the U.S. District Court for the District of New Mexico to allow me to file more Motions for Summary Judgment where I will discuss the following claims:

    I.    Title VII of the Civil Rights Act of 1964:

        a) Pregnancy Discrimination – Disparate Treatment

        b) Pregnancy Discrimination – Disparate Impact

        c) IVF Discrimination - Disparate Treatment

        d) IVF Discrimination - Disparate Impact

        e) Sex/Gender Discrimination

      f)  Sex/Gender Retaliation

      g)  Pregnancy and IVF Retaliation

II.     The Age Discrimination Act of 1967 (the ADEA):

      a)  The Age Discrimination

      b)  The Age Retaliation.

I still need to do some research about whether or not I am eligible to assert the Disparate Treatment and the Disparate Impact theories in my Age Discrimination/Retaliation Cause of Action.

III.    The Americans with Disabilities Act Amendments act of 2008:

      a)  The ADAAA Discrimination, Three Prongs of Disability

          (i)     Disparate Treatment

          (ii)    Disparate Impact

      b)  The ADAAA Retaliation

IV.    The Rehabilitation Act of 1973

      a)  Section 501

      b)  Section 502

      c)  Section 504

      d)  Section 508

      e)  The Rehabilitation Act Retaliation.

V.     The Family and Medical Leave Act (the F.M.L.A.):

    a) Interference with my F.M.L.A. rights

    b) The F.M.L.A. retaliation

VI.    The Classification Act of 1949; 5 U.S. Code Chapter 51 – CLASSIFICATION; or 5 U.S.C. §§ 5101-5115:

    a) the U.S. Department of VA <u>discriminated</u> me against my grade GS-7 and substituted me by two employees Mr. David Williams who had a grade GS-6 and Mr. David Trujillo who had a grade GS-5.

    b) the U.S. Department of VA also <u>retaliated</u> me against my attempts to get reinstated back to work with my grade GS-7. The U.S. Department of VA never reinstated me back to work because the Department wanted to keep the employees with the GS-6 and the GS-5 grades and with lower salaries that my grade GS-7.

VII.    Discriminatory firing claim and for the U.S. Department of VA's failure to comply with the provisions of the A.F.G.E. Master Agreement for the termination of probationary employees:

    a) ARTICLE 33 – TEMPORARY, PART-TIME, AND **PROBATIONARY** EMPLOYEES (**ER 03748 Vol. 4, pages 849-855**), Section 2 - Title 5 and **Hybrid** Employees; Subdivision B. **Probationary** Employees (**ER 03748 Vol. 3, pages 849-851**) (also see my Separate Brief, Part 1)

b) ARTICLE 56 - TITLE 38 HYBRIDS (**ER 03748 Vol. 4, pages 945-953**)

c) ARTICLE 14 - DISCIPLINE AND ADVERSE ACTION (**ER 03748 Vol. 3, pages 721-724.**)

12) As an alternative to the multiple Motions for Summary Judgment, I am respectfully asking the Court to allow me to file a Supplemental Brief in support to my 1st Motion for Partial Summary Judgment. Though, my preference is file several MSJ for the topics described above.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on September 14, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

September 14, 2021.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                           Case No. 1:21-cv-00761-WPJ

           v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

## PROPOSED ORDER.

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's 1st Motion for permission to file more Motions for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

Date: _____       _____

                       The Chief District Judge the Honorable William Paul Johnson

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On September 14, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) FIRST MOTION FOR PERMISSION TO FILE MORE MOTIONS FOR SUMMARY JUDGMENT OR, AS AN ALTERNATIVE, TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT TO MY FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT.
2) Declaration
3) Exhibit 365
4) Proposed Order.

On September 14, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on September 14, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: September 14, 2021.





TO REUSE: Cover or mark through any previous shipping information.

Align top of FedEx Express® shipping label here.

Align bottom of peel-and-stick airbill or pouch here.

FedEx Express

Reuse SX ONMA Pak

FRI – 17 SEP 4:30P
EXPRESS SAVER

87102
NM-US          ABQ

TRK# 2836 9204 3447

PETE V DOMENICI US COURTHOUSE
333 LOMAS BLVD NW
ALBUQUERQUE NM 87102