

To Mr. Haywood S. Gilliam

The District Judge of the U.S. District Court for the Northern District of California

Oakland Courthouse, Courtroom 2 – 4th Floor

1301 Clay Street, Oakland, CA 94612

From Plaintiff in the lawsuit No. 1:21-cv-00761-WJ-JFR

Tatyana Evgenievna Drevaleva

3015 Clement St., Apt. 204, San Francisco, CA, 94121

415-954-2116; tdrevaleva@gmail.com

**RECEIVED**
SEP 27 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 01 2021
MITCHELL R. ELFERS
CLERK

Date: September 20, 2021.

Mr. Gilliam,

As you know, you judged my lawsuit No. 4:18-cv-03748-HSG (current 1:21-cv-00761-WJ-JFR that is pending at the U.S. District Court for the District of New Mexico.)

You have also judged my other lawsuits No. 4:19-cv-01454-HSG, 4:19-cv-02665-HSG, 4:19-cv-05927-HSG, 4:20-cv-00820-HSG, 4:21-cv-00500-HSG and 4:21-cv-00684-HSG that are currently pending at the U.S. District Court for the Northern District of California before you.

I am planning to file the Third Amended Complaint No. 1:21-cv-00761-WJ-JFR, and I am planning to name you a Defendant.

On September 17, 2021, the United States Magistrate Judge the Hon. John Robbenhaar issued an Order in case No. 1:21-cv-00761-WJ-JFR that directed you and me to meet and confer **in person or over the phone** (page 2, Footnote 2, "Absent exceptional circumstances, parties should converse in person or telephonically") **no later than Thursday, October 14, 2021** for the following purposes pursuant to the Fed. R. Civ. P. 26(f):

1) To identify the nature of my claims and your defenses in all my lawsuits that I filed and I am planning to file against you
2) To discuss the possibility of a prompt resolution or settlement
3) To formulate a provisional discovery plan.

Also, you and I shall file a Joint Status Report and Provisional Discovery Plan ("JSR") **no later than Monday, October 25, 2021** using a template that is available on the web-site of the U.S. District Court for the District of New Mexico www.nmd.uscourts.gov

Page **1** of **2**

I am enclosing a copy of the Hon. Judge John Robbenhaar's September 17, 2021 Order and a template of the Joint Status Report and Provisional Discovery Plan ("JSR") for your attention.

I am respectfully asking you, please, to email me as soon as possible using my email address tdrevaleva@gmail.com and to provide me with a date and a time when you are available to meet with me in person or over the phone. I am respectfully asking you to meet with me **yourself** and not through your lawyer. I want to hear **your own** explanations, not your lawyer's explanations.

Please, provide me with your phone number and with your email address. After you give me the date and the time when you are available to meet with me, and after you give me your email address, I will email you the list of my claims that I will raise in the future against you in the Court, and you will provide me with a list of your defenses.

Also, I will provide you with my provisional Discovery plan, and you will provide me with yours.

The Initial Scheduling Conference in case No. 1:21-cv-00761-WJ-JFR at the U.S. District Court for the District of New Mexico will be held telephonically on **Thursday, November 4, 2021, at 10:00 a.m.** Please, familiarize yourself with the details about how to attend the Conference using the information that is written in the September 17, 2021 Order of the Hon. Judge John Robbenhaar. If you will be located in another State on the date of the Conference, please, take into your consideration the time difference between the State of New Mexico and the State from which you will appear at the Conference.

I will meet and confer with you with a pure intention to present my point of view to you and to understand your point of view. I hope you will meet and confer with me with the same pure intention to informally resolve our dispute before presenting this dispute to the attention of the District Court.

Respectfully,

*Tatyana Drevaleva* /s/

Tatyana Drevaleva.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>Defendants. | Case No. 18-cv-03748-HSG<br><br>**ORDER GRANTING MOTION TO TRANSFER AND DENYING OTHER MOTIONS**<br><br>Re: Dkt. Nos. 410, 411, 412, 422, 423, 424, 427, 428, 429, 430, 433, 442, 447, 449 |

On August 10, 2021 the case was reassigned to the undersigned.[1] Pending before the Court is Plaintiff's motion to transfer. Dkt. No. 430. Also pending before the Court are Plaintiff's motion for summary judgment, Dkt. No. 424, and various other motions. Dkt. Nos. 410, 411, 412, 422, 423, 427, 428, 429, 433, 442, 447, 449. For the following reasons, the Court **GRANTS** Plaintiff's motion to transfer and **DENIES** the remaining motions.

