FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 0 9 2021

MITCHELL R. ELFERS
CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*

              v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

# FIRST MOTION FOR AMENDED OR ADDITIONAL FINDINGS.

# FIRST MOTION TO AMEND THE JUDGMENT, THE F.R.C.P. RULE 52(b),

# MEMORANDUM OF POINTS AND AUTHORITIES;

# DECLARATION;

# PROPOSED ORDER.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction.**

On November 02, 2021, the U.S. District Court for the District of New Mexico criminally dismissed my lawsuit No. 1:21-cv-00761-WJ-JFR with prejudice without giving me an opportunity to present my objections.

I am filing the First Motion for Amended or Additional Findings pursuant to the F.R.C.P. Rule 52, "(b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

Before filing this Motion, I met and conferred with Assistant U.S. Attorney Ms. Christine Lyman, and she notified me that she would oppose this Motion.

**Erroneous Fact No. 1**.

Read Judge Johnson's November 02, 2021 Order (Doc. No. 526), page 1, "The case was transferred from the Northern District of California ("**NDC**") on August 13, 2021, see Doc. 453, **where** Plaintiff was declared a "vexatious litigant." "

My objection. I was **not** declared a vexatious litigant at the U.S. District Court for the Northern District of California. I was improperly declared a vexatious litigant by the California Court of Appeal for the First District, Division Four, see Exhibits 371, 372, and 373. Please, notice that, before issuing the Second September 28, 2020 Order that declared me a vexatious litigant, the California Court of Appeal for the First District, Division Four **didn't** give me a Notice and an opportunity to be heard. Therefore, the Second September 28, 2020 Order is unconstitutional and therefore is void. Because I am very busy litigating my lawsuit No. 1:21-cv-00761-WJ-JFR, I don't have time to fight with the Second September 28, 2020 Order. My intention is to fight with the Second September 28, 2020 Order.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I was **not** declared a vexatious litigant **at the U.S. District Court for the Northern District of California**. I am asking the Court to amend its November 02, 2021 Order (Doc. No. 526) accordingly.

**Erroneous Fact No. 2**. Read the September 14, 2021 Order (Doc. No. 491), page 2, "The case has a convoluted procedural history, due largely to Ms. Drevaleva's propensity for littering the docket with cumulative and irrelevant pleadings which failed to comply with the court's federal and local rules, including filing frequent **notices of appeal**. See, e.g., Docs. 58, 70, 75, 157, 173, 196, 197, 284, **250**, & 355 (Notices of Appeal)."

My objection. See Doc. No. 250, June 22, 2020, "Supplemental Brief *Compliance Procedures Implementing Section 504 of the Rehabilitation Act of 1973 Nondiscrimination Based on Disability in Federally Conducted Programs or Activities, the VA Handbook 5975.6,* Transmittal Sheet, January 23, 2020 filed byTatyana Evgenievna Drevaleva."

| 06/22/2020 | 250 | Supplemental Brief *Compliance Procedures Implementing Section 504 of the Rehabilitation Act of 1973 Nondiscrimination Based on Disability in Federally Conducted Programs or Activities, the VA Handbook 5975.6, Transmittal Sheet, January 23, 2020* filed byTatyana Evgenievna Drevaleva. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit)(Drevaleva, Tatyana) (Filed on 6/22/2020) (Entered: 06/22/2020) |

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 250 is **not** a Notice of Appeal. I am asking the Court to amend its September 14, 2021 Order accordingly (Doc. No. 491.)

**Erroneous Fact No. 3**. Read the September 14, 2021 Order (Doc. No. 491), page 2, "On December 3, 2018, Plaintiff's claims were dismissed in their entirety by Judge Alsup, including the following claims: gender and pregnancy discrimination under Title VII; retaliation claims under Title VII; disability and failure-to-accommodate claims under the ADA and the Rehabilitation Act of 504; age discrimination claims under the ADEA; and state tort and due process claims including libel and due process violations. Doc. 69. Plaintiff sought reconsideration of Judge Alsup's rulings by filing motions for reconsideration and numerous

- 4 -

"administrative motions" (*see, e.g.*, Docs. 78, 94, 96, 99, 100, 103, 108), but they were all denied

(*see, e.g.*, Doc. 98, 109)."

My objection. On December 03, 2018 Judge Alsup improperly dismissed the entire

lawsuit No. 3:18-cv-03748-WHA **with leave to amend**, see Doc. No. 69, from page 9, line 27 to

page 10, line 3, "Plaintiff may file a motion to obtain leave to amend her complaint and will have

until **JANUARY 7, 2019** to file such a motion, to be noticed on the normal 35-day track. A

proposed amended complaint must be appended to her motion. Plaintiff should plead her best

case. The motion should clearly explain how the amendments cure the deficiencies identified

herein."

On December 11, 2018, I filed a Motion for Leave to File a Motion for Reconsideration

of the December 03, 2018 Order, see Doc. No. 78.

| 12/11/2018 | 78 | MOTION for Leave to File a Motion for Reconsideration re 69 Order on Motion to Strike, Order on Motion for Preliminary Injunction, Order on Motion to Dismiss filed by Tatyana Evgenievna Drevaleva. (Attachments: # 1 Exhibit Article)(Drevaleva, Taryana) (Filed on 12/11/2018) Modified on 12/12/2018 (amgS, COURT STAFF). |

On December 28, 2018, **Assistant U.S. Attorney Ms. Kimberly Robinson** filed an

Administrative Motion – Stay of Case Pending Restoration of Government Funding, see Doc.

No. 94.

| 12/28/2018 | 94 | ADMINISTRATIVE MOTION Stay of Case Pending Restoration of Government Funding filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 1/2/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Robinson, Kimberly) (Filed on 12/28/2018) (Entered: 12/28/2018) |

On December 29, 2018, I filed a First **Noticed** Motion to Stay the Libel, the IIED, and

the Constitutional causes of action (Doc. No. 96) because Alsup didn't have jurisdiction to rule

on my Tort and Constitutional Causes of Action.

| 12/29/2018 | 96 | First MOTION to Stay *the Libel, the IIED, and the Constitutional causes of action* filed by Tatyana Evgenievna Drevaleva. Motion Hearing set for 2/7/2019 08:00 AM in San Francisco. Courtroom 12. 19th Floor before Judge William Alsup. Responses due by 1/14/2019. Replies due by 1/22/2019. (Attachments: # 1 Declaration)(Drevaleva, Tatyana) (Filed on 12/29/2018) (Entered: 12/29/2018) |

Please, take a Judicial Notice of a June 04, 2021 Answer of Assistant U.S. Attorney Ms.

Zack (Doc. No. 396), page 2, lines 2-4, "Defendants deny that there are federal questions

regarding the First and Fifth Amendments of the Constitution. Defendants deny jurisdiction

under the Federal Tort Claims Act."

| 2 | inconsistent with the text of the authorities. Defendants deny the allegations. Defendants deny that there |
| 3 | are federal questions regarding the First and Fifth Amendments of the Constitution. Defendants deny |
| 4 | jurisdiction under the Federal Tort Claims Act. Defendants deny each and every other factual allegation |

On January 03, 2019, Judge Alsup denied my three Application for Certification for an

interlocutory Appeal, denied my Motion for Leave to File a Motion for Reconsideration (Doc.

No. 78) of the December 03, 2018 Order, and denied my Motions for Preliminary Injunction, see

Doc. No. 98.

| 01/03/2019 | 98 | **OMNIBUS ORDER DENYING MOTIONS TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW (re 76 77 84 ), FOR RECONSIDERATION (re 78 ), AND FOR PRELIMINARY INJUNCTION (re 81 82 ) AND VACATING HEARING. Signed by Judge Alsup. (whalc2, COURT STAFF) (Filed on 1/3/2019) (Entered: 01/03/2019)** |

On January 07, 2019, I filed a Motion for Leave to File a Motion for Reconsideration of the January 03, 2019 Order, see Doc. No. 99.

| 01/07/2019 | 99 | MOTION for Leave to File *a Motion for Reconsideration* filed by Tatyana Evgenievna Drevaleva. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Drevaleva, Tatyana) (Filed on 1/7/2019) (Entered: 01/07/2019) |

On January 09, 2019, **Assistant U.S. Attorney Ms. Kimberly Robinson** filed the Second Administrative Motion to stay of proceedings pending restoration of funding, see Doc. No. 100.

| 01/09/2019 | 100 | Second ADMINISTRATIVE MOTION stay of proceedings pending restoration of funding filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 1/14/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Robinson, Kimberly) (Filed on 1/9/2019) (Entered: 01/09/2019) |

On January 10, 2019, I filed an Emergency Administrative Motion to stay the proceeding at the U.S. District Court pending the resolution of my Petition for Writ of Mandate that I filed at the appellate level, see Doc. No. 103.

| 01/10/2019 | 103 | Emergency ADMINISTRATIVE MOTION Stay the proceeding *pending the resolution of the Petition for Writ of Mandate* filed by Tatyana Evgenievna Drevaleva. Responses due by 1/14/2019. (Attachments: # 1 Declaration)(Drevaleva, Tatyana) (Filed on 1/10/2019) (Entered: 01/10/2019) |

On January 17, 2019, Judge Alsup granted in full Attorney Robinson's Administrative Motion to Stay the lawsuit No. 3:18-cv-03748-WHA pending the restoration of Governmental funding during the Governmental shutdown, see Doc. No. 107.



| 01/17/2019 | 107 | **ORDER GRANTING 106 ADMINISTRATIVE MOTION TO STAY THE CASE PENDING RESTORATION OF FUNDING. Signed by Judge William Alsup. (whalc2, COURT STAFF) (Filed on 1/17/2019) (Entered: 01/17/2019)** |

On January 20, 2019, I filed the First Motion for Leave to File a Motion for Reconsideration of the January 17, 2019 Order that granted Attorney Robinson's Third Administrative Motion to stay the lawsuit No. 3:18-cv-03748-WHA during the Governmental shutdown and during the restoration of Governmental funding, see Doc. No. 109.

| 01/20/2019 | 108 | First MOTION for Leave to File *a Motion for Reconsideration of the Court's Order granting in full Defendants' Administrative Motion to Stay* filed by Tatyana Evgenievna Drevaleva. (Attachments: # 1 Declaration. # 2 Proposed Order. # 3 Exhibit. # 4 Exhibit)(Drevaleva, Tatyana) (Filed on 1/20/2019) (Entered: 01/20/2019) |

