IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

      **Plaintiff,**

    vs.                      No.  21-cv-761 WJ-JFR

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS, ET AL.**

      **Defendants.**

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### FIRST MOTION FOR AMENDED OR ADDITIONAL FINDINGS (DOC. 528)

The Court should deny Plaintiff's First Motion for Amended or Additional Findings (Doc. 528) (the "Motion"). Plaintiff's Motion argues that the Court's Memorandum Opinion and Order Imposing Sanction of Dismissal with Prejudice (Doc. 526) (the "Order"), as well as its two prior orders warning her to comply with the Local Rules and Court's orders (Docs. 491 and 522), made various purported factual errors. Once again, Plaintiff refuses to acquaint herself with the applicable rules. Federal Rule of Civil Procedure 52(b) "applies only to cases in which a district court issues factual findings following a trial on the merits." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007). Because there was no trial on the merits or any accompanying factual findings, the Court has no basis for "amend[ing] its findings—or mak[ing] additional findings." Fed. R. Civ. P. 52(b); *accord Holmes v. Grant Cty. Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. 2019) ("Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial.").

To the extent the Court construes the Motion as one to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), the Motion fails to show "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Plaintiff's objections do not show any clear error in the Court's Order, which held that because Plaintiff willfully continued to wage her campaign of "submission of frivolous, irrelevant, and non-compliant pleadings" despite two prior explicit Court warnings, "DISMISSAL WITH PREJUDICE is the only suitable sanction hat will stem Plaintiff's abuse of the judicial process." Doc. 526 at 14. In fact, this latest submission—and the inevitable flurry of motions, appeals, and lawsuits that will sprout, Hydra-like, from each of the Court's orders—is further evidence of Plaintiff's vexatious litigation tactics.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's First Motion for Amended or Additional Findings (Doc. 528).

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed November 10, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically November 10, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney