FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 0 2021

## IN THE UNITED STATES DISTRICT COURT

MITCHELL R. ELFERS
CLERK

## FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

*Plaintiff*                                       Case No. 1:21-cv-00761-WPJ

v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

the U.S. Department of Veterans Affairs

*Defendants*

## FIRST MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; PROPOSED ORDER.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction.

On November 02, 2021, the U.S. District Court for the District of New Mexico entered an Order that was based on numerous erroneous factual findings and erroneous legal standards (Doc. No. 526) and entered a Judgment dismissing my claims with prejudice (Doc. No. 527.) On November 06, 2021, I served Ms. Lyman with my First Motion for Amended or Additional

- 1 -

Findings, First Motion to Amend the Judgment, the F.R.C.P. Rule 52(b) where I demonstrated that many of the Court's factual findings were erroneous. My intention is also to demonstrate to the U.S. District Court for the District of New Mexico its numerous legal errors that are based on the difference between the case laws of the 9th and the 10th Circuits (appointment of a Counsel in a Title VII case) and the difference between the Civil Local Rules of the U.S. District Court for the Northern District of California and the U.S. District Court for the District of New Mexico. Therefore, I am filing the First Motion for Altering or Amending a Judgment pursuant to the F.R.C.P. Rule 59, "(e), Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Prior to filing this Motion, I met and conferred with Ms. Lyman, and she notified me that she would oppose this Motion.

**Erroneous Fact No. 9**. Read the September 14, 2021 Order (Doc. No. 491), page 3, "Plaintiff continued her efforts (unsuccessfully) to vacate the district court judgment, again resorting to procedural means that were unsuitable for obtaining the relief requested, such as motions to amend and for injunctive relief. *See, e.g.*, Doc. 163[1] ... **Doc. 174** (Motion for Preliminary Injunction);..."

---

[1] In my November 06, 2021 First Motion for Amended or Additional Findings, First Motion to Amend the Judgment, the F.R.C.P. Rule 52(b), I discussed that my Supplemental Brief (Doc. No. 163) was legitimate pursuant to the Civ. L.R. Rule 7-3(d.) Also, please, see the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3(c), "**(c) Reply**. Any

<u>My objection</u>. On August 08, 2019, I legitimately filed my Noticed Motion for a Stay of the Judgment and **for Injunction Pending Appeal, F.R.A.P. 8(a)(1)**[2]; Request to Appoint a Master, 42 U.S.C. §2000e-5(f)(5), F.R.C.P. Rule 53 (Doc. No. 174.)

Read the **FRAP. 8. STAY OR INJUNCTION PENDING APPEAL**

**"(a) Motion for Stay.**

    **(1) Initial Motion in the District Court.** A party must ordinarily move first in the district court for the following relief:

        **(A)** a stay of the judgment or order of a district court pending appeal;

        **(B)** approval of a bond or other security provided to obtain a stay of judgment; or

        **(C)** an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."

---

reply to an opposition [to a Noticed Motion] **may include** affidavits or declarations, **as well as a supplemental brief** or memorandum under Civil L.R. 7-4",
available at https://www.cand.uscourts.gov/rules/local-rules/
"**May**" is permissive, see *U.S.A. v. State of Washington et al.*, No. 19-35673 (9th Circuit, 2020) (page 14, Footnote 6, citing *Fernandez v. Brock*, 840 F.2d 622, 632 (9th Cir. 1988).)
[2] The Federal Rules of Appellate Procedure of the 9th Circuit,
available at https://www.ca9.uscourts.gov/rules/

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on August 08, 2019 (Doc. No. 174) I followed the FRAP 8(a)(1)(A) and moved initially to the District Court for a stay of the judgment of the District Court pending appeal No. 19-16395, and I also followed the FRAP 8(a)(1)(C) and I moved for an order granting injunction while my Appeal No. 19-16395 was pending.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 10**. Read the November 02, 2021 Order (Doc. No. 526), page 3, "… **Doc. 193** at 2 (". . . plaintiff's action was dismissed, judgment has been entered, and the case remains closed." "

