FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

 NOV 10 2021

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*      Case No. 1:21-cv-00761-WPJ

    v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

**A SEPARATE BRIEF IN SUPPORT TO MY FIRST MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e); THE CIV. LOC. RULES OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO, RULE 7.3(a.)**

    <u>Erroneous Fact No. 12</u>. Read the September 14, 2021 Order (Doc. No. 491), pages 2-3, "[Ms. Drevaleva's] **motions** <u>for writs of mandamus</u>, … were all denied by the Ninth Circuit. *See, e.g.*, Docs. **115**, …. There is no doubt that the Ninth Circuit must have been somewhat frustrated by Ms. Drevaleva's constant stream of procedurally defective filings, as indicated by the tone of some of its orders. *See, e.g.*, Docs. **115**, … (advising Plaintiff that the case had been closed and that "[n]o further filings will be entertained . . .")."

    <u>My objections</u>. There is no such thing as a "**Motion** for Writ of Mandate" at the 9th Circuit. If the petitioner wants to obtain a review of the pre-Judgment Order of the District Court,

a petitioner must file a **Petition** for an Extraordinary Writ at the 9th Circuit. Please, see Doc. No. 115 that is an Order of the 9th Circuit that denied my **Petition** for an Extraordinary Writ No. 19-70073 that I filed in an attempt to challenge the December 03, 2018 Order (Doc. No. 69.)

In Doc. No. 115, the 9th Circuit concluded that I had not demonstrated that my case warranted intervention **by way of an Extraordinary Writ**. In the 9th Circuit, all Petitions for an Extraordinary Writs are analyzed using five *Bauman*'s factors, see *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977.) Analyzing these five factors regarding my Petition for an Extraordinary Writ No. 19-70073, the 9th Circuit concluded that my Petition did not satisfy these factors, and therefore the 9th Circuit denied this Petition, notified me that "No further filings will be entertained in this closed case", and denied all pending Motions. This ruling had nothing to do with deciding **on the merits** of the Petition No. 19-70073. This ruling only indicated that **my Petition had not satisfied five *Bauman*'s factors** such as, "(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. *Kerr v. United States District Court, supra*, 426 U.S. at 403, 96 S.Ct. 2119; *Roche v. Evaporated Milk Ass'n.*, 319 U.S. 21, 26, 27-29, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); *Arthur Young Co. v. United States District Court, supra*, 549 F.2d at 691-692; *American Fid. Fire Ins. Co. v. United States District Court*, 538 F.2d 1371, 1374 (9th Cir. 1976); *Pan American World Airways, Inc. v. United States District Court*, 523 F.2d 1073, 1076 (9th Cir. 1975); *Kerr v. United States District Court, supra*, 511 F.2d at 196; *Belfer v. Pence*, 435 F.2d 121, 123 (9th Cir. 1970). (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) *Arthur Young Co. v. United States District Court, supra*, 549 F.2d at 691-692; *Pan*

*American World Airways, Inc. v. United States District Court, supra*, 523 F.2d at 1076; *Kerr v. United States District Court, supra*, 511 F.2d at 196; *Belfer v. Pence, supra*, 435 F.2d at 123. (3) The district court's order is clearly erroneous as a matter of law. *Arthur Young Co. v. United States District Court, supra*, 549 F.2d at 691-692, 692-697; *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976); *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir. 1976); *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1079 (9th Cir. 1976); *Pan American World Airways, Inc. v. United States District Court, supra*, 523 F.2d at 1076, 1077-81; *McDonnell Douglas Corp. v. United States District Court*, 523 F.2d 1083 (9th Cir. 1975), cert. denied, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *Kerr v. United States District Court, supra*, 511 F.2d at 196. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. *LaBuy v. Howes Leather Co., supra*, 352 U.S. at 255-60, 77 S.Ct. 309; *McDonnell Douglas Corp. v. United States District Court, supra*, 523 F.2d at 1087. (5) The district court's order raises new and important problems, or issues of law of first impression. *Schlagenhauf v. Holder*, 379 U.S. 104, 111, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Pan American World Airways, Inc. v. United States District Court, supra*, 523 F.2d at 1076."

    Respectfully submitted,

    s/ Tatyana Drevaleva, Plaintiff Pro Se

    November 07, 2021.