### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**TATYANA EVGENIEVNA DREVALEVA,**

      **Plaintiff,**

    **vs.**                          **No.  21-cv-761 WJ-JFR**

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS, ET AL.**

      **Defendants.**

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### FIRST MOTION FOR ALTERING OR AMENDING A JUDGMENT (Doc. 530)

The Court should deny Plaintiff's First Motion for Altering or Amending a Judgment (Doc. 530) (the "Motion").[1] Plaintiff's Motion argues that the Court's Memorandum Opinion and Order Imposing Sanction of Dismissal with Prejudice (Doc. 526) (the "Order"), as well as its prior order warning her to comply with the Local Rules and Court's orders (Doc. 491), made various purported legal errors. However, while styled as a motion pursuant to Federal Rule of Civil Procedure 59(e), the Motion repeatedly requests additional factfinding pursuant to Rule 52(b). Furthermore, the running list of "Erroneous Facts" appears to be a continuation from Plaintiff's First Motion for Amended or Additional Findings (Doc. 528).

As Defendant has previously noted, *see* Doc. 529, Federal Rule of Civil Procedure 52(b) "applies only to cases in which a district court issues factual findings following a trial on the merits." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007). Because there was

---

[1] Even though Plaintiff filed a notice of appeal after filing the Motion, *see* Doc. 532, the Court retains jurisdiction over the Motion. *See Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1245 (10th Cir. 2007); *LeBlanc v. Halliburton Energy Servs., Inc.*, 446 F. Supp. 3d 879, 881 (D.N.M. 2020).

no trial on the merits or any accompanying factual findings, the Court has no basis for "amend[ing] its findings—or mak[ing] additional findings." Fed. R. Civ. P. 52(b); *accord Holmes v. Grant Cty. Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. 2019) ("Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial.").

To the extent the Court construes the Motion as one to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), the Motion fails to show "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Plaintiff's objections still do not show any clear error in the Court's orders that would justify a modification. *See, e.g.*, *Eberly v. Manning*, No. CV 04-0977 WJ/RLP, 2006 WL 8443598, at *2 (D.N.M. Oct. 25, 2006) (rejecting a Rule 59(e) motion to set aside sanctions where the purported errors had no bearing on whether sanctions were warranted under 28 U.S.C. § 1927).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's First Motion for Altering or Amending a Judgment (Doc. 530).

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed November 9, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically November 9, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney

3