I. **MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS**

On June 28, 2021, Judge Spero advised Plaintiff that the briefing schedules for motions and administrative motions are governed by Civil Local Rules 7-1 through 7-11, and that "[a]dditional briefs beyond the motion, opposition, and (in the case of a noticed motion) reply contemplated by those rules are not permitted without the Court's leave." Dkt. No. 415. Plaintiff has since filed three motions for leave to file supplemental briefs. Dkt. Nos. 423, 427, 433. None of those administrative motions address why Plaintiff could not have included the arguments she wishes to raise in the normal course of her motions and replies permitted under the Court's local rules. The Court thus **DENIES** Plaintiff's motions for leave to file supplemental briefs. It is

---

[1] Because Judge Spero has now recused from Plaintiff's cases, the Court **TERMINATES AS MOOT** her motion to disqualify him. Dkt. No. 442.

Plaintiff's responsibility to articulate her arguments in each of her filings, and Plaintiff should take sufficient time to include all arguments that she wishes to raise in the first instance. Plaintiff's failure to do so, leading to later efforts to supplement her filings, is inefficient and results in a needlessly lengthy docket.

## II. MOTIONS TO STRIKE THE ANSWER

Plaintiff moves to strike Defendants' answer. Dkt. Nos. 411, 412, 422. A party may move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

The Court notes that Plaintiff effectively seeks reconsideration of Judge Spero's June 7, 2021 order denying her first motion to strike the answer. Dkt. No. 398. There is no basis for a motion for reconsideration. In any event, Plaintiff has not established any grounds to strike the answer. To the contrary, the Court finds many of Plaintiff's arguments frivolous. Accordingly, the Court **DENIES** Plaintiff's motions to strike the answer and **ORDERS** that Plaintiff may not file any further motions to strike the answer.

## III. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment based on Defendants' failure to file an answer within sixty days of service of her complaint. Dkt. No. 428. The Clerk has not entered Defendants' default. "Without first obtaining an entry of default against Defendants, Plaintiff's motion for default judgment is improperly before this Court." *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013). Accordingly, the Court **DENIES** Plaintiff's motion for default judgment.

### IV. MOTION FOR LEAVE TO SEEK PERMANENT INJUNCTION

On April 5, 2021, Judge Spero denied a motion for a preliminary injunction and prohibited Plaintiff from filing "any more motions for a preliminary injunction or for a temporary restraining order without leave of Court." Dkt. 345 at 7. Plaintiff now seeks leave to file a motion for a permanent injunction, citing only 38 C.F.R. § 23.530(d) as authority. Dkt. No. 449. She makes clear in an attached declaration that she is not seeking a preliminary injunction and thus, in her view, does not "need to satisfy four stupid and unnecessary elements of the Prima Facie Case in the irrelevant case law *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)." Dkt. No. 449-1 ¶ 19. She proffers no evidence to support her claim and refuses to address the relevant legal standard. Moreover, she cites no authority suggesting the Court could enter a permanent injunction without entry of judgment. The Court thus **DENIES** Plaintiff's motion for leave to seek a permanent injunction.

### V. MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE STATEMENT OF UNDISPUTED FACTS

Plaintiff filed a motion for summary judgment. Dkt. No. 424. As an initial matter, Plaintiff seeks leave to file a separate statement of undisputed facts in support of her motion for summary judgment. Dkt. No. 429. Civil Local Rule 56-2(a) sets a default standard that neither joint nor separate statements of undisputed facts will be filed without a court order. Plaintiff has demonstrated no reason to depart from that rule, particularly given the parties' disagreements as to many of the facts of the case and whether those facts are actually disputed. The Court thus **DENIES** Plaintiff's motion for leave to file a statement of undisputed facts.

Plaintiff filed her motion for summary judgment under Rule 56(f), which permits a court, "[a]fter giving notice and a reasonable time to respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The Court finds there is no reason to consider summary judgment on its own. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment.

### VI. MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff moves for judgment on the pleadings. Dkt. No. 410. Under Federal Rule of Civil Procedure ("Rule") 12(c) a party may move for judgment on the pleadings "[a]fter the pleadings

3

are closed—but early enough not to delay trial." On a plaintiff's motion under Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. . . . Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court generally may not consider materials beyond the pleadings without converting the motion for judgment on the pleadings to a motion for summary judgment under Rule 12(d) and Rule 56. *See id.* Whether to invoke Rule 12(d) is left to the discretion of the Court. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).

Plaintiff's remaining claims in this case are for sex discrimination under Title VII and failure to accommodate disability under the Rehabilitation Act. Dkt. No. 291 (9th Cir. Mem.) at 5–6. To obtain judgment on the pleadings, Plaintiff would need to show that Defendants' admissions in their answer establish that she should prevail on her claims. She has not done so. As to her sex discrimination claim, Plaintiff has not shown that the pleadings compel a conclusion that her firing was discriminatory. With respect to her failure to accommodate claim, taking Defendants' denials and factual averments as true in this procedural context, *see* Dkt. No. 396 at 2, 4–5, there is at least a factual question as to whether permitting an employee to take leave for international travel on only one day's notice would have been a reasonable accommodation consistent with the requirements of Plaintiff's probationary position as a medical instrument technician. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (citation omitted) ("The question whether a particular accommodation is reasonable 'depends on the individual circumstances of each case' and 'requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.' "). Because Plaintiff has not shown that she is entitled to judgment as a matter of law, the Court **DENIES** Plaintiff's motion for judgment on the pleadings.