On January 22, 2019, Judge Alsup denied my Motion for Leave to File a Motion for Reconsideration of the Order granting Third Motion to Stay during the Governmental shutdown and pending the restoration of funds, see Doc. No. 109.



| 01/22/2019 | 109 | **ORDER DENYING 108 MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER GRANTING THIRD MOTION TO STAY. Signed by Judge William Alsup. (whalc2, COURT STAFF) (Filed on 1/22/2019) (Entered: 01/22/2019)** |

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make additional findings that:

1) On December 03, 2018, Judge Alsup dismissed my lawsuit No. 3:18-cv-03748-WHA **with leave to amend** (Doc. No. 69)

2) I did **not** file the Administrative Motions, Doc. No. 94 and 100

3) In his December 03, 2018 Order (Doc. No. 69), Judge Alsup **didn't** have jurisdiction to rule on my Tort and Constitutional Causes of Action, see Doc. No. 396, page 2, lines 2-4

4) My Motion for Leave to File a Motion for Reconsideration (Doc. No. 108) was no way related to the December 03, 2018 Order (Doc. No. 69)

5) My Emergency Administrative Motion (Doc. No. 103) was no way related to the December 03, 2018 Order (Doc. No. 69)

6) My Motion for Leave to File a Motion for Reconsideration (Doc. No. 99) was **not** directly related to the December 03, 2018 Order (Doc. No. 69), and it was related to the January 03, 2019 Order (Doc. No. 98)

7) The January 22, 2019 Judge Alsup's Order (Doc. No. 109) was **no way** related to my Motion for Leave to file a Motion for Reconsideration (Doc. No.78) of his December 03, 2018 Order (Doc. No. 69.)

I am asking the Court to amend its September 14, 2021 Order accordingly (Doc. No. 491.)

**Erroneous Fact No. 4**. Read the September 14, 2021 Order (Doc. No. 491), page 3, "The case management hearing was continued to August 20, 2021 (Docs. 372, 436)—after the point at which this case was transferred to the U.S. District Court for the District of New Mexico and thus, **the case management hearing never took place**."

My objection. Read the April 05, 2021 Order of Judge Spero (Doc. No. 345), page 1, lines 24-25, "A case management conference will occur **on April 30, 2021** at 2:00 PM via Zoom webinar."

See Doc. 372 that confirms that the Initial Case Management Conference after remand actually occurred on April 30, 2021 via Zoom.

**Initial Case Management Conferences held on 4/30/2021.**

| 05/03/2021 | 372 | Minute Entry for proceedings held before Chief Magistrate Judge Joseph C. Spero: Initial Case Management Conferences held on 4/30/2021. |
|---|---|---|
| | | Separate Case Management Statement due by 7/23/2021. Further Case Management Conference set for 7/30/2021 02:00 PM in San Francisco, - Videoconference Only. This proceeding will be held via a Zoom webinar. |
| | | Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/jcs |
| | | General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of co urt proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. |
| | | FTR Time: Zoom Webinar Time: 2:04-2:39.<br>Plaintiff Attorney: Tatyana Drevaleva, pro se. NOTE: Ms. Drevaleva left the Zoom Webinar at 2:30 PM.<br>Defendant Attorney: Kimberly Robinson.<br>(klhS, COURT STAFF) (Date Filed: 5/3/2021) (Entered: 05/03/2021) |

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the Initial Case Management Conference after remand **actually occurred** on April 30, 2021, and I am asking the Court to amend its September 14, 2021 Order accordingly.

**Erroneous Fact No. 5**. Read the September 14, 2021 Order (Doc. No. 491), page 5, "At this time, the Court will not grant Plaintiff's request [for permission for electronic case filing], given what this Court considers to be Plaintiff's abuse of the privilege of electronic filing while her case was being litigated in the NDC. As an example, Judge Alsup advised Plaintiff that her constant filing of "supplementary material [such as 'supplements' and '**administrative motions'**] after the operative brief has been filed is a violation" of that court's local rule. Doc. 171 at 2."

My objection. Read the plain language of the August 05, 2019 Order of Judge Alsup (Doc. No. 171) that denied my First Motion to Vacate the Judgment, page 1, lines 22-24, "Plaintiff has filed four **supplemental briefs** to date, two of which were filed **after plaintiff filed her reply** (Dkt. Nos. 163–164, 168–169)."

Read page 2, lines 14-16, "Plaintiff is further advised that filing **supplementary material** after the operative brief has been filed is a violation of **Civil Local Rule 7-3(d)** and will not be permitted."

Please, take a Judicial Notice that the plain language of the August 05, 2019 Order of Judge Alsup says about the **Supplemental Briefs** and doesn't say about the Administrative Motions. Please, take a Judicial Notice that the September 14, 2021 Order of Judge Johnson (Doc. No. 491) says about **both** the Supplemental Briefs **and the Administrative Motions** that is contrary to the plain language of the August 05, 2019 Order of Judge Alsup (Doc. No. 171.)

Please, take a Judicial Notice of the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3,

"**(d) Supplementary Material.** Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:

**(1) Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(2)** Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed

by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument."

Please, take a Judicial Notice that the Civil Local Rule 7-3(d) of the U.S. District Court for the Northern District of California allowed me to file **Supplemental Briefs**[1] in support to my Motion without obtaining leave of the Court on the condition that I filed these Supplemental Briefs **before I filed a Reply** to the Motion.

This is exactly what I did during the litigation of my July 14, 2019 First Motion to Vacate the Judgment (Doc. No. 158.) After I filed this Motion, I **legitimately** filed Supplemental Briefs pursuant to the Civil Local Rule 7-3(d) on July 18, 2019 (Doc. No. 159), July 20, 2019 (Doc. No. 163), and on July 22, 2019 (Doc. No. 164.)

Please, notice that on July 23, 2019 I filed a Reply (Doc. No. 167) to Ms. Robinson's Opposition (Doc. No. 166) to my First Motion to Vacate the Judgment.

Please, notice that, after I filed a Reply (Doc. No. 167), I filed two Supplemental Briefs on July 25, 2019 (Doc. No. 168 and 169.) I admit that I was not allowed to file these Supplemental Briefs pursuant to Rule 7-3(d) because they were filed after the Reply.

---

[1] The Civil Local Rule 7-3(d) speaks only about Supplemental Briefs and doesn't speak about Administrative Motions.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I filed my Supplemental Briefs, Doc. No. 159, 163, and 164 **legitimately** pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3(d) because I filed them before the Reply.

   (d)   **Supplementary Material**. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:

   (1)   **Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

   (2)   Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument.

I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I filed my Supplemental Briefs, Doc. No. 168 and 169 **illegitimately** because I filed them after the Reply and without obtaining the permission of Judge Alsup.

I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of Judge Alsup's August 05, 2019 Order (Doc. No. 171) referred only to two Supplemental Briefs, Doc. No. 168 and 169 that I filed illegitimately because I filed them after the Reply.

I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of Judge Alsup's August 05, 2019 Order (Doc. No. 171) **didn't** say anything about the Administrative Motions.

I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the Administrative Motions are governed by the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-11, and they cover the miscellaneous administrative matters that are not governed by the federal statutes.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491), to acknowledge that I filed my Supplemental Briefs, Doc. No. 159, 163, and 164 legitimately, to acknowledge that the plain language of the August 05, 2019 Order of Judge Alsup warned me about impermissible Supplemental Briefs, Doc. No. 168 and 169 that were filed after my Reply, and to acknowledge that the plain language of the August 05, 2019 Order of Judge Alsup (Doc. No. 171) didn't admonish me for filing Administrative Motions.

### 7-11.   Motion for Administrative Relief

The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

**(a)**   **Form and Content of Motions.** A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained. If the motion is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed.

**(b)**   **Opposition to or Support for Motion for Administrative Relief.** Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not counting declarations and exhibits), must set forth succinctly the reasons, must be accompanied by a proposed order, and must be filed no later than 4 days after the motion has been filed. The opposition or support and all attachments to it, if manually filed, must be delivered to all other parties the same day it is manually filed.

**(c)**   **Action by the Court.** Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

<u>**Erroneous Fact No. 6**</u>. Read the September 14, 2021 Order (Doc. No. 491), pages 5-6, "Yet, within five months after receiving that directive from Judge Alsup, Plaintiff continued to file at least fourteen additional "supplemental briefs" and within two months of Judge Alsup's directive, Plaintiff filed at least ten administrative motions within a two-month period.[2]

[2] *See* "Administrative Motions" Docs. 94, 95, 96, 100, 101, 103, 106, 111, 113, 126 filed from December 28, 2018 to February 20, 2019."

<u>My objection</u>. *First*, Judge Alsup issued his Order (Doc. No. 171) on August 05, 2019. However, in his September 14, 2021 Order (Doc. No. 491), page 6, Footnote 2, Judge Johnson

discussed the period of time "from December 28, 2018 to February 20, 2019" that was **before**

August 05, 2019.

    *Second*, **I did not file** the Administrative Motions, Doc. No. 94, 100, 106, and 113. These

Administrative motions were filed by Assistant U.S. Attorney Ms. Kimberly Robinson.

| 12/28/2018 | 94 | ADMINISTRATIVE MOTION Stay of Case Pending Restoration of Government Funding filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 1/2/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Robinson, Kimberly) (Filed on 12/28/2018) (Entered: 12/28/2018) |
| 01/09/2019 | 100 | Second ADMINISTRATIVE MOTION stay of proceedings pending restoration of funding filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 1/14/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Robinson, Kimberly) (Filed on 1/9/2019) (Entered: 01/09/2019) |
| 01/16/2019 | 106 | Third ADMINISTRATIVE MOTION stay of case pending restoration of funding to the US DOJ filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 1/22/2019. (Attachments: # 1 Proposed Order, # 2 Declaration)(Robinson, Kimberly) (Filed on 1/16/2019) (Entered: 01/16/2019) |
| 01/29/2019 | 113 | ADMINISTRATIVE MOTION Lift Stay and Reset Deadlines re 107 Order on Administrative Motion per Civil Local Rule 7-11 filed by U.S. Department of Veterans Affairs, Robert Wilkie. Responses due by 2/4/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Robinson, Kimberly) (Filed on 1/29/2019) (Entered: 01/29/2019) |

    *Third*, Doc. No. 95 and 101 were my Oppositions to Ms. Robinson's Administrative

Motions.