My objection. On September 03, 2019 (Doc. No. 193), Judge Alsup denied my September 01, 2019 Second Motion to Vacate the Judgment (Doc. No. 192.) Please, notice that Judge Alsup issued his September 03, 2019 Order (Doc. No. 193) only in two days after I filed my Second Motion to Vacate the Judgment (Doc. No. 192.) In his Order, Judge Alsup reasoned that, because I timely filed a Notice of Appeal of the July 11, 2019 Judgment, the District Court didn't have jurisdiction to rule on my First and Second Motions to Vacate the Judgment.

Read Judge Alsup's September 03, 2019 Order (Doc. No. 193), page 2, lines 9-13, "In denying plaintiff's prior motion to vacate judgment, the Court held that it lacked jurisdiction to reopen the case (*ibid.*). To the extent plaintiff seeks reconsideration of the prior order denying

the motion to vacate (see Dkt. Nos. 174 at 8; 192), the request is **DENIED**. The fact remains that **the district court lacks jurisdiction to reopen the case**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that both Judge Alsup's Orders (Doc. No. 171 and 193) that denied my two Motions to Vacate the Judgment (Doc. No. 158 and 192) stated that the District Court **didn't have jurisdiction** to vacate the July 11, 2019 Judgment (Doc. No. 154-155) because I filed a Notice of Appeal of the July 11, 2019 Judgment (Doc. No, 157), and because I filed an Amended Notice of Appeal of the August 05, 2019 Order that denied my First Motion to Vacate the Judgment (Doc. No. 171.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 11**. Read the September 14, 2021 Order (Doc. No. 491), page 2, "The case has a convoluted procedural history, due largely to Ms. Drevaleva's propensity for littering the docket with cumulative and irrelevant pleadings which failed to comply with the court's federal and local rules, including filing frequent notices of appeal. *See, e.g.*, Docs. 58, 70, 75, 157, 173, 196, 197, 284, 250, & 355 (Notices of Appeal)."

My objections. **Part 1**. My Notice of Appeal, Doc. No. 58.

On November 19, 2019, Judge Alsup denied my request to appoint a Counsel in a Title VII case (Doc. No. 57) for the following reasons, pages 1-2, "*Second*, plaintiff requests

appointment of counsel pursuant to 42 U.S.C. Section 2000e-5(f)(1)(B) (Dkt. No. 40 at 14). Under *Mallard v. United States District Court*, 490 U.S. 296, 304–05 (1989), there is no constitutional right to appointment of counsel in civil cases. To determine whether plaintiff is entitled to appointment of counsel under Title VII, the Court must assess: (1) plaintiff's financial resources; (2) plaintiff's efforts to secure counsel; and (3) whether plaintiff's claims have merit. *Bradshawe v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Plaintiff has not produced evidence of her efforts to secure counsel.

Plaintiff is also advised that helpful information is available online at: http://cand.uscourts.gov/proselitigants and also in person at the legal help center. An appointment with the legal help center may be made by calling 415-782-9000, extension 8657. At this time, plaintiff's request for appointment of counsel must be **DENIED**."

On November 20, 2018, I filed a Notice of Appeal of Alsup's November 19, 2018 Order that denied my request to appoint a Counsel, see Doc. No. 58 (Appeal No. 18-17241 at the 9th Circuit.) In the 9th Circuit, the Order of the District Court that denied an appointment of a Counsel in a Title VII case is immediately appealable pursuant to 28 U.S.C. § 1291. Please, read *Bradshawe v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981),

"*C. Order Denying Appointment of Counsel*

The principal issue before us is whether orders denying appointment of counsel in Title VII suits are appealable under section 1291. We find ourselves in agreement with the circuits that

have previously addressed this question. All have held such orders appealable, finding them to fall squarely within the *Cohen* "collateral order" exception to the final judgment rule. The starting point for our discussion is the Court's statement in Cohen [*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)]:

Four circuits have expressly held orders denying appointment of counsel in Title VII cases appealable under *Cohen*. *Jones v. WFYR Radio*, 626 F.2d 576 (7th Cir. 1980); *Hudak v. University of Missouri*, 586 F.2d 105 (8th Cir. 1978) (per curiam), cert. denied, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979); *Caston v. Sears, Roebuck Co.*, 556 F.2d 1305 (5th Cir. 1977); *Spanos v. Penn Cent. Trans. Co.*, 470 F.2d 806 (3d Cir. 1972) (per curiam); cf. *Ray v. Robinson*, 640 F.2d 474, 475-77 (3d Cir. 1981).

In addition to the four circuits which have expressly held orders denying appointment of counsel in Title VII cases appealable, the Second Circuit had held that an order denying appointment of counsel under 28 U.S.C. § 1915(d) is appealable under *Cohen*. *Miller v. Pleasure*, 296 F.2d 283 (2d Cir. 1961) (per curiam), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). The *Miller* reasoning is equally applicable to Title VII orders. **Only the Tenth Circuit has held orders denying appointment of counsel under section 1915(d) not appealable as final orders. *Cotner v. United States Probation Officer Mason*, 657 F.2d 1390 (10th Cir. 1981)**. Further, the Sixth Circuit has implicitly reached a similar result with respect to orders denying appointment of counsel in Title VII suits, without discussing the issue. *Harris v. Walgreen's Dist. Center*, 456 F.2d 588 (6th Cir. 1972).

This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

377 U.S. at 546, 69 S.Ct. at 1225-26.

Few of the cases deciding the question of appealability of a refusal to appoint counsel have considered the issue sufficiently difficult to merit prolonged discussion; most take their lead from the Fifth Circuit's opinion in *Caston v. Sears, Roebuck Co.*, 556 F.2d 1305 (5th Cir. 1977). The court, relying on *Cohen*, gave close attention to the nature of the order in reaching its conclusion regarding appealability; to deny review, the court suggested, would impede, rather than further, the ultimate resolution of the litigation:

*Caston* is also the common source for the test applied in reviewing such orders on the merits. See part II, infra.

The refusal to appoint an attorney is clearly "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 [69 S.Ct. 1221, 1226, 93 L.Ed. 1528] . . . . (1949). Obviously, the refusal to appoint an attorney is collateral to the merits of the case. The decision to deny the assistance of an appointed attorney to a layman unschooled in the law in an area as complicated as the civil rights field is truly too

important to be deferred until a resolution on the merits can be had. Such an individual likely has little hope of successfully prosecuting his case to a final resolution on the merits.

    *Id.* at 1308.

    The Supreme Court has, since *Caston*, restated the *Cohen* doctrine to require that "'the order . . . conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.'" *Firestone Tire Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting *Coopers Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 312 (1978)). Our examination of each of these factors leads us to agree with the Third Circuit's recent decision, *Ray v. Robinson*, 640 F.2d 474, 476-77 (3d Cir. 1981), reaffirming the unanimous view that orders denying motions for appointment of counsel are appealable under section 1291."

    I've found the case law *Charles R. Morales v. United States Postal Service*, 166 F.3d 347 (**10th Cir. 1998**) that discussed **a post-Judgment** Appeal pursuant to 28 U.S.C. § 1291 of a **pre-Judgment** Order of a Magistrate Judge that denied a request to appoint a Counsel **in a Title VII case**.

    I've been unable to find a recent Opinion of the 10th Circuit about whether or not **a pre-Judgment** Order of the District Court that denied Plaintiff's request to appoint a Counsel in a Title VII case is immediately appealable pursuant to 28 U.S.C. § 1291. II am emphasizing that in

the 9th Circuit this Order is immediately appealable **before** the District Court enters a final Judgment.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in the 9th Circuit a pre-Judgment Order of the District Court that denies Plaintiff's request to appoint a Counsel **in a Title VII case** is immediately appealable pursuant to 28 U.S.C. § 1291 before the District Court enters a Final Judgment.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 2**. My Notice of Appeal, Doc. No. 70.