4

### VII. MOTION TO TRANSFER

Plaintiff seeks to transfer this case to the District of New Mexico. Dkt. Nos. 430. Defendants do not oppose transferring the case and contend that jurisdiction is improper in this district under 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 794a(a)(1).[2] Dkt. No. 431.

#### A. Legal standard

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). The transfer statute exists "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

Courts engage in a two-step analysis for motions to transfer. First, they determine "whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)). If so, the courts engage in an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Courts may consider the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *See, e.g., Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014). Weighing the relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation and internal quotation marks omitted).

---

[2] Section 2000e-5(f)(3) provides that a Title VII case may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice" (so long as "the respondent is . . . found within any such district"). Section 794a(a)(1) incorporates Title VII's procedures for the purpose of claims under the Rehabilitation Act.

### B. Discussion

Because the case concerns Plaintiff's termination from employment at a Veterans Affairs hospital in New Mexico, Plaintiff could have filed the case in the District of New Mexico. The Court thus finds that the threshold requirement is met. The Court also finds that on balance the discretionary factors weigh in favor of a transfer.

Plaintiff now seeks transfer, which tends to favor that course of action. As to the convenience of the parties, the Court takes Plaintiff's request for transfer as an admission that litigating in New Mexico is not inconvenient for her. Defendants are represented by the U.S. Attorney's Office, and could capably be represented by the U.S. Attorney for the District of New Mexico. The Court finds this factor is neutral.

The Court finds that the third, fourth, and seventh factors favor transfer because the underlying events occurred in New Mexico. As to convenience of witnesses, relevant potential witnesses, including Plaintiff's former supervisors and colleagues worked in New Mexico. There is no indication that any witness except Plaintiff herself is located in the Northern District of California. Similarly, while access to evidence is unlikely to be significantly affected by the choice of forum, that factor tends to favor transfer since employment records might be located at the hospital in New Mexico. As to local interest, while this case involves employment by the federal government and claims under federal law, New Mexico has some interest in resolving claims of employment discrimination occurring within that state.

As to familiarity with the law, both district courts are equally capable of applying the federal laws at issue. The Court thus finds this factor is neutral. But the Court finds that relative court congestion and time to trial favor transfer. Based on the most recent data available from the Administrative Office of the Courts, this district has substantially more cases and filings per judgeship overall and in civil cases as compared to the District of New Mexico, and the median time to disposition for civil cases is around two months shorter in that district than here.

Lastly, with respect to feasibility of consolidation with other claims, Plaintiff has filed a number of other cases in this district that are related to this one in that they arise out of her employment by, or later application for employment by, the Department of Veterans Affairs. But

it is not clear that any of those cases will advance beyond the pleadings, or that consolidation for trial would be appropriate even if they were heard in the same district. To the extent this factor could weigh against transfer, it does not outweigh the other factors.

Ultimately, this is a case where nearly all relevant events occurred in New Mexico. It has no connection to this district except that Plaintiff moved here after the events at issue and initially filed it here. Accordingly, the District of New Mexico is the better forum, particularly given that both parties agree that transfer is appropriate. The Court thus finds that transfer is warranted.

## VIII.   CONCLUSION

The Court **GRANTS** Plaintiff's motion to transfer. Dkt. No. 430. The Court **DENIES** the following motions:

- Motions for leave to file supplemental briefs, Dkt. Nos. 423, 427, 433;
- Motions to strike the answer, Dkt. Nos. 411, 412, 422;
- Motion for default judgment, Dkt. No. 428;
- Motion for leave to seek a permanent injunction, Dkt. No. 449;
- Motion for summary judgment, Dkt. No. 424;
- Motion for leave to file a separate statement of undisputed facts, Dkt. No. 429;
- Motion for judgment on the pleadings, Dkt. No. 410.