| 12/28/2018 | 95 | OPPOSITION/RESPONSE (re 94 ADMINISTRATIVE MOTION Stay of Case Pending Restoration of Government Funding ) filed byTatyana Evgenievna Drevaleva. (Attachments: # 1 Declaration)(Drevaleva, Tatyana) (Filed on 12/28/2018) (Entered: 12/28/2018) |

| 01/09/2019 | 101 | OPPOSITION/RESPONSE (re 100 Second ADMINISTRATIVE MOTION stay of proceedings pending restoration of funding ) filed byTatyana Evgenievna Drevaleva. |
| | | (Drevaleva, Tatyana) (Filed on 1/9/2019) (Entered: 01/09/2019) |

*Fourth*, Doc. No. 96 was my regular Noticed Motion pursuant to the Civil Local Rule 7-2, and it was **not** an Administrative Motion.

| 12/29/2018 | 96 | First MOTION to Stay *the Libel, the IIED, and the Constitutional causes of action* filed by Tatyana Evgenievna Drevaleva. Motion Hearing set for 2/7/2019 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 1/14/2019. Replies due by 1/22/2019. (Attachments: # 1 Declaration)(Drevaleva, Tatyana) (Filed on 12/29/2018) (Entered: 12/29/2018) |

*Fifth*, Doc. No. 103 and 126 were my Administrative Motions that were legitimately filed pursuant to the Civil Local Rule 7-11.

| 01/10/2019 | 103 | Emergency ADMINISTRATIVE MOTION Stay the proceeding *pending the resolution of the Petition for Writ of Mandate* filed by Tatyana Evgenievna Drevaleva. Responses due by 1/14/2019. (Attachments: # 1 Declaration)(Drevaleva, Tatyana) (Filed on 1/10/2019) (Entered: 01/10/2019) |

| 02/20/2019 | 126 | ADMINISTRATIVE MOTION Certify my case to Chief Justice of the 9th Circuit or to appoint a Master *42 U.S. Code §2000e5(f)(4)-(5)* filed by Tatyana Evgenievna Drevaleva. Responses due by 2/25/2019. (Attachments: # 1 Declaration, # 2 Proposed Order)(Drevaleva, Tatyana) (Filed on 2/20/2019) (Entered: 02/20/2019) |

I am asking the U.S. District Court for the District of New Mexico to make a finding that I **lawfully** filed my Supplemental Brief, Doc. No. 177 pursuant to Rule7-3(d) before I filed a Reply, Doc. No. 178.

I am asking the U.S. District Court for the District of New Mexico to make a finding that I **lawfully** filed my Supplemental Briefs, Doc. No. 267 and 269 pursuant to Rule7-3(d) before I filed a Reply, Doc. No. 270.

I am asking the U.S. District Court for the District of New Mexico to make a finding that I **unlawfully** filed my Supplemental Briefs, Doc. No. 181, 182, 184, 186, 187, 189, 190, 191, 202, 203, 204, 205, 211, 212, 213, 217, 218, 219, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 236, 237, 238, 239, 240, 241, 242, 243, 244, 246, 247, 248, 249, 250, 251, 271, 272, 273, 274, 276, 277, 278, 279, 280, 292, 293, 295, 296, 297, 300, 301, 302, 303, 307, 310, 311 without obtaining leave of the U.S. District Court for the Northern District of California before remand on March 13, 2021.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) for the reasons stated above.

**Erroneous Fact No. 7.** Read the September 14, 2021 Order (Doc. No. 491), page 6, "**Judge Alsup** also subsequently denied Plaintiff's motions for leave to file supplemental briefs:

> It is Plaintiff's responsibility to articulate her arguments in each of her filings, and Plaintiff should take sufficient time to include all arguments that she wishes to raise in the first instance. Plaintiff's failure to do so, leading to later efforts to supplement her filings, is inefficient and results in a needlessly lengthy docket.

**Doc. 451** at 2."

- 19 -

My objection. The August 12, 2021 Order (Doc. No. 451) was issued by Judge Haywood S. Gilliam, not by Judge Alsup.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) for the reason stated above.

**Erroneous Fact No. 8.** Read the November 02, 2021 Order (Doc. No. 526), page 8, "The Court's first Memorandum Opinion and Order ("First Opinion"), following transfer of the case to this district, provided an overview of the case while it was in the Northern District of California ("NDC"). The Court described how the course of litigation (up to almost 500 docket entries at the time the case was transferred here) was driven largely by Plaintiff's filings, most of which were found to be **<u>unnecessary and frivolous</u>** by United States District Judge William Alsup, who presided over the case in the NDC. See Doc. 491 at 5."

My objection. I am referring the U.S. District Court for the District of New Mexico to my July 16, 2020 First Administrative Motion for an Order that compels Defendants to respond to my post-Judgment Supplemental Briefs that I filed without obtaining permission of the U.S. District Court for the Northern District of California (Doc. No. 260.)

| 07/16/2020 | 260 | First ADMINISTRATIVE MOTION Order Defendants to respond to my post-Judgment Supplemental Briefs and other filings re 155 Judgment. filed by Tatyana Evgenievna Drevaleva. Responses due by 7/20/2020. (Attachments: # 1 Declaration, # 2 Exhibit, # 3 Proposed Order)(Drevaleva, Tatyana) (Filed on 7/16/2020) (Entered: 07/16/2020) |

I am also referring the Court to Ms. Robinson's July 16, 2020 Opposition to this Administrative Motion (Doc. No. 261), pages 1-3, "Plaintiff now brings an administrative motion (ECF. No. 260), in which she argues that this ruling somehow permits a court order requiring Defendants to respond to the approximately 50 supplemental briefs she has filed since judgment was entered against her over one year ago. In her view, these briefs more completely explain the arguments she seeks to make in her third motion to vacate. For the reasons set forth below, this request should be denied.

First, the Court's July 9 order is clearly limited to Plaintiff's third motion to vacate judgment. It does not permit her to file any other motion, including this administrative motion, in this case which is currently on appeal. It also does not extend to a review of the issues contained in 50 supplemental briefs, nor does it open the door to briefing on all of these matters. Moreover, permitting Plaintiff to litigate all of the issues contained in this body of supplemental briefing strays from the only issue that has ever been before this Court: whether or not Plaintiff's complaint, and the amended complaint that she appended to her motion for leave to file an amended complaint, stated plausible claims for relief.1 As this Court has already made plain, they do not.

> "[Drevaleva] was terminated for legitimate reasons, namely her failure to follow proper procedures for requesting an absence from work and simply, skipping out on her responsibility at work to go to Russia for an extended time. There is nothing that remotely suggests that the VA terminated plaintiff because of infertility. That she wanted to have infertility treatments in Russia did not give any right to walk out of her job obligations without notice and without going through VA procedures for obtaining an extended leave . . . the fact pattern is as clear as it is going to get." *Id.* at ECF No. 154 (July 11, 2019 order) at p. 11.

Furthermore, even assuming, as Plaintiff contends, that review of her 50 supplemental briefs is necessary to fully understand the arguments she makes in her motion to vacate, allowing review and briefing on all of these supplemental briefs would impermissibly create an end run around page limits for motion practice clearly set forth in the Local Rules. *See* Civ. L. R. 7-2. Plaintiff admits that "due to the page limitation, I was unable to put the information of all these over 40 Supplemental Briefs and other filings into this Motion." ECF No. 260 at 2:7-8. Indeed, the over 1,000 pages of briefing contained in these supplemental briefs exceeds the 25-page motion limit imposed under the Local Rules. The Court should reject this attempt to circumvent the page limit, particularly since it would cause the third motion to vacate judgment to be litigated in a piecemeal fashion over 50 supplemental briefs.

Finally, Plaintiff's attempt to force Defendants, and this Court, to expend further resources on this case (let alone all the others she has brought in this Court and our court of appeals), especially as this case (and all related cases) are now on appeal, by responding to and reviewing 50 briefs, makes her request even more improper. As this Court has stated in a related context:

> Ms. Drevaleva is entitled to her day in court — she is not entitled to overwhelm the Secretary of Veterans affairs, and indeed impact other litigants' access to the limited resources the courts, by filing a multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva's apparently endless campaign against the Secretary and Department of Veterans Affairs. Case No. 3:20-cv-00820-WHA at ECF N0. 10 at 2-3.

> Accordingly, Plaintiff's administrative motion should be denied.

[1] Notably, the Court's judgment and rulings on Plaintiff's first two motions to vacate are currently on appeal. Appeal No. 19-16395."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make a finding that in her July 16, 2020 Opposition (Doc. No. 261) to my Administrative Motion for an Order that compels Ms. Robinson to respond to my post-Judgment Supplemental Briefs she **didn't** write that all my Supplemental Briefs were "abusive", "frivolous", "unnecessary", etc.

I am also referring the U.S. District Court for the District of New Mexico to the September 02, 2020 Order of Judge Alsup (Doc. No. 281), page 2, lines 7-11, "In the interim, Ms. Drevaleva has also filed two more motions for relief. In her first, Ms. Drevaleva asks for an order compelling defendants to respond to Ms. Drevaleva's numerous supplemental briefs filed in the last several months. This case was closed July 11, 2019. The September 2019 order forbade further filings. Defendants had no duty to engage in further briefing. Reply briefing on this point would be inappropriate."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make a finding that in his September 02, 2020 Order (Doc. No. 281) Judge Alsup **didn't** write that all my post-Judgment Supplemental Briefs were "abusive", "frivolous", "unnecessary", etc. Judge Alsup only stated that the case No.3:18-cv-03748-WHA was at that time **on Appeal No. 19-16395**, and therefore Alsup concluded that Defendants' response to my post-Judgment Supplemental Briefs would be inappropriate **at that point**.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, September 28, and November 02, 2021 Orders (Doc. No. 491, 522, and 526) and to remove the criminal assertions that all my post-Judgment Supplemental Briefs were "abusive", "unnecessary", and "frivolous."

**Conclusion**. For the reasons stated above, I am asking the U.S. District Court for the District of New Mexico to make additional factual findings pursuant to the F.R.C.P. Rule 52(b) and to amend its September 14, September 28, and November 02, 2021 Orders and the Judgment (Doc. No. 491, 522, and 526.)