On October 09, 2018, Assistant U.S. Attorney Ms. Clair Cormier filed a Noticed Motion to Dismiss my lawsuit No. 3:18-cv-03748-WHA (Doc. No. 34) pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-2. On October 21, 2018, I filed an Opposition to Ms. Cormier's Motion to Dismiss (Doc. No. 40) pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3(a.) On October 26, 2018, Ms. Cormier filed a Reply (Doc. No. 41) to my Opposition pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3(c.) In this Reply, Ms. Cormier unlawfully raised the new legal arguments that she hadn't previously raised in her Motion to Dismiss. It was unlawful because, pursuant to the Civil Local Rule 7-

3(d), I was unable to respond to the new legal arguments without obtaining leave of the Court. On October 27, 2018. I filed an MOTION for Leave to File Supplemental Brief (Doc. No. 42) pursuant to the Civil Local Rule 7-3(d) where I asked the District Court to allow me to file a Supplemental Brief and to respond to the new legal arguments that Ms. Cormier improperly raised the first time in her Reply.

On November 02, 2018, Judge Alsup denied my Motion for Leave to File a Supplemental Brief (Doc. No. 51.) He concluded that I'd had an opportunity to fully present my legal arguments in my Opposition to Ms. Cormier's Motion to Dismiss. I thought that this Order was improper, and on December 03, 2018 I filed a Notice of an interlocutory Appeal (Doc. No. 70) of Alsup's Order (Doc. No. 51) that denied my request to file a Supplemental Brief (Appeal No. 18-17307.) I thought that I was filing this interlocutory Appeal pursuant to Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 2000e-5,

**"(j) Appeals**

Any civil action brought under this section and any proceedings brought under subsection (i) **shall**[3] be subject to appeal as provided in sections 1291 and **1292, title 28**."

---

[3] "Shall" is a mandatory obligation, see *Tin Cup, LLC, an Alaska limited liability company, v. United States Army Corps of Engineers*, No. 17-35889 (9th Circuit, 2018) (citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 69 (2004).)

Therefore, I thought that I had properly filed a Notice of an interlocutory Appeal No. 18-17307 pursuant to 42 U.S.C. § 2000e-5(j) and pursuant to **28 U.S. Code § 1292** - Interlocutory decisions.

However, the 9th Circuit disagreed with me and dismissed my Appeal No. 18-17307 stating lack of jurisdiction, see Doc. No. 114,

"Before: THOMAS, Chief Judge, GOULD and PAEZ, Circuit Judges.

A review of the record demonstrates that this court lacks jurisdiction over this appeal because the November 2, 2018 order challenged in the appeal is not final or appealable. See **28 U.S.C. § 1291**. Consequently, this appeal is dismissed for lack of jurisdiction.

All pending motions are denied as moot.

DISMISSED."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 2000e-5(j) imposes a mandatory obligation on the appellate Courts (the word "shall" to process interlocutory Appeals in Title VII cases pursuant to 28 U.S. Code § 1292 - Interlocutory decisions.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make another additional finding that, ruling in Appeal No. 18-17307, the 9th Circuit acted contrary to the plain language of Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 2000e-5(j), and the 9th Circuit refused to process my Interlocutory Appeal pursuant to 28 U.S. Code § 1292.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make another additional finding that, ruling in Appeal No. 18-17307, the 9th Circuit wanted jurisdiction pursuant to 28 U.S. Code § **1291** (a final Judgment) that was absent at the time when I filed my Notice of Appeal No. 18-17307.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 3**. My Notice of Appeal, Doc. No. 75.

On December 03, 2018, Judge Alsup denied my October 19, 2018 Motion for Preliminary Injunction (Doc. No. 39) where I asked the Court to IMMEDIATELY reinstate me back to work (Doc. No. 69.)