And the Court **TERMINATES AS MOOT** the motion to disqualify Judge, Dkt. No. 442. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of New Mexico and close the file in this District. The Court **VACATES** all dates and deadlines, including the deadline for Defendants to file their motion for summary judgment. Defendants' motion to extend that deadline to file a motion for summary judgment, Dkt. No. 447, is **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

Dated: August 11, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA
DREVALEVA,

        Plaintiff,

vs.                                              Civ. No. 21-761 WJ/JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, ET AL.,

        Defendants.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Civil Rules of the United States District Court for the District of New Mexico will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Thursday, October 14, 2021,** to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR available at the Court's website, www.nmd.uscourts.gov. The parties will fill in the proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 150 days from the date of the Rule 16 Initial Scheduling Conference. The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **Monday, October 25, 2021.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the case management deadlines that the Court will establish at the scheduling conference.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) must be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 Initial Scheduling Conference will be held telephonically on **Thursday, November 4, 2021, at 10:00 a.m.** Five minutes prior to the start of the Conference, the parties shall call the **AT&T Conference line at 888-363-4735, Access Code 2387395,**[1] to connect to the proceedings. At the Rule 16 scheduling conference, counsel must be prepared to discuss initial disclosures; discovery needs and scheduling; the process for resolving discovery disputes;[2] all claims and defenses; the use of scientific evidence and whether a *Daubert*[3] hearing is needed; and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities. Client attendance is not required. All parties should review the Court's webpage at: https://www.nmd.uscourts.gov/content/honorable-john-f-robbenhaar, particularly noting the Procedures Tab and linked Guidelines for Proposed Protective Orders, Phone Conference Procedures and Procedures for Civil Discovery and Settlement Matters.

---

[1] **REMINDER: Recording or broadcasting of this conference is strictly prohibited. See D.N.M.LR-Civ. 83.1**

[2] The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

2

Plaintiff shall serve a copy of this order on any parties that have been served but have not yet entered an appearance and shall file a certificate of service with the Court documenting such service. Plaintiff shall serve a copy of this order on any parties not yet served along with the summons and complaint.

**IT IS SO ORDERED.**

JOHN F. ROBBENHAAR
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____,

Plaintiff,

vs.

CIVIL NO. _____

_____,

Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on _____ at _____ and was attended by:

_____ for Plaintiff(s)

_____ for Defendant(s)

_____ for other parties.

## NATURE OF THE CASE

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:

Defendants(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

*Version 3: December 2009*

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

The parties further stipulate and agree that the law governing this case is:

## PLAINTIFF'S CONTENTIONS:

## DEFENDANT'S CONTENTIONS

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

---

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

---

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of _____ interrogatories by each party to any other party. (Responses due _____ days after service).

Maximum of _____ requests for admission by each party to any other party. (Response due _____ days after service).

*Version 3: December 2009*

Maximum of _____ depositions by Plaintiff(s) and _____ by Defendant(s).

Each deposition (other than of _____) limited to maximum of _____ hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by _____

    from Defendant(s) by _____

Supplementation under Rule 26(e) due _____ *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by _____. Discovery on *(issue for early discovery)* to be completed by _____.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## **PRETRIAL MOTIONS**

Plaintiff intends to file:

Defendant intends to file:

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require _____ days/weeks.

____ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case is considered (likely) (unlikely) (cannot be evaluated prior to _____ ) (may be enhanced by use of the following alternative dispute resolution procedure: _____ ). The parties request a settlement conference in _____ .

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_____
For Plaintiff

_____
For Defendant

_____
Other Party

# PROOF OF SERVICE.

At the time of the service, I am over 18 yo and not a Party in this action.

My address is:

    225 Hyde St., Apt. 603, San Francisco, CA, 94102

On September 23, 2021, I mailed the following documents: *MS*

1) The September 18, 2021 Order of the Hon. Judge John Robbenhaar in the lawsuit No. 1:21-cv-00761-WJ-JFR
2) Plaintiff Tatyana Drevaleva's Letter to Mr. Haywood S. Gilliam
3) Joint Status report and Provisional Discovery Plan

to the following address:

    Mr. Haywood S. Gilliam

    The U.S. District Court for the Northern District of California

    Oakland Courthouse, Courtroom 2 – 4th Floor

    1301 Clay Street, Oakland, CA 94612

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on September 23, 2021. *MS*

Mr. Mark Sklar

_____                         _____

Name                                                                Signature

Date: September 23, 2021. *MS*

Tatyana Drevaleva
3015 Clement St., Apt. 204
San Francisco, CA, 94121

Mr. Haywood S. Gilliam
The U.S. District Court for the
Northern District of California
Oakland Courthouse,
Courtroom 2 - 4th Floor
1301 Clay Street,
Oakland, CA, 94612




U.S. POSTAGE PAID
FCM LG ENV
SAN FRANCISCO, CA
94121
SEP 23, 21
AMOUNT
$1.56
R2304M110448-08



OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY STREET, 400 S. TOWER
OAKLAND, CALIFORNIA 94612-5212

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

NEOPOST    FIRST-CLASS MAIL
09/28/2021
US POSTAGE $001.96⁰


ZIP 94612
041M11277551

Clerk of the Court,
US District Court, District of New M
Pete V. Domenici U.S. Courthouse
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102

MITCHELL R. ELFERS
CLERK

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 01 2021