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 06, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

November 06, 2021.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*

            v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

    *Defendants*


# DECLARATION TO THE FIRST MOTION FOR AMENDED OR ADDITIONAL

# FINDINGS AND TO AMEND THE JUDGMENT. THE F.R.C.P. RULE 52(b.)

I, Plaintiff Tatyana E. Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a Party in this action

2) I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) In its September 14, September 28, and November 02, 2021 Orders, the U.S. District Court for the District of New Mexico made numerous factual errors

4) I am filing the First Motion for Amended and Additional Findings and to amend the September 14, September 28, and November 02, 2021 Orders and the Judgment accordingly pursuant to the F.R.C.P. Rule 52(b)

5) **The F.R.C.P. Rule 11(b) Statement.**

6) I, Tatyana Evgenievna Drevaleva, am a Plaintiff Pro Se in the lawsuit No. 1:21-cv-00761-WJ-JFR. Pursuant to the F.R.C.P. Rule 11(b), I hereby declare that:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it - I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

7) For the reasons that I stated in my Motion, I am respectfully asking the U.S. District Court for the District of New Mexico to make additional factual findings and to amend the September 14, September 28, and November 02, 2021 Orders and the Judgment (Doc. No. 491, 522, and 526) accordingly pursuant to the F.R.C.P. Rule 52(b.)

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 06, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

November 06, 2021.

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On November 06, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) FIRST MOTION FOR AMENDED OR ADDITIONAL FINDINGS. FIRST MOTION TO AMEND THE JUDGMENT, THE F.R.C.P. RULE 52(b), MEMORANDUM OF POINTS AND AUTHORITIES;
2) DECLARATION;
3) PROPOSED ORDER;
4) Exhibits 371, 372, and 373.

On November 06, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on November 06, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: November 06, 2021.

**Exhibit 371.**

Appeal No. A158862.

Order of the California Court of Appeal for the First District, Division Four that declared me a vexatious litigant, August 31, 2020.

Court of Appeal, First Appellate District

Charles D. Johnson, Clerk/Executive Officer

Electronically FILED on 8/31/2020 by C. Hoo, Deputy Clerk

Filed 8/31/20

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| TATYANA DREVALEVA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM et al.,<br><br>    Defendants and Respondents. | A158862<br><br>(Alameda County<br>Super. Ct. No. RG19010635) |

## BY THE COURT[1]:

On July 21, 2020, we ordered appellant Tatyana Drevaleva to show cause why she should not be declared a vexatious litigant pursuant to Code of Civil Procedure[2] section 391 et seq. based on her conduct and motion practice in six appeals.  Having considered her response, we now declare her a vexatious litigant pursuant to section 391, subdivisions (b)(1)–(3) and impose prefiling orders pursuant to section 391.7.

---

[1] Streeter, Acting P. J., Tucher, J., and Brown, J.

[2] Undesignated statutory references are to the Code of Civil Procedure.

## I.   BACKGROUND AND PROCEDURAL HISTORY[3]

Alameda Health System (AHS) hired Drevaleva as a cardiac monitor technician in 2013.  In an August 2013 conversation with her supervisor, Drevaleva challenged her part-time employee status, lack of paid breaks during her work shifts, unpaid shift differentials, and unpaid overtime compensation.  After nothing in her wages or employee status changed, on September 5, 2013, Drevaleva sent her supervisor a letter reiterating her questions.  On September 7, 2013, AHS terminated Drevaleva for her failure to comply with AHS employment standards.  She then filed a retaliation claim with the Department of Industrial Relations, Division of Labor Standards Enforcement (DIR), seeking a variety of remedies including overtime wages and differential pay.

In December 2016, after a thorough investigation, DIR determined Drevaleva was terminated for a legitimate, non-retaliatory reason—her negligence had seriously harmed a patient—and denied Drevaleva's claim. An AHS email dated September 4, 2013 documented its decision to terminate Drevaleva before she authored her September 5 letter.

Drevaleva filed several state and federal lawsuits against AHS and DIR related to her termination, alleging discrimination, retaliation, libel, negligence, fraud, and violations of the Labor Code.

### A. Appeals

In the seven-year period immediately preceding our July 2020 Order to Show Cause, Drevaleva has maintained the following six appeals in propria persona (pro per) arising from these lawsuits, and each appeal has been finally determined adversely to her.

---

[3] We take these facts largely from the unpublished opinions in *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) and *Drevaleva v. Alameda Health System* (May 29, 2020, A158282).

(1) *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) (nonpub. opn.) (*Drevaleva I–III*) are three pro per appeals by Drevaleva.  In *Drevaleva I* (A155165), filed on August 21, 2018, she challenged an August 17, 2018 trial court order partially granting DIR's anti-SLAPP motion to strike under Code of Civil Procedure section 425.16 and sustaining DIR's demurrer without leave to amend.  (See § 425.16 [describing procedural remedy to dismiss nonmeritorious actions that chill the valid exercise of constitutional right of free speech].)  She filed an additional notice of appeal on August 29, 2018 (*Drevaleva II, supra*, A155187), challenging trial court rulings on a motion to take discovery.  On November 21, 2018, Drevaleva filed a third notice of appeal (*Drevaleva III, supra*, A155899) from an order denying her request for prevailing party attorneys' fees under Code of Civil Procedure section 425.16.  We subsequently consolidated the appeals for the purposes of record preparation, briefing, oral argument, and decision.  We affirmed all orders in favor of DIR. (*Drevaleva I–III, supra*, A155165, A155187, A155899.)

(2) *Drevaleva v. Department of Industrial Relations* (Dec. 19, 2019, A156248) (nonpub. opn.) (*Drevaleva IV*)—a pro per appeal by Drevaleva filed January 16, 2019.  In that appeal, Drevaleva challenged 1) the denial of her motion to stay the trial court proceedings pending a determination of a similar lawsuit filed in federal court; and 2) the trial court's refusal to issue a writ of mandate requiring DIR to transfer her case to the Department of Industrial Relations, Department of General Services.  (*Ibid.*)  We determined Drevaleva forfeited these claims by failing to raise them in *Drevaleva I–III*, which she conceded was an appeal of a final judgment. *Drevaleva IV, supra*, A156248.)  Although we noted that Drevaleva "should not get a chance to resurrect issues that she forfeited in her earlier appeal by

filing a new notice of appeal from the same final judgment," we nonetheless assessed the merits of her appeal. (*Ibid.*)  After engaging in that review, we concluded the trial court did not abuse its discretion by denying Drevaleva's requests and affirmed the orders in favor of DIR. (*Ibid.*)

(3) *Drevaleva v. Alameda Health System* (March 20, 2020, A157851) (nonpub. opn.) (*Drevaleva V*)—a pro per appeal by Drevaleva from a judgment.  After DIR determined that AHS terminated Drevaleva for legitimate, non-discriminatory reasons, she presented AHS with a government claim in August 2018.  (*Ibid.*; see Gov. Code, § 945 [allowing lawsuits against public entities].)  Drevaleva alleged she suffered over $500,000 in losses, including lost health and dental insurance, loss of the ability to purchase a home or car, and loss of the ability to become a physician assistant as a result of DIR's investigation and findings that she was terminated from AHS due to medical negligence. (*Drevaleva V, supra,* A157851.)

AHS rejected this claim as untimely and directed Drevaleva to petition the court for relief from Government Code section 945.4, regarding government claim presentation requirements. (*Drevaleva V, supra,* A157851; see Gov. Code, § 945.6, subd. (a) [identifying timelines for providing written or other notice to public entity of claim].)  Drevaleva filed a verified petition requesting this relief, which the trial court rejected. (*Drevaleva V, supra,* A157851.)  The trial court entered a judgment of dismissal with prejudice in May 2019. (*Ibid.*)  The trial court also denied her additional request for sanctions against AHS and her motion under section 663 to vacate the court's judgment. (*Ibid.*)

Drevaleva filed a notice of appeal of all three orders on July 16, 2019. Our decision on this appeal acknowledged that litigants are required to fulfill

government claim presentation requirements for all monetary demands, regardless of the theory of an action. (*Drevaleva V, supra,* A157851.) Drevaleva, however, conceded both in the trial court and on appeal that she did not seek money or damages. (*Ibid.*) We thus deemed her verified petition frivolous and unnecessary and affirmed the court's rulings in favor of AHS. (*Ibid.*)

(4) *Drevaleva v. Alameda Health System* (May 29, 2020, A158282) (nonpub. opn.) (*Drevaleva VI*)—an appeal by Drevaleva in pro per filed on September 9, 2019 challenging the trial court's denial of her request for attorneys' fees because she was self-represented. As relevant here, Drevaleva filed a petition pursuant to the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.), seeking documents relating to her termination from AHS and the DIR investigation of her wage and unlawful termination claims. (*Drevaleva VI, supra,* A158282.) AHS produced three documents in its possession responsive to the CPRA request and declared it did not have any additional responsive documents. (*Ibid.*) The trial court thus denied Drevaleva's petition as moot because AHS produced the documents, declared Drevaleva the prevailing party because her petition compelled AHS to produce the requested documents, and entered a judgment of dismissal. (*Ibid.*)

Drevaleva sought attorneys' fees and costs under section 128.5, governing sanctions, and Government Code section 6259, governing CPRA attorney fees—both of which requests the trial court rejected as unsupported by evidence that Drevaleva actually incurred attorneys' fees, or that there were any actions justifying sanctions. (*Drevaleva VI, supra,* A158282.) We affirmed the trial court's rulings in favor of AHS. (*Ibid.*)

In November 2019, Drevaleva filed a Notice of Appeal in this case, *Drevaleva v. Alameda Health System* (A158862), challenging the trial court's order granting AHS's motion to strike her complaint against AHS—which alleged libel, abuse of process, and intentional infliction of emotional distress based on a statement in a federal court brief that she was terminated for poor performance—pursuant to section 425.16 (the anti-SLAPP statute).[4]

### B. Order to Show Cause, Vexatious Litigant

Based on this extensive history of filing unsuccessful appeals, we issued an order to Drevaleva to show cause why she should not be declared a vexatious litigant as a result of, among other things, her adverse determinations in *Drevaleva I-III, supra,* A155165, A155187, A155899; *Drevaleva IV, supra,* A156248; *Drevaleva V, supra,* A157851; and *Drevaleva VI, supra,* A158282. Drevaleva was authorized to submit an opposition, and the matter was set for a hearing. After full briefing and extensions of deadlines, the matter was argued and submitted.

## II.   DISCUSSION

The " 'vexatious litigant' " statutes under section 391 et seq. " 'are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' " (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345.) In order to deem a party a vexatious litigant, a court must find the party falls under at least one of the four separate definitions for a vexatious litigant. (§ 391, subd. (b).)

---

[4] We address the merits of the appeal in a separate unpublished opinion affirming the trial court's order. (*Drevaleva v. Alameda Health System* (August 31, 2020, A158862.)