On December 07, 2018, I filed a Notice of Appeal No. 18-17343 of the December 03, 2018 Order that denied my Motion for **Preliminary Injunction** (Doc. No. 75.) I filed this Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1),

"**(a)** Except as provided in subsections (c) and (d) of this section, the courts of appeals **shall** have jurisdiction of appeals from:

> **(1)** Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, **refusing** or dissolving **injunctions**, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

Please, notice that in the 9th Circuit Preliminary Injunction (PI) Appeals are governed by the **CIRCUIT RULE 3-3. PRELIMINARY INJUNCTION APPEALS**[4],

"(a) Every notice of appeal from an interlocutory order (i) granting, continuing, modifying, refusing or dissolving a preliminary injunction or (ii) refusing to dissolve or modify a preliminary injunction shall bear the caption "PRELIMINARY INJUNCTION APPEAL." Immediately upon filing, the notice of appeal must be transmitted by the district court clerk's office to the Court of Appeals clerk's office. (*Rev. 12/1/09*)

(b) Within 7 days of filing a notice of appeal from an order specified in subparagraph (a), the parties shall arrange for **expedited preparation** by the district court reporter of all portions of the official transcript of oral proceedings in the district court which the parties desire to be

---

[4] I used the version of the FRAP of the 9th Circuit as of June 01, 2019.

included in the record on appeal. Unless otherwise established by Court order in a particular case, the following briefing deadlines will apply: Within 28 days of the docketing in the district court of a notice of appeal from an order specified in subparagraph (a), the appellant shall file an opening brief and excerpts of record. Appellee's brief and any supplemental excerpts of record shall be filed within 28 days of service of appellant's opening brief. Appellant may file a brief in reply to appellee's brief within 21 days of service of appellee's brief. (*Rev. 12/1/02; 12/1/09; 6/1/17*)

(c) If a party files a motion to expedite the appeal or a motion to grant or stay the injunction pending appeal, the Court, in resolving those motions, may order a schedule for briefing that differs from that described above. (*Rev. 7/1/06*)

**Cross Reference**: (*Rev. 7-1-06*)

• FRAP 8. Stay or Injunction Pending Appeal on page 27

• Circuit Rule 27-2. Motions for Stays Pending Appeal on page 95

• Circuit Rule 27-3. Emergency and Urgent Motions on page 95

• FRAP 10. The Record on Appeal on page 31

• Circuit Rule 10-2. Contents of the Record on Appeal on page 33

• Circuit Rule 10-3. Ordering the Reporter's Transcript on page 33

• Circuit Rule 30-1. The Excerpts of Record on page 124

• FRAP 34. Oral Argument on page 145

• Circuit Rule 34-3. Priority Cases on page 146."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, pursuant to 28 U.S.C. § 1292(a)(1) and the Circuit Rule 3-3 of the 9th Circuit, I was statutorily entitled to an immediate interlocutory Preliminary Injunction Appeal No. 18-17343 that should be expedited in every way, see the Circuit Rule 3-3(b.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 4**. My Notice of Appeal, Doc. No. 157.

On July 11, 2019, Judge Alsup ruled against me and entered a Final Judgment in favor of Secretary of the U.S., see Doc. No. 154-155.

On July 13, 2019 that was within 60 days[5] from the July 11, 2019 Judgment, I timely filed a Notice of Appeal No. 19-16395 of the July 11, 2019 Final Judgment (Doc. No. 157) pursuant to 28 U.S.C. § 1291 - Final decisions of district courts,

"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) **shall have jurisdiction of appeals from all final decisions of the district courts of the United States**, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal

---

[5] See the FRAP 4(a)(1)(B)(ii) and (iii) – within 60 days from the Final Judgment.

Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

(June 25, 1948, ch. 646, 62 Stat. 929; Oct. 31, 1951, ch. 655, § 48, 65 Stat. 726; Pub. L. 85–508, § 12(e), July 7, 1958, 72 Stat. 348; Pub. L. 97–164, title I, § 124, Apr. 2, 1982, 96 Stat. 36.)"