Courts have the authority to enter a prefiling order prohibiting individuals deemed vexatious litigants from filing new in pro per litigation without first obtaining leave of the presiding judge where the litigation is to be filed. (§ 391.7, subd, (a); *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221 (*Bravo*).) Permission to file may be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).) The prefiling requirement "does not deny the vexatious litigant access to the courts but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." (*Bravo,* at pp. 221–222.)

Drevaleva, acting in *pro per*, has filed many appeals adversely determined against her; has repeatedly attempted to relitigate claims against the same defendants that have been finally determined; and has repeatedly filed unmeritorious motions, pleadings and other papers, all of which support a finding that she is a vexatious litigant. (§ 391 et seq.) We address each of these bases in turn.

## A. Section 391, Subdivision (b)(1)—Appeals

As relevant here, a "vexatious litigant" is a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person." (§ 391, subd. (b)(1).) " 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court," which also includes any appeal. (§ 391, subd. (a); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216 (*McColm*).) An adverse determination means the litigant does not win the proceeding that she began, and a determination is final when all avenues for direct review have been

exhausted. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406; *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 993.)

As described above, Drevaleva has filed six appeals, A155165, A155187, A155899, A156248, A158282, and A157851, five of which have been "finally determined adversely" to her because they affirmed the trial court's orders.[5] These appeals alone establish her status as a vexatious litigant. (See § 391, subd. (b)(1).)[6]

Drevaleva nonetheless challenges this conclusion for several reasons, none of which is persuasive. First, citing section 391.1, she claims that only a defendant, not an appellate court, can move to designate a plaintiff a vexatious litigant upon notice and a hearing. Drevaleva's reading of section 391.1 is accurate, but that provision is not applicable here. (§ 391.1 ["a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security" upon a showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant"].) As noted above, section 391.7 expressly states that "the court may, *on its own motion*" enter a prefiling order against a vexatious litigant. (§ 391.7, subd. (a), italics

---

[5] Drevaleva has exhausted her avenues for review in *Drevaleva I-III, supra,* A155165, A155187, A155899; *Drevaleva IV, supra,* A156248; and *Drevaleva V, supra,* A157851. Her petition for review of our decision in *Drevaleva VI, supra,* A158282 is currently pending in the California Supreme Court.

[6] Although we do not rely on any of Drevaleva's federal litigation in assessing whether she meets the criteria for a vexatious litigant, we note that she has filed several federal cases that have been determined adversely to her. (*Drevaleva v. Alameda Health Sys.* (9th Cir. Dec. 24, 2019) 789 Fed. Appx. 51, 52 [affirming district court's dismissal of discrimination complaint]; *Drevaleva v. Wilkie* (N.D. Cal., Nov. 7, 2019) 2019 U.S. Dist. LEXIS 194053 [dismissing with prejudice Drevaleva's complaint against West Los Angeles Veterans Affairs Medical Center alleging discrimination]; *Drevaleva v. United States* (N.D. Cal., Sept. 20, 2019) 2019 U.S. Dist. LEXIS 161366 [dismissing Drevaleva's complaint against Minneapolis Veterans Affairs Medical Center and entering final judgment against her].)

2

added.)  Our Supreme Court has confirmed that a Court of Appeal may, on its own motion, declare a party a vexatious litigant in the first instance on appeal.  (*John v. Superior Court* (2016) 63 Cal.4th 91, 99–100.)

Second, Drevaleva argues that "litigation" under section 391 does not encompass an "appeal."  (See § 391, subd. (b)(1).)  This is incorrect. " 'Litigation' for purposes of vexatious litigant requirements encompasses civil trials and special proceedings, but it is broader than that.  It includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions other than habeas corpus or other criminal matters."  (*McColm, supra*, 62 Cal.App.4th at p. 1219.)  Drevaleva's six appeals identified above thus constitute "litigations" within the purview of the vexatious litigant statute.  (See, e.g., *In re Whitaker* (1992) 6 Cal.App.4th 54, 56 [identifying party as a vexatious litigant under § 391, subd. (b)(1) due to sixteen appeals, where eight were affirmed, seven dismissed, and one reversed].)

Finally, Drevaleva claims that *Drevaleva I-III, supra*, A155165, A155187, A155899 only count as one appeal rather than three because they were consolidated for the purposes of record preparation, briefing, oral argument, and decision.  Not so.  "Litigation" includes proceedings initiated in the Courts of Appeal "by notice of appeal."  (*McColm, supra*, 62 Cal.App.4th at p. 1219.)  As Drevaleva filed six notices of appeal, there were six prior appeals, five of which have been determined adversely to her. (Cf. *In re R.H.* (2009) 170 Cal.App.4th 678, 684–686, 693 [where a pro per litigant initiated multiple appeals from a single action in the trial court, each appeal considered a separate litigation even when some were consolidated for decision].)

2

## B. Section 391, Subdivision (b)(2)—Attempts to Relitigate Claims or Issues

Section 391, subdivision (b)(2) further defines a vexatious litigant as a person who "repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the [final] determination . . . or (ii) the cause of action, claim, controversy, or any of the issues of fact or law" against the same defendant or defendants.  (§ 391, subd. (b)(2); see also *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1505 [" 'repeatedly' " refers to "a past pattern or practice on the part of the litigant that carries the risk of repetition in the case at hand"].)  As demonstrated below, Drevaleva's practice of repeatedly filing requests based on the same facts and issues that we have already decided in an attempt to relitigate or challenge the validity of those decisions warrants a finding that Drevaleva is a vexatious litigant under section 391, subdivision (b)(2).[7]

For example, in *Drevaleva VI, supra,* A158282, we affirmed the denial of her request for attorneys' fees or sanctions in a May 29, 2020 opinion.  In addition to filing a petition for rehearing, Drevaleva immediately filed various documents and requests *after* issuance of the opinion, including the following attempts to relitigate that decision: (1) a notice filed in June 2020 that she had found the physical records on appeal for *Drevaleva V* and a previously-dismissed appeal (A157784), and a request that she be permitted to use those records rather than the formal record on appeal to identify AHS's counsel's bad faith tactics in support of her request for sanctions; (2) another

---

[7] Indeed, rather than responding to this court's Order to Show Cause, which requested an explanation of her actions in *Drevaleva VI, supra,* A158282 and *Drevaleva V, supra,* A157851, Drevaleva used it as an opportunity to relitigate *Drevaleva I, supra,* A155165, claiming that "DIR failed to obtain the explanations and evidence regarding this allegation" of negligence.

request filed in June 2020 to allow her to use her own copies of the record on appeal in *Drevaleva VI* to provide support for her request for sanctions against AHS, and to demonstrate the trial court acted fraudulently by denying her request for sanctions ; and (3) a request filed in July 2020 to consider various legal articles about awarding pro se litigants fees under the Federal Rules of Civil Procedure (28 U.S.C.), rule 11.

Drevaleva displayed the same pattern after we issued our decision in *Drevaleva V, supra,* A157851. Nearly two months after we affirmed the trial court orders and rejected her petition for a rehearing, Drevaleva filed a motion to reinstate her appeal. She claimed she found her physical copy of the record on appeal, which would allow her to provide this Court with necessary citations to support her claims and decide her case "anew."

In her current appeal *Drevaleva v. Alameda Health System*, A158862, Drevaleva has similarly requested we reinstate all her previously, finally determined appeals for further proceedings in this Court. She further filed a separate motion on June 3, 2020, asking us to take judicial notice of significant portions of discovery for the purpose of demonstrating that AHS's counsel, rather than AHS, responded to discovery requests. To Drevaleva, this demonstrates that AHS never participated in any of her previous lawsuits and supports her assertion that the judgments underlying two of her dismissed appeals must be reversed because they were unlawful due to AHS's alleged lack of participation.

These requests and responses sufficiently demonstrate Drevaleva fulfills the vexatious litigant criteria under section 391, subdivision (b)(2).

2

## C. Section 391, Subdivision (b)(3)—Frivolous Motions, Unnecessary Burdens

Finally, Drevaleva is a vexatious litigant under section 391, subdivision (b)(3) because "[i]n any litigation while acting in propria persona, [she] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) To qualify under subdivision (b)(3), the motions must be "so devoid of merit and be so frivolous that they can be described as a ' "flagrant abuse of the system," ' have 'no reasonable probability of success,' lack 'reasonable or probable cause or excuse' and are clearly meant to ' "abuse the processes of the courts and to harass the adverse party." ' " (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 972.) A review of even a few of Drevaleva's recent motions and requests demonstrates that she adequately fulfills these criteria.

In *Drevaleva VI, supra,* A158282, she moved for all of the Justices in this Division to recuse themselves from adjudicating her appeal. Rather than citing any authority or evidence warranting recusal, she asserted in a conclusory manner that the Justices were biased, prejudiced, and would rule in favor of AHS and DIR because those agencies' employees and the Justices all worked in the same building with each other. (*Ibid.*) Requests to recuse justices in the absence of any evidence supporting the existence of any relationship, personal or otherwise, between the justices and other litigants are frivolous, and Drevaleva's request is no different. (See *In re Koven* (2005) 134 Cal.App.4th 262, 273.)

In that same appeal, Drevaleva moved to disqualify counsel representing AHS because she alleged it had a conflict of interest under the

2

American Bar Association Model Rules of Professional Conduct[8], rule 1.7. (*Drevaleva VI, supra*, A158282.)  But there was no basis for a disqualification motion grounded on conflict of interest because Drevaleva did not have an attorney-client relationship with AHS's counsel.  (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356 [requiring an attorney-client relationship or other confidential relationship with counsel to disqualify an attorney from representation].)  She fails to cite any authority for her request, and there is nothing in Drevaleva's additional documents, including her "Objections to Defendants' Filing Named 'Opposition to Appellant's Motion to Disqualify Opposing Counsel,' addressing AHS's arguments regarding her motion to disqualify counsel.[9]  (*Drevaleva VI, supra*, A158282.)

In another request, Drevaleva attempted to conduct unnecessary discovery, imploring this court to "schedule a hearing and to order an **Officer** of [AHS] *itself* to personally come to the hearing and to declare under the penalty of perjury and under the laws of the State of California that this Officer was responsible for every statement that was presented to the Superior Court and the Court of Appeal for the First District, Division Four" during her trial court proceedings and appeals so that she could identify the person who owes her attorney fees.  (*Drevaleva VI, supra*, A158282.)  She cites nothing to support this court's alleged authority to issue a subpoena against an unknown employee at AHS to determine who must pay attorney fees to which Drevaleva, as a pro se litigant, is not in any event entitled.