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, pursuant to 28 U.S.C. § 1291 and the FRAP 4(a)(1)(B)(ii) and (iii), I timely filed a Notice of Appeal No. 19-16395 (Doc. No. 157) of the July 11, 2019 **Judgment** (Doc. No. 154-155.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 5**. My Notice of Appeal, Doc. No. 173.

On July 13, 2019, I filed a Notice of Appeal (Doc. No. 157) of the Final Judgment (Doc. No. 154-155.) **Next day** on July 14, 2019, I filed the First Motion to Vacate the Judgment (Doc. No. 158) pursuant to the F.R.C.P. Rule 60(b.)

On July 22, 2019, Assistant U.S. Attorney Ms. Robinson filed an Opposition to my First Motion to Vacate the Judgment (Doc. No. 166) where she wrote, page 2, "As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal.'" *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (quoting *Griggs v. Provident Consumer Discount* Co., 459 U.S. 56, 58 (1982) (per curiam)). Here, because Plaintiff's July 13, 2019 Notice of Appeal of the final judgment conferred jurisdiction on the Court of Appeals and divested this Court of its control over aspects of the case pertaining to the final judgment, this Court now lacks jurisdiction to consider Plaintiff's Motion. Accordingly, Plaintiff's Motion should be denied."

On August 05, 2019, Judge Alsup denied my First Motion to Vacate the Judgment (Doc. No. 171) stating that, pages 1-2, "Rule 60(b) sets forth the grounds for relief from a final judgment, including, in relevant part:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud (whether previously called intrinsic or extrinsic), representation, or misconduct by an opposing party.

Considering that plaintiff's motion and subsequent briefs only introduce new legal theories and do not introduce any instances of mistake, newly discovered evidence, or misconduct, the motion does not warrant reopening the case at this late stage.

Furthermore, it is generally understood that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *E.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Plaintiff's civil action was dismissed, judgment entered, and the case closed. This

order of events neatly conferred jurisdiction on our court of appeals. The district court lacks jurisdiction to reopen the case.

For the reasons stated herein, the motion to vacate the judgment is **DENIED**."

On August 06, 2019, I filed **the First Amended** Notice of Appeal (Doc. No. 173) **of the August 05, 2019 Order** that denied my First Motion to Vacate the Judgment.

Please, notice a material; difference between my Notices of Appeal:

1) Doc. No. 158 – I appealed the final Judgment of the District Court (Doc. No, 154-155)

2) Doc. No. 173 – I appealed the August 05, 2019 Order of the District Court (Doc. No. 171) that denied my First Motion to Vacate the Judgment (Doc. No. 158.)

Please, read my Supplemental Brief named "Additional Information to my Reply to Defendants' Opposition to my Motion to Vacate the Judgment" (Doc. No. 168), page 2,

"Read F.R.A.P. 4. APPEAL AS OF RIGHT—WHEN TAKEN

(a) Appeal in a Civil Case.

(4) Effect of a Motion on a Notice of Appeal.

(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allotted

by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B) (i) If a party files a notice of appeal <u>after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)</u>—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

<u>My argument</u>.

I timely filed a Notice of Appeal, and I timely filed a Motion to Vacate the Judgment pursuant to F.R.C.P. Rule 60. The District Court has jurisdiction to rule on my Motion to Vacate the Judgment. My Notice of Appeal will become effective after the Court's ruling on my Motion to Vacate the Judgment."

Also, please, read my Supplemental Brief (Doc. No. 169), page 2, "Read *Resnik v.La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961), "As a general rule, of course, once an appeal has been taken — once notice of appeal has been timely filed — the district court is divested of jurisdiction to take any action <u>except in aid of the appeal</u>. 7 Moore, Federal Practice 3158-59. *Miller v. United States*, 7 Cir., 114 F.2d 267, certiorari denied 313 U.S. 591, 61 S.Ct. 1114, 85 L.Ed. 1545." "

Read my Supplemental Brief (Doc. No. 177), page 11, line 10, "Read *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)..."