---

[8] All references to the Rules of Professional Conduct are to the American Bar Association Model Rules of Professional Conduct

[9] We denied these motions and additional requests.

2

In her pending appeal, *Drevaleva v. Alameda Health System* (A158862), Drevaleva filed more than five different motions and requests on May 4, 2020 alone.  One was a "Motion to Deny the Narayan Travelstead Professional Law Corporation's Right for Self-Representation" based on AHS's counsel's failure to submit a declaration under penalty of perjury that it had personal knowledge of the factual assertions presented in AHS's brief.  She also filed another frivolous  "Motion to Disqualify the Opposing Counsel the Narayan Travelstead Professional Law Corporation from Representing Defendant Alameda Health System" because of an alleged conflict of interest under Rules of Professional Conduct, rule 1.7—largely repeating the arguments that were made and rejected in her motion to disqualify counsel in *Drevaleva IV.* (See *In re Whitaker, supra,* 6 Cal.App.4th at p. 56 [repeating arguments that have been made and rejected by the same court is frivolous conduct].)

On May 28, 2020, Drevaleva filed various documents, notifying us of related case *Drevaleva v. Harding,* filed against her former AHS supervisor in Alameda County Superior Court.  She also requested that we, among other things, issue an order extending the deadline for serving a trial court summons on the respondent because she did not know his current location.  She further requested us to order Equifax-Verification Services, a third-party without any ties to Drevaleva or respondent Harding, to disclose information about the respondent.  She did not identify any legal basis for these requests.

A few days later, on June 3, Drevaleva filed a "1) Second Additional Information to My Notice of a Related Case [and] 2) Request for an Order." In this request, she admitted she was simply repeating her request filed on May 28.  But she also demanded that we listen to the oral argument recording in an entirely different and completed appeal, *Drevaleva V,* to assess the veracity of statements made by AHS's counsel.  She further

2

requested, without citing any legal authority or evidence, that we notify the California Supreme Court and Attorney General of the State of California of potential criminal conduct by AHS counsel for possibly falsifying and lying about a signature by a process server. We denied these requests on June 16, 2020.

In another instance, rather than filing a focused response to our July 2020 Vexatious Litigant Order to Show Cause, Drevaleva spent her time threatening to pursue efforts to have the Judicial Council permanently disqualify the Justices of this Division and to "indict all of them for a civil conspiracy" with AHS, AHS's counsel, and DIR because our decisions prevented her from being reinstated at AHS. Aside from parroting the statutes for civil conspiracy, Drevaleva cites no facts supporting her conclusory allegations. Indeed, Drevaleva admits, "I don't have any direct evidence of possible conspiracy between the Justices and AHS."

Drevaleva's further refusal to adhere to court instructions prohibiting overly voluminous materials is apparent. She filed a request for permission to exceed the page and word count of her opening brief on November 25, 2019. The next day, she filed a nearly identical second request for the same relief but increased her word count request by only 30 words. On May 4, 2020, she filed the decisions in 13 cases from various Courts of Appeal throughout California without offering any explanation of their relevance to her appeal or pending motions.

On August 13, 2020, Drevaleva requested additional time to respond to this Court's Order to Show Cause why she should not be declared a vexatious litigant. We granted her request, stating that she "shall file a single brief" on August 17, 2020. Instead of complying with our directive, Drevaleva filed three briefs, totaling over 200 pages, between August 17 and 18. This

response was submitted in addition to her previously-filed "Initial and Partial Response to the July 21, 2020 Order to Show Cause"—a document totaling 54 pages, including exhibits of other federal courts orders dismissing Drevaleva's lawsuits as frivolous.[10]

The sheer number and volume of irrelevant and frivolous documents that Drevaleva has filed or submitted have resulted in unnecessary burdens on this Court and respondents. (Cf. *In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 755 [consequences of frivolous filings include that " '[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. . . . [T]he appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources' "].) Drevaleva thus fulfills the vexatious litigant criteria under section 391, subdivision (b)(3).

## III.   DISPOSITION

Tatyana Drevaleva is hereby declared a vexatious litigant within the meaning of section 391, subdivisions (b)(1)–(3). Pursuant to section 391.7, henceforth she may not file any new litigation in the courts of the State of California in propria persona without first obtaining leave of the presiding judge or presiding justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) The clerk of this court is directed to provide a copy

---

[10] Three days after the deadline for filing her reply brief (which she filed on August 21, 2020), Drevaleva submitted a "Response to the Order to Show Cause, Part 4," a 122-page document in which she largely reiterated her dissatisfaction with AHS's and DIR's responses to many of her discovery requests in the trial court. We struck this filing as untimely and in violation of our August 14, 2020 order setting deadlines and requiring her to file a "single brief" in response to the order to show cause.

of this opinion and order to the Judicial Council. (*Id.*, subd. (f).) Copies shall also be mailed to the presiding judge and clerk of Alameda County Superior Court.


Dated: _____

**Exhibit 372.**

Appeal No. A158862.

Order of Chief Judge of the California Court of Appeal for the First District, Division Four Mr. Stuart Pollak that revoked the August 31, 2020 Order that declared me a vexatious litigant and that imposed the September 28, 2020 Second Order that declared me a vexatious litigant **without** giving me a Notice and an opportunity to be heard.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| TATYANA DREVALEVA,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM et al.,<br><br>     Defendants and Respondents. | A158862<br><br>(Alameda County<br>Super. Ct. No. RG19010635) |

**BY THE COURT\*:**

Appellant's "motion for reconsideration of the August 31, 2020 Order that declared [her] to be a vexatious litigant," filed on September 10, 2020, is denied.  The August 31, 2020, order declaring appellant to be a vexatious litigant is vacated.  In its place and on this same date, the court is filing a revised order that again declares appellant to be a vexatious litigant.  This change does not affect the judgment.

Appellant's "petition for rehearing," filed on September 15, 2020, is denied.

Date: __09/28/2020__       ____**Pollak, P.J.**____ P.J.
                                            PRESIDING JUSTICE

---

\* Streeter, Acting P.J., Tucher, J. and Brown, J. participated in the decision.

**Exhibit 373.**

Appeal No. A158862.

Second Order of the California Court of Appeal for the First District, Division Four that declared me a vexatious litigant, September 28, 2020.

Court of Appeal, First Appellate District

Charles D. Johnson, Clerk/Executive Officer

Electronically FILED on 9/28/2020 by M. Garcia, Deputy Clerk

Filed 9/28/20

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| TATYANA DREVALEVA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM et al.,<br><br>    Defendants and Respondents. | A158862<br><br>(Alameda County<br>Super. Ct. No. RG19010635) |

## BY THE COURT[1]:

On July 21, 2020, we ordered appellant Tatyana Drevaleva to show cause why she should not be declared a vexatious litigant pursuant to Code of Civil Procedure[2] section 391 et seq. based on her conduct and motion practice in various appeals.  Having considered her response, we now declare her a vexatious litigant pursuant to section 391, subdivision (b)(3) and impose prefiling orders pursuant to section 391.7.

---

[1] Streeter, Acting P. J., Tucher, J., and Brown, J.

[2] Undesignated statutory references are to the Code of Civil Procedure.

1

## I.   BACKGROUND AND PROCEDURAL HISTORY[3]

Alameda Health System (AHS) hired Drevaleva as a cardiac monitor technician in 2013.  In an August 2013 conversation with her supervisor, Drevaleva challenged her part-time employee status, lack of paid breaks during her work shifts, unpaid shift differentials, and unpaid overtime compensation.  After nothing in her wages or employee status changed, on September 5, 2013, Drevaleva sent her supervisor a letter reiterating her questions.  On September 7, 2013, AHS terminated Drevaleva for her failure to comply with AHS employment standards.  She then filed a retaliation claim with the Department of Industrial Relations, Division of Labor Standards Enforcement (DIR), seeking a variety of remedies including overtime wages and differential pay.

In December 2016, after a thorough investigation, DIR determined Drevaleva was terminated for a legitimate, non-retaliatory reason—her negligence had seriously harmed a patient—and denied Drevaleva's claim.  An AHS email dated September 4, 2013 documented its decision to terminate Drevaleva before she authored her September 5 letter.

Drevaleva filed several state and federal lawsuits against AHS and DIR related to her termination, alleging discrimination, retaliation, libel, negligence, fraud, and violations of the Labor Code.

---

[3] We take these facts largely from the unpublished opinions in *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) and *Drevaleva v. Alameda Health System* (May 29, 2020, A158282).  On our own motion, we also take judicial notice of the records of appeal Nos. A158282 and A158862.  (Evid. Code, §§ 452, subd. (d), 459.)  The parties were advised that we intended to consider Drevaleva's actions in those appeals when determining whether she was a vexatious litigant.  (See Evid. Code § 459, subd. (c).)

## A. Appeals

Drevaleva has maintained the following appeals in propria persona (pro per) arising from these lawsuits.

(1) *Drevaleva v. Department of Industrial Relations* (Dec. 20, 2019, A155165, A155187, A155899) (nonpub. opn.) (*Drevaleva I–III*) are three pro per appeals by Drevaleva.  In *Drevaleva I* (A155165), filed on August 21, 2018, she challenged an August 17, 2018 trial court order partially granting DIR's anti-SLAPP motion to strike under Code of Civil Procedure section 425.16 and sustaining DIR's demurrer without leave to amend.  (See § 425.16 [describing a procedural remedy to dismiss nonmeritorious actions that chill the valid exercise of constitutional right of free speech].)  She filed an additional notice of appeal on August 29, 2018 (*Drevaleva II, supra,* A155187), challenging trial court rulings on a motion to take discovery.  On November 21, 2018, Drevaleva filed a third notice of appeal (*Drevaleva III, supra,* A155899) from an order denying her request for prevailing party attorneys' fees under Code of Civil Procedure section 425.16.  We subsequently consolidated the appeals for the purposes of record preparation, briefing, oral argument, and decision.  We affirmed all orders in favor of DIR. (*Drevaleva I–III, supra,* A155165, A155187, A155899.)