Read from page 12, line 23 to page 13, line 2, "New Rule[6] 4(a)(4) states: [Footnote 2]

"If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party . . . <u>under Rule 59</u> . . . <u>the time for appeal for all parties shall run from the entry of the order denying . . . such motion.</u> **<u>A notice of appeal filed before the disposition of [such motion] shall have no effect.</u>** <u>A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.</u>" "

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on August 06, 2019 I timely filed a Notice of Appeal (Doc. No. 173) of Alsup's August 05, 2019 Order (Doc. No. 171) that denied my First Motion to Vacate the Judgment (Doc. No. 158.) This Notice of Appeal was properly filed pursuant to the amended FRAP 4(a)(4) of 1979 and *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

---

[6] The amended FRAP of 1979, see Doc. No. 177, page 12, lines 10-22 citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982.)

**Part 6**. My Notices of Appeal, Doc. No. 196 and 197.

On September 01, 2019, I filed the Second Motion to Vacate the Judgment (Doc. No. 192.) On September 03, 2019, Judge Alsup denied this Motion (Doc. No. 193.) On September 12, 2019, I timely filed the Second Amended Notice of Appeal (Doc. No. 196) of the September 03, 2019 Order that denied my Second Motion to Vacate the Judgment.

On September 12, 2019, I filed an Errata (Doc. No. 197) to my Second Amended Notice of Appeal.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 12, 2019 I timely filed the Second Amended Notice of Appeal (Doc. No. 196) of the September 03, 2019 Order (Doc. No. 193) that denied my Second Motion to Vacate the Judgment (Doc. No. 192.) This Second Amended Notice of Appeal was properly filed pursuant to the amended FRAP 4(a)(4) of 1979 and *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 197 was an Errata to my Second Amended Notice of Appeal (Doc. No. `196.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 7**. My Notice of Appeal, Doc. No. 284.

On July 09, 2020, Judge Alsup allowed me to file the Third Motion to Vacate the Judgment (Doc. No. 258.) On July 11, 2020, I filed the Third Motion to Vacate the Judgment (Doc. No. 259.) On September 02, 2020, Alsup denied this Motion (Doc. No. 281.) On September 17, 2020, I filed the Third Amended Notice of Appeal (Doc. No. 284.) In this Notice, I also appealed Alsup's denial of my two Administrative Motions (Doc. No. 260 and 263.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 17, 2020 I timely filed the Third Amended Notice of Appeal (Doc. No. 284) of the September 02, 2020 Order (Doc. No. 281) that denied my Third Motion to Vacate the Judgment (Doc. No. 258) and that denied my two Administrative Motions (Doc. No. 260 and 263.) This Third Amended Notice of Appeal was properly filed pursuant to the amended FRAP 4(a)(4) of 1979 and *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Part 8**. My Notice of Appeal, Doc. No. 355.

It was a Preliminary Injunction Appeal No. 21-15611 of the April 05, 2021 Order of Judge Spero (Doc. No. 345) that denied my post-remand Motions for Preliminary Injunction (Doc. No. 322 and 327.)

- 23 -

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on April 13, 2021 I timely filed a Notice of Appeal No. 21-15611 (Doc. No. 355) of the April 05, 2021 Order (Doc. No. 345) that denied my Motions for Preliminary Injunction (Doc. No. 322 and 327.) This Notice of Appeal was proper pursuant to 28 U.S.C. § 1292(a)(1) and the Circuit Rule 3-3 of the 9th Circuit,

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 07, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

November 07, 2021.

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On November 07, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) FIRST MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e); MEMORANDUM OF POINTS AND AUTHORITIES
2) A SEPARATE BRIEF;
3) DECLARATION;
4) PROPOSED ORDER.