(2) *Drevaleva v. Department of Industrial Relations* (Dec. 19, 2019, A156248) (nonpub. opn.) (*Drevaleva IV*) is a pro per appeal by Drevaleva filed January 16, 2019.  In that appeal, Drevaleva challenged 1) the denial of her motion to stay the trial court proceedings pending a determination of a similar lawsuit filed in federal court; and 2) the trial court's refusal to issue a writ of mandate requiring DIR to transfer her case to the Department of Industrial Relations, Department of General Services.  (*Ibid.*)  We determined Drevaleva forfeited these claims by failing to raise them in

3

*Drevaleva I–III,* which she conceded was an appeal of a final judgment. (*Drevaleva IV, supra,* A156248.)  Although we noted that Drevaleva "should not get a chance to resurrect issues that she forfeited in her earlier appeal by filing a new notice of appeal from the same final judgment," we nonetheless assessed the merits of her appeal.  (*Ibid.*)  After engaging in that review, we concluded the trial court did not abuse its discretion by denying Drevaleva's requests and affirmed the orders in favor of DIR.  (*Ibid.*)

(3) *Drevaleva v. Alameda Health System* (March 20, 2020, A157851) (nonpub. opn.) (*Drevaleva V*) is a pro per appeal by Drevaleva from a judgment.  After DIR determined that AHS terminated Drevaleva for legitimate, non-discriminatory reasons, she presented AHS with a government claim in August 2018.  (*Ibid.*; see Gov. Code, § 945 [allowing lawsuits against public entities].)  Drevaleva alleged she suffered over $500,000 in losses, including lost health and dental insurance, loss of the ability to purchase a home or car, and loss of the ability to become a physician assistant as a result of DIR's investigation and findings that she was terminated from AHS due to medical negligence.  (*Drevaleva V, supra,* A157851.)

AHS rejected this claim as untimely and directed Drevaleva to petition the court for relief from Government Code section 945.4, regarding government claim presentation requirements.  (*Drevaleva V, supra,* A157851; see Gov. Code, § 945.6, subd. (a) [identifying timelines for providing written or other notice to public entity of claim].)  Drevaleva filed a verified petition requesting this relief, which the trial court rejected.  (*Drevaleva V, supra,* A157851.)  The trial court entered a judgment of dismissal with prejudice in May 2019.  (*Ibid.*)  The trial court also denied her additional request for

sanctions against AHS and her motion under section 663 to vacate the court's judgment. (*Ibid.*)

Drevaleva filed a notice of appeal of all three orders on July 16, 2019. Our decision on this appeal acknowledged that litigants are required to fulfill government claim presentation requirements for all monetary demands, regardless of the theory of an action. (*Drevaleva V, supra,* A157851.) Drevaleva, however, conceded both in the trial court and on appeal that she did not seek money or damages. (*Ibid.*) We thus deemed her verified petition frivolous and unnecessary and affirmed the court's rulings in favor of AHS. (*Ibid.*)

(4) *Drevaleva v. Alameda Health System* (May 29, 2020, A158282) (nonpub. opn.) (*Drevaleva VI*) is an appeal by Drevaleva in pro per filed on September 9, 2019 challenging the trial court's denial of her request for attorneys' fees because she was self-represented. As relevant here, Drevaleva filed a petition pursuant to the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.), seeking documents relating to her termination from AHS and the DIR investigation of her wage and unlawful termination claims. (*Drevaleva VI, supra,* A158282.) AHS produced three documents in its possession responsive to the CPRA request and declared it did not have any additional responsive documents. (*Ibid.*) The trial court thus denied Drevaleva's petition as moot because AHS produced the documents, declared Drevaleva the prevailing party because her petition compelled AHS to produce the requested documents, and entered a judgment of dismissal. (*Ibid.*)

Drevaleva sought attorneys' fees and costs under section 128.5, governing sanctions, and Government Code section 6259, governing CPRA attorney fees—both requests the trial court rejected as unsupported by

evidence that Drevaleva actually incurred attorneys' fees, or that there were any actions justifying sanctions. (*Drevaleva VI, supra,* A158282.) We affirmed the trial court's rulings in favor of AHS. (*Ibid.*)

(5) *Drevaleva v. Alameda Health System* (Aug. 31, 2020, A158862) (nonpub. opn.) (*Drevaleva VII*) is an appeal filed by Drevaleva in November 2019, challenging the trial court's order granting AHS's motion to strike her complaint against AHS—which alleged libel, abuse of process, and intentional infliction of emotional distress based on a statement in a federal court brief that she was terminated for poor performance—pursuant to section 425.16 (the anti-SLAPP statute). We affirmed the trial court's order on August 31, 2020.

## B. Order to Show Cause, Vexatious Litigant

With this background and based on other motions and requests discussed further below, we issued an order to Drevaleva to show cause why she should not be declared a vexatious litigant. Drevaleva was authorized to submit an opposition, and the matter was set for a hearing. After full briefing and extensions of deadlines, the matter was argued and submitted.

## II.   DISCUSSION

The " 'vexatious litigant' " statutes under section 391 et seq. " 'are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' " (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345.) Courts have the authority to enter a prefiling order prohibiting individuals deemed vexatious litigants from filing new in pro per litigation without first obtaining leave of the presiding judge or presiding justice where the litigation is to be filed. (§ 391.7, subd. (a); *Bravo v. Ismaj* (2002)

6

99 Cal.App.4th 211, 221 (*Bravo*).)  Permission to file may be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).)  The prefiling requirement "does not deny the vexatious litigant access to the courts but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." (*Bravo,* at pp. 221–222.)

In order to deem a party a vexatious litigant, a court must find the party falls under at least one of the four separate definitions set forth in the Code of Civil Procedure. (§ 391, subd. (b).)  As is relevant here, the code defines as vexatious any litigant who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) " 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court," which also includes any appeal. (§ 391, subd. (a); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216 (*McColm*).)

"What constitutes 'repeatedly' and 'unmeritorious' under subdivision (b)(3), in any given case, is left to the sound discretion" of the court. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971.)  The determinative factor is the nature and effect of the filings, not the number. (*Id.* at pp. 971–972.)  To qualify under subdivision (b)(3), courts have required that motions, pleadings or other papers be "so devoid of merit and be so frivolous that they can be described as a ' "flagrant abuse of the system," ' have 'no reasonable probability of success,' lack 'reasonable or probable cause or excuse' and are clearly meant to ' "abuse the processes of the courts and to harass the adverse party." ' " (*Id.* at p. 972.)  A review of even a few of Drevaleva's recent filings

demonstrates her persistent pattern of making requests unsupported by any legal authority or facts, and repeating arguments and requests after they have already been denied, thus fully satisfying these criteria.[4]

---

[4] Although we need not rely on any of Drevaleva's actions in her federal litigation for a conclusion that she meets the criteria for a vexatious litigant, Drevaleva admits that the United States District Court for Northern California has also previously revoked her in forma pauperis (IFP) status because she filed repetitive suits based on the same events. (See, e.g., *Drevaleva v. Wilkie* (N.D. Cal., Feb. 18, 2020, No. C 19-02665 WHA) 2020 U.S. Dist. Lexis 28336 [revoking IFP status because "[i]t is now clear that Ms. Drevaleva is abusing her IFP status. Instead of diligently pursing her *two* pending cases before our court of appeals, she has opened *three new* cases. These repetitive suits stem from the same events. Ms. Drevaleva is entitled to her day in court—she is not entitled to . . . impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense"]; see also *Drevaleva v. U.S. Dep't of Veterans Affairs* (N.D. Cal., Nov. 26, 2018, No. C 18-03748 WHA) 2018 U.S. Dist. Lexis 199766 [concluding Drevaleva's appeal of a district court order denying a request for the appointment of counsel was frivolous, and revoking her IFP status]; *Drevaleva v. Alameda Health Sys.* (N.D. Cal., July 24, 2017, Case No. 16-cv-07414-LB) 2017 U.S. Dist. Lexis 115180 [noting that Drevaleva's appeal was without merit and revoking her IFP status]; see Fed. Rules App.Proc., rule 24(a)(4), 28 U.S.C. [requiring district court clerk to immediately notify the court of appeals when the district court has denied a party's motion to proceed on appeal in forma pauperis].)

She has also filed several complaints and requests in federal court that have been determined adversely to her. (*Drevaleva v. Alameda Health Sys.* (9th Cir., Dec. 24, 2019, No. 17-16382) 2019 U.S. App. Lexis 38312, cert. den. May 18, 2020, __ U.S. __ [140 S.Ct. 2780, 206 L.Ed.2d 947] [affirming district court's dismissal of discrimination complaint]; *Drevaleva v. Alameda Health Sys.* (9th Cir. Feb. 28, 2019, No. 17-16382) 2019 U.S. App. Lexis 6208, cert. den. June 24, 2019, __ U.S. __ [139 S.Ct. 2759, 204 L.Ed.2d 1149] [denial of emergency motion to expedite time on appeal]; *Drevaleva v. U.S. Dep't of Veterans Affairs et al.* (9th Cir., Jan. 24, 2019, No. 18-17307) 2019 U.S. App. Lexis 2514, cert. den. June 3, 2019, __U.S.__[139 S.Ct. 2687, 204 L.Ed.2d 1078] [dismissing an appeal of a nonfinal or appealable order]; *Drevaleva v. Wilkie* (N.D. Cal., Nov. 7, 2019, No. C 19-02665 WHA) 2019 U.S. Dist. Lexis 194053 [dismissing with prejudice Drevaleva's complaint against West Los Angeles Veterans Affairs Medical Center alleging discrimination]; *Drevaleva v. United States* (N.D. Cal., Sept. 20, 2019, No. C 19-01454 WHA) 2019 U.S. Dist. Lexis 161366 [dismissing Drevaleva's complaint against Minneapolis Veterans Affairs Medical Center and entering final judgment against her].)

## A. Frivolous Motions and Requests in *Drevaleva VI, supra,* A158282

In *Drevaleva VI, supra,* A158282, she moved for all of the Justices in this Division to recuse themselves from adjudicating her appeal.  Rather than citing any authority or evidence warranting recusal, she asserted in a conclusory manner that the Justices were biased, prejudiced, and would rule in favor of AHS and DIR because those agencies' employees and the Justices all worked in the same building with each other.  (*Ibid.*)  Requests to recuse justices in the absence of any evidence supporting the existence of any relationship, personal or otherwise, between the justices and other litigants are frivolous, and Drevaleva's request is no different.[5]  (See *In re Koven* (2005) 134 Cal.App.4th 262, 273.)