On November 07, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on November 07, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: November 07, 2021.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

     *Plaintiff*                           Case No. 1:21-cv-00761-WPJ

                v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

     *Defendants*

# DECLARATION TO THE FIRST MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e.)

I, Plaintiff Tatyana E. Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a Party in this action

2) I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) In its September 14, Order, the U.S. District Court for the District of New Mexico made numerous factual and legal errors that were based on the difference between the case laws of the 9th and the 10th Circuit regarding appointment of a Counsel in a Title VII case; regarding five *Bauman*'s factors in a Petition for an Extraordinary Writ; and

- 1 -

on the difference between the Civil Local Rules of the U.S. District Court for the Northern District of California and the U.S. District Court for the District of New Mexico

4) Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in Doc. No. 115 the 9th Circuit refused to process my Petition for an Extraordinary Writ No. 19-70073 because the 9th Circuit concluded that this Petition **had not satisfied five *Bauman*'s factors**, see my Separate Brief, see *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977.) I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the 9th Circuit only refused to process my Petition No. 19-70073 **by way of an Extraordinary Writ**. The ruling of the 9th Circuit in Doc. No. 115 had nothing to do with the **merits** of my Petition No. 19-70073 where I attempted to challenge the December 03, 2018 Order of Judge Alsup (Doc. No. 69)

5) Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and the November 02, 2021 Judgment (Doc. No. 527) accordingly

6) In its November 02, 2021 Order and Judgment (Doc. No. 526 and 527), the U.S. District Court for the District of New Mexico largely relied on the erroneous September 14, 2021 Order (Doc. No. 491)

7) I am filing the First Motion for Altering or Amending the September 14, 2021 Order and both the November 02, 2021 Order and Judgment accordingly pursuant to the F.R.C.P. Rule 59(e)

8) **The F.R.C.P. Rule 11(b) Statement**.

9) I, Tatyana Evgenievna Drevaleva, am a Plaintiff Pro Se in the lawsuit No. 1:21-cv-00761-WJ-JFR. Pursuant to the F.R.C.P. Rule 11(b), I hereby declare that:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it - I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

- 3 -

10) For the reasons that I stated in my Motion, I am respectfully asking the U.S. District Court for the District of New Mexico to make additional factual findings and to amend the September 14, 2021 Order and both the November 02, 2021 Order and Judgment (Doc. No. 491, 526 and 527) accordingly pursuant to the F.R.C.P. Rule 59(e.)

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 07, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

November 07, 2021.

- 4 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                        Case No. 1:21-cv-00761-WPJ

           v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

    *Defendants*

## PROPOSED ORDER.

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's First Motion for Altering or Amending a Judgment, the F.R.C.P. RULE 59(e) is GRANTED.

IT IS SO ORDERED.

_____    _____

Date:               The Chief District Judge the Hon. William P. Johnson.

- 1 -

FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FLAT RATE ENVELOPE
POSTAGE REQUIRED

0001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

RATE EN
■ ANY WEIGHT

ED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

delivery date specif

mestic shipments inc

acking® included for c

nternational insuranc

e internationally, a c

not cover certain items

Manual at http://pe.usps

tal Mail Manual at http:

UNITED STAT
POSTAL SE

**P**

UNITED STATES
POSTAL SERVICE®

**PRIORITY MAIL 2-DAY®**

US POSTAGE PAID
**$8.70**

Origin: 94118
11/08/21
0568170C159-01

Retail

EXPECTED DELIVERY DAY: 11/12/21

0 Lb 7.40 Oz

1022

C023

SHIP
TO:
333 LOMAS BLVD NW
ALBUQUERQUE NM 87102-2272

USPS TRACKING® #

9505 5130 1382 1312 8069 11



FROM:

Tatyana Gverdtere
5015 Clement St, Apt. 204
San Francisco, CA, 94121

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
NOV 10 2021
MITCHELL R. ELFERS
CLERK

TO:

Pete V. Domenici
U.S Courthouse
333 Lomas Blvd, NW
Albuquerque, NM, 87102

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.