In that same appeal, Drevaleva moved to disqualify counsel representing AHS because she alleged it had a conflict of interest under the American Bar Association Model Rules of Professional Conduct[6], rule 1.7. (*Drevaleva VI, supra,* A158282.)  But there was no basis for a disqualification motion grounded on conflict of interest because Drevaleva did not have an attorney-client relationship with AHS's counsel.  (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356 [requiring an attorney-client relationship or other confidential relationship with counsel to

---

[5] Drevaleva has also unsuccessfully sought to disqualify federal district court judges for bias and prejudice.  (See, e.g., *Drevaleva v. Wilkie* (N.D. Cal., Jan. 21, 2020, No. C 19-02665 WHA) 2020 U.S. Dist. Lexis 9884 [acknowledging Drevaleva's "vigorous disagreement with prior rulings," but noting the rulings "hew to the merits, not to any bias," and precluding further referrals to other judges based on alleged bias]; *Drevaleva v. U.S. Dep't of Veterans Affairs* (N.D. Cal., May 9, 2019, No. 18-cv-03748-WHA) 2019 U.S. Dist. Lexis 79022 [denying request to disqualify a district court judge based on claims he " 'has a bias and prejudice towards the Plaintiff and acts in favor of the opposing Party' "].)

[6] All references to the Rules of Professional Conduct are to the American Bar Association Model Rules of Professional Conduct.

disqualify an attorney from representation].)  She failed to cite any authority for her request, and there is nothing in Drevaleva's additional documents, including her "Objections to Defendants' Filing Named 'Opposition to Appellant's Motion to Disqualify Opposing Counsel,' addressing AHS's arguments regarding her motion to disqualify counsel.[7]  (*Drevaleva VI, supra,* A158282.)

In another request, Drevaleva attempted to conduct unnecessary discovery, imploring this court to "schedule a hearing and to order an **Officer** of [AHS] *itself* to <u>personally come to the hearing</u> and to declare under the penalty of perjury and under the laws of the State of California that this Officer was responsible for every statement that was presented to the Superior Court and the Court of Appeal for the First District, Division Four" during her trial court proceedings and appeals so that she could identify the person who owes her attorney fees.  (*Drevaleva VI, supra,* A158282.)  She cited nothing to support this court's alleged authority to issue a subpoena against an unknown employee at AHS to determine who must pay attorney fees to which Drevaleva, as a pro se litigant, is not in any event entitled.

After we issued our opinion in *Drevaleva VI,* Drevaleva filed a petition for rehearing, which we ultimately rejected in June 2020.  (*Drevaleva VI, supra,* A158282.)  The next month she nonetheless filed a patently meritless request that we consider various legal articles about awarding pro se litigants fees under the Federal Rules of Civil Procedure (28 U.S.C.), rule 11, even though there was no motion pending in the court, our decision did not address rule 11, and Drevaleva sought fees under the CPRA and section 128.5.  (*Ibid.*)

---

[7] We denied these motions and additional requests.

**B. Frivolous Motions and Requests in *Drevaleva VII, supra,* A158862**

In *Drevaleva VII, supra,* A158862, Drevaleva continued to make meritless requests, including repeating those that had already been denied.

In her request for oral argument, she again demanded that all the Justices in Division Four recuse themselves from that appeal and from "all [her] future Appeals." In support, she baldly asserted that the Justices are "biased and prejudiced towards [her]" and there was "no doubt that these Justices do anything possible to defend [her] abusers the California Department of Industrial Relations, Alameda Health System, and their Attorneys." Drevaleva went on to state that she had filed a claim under the Government Code against the Justices in Division Four "for ongoing fraud and harassment towards [her] and for ongoing impartial ruling against [her] in favor of the Opposing Parties." We again rejected her recusal demand. (See *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867 [litigants may not " 'shop' " for judges by "filing a lawsuit against those judges who enter rulings adverse to the litigant"].)

Drevaleva acted similarly in response to our July 2020 Vexatious Litigant Order to Show Cause. Instead of filing a response that was focused on the issues we had identified, she threatened to pursue efforts to have the Judicial Council permanently disqualify the Justices of this Division and to "indict all of them for a civil conspiracy" with AHS, AHS's counsel, and DIR because our decisions prevented her from being reinstated at AHS. Aside from parroting the statutes for civil conspiracy, Drevaleva cited no facts supporting her conclusory allegations. Indeed, Drevaleva admits, "I don't have any direct evidence of possible conspiracy between the Justices and AHS." These repeated meritless recusal requests alone satisfy the vexatious litigant criteria in section 391, subdivision (b)(3). (Cf. *Holcomb v. U.S. Bank*

11

*Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1504 [the vexatious litigant statute addresses " 'the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him' "].)

Drevaleva further filed more than five different motions and requests on May 4, 2020 alone. One was an "emergency" request that this court contact the California Supreme Court and the United States Court of Appeals for the Ninth Circuit to stay that court's dismissal of her appeal, even though she failed to identify any legal support for our supposed authority to stay a federal court order. Another was a "Motion to Deny the Narayan Travelstead Professional Law Corporation's Right for Self-Representation" based on AHS's counsel's failure to submit a declaration under penalty of perjury that it had personal knowledge of the factual assertions presented in AHS's brief. She also filed another frivolous "Motion to Disqualify the Opposing Counsel the Narayan Travelstead Professional Law Corporation from Representing Defendant Alameda Health System" because of an alleged conflict of interest under Rules of Professional Conduct, rule 1.7—largely repeating the arguments she made that were rejected in her motion to disqualify counsel in *Drevaleva VI.* (See *In re Whitaker, supra,* 6 Cal.App.4th at p. 56 [repeating arguments that have been made and rejected by the same court is frivolous conduct].) Such repeated duplicative filings are "tactics that are frivolous or solely intended to cause unnecessary delay." (See § 391, subd. (b)(3).)

On May 28, 2020, Drevaleva filed various documents, notifying us of a related case *Drevaleva v. Harding*, filed against her former AHS supervisor in Alameda County Superior Court. She also requested that we, among other things, extend the deadline for serving a trial court summons on the

12

respondent because she did not know his current location. She further requested us to order Equifax-Verification Services, a third-party without any ties to Drevaleva or respondent Harding, to disclose information about the respondent. She did not identify any legal basis for these requests.

A few days later, on June 3, Drevaleva filed a "1) Second Additional Information to My Notice of a Related Case [and] 2) Request for an Order." In this request, she admitted she was simply repeating her request filed on May 28. But she also demanded that we listen to the oral argument recording in an entirely different and completed appeal, *Drevaleva V,* to assess the veracity of statements made by AHS's counsel. She further requested, without citing any legal authority or evidence, that we notify the California Supreme Court and Attorney General of the State of California of potential criminal conduct by AHS counsel for possibly falsifying and lying about a signature by a process server. We denied these requests on June 16, 2020.

Even though we rejected her requests, Drevaleva made them again only one month later in July 2020. This time she submitted an affidavit citing Code of Civil Procedure, section 415.50, which authorizes serving a summons by publication if, among other things, "upon affidavit it appears to the satisfaction of the court *in which the action is pending* that the party to be served cannot with reasonable diligence be served in another manner specified" by statute. (§ 415.50, subd. (a) [italics added].) Drevaleva filed this affidavit in this court despite acknowledging that she also filed her request in the Alameda County Superior Court.

Drevaleva's refusal to adhere to court instructions prohibiting overly voluminous materials is apparent. She filed a request for permission to exceed the page and word count of her opening brief on November 25, 2019.

The next day, she filed a nearly identical second request for the same relief but increased her word count request by only 30 words. On May 4, 2020, the same day that she filed five separate motions and requests, she filed decisions in 13 cases from various Courts of Appeal throughout California without offering any explanation of their relevance to her appeal or pending motions.

On August 13, 2020, Drevaleva requested additional time to respond to this Court's Order to Show Cause why she should not be declared a vexatious litigant. We granted her request, stating that she "shall file a single brief" by August 17, 2020. Instead of complying with our directive, Drevaleva filed three briefs, totaling over 200 pages, on August 17 and 18. This response was submitted in addition to her previously-filed "Initial and Partial Response to the July 21, 2020 Order to Show Cause"—a document totaling 54 pages, including exhibits of other federal courts orders dismissing Drevaleva's lawsuits as frivolous.[8]

Despite this voluminous background, Drevaleva contends she should not be declared a vexatious litigant by citing section 391.1. That statute, she claims, provides that only a defendant, not an appellate court, can move to designate a plaintiff a vexatious litigant upon notice and a hearing. Drevaleva's reading of section 391.1 is accurate, but that provision is not applicable here. (§ 391.1 ["a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security" upon a

---

[8] Three days after the deadline for filing her reply brief (which she filed on August 21, 2020), Drevaleva submitted a "Response to the Order to Show Cause, Part 4," a 122-page document in which she largely reiterated her dissatisfaction with AHS's and DIR's responses to many of her discovery requests in the trial court. We struck this filing as untimely and in violation of our August 14, 2020 order setting deadlines and requiring her to file a "single brief" in response to the Order to Show Cause.

14

showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant"].)  As noted above, section 391.7 expressly states that "the court may, *on its own motion*" enter a prefiling order against a vexatious litigant. (§ 391.7, subd. (a), italics added.)  Our Supreme Court has confirmed that a Court of Appeal may, on its own motion, declare a party a vexatious litigant in the first instance on appeal. (*John v. Superior Court* (2016) 63 Cal.4th 91, 99–100.)

The sheer number and volume of irrelevant and frivolous documents that Drevaleva has filed or submitted have resulted in unnecessary burdens on this Court and respondents.  (Cf. *In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 755 [consequences of frivolous filings include that " '[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. . . . [T]he appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources' "].)  Drevaleva thus fulfills the vexatious litigant criteria under section 391, subdivision (b)(3).

## III.   DISPOSITION

Tatyana Drevaleva is hereby declared a vexatious litigant within the meaning of section 391, subdivision (b)(3).  Pursuant to section 391.7, henceforth she may not file any new litigation in the courts of the State of California in propria persona without first obtaining leave of the presiding judge or presiding justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).)  Disobedience of this order may be punished as a contempt of court. (*Ibid.*)  The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (*Id.*, subd. (f).)  Copies shall

also be mailed to the presiding judge and clerk of Alameda County Superior
Court.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

     *Plaintiff*                          Case No. 1:21-cv-00761-WPJ

               **v.**

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

     *Defendants*

# PROPOSED ORDER.

     GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's First Motion for Amended and Additional Findings and to amend the Orders and the Judgment is GRANTED.

     IT IS SO ORDERED.

_____

Date:               The Chief District Judge the Hon. William P. Johnson.