FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 6 2021

MITCHELL R. ELFERS
CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                                                   Case No. 1:21-cv-00761-WPJ

               v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

   the U.S. Department of Veterans Affairs

    *Defendants*

## FIRST MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE 60.


## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Tatyana Drevaleva is filing the First Motion to Vacate the November 02, 2021 Judgment pursuant to the F.R.C.P. Rule 60. Prior to filing this Motion, I met and conferred with Ms. Lyman, and she notified me that she would oppose this Motion.

**Erroneous Fact No. 13.** Read the September 14, 2021 Order (Doc. No. 491), pages 2-3, "[Ms. Drevaleva's] **motions** for writs of mandamus, … were all denied by the Ninth Circuit. *See, e.g.*, Docs. …. **209**, … **285**. There is no doubt that the Ninth Circuit must have been somewhat frustrated by Ms. Drevaleva's constant stream of procedurally defective filings, as

indicated by the tone of some of its orders. *See, e.g.*, Docs. ... **209** (advising Plaintiff that the case had been closed and that "[n]o further filings will be entertained . . .")."

    <u>My objections</u>. See Doc. No. 209 that is an Order of the 9th Circuit that denied my **Petition** (not Motion) for Writ of Mandate No. 19-72796. Also, see Doc. No. 285 that is an Order of the 9th Circuit that denied my **Petition** (not Motion) for Writ of Mandate No. 20-72581. Both Orders stated that "Petitioner has not demonstrated that this case warrants the intervention of this court **by means of the extraordinary remedy of mandamus**. See *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977)." Please, see my detailed explanation in "Erroneous Fact No. 12", and see five *Bauman*'s factors. Therefore, ruling on my Petitions for Writ of Mandate No. 19-72796 and 20-72581, the 9th Circuit **didn't rule on the merits** of these Petitions. The 9th Circuit only concluded that I hadn't satisfied five *Bauman*'s factors, and the 9th Circuit refused to give me relief **by way of an Extraordinary Writ**. In both Orders, Doc. No. 209 and 285, the 9th Circuit wrote, "No further filings will be accepted in this closed case." This phrase has nothing to do with deciding **on the merits** of my Petitions. This phrase only means that he 9th Circuit refused to process my Petitions No. 19-72796 and 20-72581 **by way of an Extraordinary Writ**.

    Please, notice that the 9th Circuit denied my Petition for Writ of Mandate No. 20-72581 on September 21, 2020, and in two months, on November 18, 2020, the 9th Circuit ruled in **Appeal** No. 19-16395 and remanded my Title VII and my Rehabilitation Act claims back to the District Court for a further proceeding. There is no doubt that the 9th Circuit preferred to issue a ruling in my **Appeal** No. 19-16395 **instead of** ruling by way of Extraordinary Writs. Please,

notice that, ruling in **Appeal** No. 19-16395, the 9th Circuit decided **on the merits** of my case No. 3:18-cv-03748-WHA.

Also, please, see the 9th Circuit's General Order 6.8,

available at https://www.ca9.uscourts.gov/rules/general-orders/

"**6.8. Applications for Extraordinary Writs** (Exclusive of Habeas Corpus)

a. **General Procedures**

An application for extraordinary writ, whether addressed to an individual judge or to the Court, shall be deemed addressed to the Court. Subject to the following provisions, such an application shall be processed by the Clerk and the staff attorney in the same fashion as a motion referred to a motions panel.

If the panel determines that the writ should not be granted, it shall deny the application forthwith. **Such summary denial shall not be regarded as a decision on the merits**. Otherwise, the panel shall direct that an answer and reply may be filed within the times fixed by the Court. The panel may also issue a stay or injunction pending further consideration of the application. Further proceedings thereafter shall be had as provided in FRAP 21(b)."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 209 and 285 were the Orders of the 9th Circuit that refused to process my Petitions No. 19-72796 and 20-72581 **by means of an**

**Extraordinary Writs** (see *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977) and see the 9th Circuit's General Order 6.8(a)) and that **didn't** decide **on the merits** of my claims. Please, make an additional finding that on November 18, 2020 the 9th Circuit **ruled on the merits** of my claims in **Appeal** No. 19-16395.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 14.** Read the September 14, 2021 Order (Doc. No. 491), "[Ms. Drevaleva's] … **motion** for *en banc* rehearings were all denied by the Ninth Circuit. *See, e.g.,* Docs. ….**136**, … **161**…. There is no doubt that the Ninth Circuit must have been somewhat frustrated by Ms. Drevaleva's constant stream of procedurally defective filings, as indicated by the tone of some of its orders. *See, e.g.,* Docs. … **161** …(advising Plaintiff that the case had been closed and that "[n]o further filings will be entertained . . .")."

My objection. Read "Erroneous Fact No. 11, Part 1." Read the November 19, 2019 Order of Judge Alsup that denied my request to appoint a Counsel in a Title VII case (Doc. No. 57) for the following reasons, page 2, "... To determine whether plaintiff is entitled to appointment of counsel under Title VII, the Court must assess: (1) plaintiff's financial resources; (2) plaintiff's efforts to secure counsel; and (3) whether plaintiff's claims have merit. *Bradshawe v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). **Plaintiff has not produced evidence of her efforts to secure counsel**.

... At this time, plaintiff's request for appointment of counsel must be **DENIED**."

On November 20, 2018, I filed a Notice of Appeal of Alsup's November 19, 2018 Order that denied my request to appoint a Counsel, see Doc. No. 58 (Appeal No. 18-17241 at the 9th Circuit.) On November 26, 2018, Alsup revoked my IFP status on Appeal No. 18-17241, see Doc. No. 63, "An order dated November 19 denied pro se plaintiff's request for appointment of counsel under *Bradshawe v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir.1981), **for failure to produce evidence of her efforts to secure counsel** (Dkt. No. 57). Plaintiff subsequently appealed that denial (Dkt. No. 58).

Now, our court of appeals has referred plaintiff's appeal to the district court to determine whether plaintiff's *in forma pauperis* status should continue on appeal. In *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), our court of appeals held that revocation of *in forma pauperis* status is appropriate where the district court finds the appeal to be frivolous.

Here, instead of moving for leave for reconsideration or making any kind of attempt to produce evidence before the Court of her efforts to secure counsel, plaintiff immediately appealed the denial of appointment of counsel. **Without such evidence of plaintiff's efforts to secure counsel, plaintiff is not entitled to appointment of counsel**. And, although plaintiff is proceeding *pro se*, she is readily capable of supplementing to the Court any noted deficiencies in her requests (see Dkt. No. 53). Accordingly, this order finds plaintiff's present appeal to be frivolous and hereby **REVOKES** plaintiff's *in forma pauperis* status. This revocation is without

prejudice to any subsequent appeals made by plaintiff. The Clerk shall please notify the United States Court of Appeals for the Ninth Circuit of this order."

On November 26, 2018, I filed a Motion for Leave to File a Motion for Reconsideration (Doc. No. 65) of the Order (Doc. No. 63) that revoked my IFP status on Appeal No. 18-17241. Please, notice that in the U.S. District Court for the Northern District of California a Party **can't** file a **Motion for Reconsideration** of the Court's Order. If the Party wants to challenge the Order of the District Court, and if the Party wants to presents its objections to the Order to the same Judge who issued the Order, the Party must file a **Motion for Leave** to File a Motion for Reconsideration pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-9(a),

"**7-9. Motion for Reconsideration**

> **(a) Leave of Court Requirement.** Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice[1] a motion for reconsideration without first obtaining leave of Court to file the motion."

---

[1] It means filing a Noticed Motion pursuant to the Civil Local Rules of the U.S. District Court for the Northern District of California. Rule 7-2.

Please, read my Motion for Leave to File a Motion for Reconsideration (Doc. No. 65), "Plaintiff Tatyana Drevaleva is hereby moving the Court to give me a permission to file a Motion for Reconsideration of the Court's Order Revoking my *in-forma pauperis* status on the Appeal of the Court's Order denying appointment of a Counsel, the Civ. Loc. Rule 7-9(a).

Hon. Judge William Alsup revoked my *in forma pauperis* status because, in Mr. Alsup's opinion, the Appeal is frivolous. I will try to convince Hon. William Alsup that he is incorrect.

Mr. Alsup wants me to present the evidence that I made attempts to find a Counsel. **I made just one attempt** before I got the November 19, 2019 Order denying my request to appoint a Counsel. I intentionally didn't file a Motion for Reconsideration at that time, and I intentionally didn't demonstrate to the District Court that yes, I made an attempt to secure a Counsel as required in *Bradshawe v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981)*. I believe that the Opinion of the 9th Circuit in *Bradshawe* is erroneous because it really harms the Title VII Plaintiffs, and I wanted to convince the 9th Circuit to disapprove that Opinion. This is why I immediately filed an Appeal.

In this Motion for Leave to File a Motion for Reconsideration, I will tell Hon. Judge William Alsup why I didn't continue my attempts to find an Attorney. Like I said, I emailed just one Attorney (see Exhibit 1)[2], and I never heard back.

---

[2] Doc. No. 65-1.

As Hon. Judge Alsup knows, I was thinking to transfer my case to the District Court of New Mexico. How in the World can I make attempts to find a Counsel right now if I don't know where my case will be? The Attorneys who are licensed to practice in California may not have this privilege in the State of New Mexico, and vice versa. How can I explain to the prospective Attorney where the case will be, and how can I ask the future Attorney to appear *pro hac vice* in another State? What can I even say to the future Attorney if a Defendant already filed a Motion to Dismiss my Complaint? What if Hon. Judge Alsup decides to throw me out of the case on November 29, 2018?

This is one of the reasons why I think that the Opinion of the 9th Circuit in *Bradshawe* is erroneous because it forces Plaintiffs to spend their precious time sending letters to prospective Attorneys when the Plaintiff has no idea in what State the case will be, and if the Complaint survives Defendant's Motion to Dismiss. There are also other reasons. To the best of my belief. The Opinion in *Bradshawe* is unconstitutional. It contradicts:

1) Article I, Section 1 of the U.S. Constitution that says, "All legislative Powers herein granted shall be vested in a Congress." It also contradicts Article I, Section 8 which says, "Powers of Congress. <u>To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers</u>, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." Here, the Congress already clearly declared in Title VII that it wants the Plaintiffs to have a Counsel. Title VII itself doesn't say that the Plaintiff is supposed

to demonstrate attempts to find a Counsel, or the Plaintiff has to demonstrate his/her financial information, or the Plaintiff has to demonstrate his/her probability of success in the case. The Opinion in *Bradshawe* indicates that the Judicial Branch of the U.S. Government disobeys the Legislative Branch because it does not carry out the clear Congressional intent in Title VII to appoint a Counsel into execution

2) Article III, Section 2 of the U.S. Constitution, "In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make." The Congress hasn't made any Exception or Regulation to check the financial status of the Title VII Plaintiffs before appointing a Counsel, or to force the Title VII Plaintiffs to make attempts to find a Counsel, or to force the Title VII Plaintiffs to prove that they have a probability to prevail on the case. The Congress viewed the Title VII discrimination as a crime, and this is why the Congress intended to conduct a Jury trial according to the Article III, Section 2 of the U.S. Constitution ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury"). The Congress foresaw that the Defendant (the employer) would be represented by an Attorney, and there would be such a great imbalance of the powers if the Plaintiff didn't have an Attorney and can't pay for it. This is why the Congress wanted to appoint a Counsel to a Plaintiff who suffered from the discrimination

3) The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Title VII Plaintiffs already suffered from discrimination, and therefore they were already put in jeopardy of life and limb. Typically, these Plaintiffs are put in the second jeopardy when they don't have a Counsel. They don't undergo a prerequisite, they miss a deadline, they don't know how to file a Complaint, and they don't know how to fight the Motion to Dismiss. It is the second jeopardy. No Court shall put innocent people who already suffered from discrimination and who can't afford to pay for their Attorney to another jeopardy which is to face experienced Counsels who are hired by rich employers.

I read one case law (I don't remember which one) where the Plaintiff obtained the EEOC's Right to Sue Letter and filed it in the District Court instead of the Complaint because the Plaintiff didn't know how to file the Complaint. The District Court accepted the Right to Sue Letter in lieu of the Complaint, and immediately appointed a Counsel who filed a real Complaint. This is how it is supposed to be for all cases.

If the EEOC issues a Right to Sue Letter, it means that the EEOC already investigated the Plaintiff's claim and found it credible. It means that the Plaintiff is already approved for the Counsel. It means that the Plaintiff is already entitled to immediately get the Counsel as soon as s/he steps to the door of the District Court.

The Opinion of the 9th Circuit is unconstitutional and really harms Plaintiffs. This is why workers win only 1% of employment discrimination cases at the trial (see Exhibit 2)[3]. It happens because the workers can't obtain a Counsel at the first place. As a result, many of the Plaintiffs don't know about the EEOC prerequisite, many of them miss a deadline to file a Complaint, many of them give up when they face the first Court's refusal, and many of them don't know how to continue fighting. Not every Plaintiff is legally proficient. Many of them are illiterate, and they have no idea about the Court's system. The Plaintiffs like I am who read the Internet web-sites and learn how to file a Complaint and the Motions spend a huge amount of time for that. It means that these Plaintiffs lose other opportunities. I dropped off the College again this semester because I was forced to write my legal papers, and I lost an opportunity to study.

The struggle can take many years. Plaintiffs lose their money, their educational opportunities, their homes, their health, they are unable to support their families, and they are unable to enjoy a productive professional life in their occupational field. The employers remain unpunished and continue to abuse innocent people. It is against the intent of the Congress to end discrimination. This is why I wanted to present these arguments to the Court of Appeals for the 9th Circuit and ask to disapprove *Bradshaw*. The Congress wanted to end discrimination for ALL people regardless of their financial, educational, and mental status and regardless of their attempt to find a Counsel themselves. The Congress specifically ordered the Courts to appoint a Counsel to represent a Title VII Plaintiff.

---

[3] Doc. No. 65-2.

In this Court, I am fighting not only for myself. I am fighting for all workers of the United States of America. I want the Courts to make steps towards Plaintiffs. I want the Courts to follow the Legislative intent set fourth in Title VII and other anti-discrimination laws. This is why I filed a Notice of Appeal instead of demonstrating to the District Court that I attempted to secure a Counsel.

The Opinion in *Bradshaw* was based on *Catlin v. The United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L.Ed. 911 (1945), and on the collateral doctrine set fourth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). I believe that the 9th Circuit didn't take all factors that affect the Plaintiffs into its consideration, and used the cases of 1945 and 1949 which were decided by the U.S. Supreme Court long before the Congress issued the Civil Rights Act of 1964.

As one of the Title VII Plaintiffs who represents myself, I want to tell the 9th Circuit all details about what the Title VII Plaintiffs are going through in their struggle. Maybe my story would convince the 9th Circuit to issue a different Opinion that would benefit the Plaintiffs and that is consistent with the Legislative intent to end discrimination.

By the way, I filed a fee waiver at the 9th Circuit on November 25, 2018 – just one day prior Hon. Judge Alsup revoked my *in forma pauperis* status. The Court of Appeal may approve my fee waiver without Hon. Judge Alsup's opinion.

Actually, I am not severely affected by Hon. Judge Alsup's Order denying my *in-forma pauperis* status. The 9th Circuit may issue an Order to show a cause. If the 9th Circuit finds my arguments not frivolous, it will reinstate my *in forma pauperis* status without Hon. Judge Alsup's approval.

I am respectfully asking Hon. Judge William Alsup to change his opinion. If he doesn't, I will appeal the November 26, 2018 Order at the 9th Circuit, or I will wait until the 9th Circuit issues an Order to Show a Cause."

On December 03, 2018, Alsup dismissed all my claims (Doc. No. 69.) Next day on December 04, 2018, Alsup denied my Motion for Leave to File a Motion for Reconsideration of the November 19, 2018 Order that revoked my IFP status on Appeal No. 18-17241 (Doc. No. 71), "In this *pro se* action against the Department of Veterans Affairs for terminating her employment, plaintiff moves for reconsideration of the order dated November 26 revoking her *in forma pauperis* status on appeal. Below are the key events in chronological order.

In her opposition to defendants' motion to dismiss, plaintiff requested appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B) (Dkt. No. 40 at 14). An order dated November 19 advised plaintiff that *Mallard v. United States District Court*, 490 U.S. 296, 304–05 (1989), held that there is no constitutional right to counsel in civil cases. The order further advised plaintiff that she had the option of: (1) showing she met the four factor test under *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); (2) contacting the legal

- 13 -

help center in person or online at: http://cand.uscourts.gov/proselitigants; or (3) making an appointment with the legal help center by calling 415-782-9000, extension 8657.

Instead, plaintiff immediately appealed the November 19 order denying her request for appointment of counsel (Dkt. No. 58). Our court of appeals then referred the matter to this Court to determine whether plaintiff's *in forma pauperis* status should continue on appeal. An order dated November 26 found the appeal to be frivolous and revoked plaintiff's *in forma pauperis* status as to the appeal (without prejudice as to subsequent appeals).

Plaintiff now moves for reconsideration of the November 26 order revoking her *in forma pauperis* status on appeal. In her motion, plaintiff states that she made **one attempt** to secure counsel (Dkt. No. 65 at 2). That new fact does not change the conclusion that plaintiff has not met the standard under Bradshaw (at least on the current record). Accordingly, plaintiff's motion is **DENIED**."

Please, notice a material fact of the case that all Alsup's November 19, November 26 and December 04, 2018 Orders (Doc. No. 57, 63, and 71) didn't state **how many** Counsels I should contact before the U.S. District Court for the Northern District of California can appoint a Counsel in a Title VII case. In my Motion for Leave to file a Motion for Reconsideration (Doc. No. 65), I demonstrated that I had attempted to contact **one** Counsel (Doc. No. 65-1) who never responded to my email and to my request to represent me in a Title VII case on a contingency basis. In his December 04, 2018 Order (Doc. No. 71), Alsup noticed that I had made **one attempt** to find a Counsel. However, Alsup denied my Motion for Leave to File a Motion for

Reconsideration, **didn't** direct me to continue my efforts to find a Counsel, and **didn't** state that, in order for me to be eligible to obtain a Court-appointed Counsel, I should contact 4-5-6-7 or more Attorneys. Without knowledge about **how many** Attorneys I should contact before I can ask the Court to appoint a Counsel, I was ineligible to continue my efforts to find a Counsel.

On April 18, 2019, the 9th Circuit issued an Order in Appeal No. 18-17241 (Doc. No. 136), "The district court certified that the appeal is frivolous and revoked appellant's *in forma pauperis* status. See 28 U.S.C. § 1915(a). On December 4, 2018, the court[4] ordered appellant to explain in writing why this appeal should not be dismissed as frivolous[5]. See 28 U.S.C. § 1915(e)(2) (court shall dismiss case at any time, if court determines it is frivolous or malicious).

Upon a review of the record and the response to the court's December 4, 2018 order, we conclude this appeal is frivolous. We therefore deny appellant's motion to proceed in forma pauperis (Docket Entry No. 8) and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

**DISMISSED**."

Please, notice that the 9th Circuit **didn't** explain the reasons why it thought that my Appeal No. 18-17241 was "frivolous." I filed a Petition for Rehearing *En Banc*.

---

[4] It means the 9th Circuit.

[5] It was the 9th Circuit's Order to Show Cause and to explain why my Appeal No. 18-17241 was not "frivolous" and why this Appeal should proceed. I timely responded to the 9th Circuit's Order to Show Cause.

On July 12, 2019, the 9th Circuit denied my Petition for Rehearing *En Banc* (Doc. No. 161), "We treat Drevaleva's petition for rehearing en banc (Docket Entry No. 11) as **a motion** for reconsideration en banc.

**The motion** for reconsideration en banc is denied on behalf of the court. See **9th Cir. R. 27-10**[6]; **9th Cir. Gen. Ord. 6.11**[7].

No further filings will be entertained in this closed case."

Please, notice that the 9th Circuit still **didn't** explain why it denied my Motion for Reconsideration En Banc. I can only assume that the 9th Circuit thought that my **one** attempt to find a Counsel was not sufficient enough, and the 9th Circuit didn't give me a directive about **how many** attempts to find a Counsel I should have made in order to be eligible for a Court-appointed Counsel.

Please, read the 9th Circuit Rule 27-10,

**"CIRCUIT RULE 27-10. MOTIONS FOR RECONSIDERATION**

**(a) Filing for Reconsideration**

**(1) Time limit for orders that terminate the case**

---

[6] The FRAP 9th Circuit, the Circuit Rule 27-10. Motions for Reconsideration, available at https://www.ca9.uscourts.gov/rules/

[7] The 9th Circuit General Orders, the General Order 6.11, available at https://www.ca9.uscourts.gov/rules/general-orders/

A party seeking further consideration of an order that disposes of the entire case on the merits, terminates a case, or otherwise concludes the proceedings in this Court must comply with the time limits of FRAP 40(a)(1). (*Rev. 7/1/16*)

**(2) Time limit for all other orders**

Unless the time is shortened or expanded by order of this Court, a motion for clarification, modification or reconsideration of a court order that does not dispose of the entire case on the merits, terminate a case or otherwise conclude proceedings in this Court must be filed within 14 days after entry of the order. (*Rev. 12/1/09; Rev. 7/1/16*)

**(3) Required showing**

A party seeking relief under this rule shall state with particularity the points of law or fact which, in the opinion of the movant, the Court has overlooked or misunderstood. Changes in legal or factual circumstances which may entitle the movant to relief also shall be stated with particularity.

**(b) Court Processing**

**Motions Panel Orders**: A timely motion for clarification, modification, or reconsideration of an order issued by a motions panel shall be decided by that panel. If the case subsequently has been assigned to a merits panel, **the motions panel** shall contact **the merits**

**panel** before disposing of the motion. A party may file only one motion for clarification, modification, or reconsideration of a motions panel order. No answer to a motion for clarification, modification, or reconsideration of a motions panel's order is permitted unless requested by the Court, but ordinarily the Court will not grant such a motion without requesting an answer and, if warranted, a reply. The rule applies to any motion seeking clarification, modification, or reconsideration of a motions panel order, either by the motions panel or by the Court sitting en banc. (*New 1/1/04; Rev. 12/1/09; Rev. 7/1/16*)

**Orders Issued Under Circuit Rule 27-7**: A motion to reconsider, clarify, or modify an order issued pursuant to Circuit Rule 27-7 by a deputy clerk, staff attorney, circuit mediator, or the appellate commissioner is initially directed to the individual who issued the order or, if appropriate, to his/her successor. The time to respond to such a motion is governed by FRAP 27(a)(3)(A). If that individual is disinclined to grant the requested relief, the motion for reconsideration, clarification, or modification shall be processed as follows: (*New 1/1/04; Rev. 7/1/16*)

> **(1)** if the order was issued by a deputy clerk or staff attorney, the motion is referred to an appellate commissioner;
>
> **(2)** if the order was issued by a circuit mediator, the motion is referred to the chief circuit mediator;

(3) if the order was issued by the appellate commissioner or the chief circuit mediator, the motion is referred to a motions panel.

*CIRCUIT ADVISORY COMMITTEE NOTE TO RULE 27-10*

*Motions for clarification, reconsideration or modification of orders entered by a motions panel are not favored by the Court and should be utilized only where counsel believes that the Court has overlooked or misunderstood a point of law or fact, or where there is a change in legal or factual circumstances after the order which would entitle the movant to relief. (Rev. 1/1/04)"*

Please, notice that, pursuant to the Circuit Rule 27-10, the July 12, 2019 Order of the 9th Circuit in Doc. No. 161 only means that my Petition for Rehearing En Banc in Appeal No. 18-17241 was treated as a **Motion** for Reconsideration, it was denied **by the Motions Panel**, and it was **not** referred to **the Merits Panel**. Therefore, the Order of the 9th Circuit in Appeal No. 18-17241 (Doc. No. 161) was **not** a decision **on the merit**s of this Appeal.

Please, read the 9th Circuit's General Order 6.11,

**"6.11. Motions for Reconsideration En Banc**

Any motion or petition seeking en banc review of an order issued by a motions or oral screening panel shall be processed as a motion for reconsideration en banc. The Clerk shall forward a motion for reconsideration en banc of a motion previously considered **by a motions or oral screening panel** to the appropriate staff attorney for processing. If the motion was decided

by published order or opinion, the motion will be circulated **to all active judges**. In cases involving judgments of death, the Clerk shall forward all motions for reconsideration en banc to Associates.

The motion shall be referred by the staff attorney to the panel which entered the order in issue. The panel may follow the relevant procedures set forth in Chapter 5 in considering the motion for rehearing en banc, or may reject the suggestion on behalf of the Court. (*Rev. 3/24/04; 12/13/10; 9/17/14*)"

Please, notice that in its July 12, 2019 Order (Doc. No. 161) the 9th Circuit's 3 Judge **Motions Panel** (McKEOWN, BYBEE, and OWENS) **didn't** refer my Appeal No. 18-17241 to all active Judges of the 9th Circuit. Therefore, the July 12, 2019 decision of the 9th Circuit in my AppealNo.18-17241 (Doc. No. 161) was **not** a decision **on the merits** of this Appeal.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 136 and 161 are **no way** related to deciding **on the merits of my Complaint** No. 3:18-cv-03748-WHA. These Orders of the 9th Circuit only stated that my Appeal No. 18-17241 was "frivolous" without giving me any explanation about why it was "frivolous." I assume that the 9th Circuit thought that my Appeal No. 18-17241 was "frivolous" only because I had made only **one** attempt to find a Counsel.

Please, make an additional finding that, pursuant to the 9th Circuit's Rule Circuit Rule 27-10(b), the decision in Appeal No. 18-17241 was made **by the Motions Panel**, and my Appeal No. 18-17241 was **not** referred **to the Merits Panel**.

Please, make an additional finding that the phrase in the July 12, 2019 Order in Appeal No. 18-17241 "No further filings will be entertained in this closed case" only means that my **Motion** for Reconsideration was denied **by the Motions Panel**, was **not** referred to **the Merits Panel**, and was **not** referred **to all Circuit's active Judges**.

Please, make an additional finding that, pursuant to the 9th Circuit's General Order 6.11, my Petition for Rehearing En Banc in Appeal No. 18-17241 was denied **by the Motions Panel** an was **not** referred to all circuit's Judges. Therefore, Doc. No. 161 means that there was **no** any decision **on the merits** of my Appeal No. 18-17241.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 15**. Read the September 14, 2021 Order (Doc. 491), pages 2-3, "[Ms. Drevaleva's] … **motions** for reconsideration, … were all denied by the Ninth Circuit. See, e.g., Docs. … **146**, …"

My objections. Please, see my First Motion for Altering a Judgment, Part 2, and see my discussion about my Appeal No. 18-17307. Please, notice that on May 23, 2019, the 3 Judge **Motions Panel** of the 9th Circuit (THOMAS, Chief Judge, GOULD and PAEZ) issued an Order

in Appeal No. 18-17307 (Doc. No. 146) that said, "Appellant's "motion to relieve the plaintiff from the responsibility for a frivolous appeal" is construed **as a motion for reconsideration** of this court's January 24, 2019 order dismissing this appeal for lack of jurisdiction. So construed, the motion for reconsideration (Docket Entry No. 4) is denied. See **9th Cir. R. 27-10**.

No further filings will be entertained in this closed case."

Please, see my discussion about the 9th Circuit's Rule 27-10 above.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 146 only means that a 3 Judge **Motions Panel** of the 9th Circuit (THOMAS, Chief Judge, GOULD and PAEZ) denied my **Motion** for Reconsideration pursuant to the 9th Circuit's Rule 27-10(b) and **didn't** refer my Appeal No.18-17307 to **the Merits Panel**.

Please, make an additional finding that the phrase "No further filings will be entertained in this closed case" only means that, pursuant to the 9th Circuit's Rule 27-10(b), my Appeal No. 18-17307 was **not** referred **to the Merits Panel** and that there was **no** decision **on the merits** of my Appeal No. 19-17307.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 16 (beginning)**. Read the September 14, 2021 Order (Doc. 491), pages 2-3, "[Ms. Drevaleva's] … **motions for injunctive relief**, … were all denied by the Ninth Circuit. See, e.g., Docs. … **188**, …"

My objection. On December 03, 2018, Alsup dismissed my lawsuit No. 3:18-cv-03748-WHA and denied my **Motion for Preliminary Injunction** where I asked to IMMEDIATELY reinstate me back to work at any VAMC (Doc. No. 69.) Read the December 03, 2018 Order, page 9, lines 11-23, "**3. MOTION FOR A PRELIMINARY INJUNCTION**.

Plaintiff also seeks an order reinstating her to the same or a substantially similar position at any Veterans Affairs Medical Center (Dkt. No. 39 at 4). To support a preliminary injunction, plaintiff must establish **four elements**: (1) likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). The four-part test is also satisfied if "serious questions going to the merits [are] raised and **the balance of hardships** tips sharply in the plaintiff's favor" so long as there is also a likelihood of irreparable harm and an injunction would be in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citations and quotations omitted). Here, plaintiff has not offered legal arguments or evidence to support a request for a preliminary injunction, nor has she raised serious questions going to the merits. In light of the dismissal, plaintiff's motion for a preliminary injunction is **DENIED**."

Please, notice that in the 9th Circuit the Motions for Preliminary Injunction are evaluated by two independent and separate ways:

1) Using **four elements of the Prima Facie** case in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)

2) Using **a sliding scale** (or **the balance of hardships**) described in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) (please, notice that Judge Alsup was one of the members of the Panel of the 9th Circuit who issued a decision in this case law.)

Please, notice that in his December 03, 2018 Order (Doc. No. 69) Judge Alsup denied my Motion for Preliminary Injunction only because he thought that:

1) I didn't satisfy four elements of the Prima Facie Case in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)

2) I didn't describe the sliding scale or the balance of hardships in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011.)

Please, notice that Alsup's decision on my Motion for Preliminary Injunction was **not** a decision **on the merits** of this Motion. I filed a Preliminary Injunction Appeal No. 18-17343, see my First Motion for Altering a Judgment, Part 3.

See a Separate Brief to continue this discussion.

Tatyana Drevaleva, Plaintiff Pro Se, November 11, 2021.

- 24 -

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

*Plaintiff*                                             Case No. 1:21-cv-00761-WPJ

v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

the U.S. Department of Veterans Affairs

*Defendants*

## DECLARATION TO MY FIRST MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE 60.

I, Plaintiff Tatyana E. Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a Party in this action

2) I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) In its September 14, September 28, and November 02, 2021 Orders and the November 02, 2021 Judgment (Doc. No. 527), the U.S. District Court for the District of New Mexico made numerous factual and legal errors.

**Erroneous Fact No. 18**. Read the September 14, 2021 Order (Doc. No. 491), page 2, "[Ms. Drevaleva's] … **motions to reopen under Rule 60** … were all denied **by the Ninth Circuit**."

My objection. The U.S. District Court for the District of New Mexico erred when it asserted that my **Rule 60 Motions to reopen** my lawsuit No. 3:18-cv-03748-WHA were denied **by the 9th Circuit**. These three Rule 60 Motions to Vacate the Judgment were denied by Judge Alsup (Doc. No. 171, 193, and 281) on the ground that the U.S. District Court for the Northern District of California **didn't have jurisdiction to reopen** my lawsuit No. 3:18-cv-03748-WHA **because at that time my Appeal No. 19-16395 was pending** at the 9th Circuit. These three Alsip's Orders that denied my three Motions to Vacate the Judgment (Doc. No. 171, 193, and 281) were **not** decisions **on the merits** of these Motions.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that **Judge Alsup** (**not** the 9th Circuit) denied my three Motions to Vacate the Judgment because he thought that he didn't have jurisdiction to rule on the merits of my Motions because at that time Appeal No/.19-16395 was pending at the 9th Circuit, see Alsup's Orders (Doc. No. 171, 193, and 281.)

Please, make an additional finding that **the 9th Circuit didn't rule on my Rule 60 Motions**.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 19**. Read the September 14, 2021 Order, page 3, "After having dispensed with the flurry of defective notices of appeals filed over several months by Ms. Drevaleva, the Ninth Circuit settled into addressing Plaintiff's appeal on the merits. The court affirmed Judge Alsup's dismissal of most of Plaintiff's claims, but reversed the dismissal of Plaintiff's Title VII claims for sex discrimination and pregnancy discrimination, and for failure-to-accommodate under the Rehabilitation Act, because of the early stage of the litigation and the required liberal construction of a pro se plaintiff's allegations. Doc. 291 at 3."

My objections. In my previous filings, I demonstrated that none of my Appeals or Petitions for an Extraordinary Writ at the 9th Circuit was "procedurally defective."

Ruling on the merits of my Appeal No. 19-16395, the 9th Circuit successfully **used** my **post-Judgment Supplemental Briefs and Motions**.

Please, read the Memorandum in Appeal No. 19-16395, "Drevaleva alleged that her supervisors **fraudulently concealed available leave options** when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia." Please, notice that here the 9th Circuit used my Third Motion to Vacate the Judgment (Doc. No. 259) and my Supplemental Brief "OPM, Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care" (Doc. No. 251.)

Please, read the Memorandum in Appeal No. 19-16395, "Drevaleva alleged that her supervisors … **imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies**." Here, the 9th Circuit used my Supplemental brief "The Douglas Factors; the Secrious Health Condition; the Medical Certification; the AWOL" (Doc. No. 217); "Additional Information to my Supplemental Brief regarding the AWOL" (Doc. No. 226); Supplemental Brief regarding the Sick Leave Policy (Doc. No. 181); Supplemental Brief "Additional Information regarding the Sick Leave Policy" (Doc. No. 182), and multiple other Supplemental Briefs where I described the leave policies of the U.S. Department of VA.

Please, read the Memorandum in Appeal No. 19-16395, "Drevaleva alleged that her supervisors … **failed to provide a full explanation of the reason for her leave to the medical staff responsible for approving the leave request**." Here, the 9th Circuit used my Supplemental Brief "Objections to Dr. Prince's statements in the Investigation File" (Doc. No. 190.)

Please, read the Memorandum in Appeal No. 19-16395, "Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request **that was approved by her supervisor**." Here, the 9th Circuit used my Supplemental Brief "Objections to Mr.Johnson's statements" (Doc. No. 186) and my Third Motion to Vacate the Judgment (Doc. No. 259.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, though Judge Alsup **didn't rule on the merits** of my post-Judgment Supplemental Briefs, the 9th Circuit actively **used** these post-Judgment Supplemental Briefs in issuing a Memorandum in Appeal No. 19-16395. Please, make an additional finding that the Memorandum of the 9th Circuit in Appeal No. 19-16395 was based **only** on my **post-Judgment Supplemental Briefs and other filings**.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) accordingly.

**Erroneous Fact No. 20**. Read the September 14, 2021 Order (Doc. No. 491), page 4, "Following Magistrate Judge Spero's recusal (Doc. 450), the case was reassigned to United States District Judge Haywood S. Gilliam, Jr. See Docs. 450 & text entry dated 8/10/2021. Judge Gilliam **denied all of Plaintiff's then-pending motions** …"

My objection. My intention is to file a Motion for Reconsideration of the August 12, 2021 Order of Judge Gilliam (Doc. No. 451) that denied my First Motion for Judgment on the Pleadings (Doc. No. 410), that denied my three Motions to Strike Zack's Answer (Doc. No. 411, 412, and 422), and that denied my Motions for Preliminary Injunction (Doc. No. 322, 327, 364.) This Order contained multiple factual and legal errors.

**Erroneous Fact No. 21**. Read the September 14, 2021 Order (Doc. No. 491), page 5,

"A. Plaintiff's Motion for Permission for Electronic Case Filing (Doc. 456)

At this time, the Court will not grant Plaintiff's request, given what this Court considers to be Plaintiff's abuse of the privilege of electronic filing while her case was being litigated in the NDC."

My objections. Neither Judge Alsup nor Attorney Robinson ever stated that I had abused the electronic case filing privileges. I already clearly demonstrated that Judge Alsup never ruled **on the merits** of my Supplemental Briefs and post-Judgment Motions. I also clearly demonstrated that, ruling on the merits of my Appeal No. 19-16395, the 9th Circuit actively used my post-Judgment Supplemental Briefs and Motions. I already clearly demonstrated that Attorney Robinson never responded **to the merits** of my post-Judgment Motions to Vacate the Judgment and **to the merits** of all my Supplemental Briefs, see "DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION [ECF NO. 260]" (Doc. No. 261), page 1, lines 24-26, "Plaintiff now brings an administrative motion (ECF. No. 260), in which she argues that this ruling somehow permits a court order requiring Defendants to respond to the approximately 50 supplemental briefs she has filed since judgment was entered against her over one year ago."

Page 3, lines 1-4, "Finally, Plaintiff's attempt to force Defendants, and this Court, to expend further resources on this case (let alone all the others she has brought in this Court and our court of appeals), especially as this case (and all related cases) are now on appeal, by responding to and reviewing 50 briefs, makes her request even more improper."

Page 3, line 9, "Accordingly, Plaintiff's administrative motion should be denied."

Read Alsup's Order (Doc. No. 281), page 2, lines 7-11, "In the interim, Ms. Drevaleva has also filed two more motions for relief. In her first, Ms. Drevaleva asks for an order compelling defendants to respond to Ms. Drevaleva's numerous supplemental briefs filed in the last several months. This case was closed July 11, 2019. The September 2019 order forbade further filings. Defendants had no duty to engage in further briefing. Reply briefing on this point would be inappropriate."

I did not abuse my privilege of the electronic case filing while I was litigating at the U.S. District Court for the Northern District of California. While I admit that I violated the Civil Local Rules 7-3(c) and (d) and filed my numerous post-Judgment Supplemental Briefs without obtaining leave of the Court, I assure that my intention was to find the facts of the case and the provisions of the law that exactly applied to my situation. I am also referring the U.S. District Court for the District of New Mexico to Judge Alsup's December 03, 2018 Order (Doc. No. 69), page 10, lines 1-3, "**Plaintiff should plead her best case**. The motion should **clearly** explain how the amendments cure the deficiencies identified herein." Therefore, conducting legal research after the July 11, 2019 Judgment, I attempted to find the statutes, the case laws, the internal policies of the U.S. Department of VA, and the provisions of the Collective Bargaining Agreement that were applicable to my situation. I was successful because I found the numerous facts, the provisions of the law, and the internal policies of the U.S. Department of VA that the 9th Circuit used in deciding on my Appeal No. 19-16395.

The F.R.C.P. Rule 60(b)(1) allows the Court to relieve a Party from a Judgment for the Party's "mistake, inadvertence, surprise, or excusable neglect."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that all my post-Judgment Supplemental Briefs were filed in good faith, with a full respect to the Opposing Party the U.S. Department of VA and its Secretary, and I am asking the Court to find that in my post-Judgment Supplemental Briefs I followed Judge Alsup's December 03, 2018 Order that directed me to plead my **best case** and to **clearly** explain how the amendments to my Original Complaint should prove my case.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to treat all my post-Judgment Supplemental Briefs and Motions as "inadvertence, surprise, or **excusable** neglect." The neglect was excusable because I am not an Attorney at Law, I didn't know American laws, I am a Plaintiff Pro Se, Judge Alsup denied my request to appoint a Counsel, I don't have any permanent place of living, I've been experiencing a severe emotional and financial distress, and English is my second language.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that my failure to obtain Alsup's permission to file every of more than 50 Supplemental Briefs was my "**mistake**" and my "**excusable neglect**" within the meaning of the F.R.C.P. Rule 60(b)(1), and this failure was not a malicious intention to violate the Civil Local Rules.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in 2019 I was evicted from my place of living in Daly City for my inability to pay rent. I am also asking the Court to find that, after Alsup dismissed my lawsuit and entered a Judgment in favor of the Secretary on July 11, 2019, I lost my caregiving job, and I was evicted from my second place of living in Daly City, and I spent a week in a homeless shelter in San Francisco without any hope to get a job and to find another pace of living.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in 2018 - 2019 I changed my jobs and my places of living every 1.5 – 2 months because at that time I got very sick and mentally disabled elderly clients. I am referring the Court to my frequent Notices of a Change of Address, Doc. No. 18, 20, 88, 147, 160, 170, 185, 201, 219, and 221. I am asking the Court to make an additional finding that, as a homeless person who was defamed about the reasons of the termination of employment and who was unable to find a job in my professional field as a Monitor Technician, I've been unable to continue a treatment of my health condition, I've been unable to study, to get a degree in the United States, to get a better paid job in the United States, to create a family, and to achieve other rights.

Pursuant to the F.R.C.P. Rule 60(b)(1), I am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526-527.)

**Erroneous Fact No. 22**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "**Judge Alsup** also subsequently denied Plaintiff's motions for leave to file **supplemental briefs**:

> It is Plaintiff's responsibility to articulate her arguments in each of her filings, and Plaintiff should take sufficient time to include all arguments that she wishes to raise in the first instance. Plaintiff's failure to do so, leading to later efforts to supplement her filings, is inefficient and results in a needlessly lengthy docket.

**Doc. 451** at 2."

My objection. The U.S. District Court for the District of New Mexico erred because:

1) The Court asserted that the August 12, 2021 Order (Doc. No. 451) was issued by Judge Alsup. In fact, his **post-remand** Order was issued by Judge **Haywood S. Gilliam**

2) Judge Gilliam's August 12, 2021 Order (Doc. No. 451) speaks about the following post-remand Supplemental Briefs that I intended to file:

   a) Doc. No. 423 - First ADMINISTRATIVE MOTION To allow me to file a Supplemental Brief in support to my Second Motion to Strike Zack's June 04, 2021 Answer

   b) Doc. No. 427 – First ADMINISTRATIVE MOTION 1) To allow me to file Supplemental Briefs about Disability Discrimination, Failure to Provide with Reasonable Accommodations, 2) To permanently disqualify AUSA Zack from representing the U.S. Department of VA and Secretary of the U.S. Department of

- 10 -

VA in the lawsuit No. 3:18-cv-03748-JCS, 3) To direct the General Counsel of the U.S. Department of VA or his designee to represent the U.S. Department of VA and Secretary of the U.S. Department of VA in my lawsuit No. 3:18-cv-03748-JCS, 4) To direct the General Counsel of the U.S. Department of VA or his designee to respond to my post-July 11, 2019 Judgment Supplemental Briefs

c) Doc. No. 433 – First ADMINISTRATIVE MOTION To allow me to file a Supplemental Brief in Support to my First Motion for Judgment on the Pleadings and to Discuss Whether I am Eligible to Present the Documents that are Outside the Pleading, *Merrell v. All Seasons Resorts, Inc.*, 720 F. Supp. 815 (C.D. Cal. 1989.)

Read Judge Gilliam's August 12, 2021 Order (Doc. No. 451), from page 1, line 22 to page 4, line 4, "Plaintiff has since filed three motions for leave to file supplemental briefs. Dkt. Nos. 423, 427, 433. None of those administrative motions address why Plaintiff could not have included the arguments she wishes to raise in the normal course of her motions and replies permitted under the Court's local rules. The Court thus DENIES Plaintiff's motions for leave to file supplemental briefs. It is Plaintiff's responsibility to articulate her arguments in each of her filings, and Plaintiff should take sufficient time to include all arguments that she wishes to raise in the first instance. Plaintiff's failure to do so, leading to later efforts to supplement her filings, is inefficient and results in a needlessly lengthy docket."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I was unable to include all my factual findings and all my legal arguments into 25 pages of the Noticed Motion (see the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-4(b)), and therefore I properly requested the Court's permission to file Supplemental Briefs in support to my Motions.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I keep researching the relevant statutes and case laws that are applicable to my lawsuit No. 1:21-cv-00761-WJ-JFR. Therefore, after I filed any Motion, I may find additional facts and legal arguments that I want to present to the attention of the Court. Therefore, I asked the Court to allow me to file Supplemental Briefs because I wanted to share my new findings with the Court, and I was ineligible to present these findings to the attention of the Court at the time when I filed my First Motion for Judgment on the Pleadings (Doc. No. 410) and my three Motions to Strike (Doc. No. 411, 412, and 422) Ms. Zack's June 04, 2021 Answer (Doc. No. 396.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to write that Plaintiff Ms. Drevaleva constantly attempts to find the new provisions of the laws to support her claims, and therefore she properly requested the permission of the U.S. District Court for the Northern District of California to file Supplemental Briefs in support to Ms. Drevaleva's claims.

Pursuant to the F.R.C.P. Rule 60(b)(3), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" because in her June 04, 2021 Answer (Doc. No. 396) to my Original Complaint (Doc. No. 1) Assistant U.S. Attorney Ms. Adrienne Zack criminally obstructed justice, tampered with the evidence, intentionally and maliciously lied to the Court, and therefore I needed to file lengthy Motions to Strike the Answer (Doc. No. 411, 412, and 422), and therefore I was compelled to ask the Court's permission to file Supplemental Briefs in support to my First Motion for Judgment on the Pleadings (Doc. No. 410) and to my three Motions to Strike the Answer (Doc. No. 411, 412, and 422.)

**Erroneous Fact No. 23**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "Plaintiff's conduct thus far in this District likewise demonstrates a headstrong refusal to familiarize herself and comply with the rules of this Court."

My objections. I am a Pro Se Plaintiff, I am not a lawyer, and English is my second language. When my lawsuit was transferred from the U.S. District Court for the Northern District of California to the U.S. District Court for the District of New Mexico, I did my best to familiarize myself with the local rules of this Court. Specifically, I included into my Motions my meet and confer sessions with Attorney Ms. Lyman, and I asked her whether or not she would oppose my Motions. This requirement doesn't exist in the U.S. District Court for the Northern District of California for the Noticed motions, and it exists for the Administrative Motions.

Also, I included a Notice of Completion of Briefing into my filings. This requirement doesn't exist at the U.S. District Court for the Northern District of California.

Also, I used another paper format for my Motions while litigating at the U.S. District Court for the District of New Mexico. While I was litigating at the U.S. District Court for the Northern District of California, I used pleading paper that contains the number of each line on each page. This requirement doesn't exist at the U.S. District Court for the District of New Mexico.

Also, I am asking the Court to make an additional finding that during the litigation at the U.S. District Court for the District of New Mexico I didn't present to the attention of the Court a Table of Contents and a Table of Authorities because it is not a requirement at this Court. Contrary, when I litigated at the U.S. district Court for the Northern District of California, I presented a Table of Contents and a Table of Authorities if my Motion exceeded 10 pages, see the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-4(a)(2.)

Also, when I filed my Rule 52(b) and 59(e) post-Judgment Motions at the U.S. District Court for the District of New Mexico, I properly used 24 double-spaced pages, see the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7-5, and I properly didn't include a Table of Contents and a Table of Authorities despite my Motions exceeded 10 pages. I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I properly didn't use pleading paper with numbered lines on each page.

- 14 -

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I consistently keep familiarizing myself with the Civil Local Rules of the U.S. District Court for the District of New Mexico, and I actually followed these Rules.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Court made a "**mistake**" when the Court asserted that I didn't follow the Civil Local Rules of the U.S. District Court for the District of New Mexico.

**Erroneous Fact No. 24**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "Within a very short time from when this case was transferred to this District, Plaintiff has already resorted to **frequent** and **non-stop** communications to chambers **by phone** ... Such *ex parte* communications flagrantly disregard the Court's prohibition on such conduct."

My objection. Previously, I explained to the Court several times that I don't possess a technology device that would allow me to include the Opposing Counsel Ms. Lyman who is located in another State (not in California) into my two phone calls that I made to the Chambers with my only request to ask the U.S. District Court for the District of New Mexico to rule on my Motion for Permission for Electronic Case Filing. During my two phone conversation with the Clerk, I didn't make any other request.

Moreover, I researched the Civil Local Rules of the U.S. District Court for the District of New Mexico, and I didn't find any Rule that would prohibit me to call the Clerk and to ask whether or not the Judge made a decision on my Motion for Permission for Electronic Case Filing.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-10 allows me to file an Ex Parte Motion without notifying the Opposing Party,

**"7-10. Ex Parte Motions**

Unless otherwise ordered by the assigned Judge, a party **may** file an *ex parte* motion, that is, **a motion filed without notice to opposing party**, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Cross Reference

See, e.g., Civil L.R. 65-1 *"Temporary Restraining Orders."* "

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the Civil Local Rules of the U.S. District Court

for the District of New Mexico **don't** contain a specific Rule that allows a Party to contact with the Court *Ex Parte* and without notifying the Opposing Party.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that my **two** phone calls that I made **to the Clerk** of the Court **for three months** from August 13 to November 11, 2021 don't qualify for a definition of "**frequent**" and "**non-stop**."

Moreover, the **Ex Parte** communication means a communication **with a Judge**. It is undisputable that I didn't speak **with Judge Johnson** over the phone when I made two phone calls. It is undisputable that I spoke **with the Clerk** over the phone, and I asked to notify the Judge that at that time my Motion for Permission for Electronic Case Filing was pending.

It is undisputable that the phone number of the Judge's Chambers 505-348-2330 is listed to the attention of the Public on the web-site of the U.S. District Court for the District of New Mexico https://www.nmd.uscourts.gov/content/honorable-william-p-johnson

It is undisputable that, as a Member of the Public, I have a right to call the Clerk and to ask a general question without involving the Opposing Counsel into my conversation with the Clerk.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that I made frequent and non-stop communications with the Court Ex Parte over the phone because:

1)  I didn't speak to the Judge over the phone

2)  I made two phone calls to the Clerk for a three months period from August 13 to November 11, 2021 using the phone number that is publicly listed on the Court's web-page

3)  I asked the Clerk only a general question about my Motion for Permission for Electronic case Filing,

4)  these two phone calls, for a 3 month period don't qualify for the definition of "frequent" and "non-stop"

5)  I don't possess a technical device that would allow me to include the Opposing Counsel into my phone calls to the Clerk, and the Opposing Counsel is located in a different State, not in California.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Mr. William Johnson made a "**mistake**" when he asserted that I made non-stop frequent Ex Parte phone calls to the Court.

**Erroneous Fact No. 25**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "Within a very short time from when this case was transferred to this District, Plaintiff has already resorted to **frequent** and **non-stop** communications to chambers **by** … **emails**. Such *ex parte* communications flagrantly disregard the Court's prohibition on such conduct."

My objection. **Part 1.** Please, see Exhibit 374 that is my September 13, 2021 at 12.14 PM email that I sent to Judge Mr. William Johnson and to Assistant U.S. Attorney Ms. Christine Lyman.

## Case No. 1:21-cv-00761-WJ-JFR.

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                                          Mon, Sep 13, 2021 at 12:14 PM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman. Christine (USANM)" <Christine.Lyman@usdoj.gov>

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 13, 2021 at 12.14 PM I sent an email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman. Therefore, my September 13, 2021 at 12.14 PM email doesn't qualify for an Ex Parte communication with the Court.

**Part 2**. Please, see Exhibit 375 that is my September 15, 2021 at 10.57 AM email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman.

## Case No. 1:21-cv-00761-WJ-JFR. Correspondence with the Court.

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                                          Wed, Sep 15, 2021 at 10:57 AM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 15, 2021 at 10.57 AM I sent an email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman. Therefore, my September 15, 2021 at 10.57 AM email doesn't qualify for an Ex Parte communication with the Court.

**Part 3**. Please, see Exhibit 376 that is my September 15, 2021 at 08.18 PM email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman.

### Case No. 1:21-cv-00761-WJ-JFR. Second Correspondence with the Court.

Tatyana Drevaleva <tdrevaleva@gmail.com>                              Wed, Sep 15, 2021 at 8:18 PM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman. Christine (USANM)" <Christine.Lyman@usdoj.gov>

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 15, 2021 at 08.18 PM I sent an email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman. Therefore, my September 15, 2021 at 08.18 PM email doesn't qualify for an Ex Parte communication with the Court.

**Part 4**. Please, see Exhibit 377 that is my September 18, 2021 at 10.27 PM email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman.

### Case No. 1:21-cv-00761-WJ-JFR. Correspondence with the Court.

Tatyana Drevaleva <tdrevaleva@gmail com>                              Sat, Sep 18, 2021 at 10:27 AM
To: johnsonproposedtext@nmd.uscourts.gov, NMDmi_Magistrate Judge Robbenhaar's Chambers <robbenhaarchambers@nmd.uscourts.gov>, "Lyman. Christine (USANM)" <Christine.Lyman@usdoj.gov>

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 18, 2021 at 10.27 AM I sent an email to Judge Mr. William Johnson, to the Hon. Judge John Robbenhaar, and to Attorney Ms. Christine Lyman. Therefore, my September 18, 2021 at 10.27 AM email doesn't qualify for an Ex Parte communication with the Court.

**Part 5**. Please, see Exhibit 378 that is my October 14, 2021 at 12.28 PM email to Judge Mr. William Johnson and to Attorney Ms. Christine Lyman.

**Case No. 1:21-cv-00761-WJ-JFR. Request to the Court.**

Tatyana Drevaleva <tdrevaleva@gmail.com>                               Thu, Oct 14, 2021 at 12:28 PM
To: "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>, johnsonproposedtext@nmd.uscourts.gov,
NMDml_Magistrate Judge Robbenhaar's Chambers <robbenhaarchambers@nmd.uscourts.gov>

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on October 14, 2021 at 12.28 PM I sent an email to Judge Mr. William Johnson, to the Hon. Judge John Robbenhaar, and to Attorney Ms. Christine Lyman. Therefore, my October 14, 2021 at 12.28 PM email doesn't qualify for an Ex Parte communication with the Court.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that I made Ex Parte email communications with the Court because Judge Johnson can't present any material piece of evidence that would justify his assertion that I made Ex Parte communications with the Court via email.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Mr. William Johnson made a "**mistake**" when he asserted that I made Ex Parte communications with the Court via email.

**Erroneous Fact No. 26**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "Such ex parte communications flagrantly disregard the Court's prohibition on such conduct. See Court's **Guide for Pro Se Litigants at 11** (prohibiting pro se parties from all *ex parte* communication with the judge or judge's staff")"

My objection. I am referring Judge Johnson to the Guide for Pro Se Litigants of the U.S. District Court for the District of New Mexico,

available at https://www.nmd.uscourts.gov/representing-yourself-pro-se

Pages 11-**12**, "Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.

Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney. The letter to the judge should indicate that a copy has been sent to the opposing party.

[Page **12**} **Telephone** or personal contact **with the judge's staff** should be limited **to specific scheduling inquiries**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I exactly followed the Guide for Pro Se Litigants of the U.S. District Court for the District of New Mexico, and I included Assistant U.S. Attorney Ms. Christine Lyman into all my email correspondence to the Court.

My two phone conversations with the Clerk also satisfied the requirement of the Pro Se Guide, **page 12** because the scope of these conversations was to obtain the scheduling

information about the time frame when the Court will rule on my Motion for Permission for Electronic case Filing.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that I made Ex Parte email communications with the Court because Judge Mr. William Johnson **can't** present any material piece of evidence that would justify his assertion that I **ever** made Ex Parte communications with the Court via email.

Also, my five emails to the Court for a 3 month period don't qualify to be "frequent" and "non-stop" email communications with the Court.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Mr. William Johnson made a "**mistake**" when he asserted that I made Ex Parte communications with the Court via email. My two phone conversation with the Clerk fell into the permissible scope of the communication with the Clerk Ex Parte because I was asking about **the schedule** of the Court's ruling on my Motion for Permission for Electronic Case Filing, see the Guide for Pro Se litigants, page 12.

**Erroneous Fact No. 27**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "*Mallgren v. Thomas*, No. 16CV1256 JCH/KBM, 2016 WL 9725194, at *1 (D.N.M. Dec. 7, 2016) (noting that plaintiff failed to comply with Court rules "[w]ithin the first months" of the

case, and denying plaintiff's electronic filing request where plaintiff sent ex parte to magistrate judge)."

My objection. Read *Mallgren v. Thomas*, No. 16CV1256 JCH/KBM, 2016 WL 9725194, (D.N.M. Dec. 7, 2016), "Plaintiff also sent an *ex parte* email, see Doc. 7, to Magistrate Judge Molzen in violation of the instruction that "pro se parties are prohibited from all ex parte communication with the judge or judge's staff." See Guide for Pro Se Litigants at 11."

Contrary, Judge Mr. William Johnson **can't** present any material piece of evidence that would justify his assertion that I **ever** sent an *Ex Parte* email to him or to the Hon. Judge John Robbenhaar.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that **I did not send any Ex Parte email** to Judge Mr. William Johnson or to the Hon. Judge John Robbenhaar. I included Assistant U.S. Attorney Ms. Christine Lyman into all my emails to the Court.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that I made Ex Parte email communications with the Court because Judge Mr. William Johnson **can't** present any material piece of evidence that would justify his assertion that I **ever** made Ex Parte communications with the Court via email.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Mr. William Johnson made a "**mistake**" when he asserted that I made Ex Parte communications with the Court via email.

**Erroneous Fact No. 28**. Read the September 14, 2021 Order (Doc. No. 491), page 6, "This Court has no assurance at this time that Plaintiff can or will comply with her responsibilities as a litigant in this case. **Thus, Plaintiff is hereby advised that until the Court has the assurance by way of her litigation conduct that she will comply with this Court's local rules, Plaintiff will not be allowed to participate in electronic filing, as the Court will not grant her license to abuse the privilege at the outset. Accordingly, Plaintiff's request is DENIED at this time**."

My objections. I already demonstrated above that I **complied** with the Local Rules of the U.S. District Court for the District of New Mexico. My initial lack of compliance with the Civil Local Rules of the U.S. District Court for the District of New Mexico occurred because **I didn't know these Rules**. For example, initially I didn't meet and confer with Ms. Lyman prior to filing my Motions, and I exceeded page limitation in my First Motion for Partial Summary Judgment. I am sorry. I assure the Court that I do and I will do my best to familiarize myself with the Civil Local Rules of the U.S. District Court for the District of New Mexico.

**Erroneous Fact No. 29**. Read the September 14, 2021 Order (Doc. No. 491), pages 6-7, "*See Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (filing restrictions are

appropriate when a litigant abuses privileges such as proceeding *in forma pauperis* and being afforded the lenience due pro se litigants)."

My objections. Read *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994), "[A Plaintiff] was given the privilege of proceeding *in forma pauperis* in many cases, but he abused that privilege. …. Further, he had been given the leniency due *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

When a litigant abuses these privileges, filing restrictions are appropriate. Winslow, 17 F.3d at 315 [*Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir.1994)]; see also *In re Sindram*, 498 U.S. 177, 179-80, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991)."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to evaluate my post-November 02, 2021 Judgment Motions, to evaluate the material facts of the case, and to determine that I actually **did not** abuse the privileges of the Electronic Case Filing while I was litigating at the U.S. District Court for the Northern District of California and at the U.S. District Court for the District of New Mexico.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that I abused the ECF privileges while I was litigating at both the U.S. District Court for the Northern District of California and at the U.S. District Court for the District of New Mexico.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Mr. William Johnson made a "**mistake**" when he asserted that I abused my privileges while I was litigating at both the U.S. District Court for the Northern District of California and at the U.S. District Court for the District of New Mexico.

**Erroneous Fact No. 30**. Read the September 14, 2021 Order (Doc. No. 491), page 7,

"<u>B. Motion for Expedited Jury Trial that is Consolidated with Hearing of My Motion for Permanent Injunction (Doc. 458)</u>

Plaintiff seeks an "immediate" jury trial on all issues in this case and injunctive relief in the form of reinstatement to her job at the VA.

The Court's first impression is that Plaintiff has violated this Court's local rule requiring a movant **to confer with opposing party** before (not after) the filing of a motion. *See* Doc. 467 (Deft's resp, citing to D.N.M.LR-Civ.7.1(a))."

<u>My objection</u>. I already apologized many times to the court for not knowing the Civil Local Rules of the U.S. District Court for the District of New Mexico and for my failure to meet and confer with Ms. Lyman before filling my Motion.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because I made a "**mistake**" and "**excusable neglect**" when I failed to meet and confer

with Ms. Lyman prior to filing my Motion for Expedited Jury Trial that is Consolidated with Hearing of My Motion for Permanent Injunction (Doc. 458.)

**Erroneous Fact No. 31**. Read the September 14, 2021 Order (Doc. No. 491), page 7, "The Court's second impression on the merits is that Plaintiffs presents her requests to the Court without having any legal or factual foundation. As Defendants observe, Plaintiff has already demanded a jury trial (Doc. 1 at 1, 18 and none of the authorities she cites provides for an expedited jury trial. For example, her reference to Rule 65 for a "hearing at the earliest practicable date" concerns proceedings relating to requests to injunctive relief, not the setting of jury trials."

My objections. In my Original Complaint No. 3:18-cv-03748-WHA, I demanded a Jury Trial (Doc. No. 1.) However, on July 11, 2019 Judge Alsup granted Ms. Robinson's Motion to Dismiss and dismissed my lawsuit. The Jury Trial never occurred. On November 18, 2020, the 9th Circuit reversed Alsup's ruling, see Appeal No.19-16395 (Doc. No. 291.) On March 12, 2021, the 9th Circuit remanded my lawsuit back to the U.S. District Court for the Northern District of California (Doc. No. 315.) On August 12, 2021, Judge Gilliam transferred this lawsuit to the U.S. District Court for the District of New Mexico for a further proceeding (Doc. No. 451.) Please, read Judge Gilliam's Order, page 6, lines 11-18, "As to convenience of witnesses, relevant potential witnesses, including Plaintiff's former supervisors and colleagues worked in New Mexico. There is no indication that any witness except Plaintiff herself is located in the Northern District of California. Similarly, while access to evidence is unlikely to be significantly

affected by the choice of forum, that factor tends to favor transfer since employment records might be located at the hospital in New Mexico. As to local interest, while this case involves employment by the federal government and claims under federal law, New Mexico has some interest in resolving claims of employment discrimination occurring within that state."

Page 6, lines 20-24, "... the Court finds that relative court congestion and **time to trial favor transfer**. Based on the most recent data available from the Administrative Office of the Courts, this district has substantially more cases and filings per judgeship overall and in civil cases as compared to the District of New Mexico, and the median time to disposition for civil cases is around two months shorter in that district than here."

Moreover, Judge Mr. William Johnson erred when he misapprehended the scope of Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 2000e-5(f)(2) (see my Motion for an Expedited Jury Trial, pages 12-13.) This code section has two sentences.

The first sentence describes the F.R.C.P. Rule 65, "(2) Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting **preliminary or temporary relief** shall be issued in accordance with **rule 65** of the Federal Rules of Civil Procedure."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of 42 U.S.C. § 2000e-5(f)(2) consists of two sentences, and the first sentence describes preliminary or permanent injunctions pursuant to the F.R.C.P. Rule 65.

Read the second sentence of 42 U.S.C. § 2000e-5(f)(2), "It **shall**[1] be the duty of a court having jurisdiction over proceedings under this section **to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of the second sentence of 42 U.S.C. § 2000e-5(f)(2) imposes a mandatory obligation (the word "shall") to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the second sentence of 42 U.S.C. § 2000e-5(f)(2) is no way related to the F.R.C.P. Rule 65 and to preliminary or permanent injunctions.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase, page 7, "For example, her reference to

---

[1] "Shall" is a mandatory obligation, see *Tin Cup, LLC, an Alaska limited liability company, v. United States Army Corps of Engineers*, No. 17-35889 (9th Circuit, 2018) citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 69 (2004.)

Rule 65 for a "hearing at the earliest practicable date" concerns proceedings relating to requests to injunctive relief, not the setting of jury trials."

Pursuant to the second sentence of 42 U.S.C. § 2000e-5(f)(2), I am respectfully asking the U.S. District Court for the District of New Mexico to "to assign [my case] for hearing at the earliest practicable date and to cause [my case] to be in every way expedited."

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Johnson acted contrary to Title VII or the second sentence of 42 U.S.C. § 2000e-5(f)(2), he made a "**mistake**", and he dismissed my lawsuit **instead of** assigning it for hearing at the earliest practicable date and to cause [my case] to be in every way expedited.

**Erroneous Fact No. 32**. Read the September 14, 2021 Order (Doc. No. 491), page 7, "The motion also fails on the merits. Plaintiff puts the "cart before horse," to borrow Defendants' description of the matter. As noted above in the procedural background history, no case management hearing was held following remand from the Ninth Circuit Court of Appeals, nor has this Court entered a scheduling order. Plaintiff has indicated that she wishes to engage in discovery, and motions for summary judgment may be filed that would obviate the need for a trial. Thus, there may never be a trial in this case, much less an expedited one."

<u>My objection</u>. I am referring the Court again to the second sentence of Title VII or 42 U.S.C. § 2000e-5(f)(2), "It **shall**[2] be the duty of a court having jurisdiction over proceedings under this section **to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the second sentence of 42 U.S.C. § 2000e-5(f)(2) **doesn't** speak about Motions for Summary Judgment, and this sentence **doesn't** say that the Court should assign a Title VII case for hearing only **after** the Court denies Defendants' Motion for Summary Judgment.

Moreover, filing a Motion for Summary Judgment is not mandatory. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of the F.R.C.P. Rule 56(a) says that ,

"(a) Motion for Summary Judgment or Partial Summary Judgment. A party **may**[3] move for summary judgment,…"

Therefore, I am asking the Court to find that a Party has no mandatory obligation to file a Motion for Summary Judgment. However, the plain language of Title VII or the second sentence of 42 U.S.C. § 2000e-5(f)(2) imposes a mandatory obligation on the Court (the word "**shall**") to expedite the case and to assign this case to a hearing at the earliest practicable date.

---

[2] "Shall" is a mandatory obligation,

[3] "May" is permissible, **not** mandatory.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the entire paragraph, page 7, "The motion also fails on the merits. Plaintiff puts the "cart before horse," to borrow Defendants' description of the matter. As noted above in the procedural background history, no case management hearing was held following remand from the Ninth Circuit Court of Appeals, nor has this Court entered a scheduling order. Plaintiff has indicated that she wishes to engage in discovery, and motions for summary judgment may be filed that would obviate the need for a trial. Thus, there may never be a trial in this case, much less an expedited one."

This paragraph contradicts with the plain language of Title VII or the second sentence of 42 U.S.C. § 2000e-5(f)(2.)

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because Judge Johnson acted contrary to Title VII or the second sentence of 42 U.S.C. § 2000e-5(f)(2), he made a "**mistake**", and he dismissed my lawsuit **instead of** assigning it for hearing at the earliest practicable date and to cause [my case] to be in every way expedited.

**Erroneous Fact No. 33**. Read the September 14, 2021 Order (Doc. No. 491), pages 7-8, "Ms. Drevaleva's request for a permanent injunction is also premature. She refers to a "motion" for an injunction, without indicating what motion that might be, and the only motion the Court has found listed on the docket has already been denied. See Doc. 451 (denying Doc. 449 among other motions).[3]

There is no proper motion for injunctive relief before the Court. While the Court must construe Plaintiff's filings liberally as a *pro se* plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); accord *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), the Court will not go beyond what Plaintiff offers, see *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (court "will not 'assume the role of advocate'") quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Judge Gilliam denied Plaintiff's motion for injunctive relief largely because Plaintiff "proffers no evidence to support her claim and refuses to address the relevant legal standard." Doc. 451 at 3. Judge Gilliam also pointed to Plaintiff's language in her declaration that she did not "need to satisfy four stupid and unnecessary elements of the Prima Facie Case in the irrelevant case law *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)." *Id.* Plaintiff is put on notice that in this case, motions she files of a similar caliber will be met with similar rulings by this Court."

<u>My objections</u>. The U.S. District Court for the District of New Mexico misapprehended the scope of my MOTION FOR AN EXPEDITED JURY TRIAL **THAT IS CONSOLIDATED WITH A HEARING OF MY MOTION FOR PERMANENT INJUNCTION**, the F.R.C.P. Rules 38 and 39; 42 U.S.C. § 1981a(c)(1), 42 U.S.C. § 2000e-5(f)(2), *Young v. UPS*, 135 S. Ct. 1338 (2015)" (Doc. No. 458), please, read page 10, "Therefore, I am moving the U.S. District Court for the District of New Mexico for an **immediate** Jury Trial on **all issues of the fact** of my case, on **all legal merits** of my lawsuit No. 1:21-cv-00761-LF, and for issuing a Permanent

Injunction in a form of getting reinstated back to work at any VAMC and for awarding me with all range of damages as a result of discrimination and unlawful termination of my employment from the Raymond G. Murphy VAMC in 2017."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I **didn't** file a separate Motion for Preliminary Injunction while I was litigating at the U.S. District Court for the District of New Mexico. I am asking the Court to find that in my Motion for an Expedited Jury Trial **that is consolidated** with issuing a Permanent Injunction I asked the Court to schedule an immediate Jury Trial, and **I would ask the Jury** to grant me with **an injunction** in a form of getting reinstated back to work at the VAMC and being awarded with a full range of remedies as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491), to eliminate the entire paragraph on page 7 that accused me in failing to file a Motion for Preliminary Injunction, and to eliminate the Court's assertion that the Court would not act as an advocate for me and would not grant me with an injunction whereas I didn't file a Motion for Injunction.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" and dismissed my lawsuit instead of referring it to

a Jury Trial on the merits of my claims where I would ask the Jury to grant me with permanent injunction.

**Erroneous Fact No. 34**. Read the September 14, 2021 Order (Doc. No. 491), page 8,

"C. Plaintiff's Motion to Appoint an Attorney (Doc. 463)

In this motion, Plaintiff requests that the Court appoint counsel to represent her in this case, pointing to her "eligibility" under **28 U.S.C. §1915**. She claims that she should be appointed counsel because the judges on the Ninth Circuit "exhibited fierce bias and prejudice" toward her and "disregarded the material facts of the case" and "applied the wrong legal standards." Doc. 463 at 10."

My objection. In my Motion (Doc. No. 463), I made **four separate requests** that are independent from each other:

1) A request to appoint an Attorney pursuant to 28 U.S.C. § 1915(e)(1)

2) A request to appoint an Attorney pursuant to Title VII or 42 U.S.C. § 2000e-5(f)(1)

3) A request to mandatorily appoint a Counsel pursuant to the California Government Code Section 68651

4) A request to appoint an Attorney pursuant to Section 60 of the New Mexico Indigent Defense Act [31-16-3 NMSA 1978.]

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in its November 18, 2020 Memorandum in

Appeal No. 19-16395, page 6, the 9th Circuit asked the District Court **to reconsider** whether the appointment of a Counsel is warranted, "In light of our disposition, the district court should reconsider whether the appointment of counsel is warranted."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on page 10 of my Motion to Appoint a Counsel (Doc. No. 463) I wrote that "All Justices at the 9th Circuit who worked with my numerous Appeals and Petitions during or after the lawsuit No. 4:18-cv-03748-HSG exhibited fierce bias and prejudice towards me, and these Justices recklessly disregarded the material facts of the case and intentionally and criminally applied the wrong legal standards, see the recent August 19, 2021 Order of the 3 judge Panel in **Appeal No. 21-15611** that affirmed the April 05, 2021 Order of Judge Spero (Doc. No. 345) denied my Motion for Preliminary Injunction in a form of getting reinstated back to work at any VAMC and being awarded with a full amount of my lost salary and benefits as a result of discrimination and unlawful termination of my employment from the New Mexico VA Health Care System in 2017."

Therefore, I am asking the Court to find that in my Motion to Appoint a Counsel (Doc. No. 463) I was writing about a Preliminary Injunction Appeal No. **21-15611**, and I complained that Judges of the 9th Circuit didn't give me injunction.

At the Court's request, I will present my legal arguments regarding the standard for Preliminary Injunction in Title VII cases, and I will demonstrate that Justices of the 9th Circui[t]

clearly abused discretion when they didn't give me Preliminary Injunction in Appeal No. 21-15611.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to acknowledge that in my Motion to Appoint a Counsel (Doc. No. 463) I asked the U.S. District Court for the District of New Mexico to appoint a Counsel pursuant to **four** independent statutes including **Title VII**.

**Erroneous Fact No. 35**. Read the September 14, 2021 Order (Doc. No. 491), pages 8-9, "There is no constitutional right to assistance of counsel in the prosecution of a civil rights action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Appointment of counsel to represent an indigent proceeding pursuant to **§1915** is a matter of discretion. See *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The Court considers a variety of factors in determining whether to appoint counsel, such as: the merit of the litigant's claims, the nature of the factual issues raised, the litigant's ability to present the claims, and the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995)."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that both case laws *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994) and *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995) that Judge Mr. William Johnson cited in his September 14, 2021 Order have **no** connection with the scope of my Motion to Appoint a Counsel **in a Title VII case**.

The case law *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994) describes the Plaintiff's claim pursuant to **42 U.S.C. § 1983** that is indisputably **not** a Title VII case. Also, this case law describes the Court's refusal to appoint a Counsel to an indigent Plaintiff as follows, "Mr. Shabazz also argues that the district court erred in finding that he was not entitled to appointment of counsel. The appointment of counsel in a civil case is left to the sound discretion of the district court. *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988). We find no abuse of discretion in the court's refusal to appoint counsel."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the case law *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994) doesn't contain three or four elements of a Prima Facie Case that the Courts adopted for deciding whether or not to appoint a Counsel in a Title VII case.

The case law *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995) describes Plaintiff's claim pursuant to 42 U.S.C. § 1983. Here is the reasoning of the 10th Circuit regarding Plaintiff's request to appoint a Counsel, "We review the denial of appointment of counsel in a civil case for an abuse of discretion. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). In order that we may properly review such a decision, we have, in recent cases, stressed the necessity for the district court "to give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Adopting the reasoning of the Seventh Circuit opinion of *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981), we stated, "[i]f the plaintiff has a colorable claim

then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." 753 F.2d at 838. We recently reiterated the factors to be considered in deciding whether to appoint counsel, including "**the merits of the litigant's claims**, **the nature of the factual issues raised in the claims**, **the litigant's ability to present his claims**, and **the complexity of the legal issues raised by the claims**." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). See also, *Tabron v. Grace*, 6 F.3d 147 (3rd Cir. 1993) (discussing factors to be considered).

Mr. Rucks, in his two briefs in support of his motions, clearly attempted to address these issues, but **it is unclear whether the judge in this case considered these factors**. In fact, no reasons were offered why the motion was being denied other than a general statement that "appointment of counsel in this case is not warranted." Indeed, it seems that the judge may have been unaware of these recent, relevant cases, for in twice denying Mr. Rucks's motion, **the magistrate judge cited three less relevant cases**, the most recent of which was published in 1973.

The Appellee suggests that the fact that the motion was denied twice supports the proposition that the court gave full consideration to Mr. Rucks's motions. However, a review of the judge's orders reveals that both are absolutely identical in wording. If anything, this suggests that the court gave short shrift at least to the second of Mr. Rucks's motion, and quite possibly to both motions.

Short shrift, however, does not automatically equate to an abuse of discretion. Where the trial court has failed to provide reasons for denying a request for counsel under § 1915(d), we may independently examine the propriety of such a request. See, *Barnhill v. Doiron*, 958 F.2d 200 (7th Cir. 1992). Our review of the record reveals that Mr. Rucks has a firm grasp of the fundamental issues in his case and appears to be capable of presenting his case intelligently and coherently. Furthermore, the issues in this case were not particularly complex. Our review also reveals that, even with appointed counsel, Mr. Rucks had little likelihood of prevailing on the merits. Mr. Rucks has also failed to demonstrate **the existence of any special circumstances** such as those in *McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication. 753 F.2d at 837. While we do not quarrel with Mr. Rucks's assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the case law *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995) describes the Prima Facie Case for appointment a Counsel **to an indigent** Plaintiff (that is **different** from appointing a Counsel in a title VII case) as follows:

1) the merits of the litigant's claims

2) the nature of the factual issues raised in the claims

3) the litigant's ability to present his claims, and

4)  the complexity of the legal issues raised by the claims

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the case law *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995) **also** describes "the existence of any special circumstances."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in its September 14, 2021 Order (Doc. No. 491) the Court abused its discretion because the Court didn't **separately** evaluate **any** of four elements of the Prima Facie case that were described at *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995), and the Court also **didn't** consider my special circumstances as follows:

1)  My lawsuit No. 1:21-cv-00761-WJ-JFR was transferred from the U.S. District Court for the Northern District of California that has the Civil Local Rules that are **different** from the Civil Local Rules of the U.S. District Court for the District of New Mexico

2)  In his September 14, September 28, and November 02, 2021 Order, Judge Mr. William Johnson exhibited his complete lack of knowledge of the Civil Local Rules of the U.S. District Court for the Northern District of California, and he assumed that a "Supplemental Brief" is equal to an 'Administrative Motion"

3)  In his September 14, 2021 Order, Judge Mr. William Johnson accused me in filing numerous "Administrative Motions", Doc. No. 94, 100, 106, and 113 despite I didn't file these Administrative Motions

4) In his November 02, 2021 Order, Judge Mr. William Johnson accused me in being designated a vexatious litigant at the U.S/. District Court for the Northern District of California despite I was not designated a vexatious litigant at that Court

5) In his September 14, September 28, and November 02, 2021 Order, Judge Mr. William Johnson recklessly disregarded the fact that the 9th Circuit remanded my Title VII claim and my Rehabilitation Act claim back to the District Court "**for a further proceeding**." Read the November 18, 2020 Memorandum of the 9th Circuit in Appeal No. 19-16395, page 4, "We therefore reverse the district court's dismissal of Drevaleva's **sex discrimination** claim and remand **for further proceedings** on this claim." Also, read page 4, "We therefore reverse the district court's dismissal of Drevaleva's **Rehabilitation Act** claim and remand **for further proceedings** on this claim." Instead of conducting a further proceeding of my Title VII claim and my Rehabilitation Act claim, Judge Mr. William Johnson criminally dismissed my lawsuit without giving me an opportunity to present my objections. However, the further proceeding of my Title VII claim and my Rehabilitation Act claim gave the District Court a discretion to appoint a Counsel that the District Court failed to do

6) The special circumstance is that I am the only family member in the United States

7) The special circumstance is that I don't have a permanent place of living in the United States

8) The special circumstance is that I am 55 yo, and I don't have access to a treatment of my disability

9) The special circumstance is that I was defamed about the reasons of the termination of my employment, and therefore I can't obtain a job in my professional field as a Monitor Technician

10) The special circumstance is that in April 2021 I ran out of my hormonal medication Femoston 2/10 that I can't obtain in the United States, and my menstrual periods stopped. I don't know whether or not my menstrual periods would reinstate. Therefore, I am suffering from an irreparable harm that is the absence of my menstrual periods, my inability to schedule appointments to my doctor obstetrician and gynecologist, and my inability to undergo a complete medical examination and treatment.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the special circumstances of my case **mandate** the U.S. District Court for the District of New Mexico to appoint a Counsel to litigate my lawsuit No. 1:21-cv-00761-WJ-JFR and related lawsuits.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the New Mexico Constitution, Article II, Section 24, [Victim's rights], Subdivision A(10) imposes **a mandatory obligation** on the Court to appoint a Counsel to me because I am suffering from a possibly irreparable body injury as a result of Defendants felonies towards me, "A.  A victim of arson **resulting in bodily injury**, aggravated arson, aggravated assault, aggravated battery, dangerous use of explosives, negligent

- 44 -

use of a deadly weapon, murder, voluntary manslaughter, involuntary manslaughter, kidnapping, criminal sexual penetration, criminal sexual contact of a minor, homicide by vehicle, great bodily injury by vehicle or abandonment or abuse of a child or that victim's representative **shall** have the following rights as provided by law:

(10)    **the right to have the prosecuting attorney** ....."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in my Motion to Appoint a Counsel (Doc. No. 463), pages 3-4, I cited the case law *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) and the Prima Facie Case for appointing a Counsel in a Title VII case that the 10th Circuit adopted as follows: "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."

Also, I listed the fourth element of the Prima Facie Case that is the "capacity to present the case without counsel" (recognizing *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984) as one of several cases that had identified this fourth factor).

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to **separately** address my requests to appoint a Counsel pursuant to (1) 28 U.S.C. § 1915(e)(1), and (2) Title VII or 42 U.S.C. § 2000e-5(f)(1) because these separate requests to appoint a Counsel have different legal standards and different case laws that were decided by the 10th Circuit and by other Circuits.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in its September 14, 2021 Order (Doc. No. 491) Judge Mr. William Johnson **intentionally** and recklessly disregarded my legal argument about the Court's **mandatory obligation** to appoint a Counsel to me pursuant to the California Government Code Section 68651, and the Court recklessly disregarded my legal argument about Section 60 of the New Mexico Indigent Defense Act [31-16-3 NMSA 1978.]

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491), to address separately the correct legal arguments in connection of my **four separate requests** to appoint a Counsel, to accept my **additional citation** of the New Mexico Constitution, Article II, Section 24, [Victim's rights], Subdivision A(10), and **to consider** my special circumstances.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" and dismissed my lawsuit instead of **mandatorily** appointing a Counsel and analyzing my Title VII claim and my Rehabilitation Act claim **for a further proceeding**.

**Erroneous Fact No. 36**. Read the September 14, 2021 Order (Doc. No. 491), page 9, "The Court DENIES Plaintiff's request to have counsel appointed. First, only two claims remain from the many claims first asserted in her complaint. The Court is convinced that, based on the review of the lengthy docket while the case was in the NDC, Plaintiff has shown herself to be

capable of representing her legal interests thus far. Second, Plaintiff has already tried to obtain legal representation from no fewer than twenty-five law firms and agencies—all unsuccessful attempts—and the Court sees no point in allowing Plaintiff more time to find an attorney. The case will go forward with Plaintiff representing herself pro se, as she has done so since June of 2018 when the complaint was first filed.

**Plaintiff's motion for appointment of counsel is therefore DENIED."**

My objection. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in its September 14, 2021 Order (Doc. No. 491) Judge Mr. William Johnson:

1) clearly abused his discretion

2) failed to follow the November 18, 2020 Memorandum of the 9th Circuit that remanded my Title VII claim and my Rehabilitation Act claim back to the District Court **for a further proceeding**

3) recklessly disregarded the fact that in my Motion to Appoint a Counsel (Doc. No. 453) I made **four separate requests** to appoint a Counsel using four different Statutes

4) failed to cite the relevant case law *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) and failed to apply the correct legal standard to my request to appoint a Counsel pursuant to **Title VII**

5) failed to consider the special circumstances of my case

6) failed to ever address my request to appoint a Counsel pursuant to the California Government Code Section 68651, and to Section 60 of the New Mexico Indigent Defense Act [31-16-3 NMSA 1978]

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491), to address separately the correct legal arguments in connection of my **four separate requests** to appoint a Counsel, to accept my **additional citation** of the New Mexico Constitution, Article II, Section 24, [Victim's rights], Subdivision A(10), and **to consider** my special circumstances.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" and dismissed my lawsuit instead of **mandatorily** appointing a Counsel and analyzing my Title VII claim and my Rehabilitation Act claim **for a further proceeding**.

**Erroneous Fact No. 37**. Read the September 14, 2021 Order (Doc. No. 491), page 9,

"D. Plaintiff's Motion for Partial Summary Judgment (Doc. 464)

This motion is STRICKEN. Plaintiff may re-file it as a motion when a case management order is in place, and unless the re-filed version complies with all applicable local rules, it will again be stricken. For example, at 42 pages, the motion exceeds the page limitation for motions under D.N.M.LR-7.5."

My objection. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in its September 14, 2021 Order (Doc. No. 491) Judge Mr. William Johnson clearly abused his discretion because he struck my **Motion** for Partial Summary Judgment in violation of both the F.R.C.P. Rule 12(f.) and Rule 7.

Read the FR.C.P. Rule 12,

"(f) Motion to Strike. The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Read the F.R.C.P. Rule 7,

"(a) Pleadings. Only these **pleadings** are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that my Motion for Partial Summary Judgment (Doc. No. 464) was **not** a "pleading" within the meaning of the F.R.C.P. Rule 7(a), and therefore the Court was ineligible to strike my **Motion** pursuant to the F.R.C.P. Rule 12(f.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Judge Mr. William Johnson clearly abused his discretion and issued a ruling on my First Motion for Partial Summary Judgment in violation of the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7.4(e) that mandated the Court to rule on a Motion only after a Party filed a Notice of Completion of briefing of this Motion,

"**(e) Notice of Completion.** Upon completion of briefing, the movant **must**[4] file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I never filed a Notice of Completion of briefing of my First Motion for Partial Summary Judgment. Therefore, the U.S. District Court for the District of New Mexico didn't have a power to ever rule on my Motion for Partial Summary Judgment (Doc. No. 464.)

---

[4] "Must" means a mandatory obligation.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to remove its ruling that the Court "struck" my First Motion for Partial Summary Judgment (Doc. No. 464) om violation of the F.R.C.P. Rules 12(f) and 7 before completing a briefing of this Motion in violation of the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7.4(e.)

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" and dismissed my lawsuit **instead of** waiting until the Parties complete the briefing of this Motion and **instead of** ruling on the merits of this Motion.

**Erroneous Fact No. 38**. Read the September 14, 2021 Order (Doc. No. 491), page 9,

"E.  Plaintiff's  "**Notice**-Application  to  Certify  that  Lawsuit  is  of  General  Public Importance" (Doc. 465)

This "Notice" is **STRICKEN** because: (1) it appears to be cumulative of her motion for summary judgment; (2) a request for relief from the Court must be made **by motion**, not a "**notice**," see **Fed.R.Civ.P.  7(b)(1); D.N.M-LR-Civ.  7.1(a); and (3)** the pleading fails to comply with the requirements for summary judgment motions under either the federal or local rules in setting out the pertinent facts and support thereof."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I named my document No. 465) an "**APPLICATION** TO CERTIFY THAT MY LAWSUIT No. 1:21-cv-00761-WPJ IS OF GENERAL PUBLIC IMPORTANCE, AND **APPLICATION** FOR PERMISSION FOR BOTH THE EQIAL EMPLOYMENT OPPORTUNUTY COMISSION (the EEOC) AND THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA TO INTERVENE IN THE CIVIL ACTION No. 1:21-cv-00761-WPJ, 42 U.S.C. § 2000e-5(f)(1.)"

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I never named my filing Doc. No. 465 a "**Notice**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I filed my **Application** (Doc. No; 465) pursuant to Title VII of the Civil Rights of 1964 or 42 U.S.C. § 2000e-5(f)(1), see page 10, "Read 42 U.S.C. § 2000e-5(f)(1), "Upon timely **application**, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of 42 U.S.C. § 2000e-5(f)(1)

allows a Plaintiff to file an **Application** and **not** a Motion pursuant to Fed.R.Civ.P. 7(b)(1); D.N.M-LR-Civ. 7.1(a); and (3.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the plain language of 42 U.S.C. § 2000e-5(f)(1) allows a Plaintiff to file an **Application** and **not** a Notice. I am asking the Court to find that I never stated that Doc. No. 465 was a "Notice." I specifically stated that Doc. No. 465 was an "**Application**" that is compliant with the plain language of 42 U.S.C. § 2000e-5(f)(1.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that my Application (Doc. No. 465) has **no** relevance to my First **Motion** for Partial Summary Judgment. I am asking the Court to find that my **Application** (Doc. No. 465) was governed by Title VII or 42 U.S.C. § 2000e-5(f)(1) whereas my First **Motion** for Partial Summary Judgment was governed by the F.R.C.P. Rule 56 and the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 56.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to remove its ruling that the Court "struck" my Notice-Application (Doc. No. 465) because it appears to be cumulative to my First Motion for Partial Summary Judgment.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526

and 527) because the Judge made a "**mistake**" and dismissed my lawsuit **instead of** certifying that my lawsuit No. 1:21-cv-00761-WJ-JFR is of a general public importance and **instead of** certifying for the intervention of both the Attorney General and the EEOC into this lawsuit.

    **Erroneous Fact No. 39**. Read the September 14, 2021 Order (Doc. No. 491), page 10,

    "F. Plaintiff's self-styled "Part 1: "Notice/Statement that Civil Local Rule 56.1(a) of Federal Rules in "Inapplicable to Me." Part 2: Memorandum in Support to My First Motion for Partial Summary Judgment" (Doc. 477)

    This motion is DENIED as well for several reasons. First, Plaintiff claims that her case is exempt from various procedural rules, including Fed.R.Civ.P. 56 because it is a condemnation action and requests only injunctive or other emergency relief. This representation is false, as the case is and has always been an employment discrimination case, which is subject to Rule 56 as well as local rules governing case management. *See, e.g.*, D.N.M.LR-Civ. 16.3."

    My objections. See my discussion in the "Erroneous Fact No. 31" where I demonstrated that the plain language of Title VII **doesn't** impose a mandatory obligation on the Court to evaluate a Motion for Summary Judgment pursuant to the F.R.C.P. Rule 56, and the plain language of the second sentence of 42 U.S.C. § 2000e-5(f)(2) imposes a mandatory obligation on the Court (the word "**shall**") "to assign cases for hearing **at the earliest practicable date** and to cause such cases to be in every way **expedited**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in Doc. No. 477 I listed the following grounds for exclusion of my case No. 1:21-cv-00761-WJ-JFR from the pre-trial Case management Conference, see pages 2-4, "However, Rule 16 is inapplicable to me. Read Rule 16.3,

"**16.3 Exclusion From Pre-trial Case Management.** The following types of cases are excluded from pre-trial case management procedures described in D.N.M.LR-Civ. 16 unless the parties request, or the assigned Judge determines, that the case should be governed by this rule:

**(b)** Condemnation Actions (210) – the Federal Government did all of the following:

(i) Defamed me about the reasons of the termination of my employment from the New Mexico VA Health Care System in 2017

(ii) Prevented me from a fair and speedy resolution of my EEO claim against the New Mexico VA Health Care System

(iii) Rescinded my full time job offer in 2018 from the Minneapolis VAMC

(iv) Failed to hire me for a full time job at the West Los Angeles VAMC in 2018

(v) Never followed the requirements of 28 CFR § 14.514(a)

(vi) Fiercely opposed my following lawsuits at the U.S. District Court for the Northern District of California:

4:18-cv-03748-HSG

4:19-cv-01454-HSG

4:19-cv-02665-HSG

4:19-cv-05927-HSG

4:20-cv-00820-HSG

(vii) Procrastinated for over four years and didn't allow me to resolve my lawsuits in a speedy and fair way

(viii) Prevented me from an opportunity to continue a treatment of my infertility.

Therefore, the Federal Government condemned me (punished me) for my desire to have children, for my sex/gender, for my age, and for my temporary disability that was related to taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an In-Vitro Fertilization (IVF) procedure.) The Federal Government also actively lied about the reasons of the termination of my employment, and the Government said that I had been fired for failure to follow the proper steps to obtain a Leave Without Pay (a LWOP) and for absence without leave (AWOL.)

**(p)** Proceedings to compel the giving of testimony or production of documents under a subpoena or summons issued by an officer, agency or instrumentality of the United States not provided with authority to compel compliance;

- 56 -

(q) Proceedings to compel the giving of testimony or production of documents in this District:

(1) in **connection with discovery**;

(2) in **connection with testimony** *de bene esse*;

(3) for **perpetuation of testimony**; or

(4) for **use in a matter pending or contemplated in another U. S. District Court**;

(r) Proceedings requesting only **injunctive or other emergency relief**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I misapprehended the scope of the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 16.3 because the initial post-remand Case Management Conference in case No. 3:18-cv-03748-JCS actually occurred on April 30, 2021, see Doc. No. 372.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the Initial post-remand Case Management Conference in case No. 3:18-cv-03748-JCS actually occurred on April 30, 2021, and therefore the Initial Case Management Conference in case No. 1:21-cv-00761-WJ-JFR was simply not necessary because it was redundant to Doc. No. 372.

- 57 -

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to remove its improper demand for the Initial post-remand Case Management Conference in case No. 1:21-cv-00761-WJ-HFR at the U.S. District Court for the District of New Mexico.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**", asserted that my case No.1:21-cv-00761-WJ-JFR was a subject to the Initial Case Management Conference at the U.S. District Court for the District of New Mexico, and dismissed my lawsuit **instead of** evaluating the merits of my First Motion for Partial Summary Judgment (Doc. No. 464.)

**Erroneous Fact No. 40**. Read the September 14, 2021 Order (Doc. No. 491), page 10, "Second, Plaintiff again has violated this Court's local rule D.N.M.LR-Civ.7.1(a) by failing to seek Defendants' concurrence before filing the motion. See Doc. 480 at 1, n.1."

My objection. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Doc. No. 477 was **not** a Motion within the meaning of the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7, and therefore I had **no** obligation to meet and confer with Ms. Lyman pursuant to Rule 7.1(a) before filing this document.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the Court to amend its September 14, 2021 Order (Doc. No. 491) and to remove its ruling that Doc. No. 477 was a "Motion" and that I was obligated to meet and confer with Attorney Ms. Lyman prior to filing this Motion.

**Erroneous Fact No. 41**. Read the September 14, 2021 Order (Doc. No. 491), page 10, "Third, Plaintiff's briefing purports to include the Statement of Material Facts required under the Court's local rules to support Plaintiff's First Motion for Partial Summary Judgment (Doc. 464), which makes this pleading (according to Plaintiff herself) an *additional* summary judgment brief. See Doc. 480-1 (e-mail from Plaintiff to defense counsel Lyman stating that "[m]y intention for now is to file the Second Motion for Partial Summary Judgment")."

My objection. On September 03, 2021, Attorney Lyman filed a document named "DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT AND MEMORANDUM (DOC. 477)" (Doc. No. 480) where she wrote, page 2, Footnote 2, "Plaintiff has communicated her intent to file a Second Motion for Partial Summary Judgment. See Email from Plaintiff, Aug. 26, 2021, attached as Ex. A."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Attorney Lyman intentionally, maliciously, and criminally lied to the Court in Doc. No. 480 that my Document No. 477 was the Second Motion for Summary Judgment.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to remove the assertion that my Doc. No. 477 was the Second Motion for Summary Judgment.

Pursuant to the F.R.C.P. Rule 60(b)(3), I am asking the U.S. District Court for the District of New Mexico to relieve me from its November 02, 2021 Judgment (Doc. No. 527) for "**fraud** (whether previously called intrinsic or extrinsic), **misrepresentation**, or **misconduct by an opposing party**" because it her Doc. No. 480 Attorney Lyman intentionally, maliciously, and criminally lied to the Court that my Doc. No. 477 was the Second Motion for Summary Judgment.

**Erroneous Fact No. 42**. Read the September 14, 2021 Order (Doc. No. 491), page 11, "As Defendants note, Ms. Drevaleva's **abusive** practice of filing multiple supplemental briefs led the NDC to order her not to file "[a]dditional briefs beyond the motion, opposition and . . . reply" without first obtaining the Court's leave. See **Doc. 415**. Ms. Drevaleva is hereby cautioned that a similar practice here will result in the summary striking of all multiple and/or successive pleadings, as well as briefs containing overlapping or duplicative arguments. **Judge Alsup**[5] advised Plaintiff to "take sufficient time to include all arguments that she wishes to raise in the first instance," **Doc. 451 at 2**, and the Court here advises Plaintiff to do the same. Failure to do so will have consequences in this District."

---

[5] It was Judge Gilliam.

My objection. Read the June 28, 2021 Order of Judge Spero (Doc. No. 415), "ORDER by Chief Magistrate Judge Joseph C. Spero: Plaintiff Tatyana Drevaleva has recently filed a number of **unauthorized supplemental briefs** in case number **21-cv-0500**. The briefing schedule for motions and administrative motions in this Court is governed by Civil Local Rules 7-1 through 7-11. Additional briefs beyond the motion, opposition, and (in the case of a noticed motion) reply contemplated by those rules are not permitted without the Court's leave. Because Drevaleva is not represented by counsel, the Court **will consider all supplemental briefs** filed thus far. But because Plaintiff has now been admonished as to the applicable rules, any future unauthorized supplemental briefs filed by Drevaleva in any case pending before this Court will be stricken sua sponte. (This is a textonly entry generated by the court. There is no document associated with this entry.) (jcslc2S, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)"

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on July 05, 2021 I filed an Administrative Motion for permission to file a Supplemental Brief (Doc. No. 423.)

| 07/05/2021 | 423 | First ADMINISTRATIVE MOTION To allow me to file a Supplemental Brief in support to my Second Motion to Strike Zack's June 04. 2021 Answer re 412 Second MOTION to Strike 396 Answer to Complaint filed by Tatyana Evgenievna Drevaleva. Responses due by 7/9/2021. (Attachments: # 1 Declaration, # 2 Proposed Order) (Drevaleva. Tatyana) (Filed on 7/5/2021) (Entered: 07/05/2021) |

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on July 11, 2021 I filed another Administrative Motion for permission to file another Supplemental Brief (Doc. No. 427.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I actually followed the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7-3(d), and I requested the Court's permission to file Supplemental Briefs after I filed my Replies.

| 07/11/2021 | 427 | First ADMINISTRATIVE MOTION 1) To allow me to file Supplemental Briefs about Disability Discrimination. Failure to Provide with Reasonable Accommodations. 2) To permanently disqualify AUSA Zack from representing the U.S. Department of VA and Secretary of the U.S. Department of VA in the lawsuit No. 3:18-cv-03748-JCS. 3) To direct the General Counsel of the U.S. Department of VA or his designee to represent the U.S. Department of VA and Secretary of the U.S. Department of VA in my lawsuit No. 3:18-cv-03748-JCS. 4) To direct the General Counsel of the U.S. Department of VA or his designee to respond to my post-July 11, 2019 Judgment Supplemental Briefs re 426 Reply to Opposition/Response filed by Tatyana Evgenievna Drevaleva. Responses due by 7/15/2021. (Attachments: # 1 Declaration, # 2 Proposed Order) (Drevaleva, Taryana) (Filed on 7/11/2021) (Entered: 07/11/2021) |

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the June 28, 2021 Order of Judge Spero (Doc. No. 415) was speaking about my alleged unauthorized Supplemental Briefs in another case that was the lawsuit No. 3:21-cv-00500-JCS *Drevaleva v. Glazer et al*. I assure the U.S. District Court for the District of New Mexico that **I actually followed** the Civil Local Rules of the U.S. District Court for the Northern District of California, Rule 7-3(c) that allowed me to file Supplemental Briefs before a Reply. I assure the U.S. District Court for the District of New Mexico that Judge Spero erred in his June 28, 2021 Order (Doc. No. 415) that admonished me for allegedly filing Supplemental Briefs without permission.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in his June 28, 2021 Order (Doc. No. 415) Judge

Spero actually announced about his intention **to consider** my Supplemental Briefs for his judicial decision, "the Court **will consider all** **supplemental briefs**."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 17, 2021 the U.S. District Court for the District of New Mexico actually filed my Motion for Permission to File More Motions for Summary Judgment or, as an alternative, to file a Supplemental Brief in support to my First Motion for Partial Summary Judgment (Doc. No. 496.)

| 09/17/2021 | view496 | FIRST MOTION for Permission to File More Motions for Summary Judgment or, As an Alternative, to File a Supplemental Brief in Support to My First Motion for Partial Summary Judgment by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |
|---|---|---|

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that **I actually requested** a permission of the Court to file a Supplemental Brief in support to my First Motion for Partial Summary Judgment.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to remove the assertion that I **always** filed unauthorized Supplemental Briefs and that the U.S. District Court for the Northern District of California refused to make a judicial decision **on the merits** of all my Supplemental Briefs **only** because they were unauthorized..

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526

and 527) because the Judge made a "**mistake**" when he asserted that I **always** filed unauthorized Supplemental Briefs.

I assure the U.S. District Court for the District of New Mexico that, as a Pro Se litigant, I will follow the Civil Local Rules of this Court, and I am asking the Court to give me its faith.

**Erroneous Fact No. 43**. Read the September 14, 2021 Order (Doc. No. 491), page 11, "Fourth, Plaintiff's summary judgment filings grossly exceed the page limitations of the local rules, and as just noted previously, the initial summary judgment motion alone is over the page limit. See D.N.M.LR-Civ.7.5."

My objection. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 17, 2021 the U.S. District Court for the District of New Mexico actually filed my Motion for Permission to exceed page limitation in my First Motion for Partial Summary Judgment (Doc. No. 495), and the Court acknowledged this fact in the September 28, 2021 Order, page 2.

| 09/17/2021 | view495 | FIRST MOTION for PERMISSION TO EXCEED Page LIMITATIONS by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to remove the assertion that I impermissibly exceeded page limitation in my First Motion for Partial Summary Judgment.

I am reminding the Court that I've never filed a Notice of Completion of Briefing of my First Motion for Partial Summary Judgment, and therefore the Court's ruling that struck this Motion was premature.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I impermissibly exceeded page limitation in my First Motion for Partial Summary Judgment. Whereas I admit that yes, I exceeded the page limitation, I actually filed a Motion for Permission to exceed page limitation, I am asking the Court to treat this fact as "mistake, inadvertence, surprise, or excusable neglect" within the meaning of F.R.C.P. Rule 60(b)(1), and I am asking the Court to relieve me from the Judgment.

**Erroneous Fact No. 44**. Read the September 14, 2021 Order (Doc. No. 491), page 11, "The Court also intends to ignore or strike any pleadings which appear to be attempts by Plaintiff **to circumvent** compliance with the procedural rules. *See, e.g., Vera*, 2017 WL 6621048 [*Vera v. Rodriguez*, No. CV 16-491 SCY/KBM, 2017 WL 6621048, (D.N.M. Dec. 27, 2017)], at *2 (noting that "piecemeal motions which strike the Court as merely attempts to skirt procedural rules, including those providing page limitations, should be disallowed")."

My objection. Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to acknowledge that my seemingly non-compliance with the Civil Local Rules of the U.S. District

Court for the District of New Mexico occurred because **I didn't know these Rules** and because I couldn't afford to retain a Counsel.

Also, pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that the August 12, 2021 Order of Judge Gilliam (Doc. No. 451) **didn't** speak about Supplemental Briefs, and this Order spoke about my three Motions to Strike AUSA Ms. Zack's June 04, 2021 Answer (Doc. No. 396) pursuant to the F.R.C.P. Rule 12(f.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, pursuant to the F.R.C.P. Rule 12(g)(1), I had a statutory right to file **a few** Rule 12 motions,

"(g) Joining Motions.

(1) *Right to Join.* A motion under this rule **may[6] be joined with any other motion allowed by this rule**.

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

---

[6] "May" is permissive.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I properly followed the F.R.C.P. Rule 12(g)(1) when I filed three Motions to Strike Ms. Zack's Answer (Doc. No. 411, 412, and 422.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to remove the phrase that in his Order (Doc. No. 451) Judge Gilliam admonished me for filing several Motions. I am asking the Court to rule that I properly filed three Motions to Strike[7] pursuant to F.R.C.P. Rule 12(g)(1.)

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I impermissibly filed three Motions to Strike pursuant to the F.R.C.P. Rule 12(f.)

**Erroneous Fact No. 45**. Read the September 14, 2021 Order (Doc. No. 491), page 12,

"G. Motion to Disqualify Assistant AUSA Christine Lyman (Doc. 484)

In this motion, Plaintiff seeks to disqualify AUSA Christine Lyman, claiming that she is **unauthorized** to practice before this Court,…"

My objection. Ms. Lyman is **not** authorized to represent Defendant Secretary of the U.S. Department of VA Mr. Denis Richard McDonough in the lawsuit No. 1:21-cv-00761-WJ-JFR

---

[7] The F.R.C.P. Rule 12(f.)

because the requirements of 38 CFR § 14.514(a) were not followed. I am referring the Court to my Motion to Disqualify Attorney Lyman from unauthorized representation of Mr. McDonough, see my Motion to Disqualify Ms. Lyman, pages 6-7, see my Separate Brief in support to my Motion to Disqualify, pages 2-6 (citing 38 CFR § 14.514.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that there is no evidence that both the U.S. Department of VA and the U.S. Department of Justice ever followed the requirements of 38 CFR § 14.514(a.)

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to acknowledge that Attorney Ms. Lyman unlawfully appeared on behalf of Defendant Secretary of the U.S. Department of Veterans Affairs Mr. Denis Richard McDonough in violation of 38 CFR § 14.514(a.)

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he allowed Attorney Ms. Lyman to falsely represent the U.S. Department of VA and Secretary Mr. McDonough and when the Judge didn't immediately remove Ms. Lyman from this case and didn't impose criminal penalties on Ms. Lyman for an unauthorized representation of a client.

**Erroneous Fact No. 46**. Read the September 14, 2021 Order (Doc. No. 491), page 12, "…and "committed fraud and multiple felonies" by opposing Plaintiff's motions. In addition to Ms. Lyman's disqualification, Plaintiff also seeks other remedies, such as criminal penalties for conspiracy, obstruction of justice, and genocide. See Doc. 484 at 2-4."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Ms. Lyman actually committed fraud upon the Court when she:

1) Intentionally lied about the material facts of the case in her Opposition (Doc. No. 468) to my First Motion for Partial Summary Judgment. Specifically, Ms. Lyman criminally concealed a material fact of the case that on June 12, 2017 Ms. Dunkelberger hired a substantially younger male employee Mr. David Williams to substitute my employment, and Ms. Lyman also criminally concealed from the Court that Ms. Dunkelberger hired another young male employee Mr. David Trujillo to substitute my employment

2) Intentionally lied about the legal standards in her Opposition (Doc. No. 468) to my First Motion for Partial Summary Judgment and criminally applied only wrong legal arguments that are inapplicable to my situation

3) Knowing that I desperately need to continue a treatment of my disability, Ms. Lyman nevertheless committed genocide within the meaning of 18 U.S. Code § 1091 – Genocide because she criminally prevented me from attending a fertility clinic.

Read the California Penal Code Section 133, "Every person who practices any fraud or deceit, or knowingly makes or exhibits any false statement, representation, token, or writing, to any witness or person about to be called as a witness upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, with intent to affect the testimony of such witness, is guilty of a misdemeanor."

Read the California Penal Code Section 134, "Every person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced **for any fraudulent or deceitful purpose**, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty **of felony**."

Read the California Penal Code Section 136, "As used in this chapter:

(1) "**Malice**" means an intent to vex, annoy, harm, or injure in any way another person, or to thwart or interfere in any manner with the orderly administration of justice."

Read Penal Code Section 136.1 says about it,

"(a) Except as provided in subdivision (c), any person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison:

(1) Knowingly and maliciously prevents or dissuades any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law.

(2) Knowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law....

(b) Except as provided in subdivision (c), every person who attempts to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from doing any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison:

(1) Making any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge.

(2) Causing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof.

(3) Arresting or causing or seeking the arrest of any person in connection with that victimization.

(c) Every person doing any of the acts described in subdivision (a) or (b) knowingly and maliciously under any one or more of the following circumstances, is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years under any of the following circumstances:

- 71 -

(1) Where the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person.

(2) Where the act is in furtherance of a conspiracy.

(3) Where the act is committed by any person who has been convicted of any violation of this section, any predecessor law hereto or any federal statute or statute of any other state which, if the act prosecuted was committed in this state, would be a violation of this section.

(4) Where the act is committed by any person for pecuniary gain or for any other consideration acting upon the request of any other person. All parties to such a transaction are guilty of a felony.

(d) Every person attempting the commission of any act described in subdivisions (a), (b), and (c) is guilty of the offense attempted without regard to success or failure of the attempt. The fact that no person was injured physically, or in fact intimidated, shall be no defense against any prosecution under this section.

(e) Nothing in this section precludes the imposition of an enhancement for great bodily injury where the injury inflicted is significant or substantial.

(f) The use of force during the commission of any offense described in subdivision (c) shall be considered a circumstance in aggravation of the crime in imposing a term of imprisonment under subdivision (b) of Section 1170.

*(Amended by Stats. 1997, Ch. 500, Sec. 1. Effective January 1, 1998.)*"

Read Penal Code Section 137,

"(a) Every person who gives or offers, or promises to give, to any witness, person about to be called as a witness, or person about to give material information pertaining to a crime to a law enforcement official, any bribe, upon any understanding or agreement that the testimony of such witness or information given by such person shall be thereby influenced is guilty of a felony.

(b) Every person who attempts by force or threat of force or by the use of fraud to induce any person to give false testimony or withhold true testimony or to give false material information pertaining to a crime to, or withhold true material information pertaining to a crime from, a law enforcement official is guilty of a felony, punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years.

As used in this subdivision, "threat of force" means a credible threat of unlawful injury to any person or damage to the property of another which is communicated to a person for the purpose of inducing him to give false testimony or withhold true testimony or to give false material information pertaining to a crime to, or to withhold true material information pertaining to a crime from, a law enforcement official.

(c) Every person who knowingly induces another person to give false testimony or withhold true testimony not privileged by law or to give false material information pertaining to a crime to, or to withhold true material information pertaining to a crime from, a law enforcement official is guilty of a misdemeanor.

(d) At the arraignment, on a showing of cause to believe this section may be violated, the court, on motion of a party, shall admonish the person who there is cause to believe may violate this section and shall announce the penalties and other provisions of this section.

(e) As used in this section "law enforcement official" includes any district attorney, deputy district attorney, city attorney, deputy city attorney, the Attorney General or any deputy attorney general, or any peace officer included in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(f) The provisions of subdivision (c) shall not apply to an attorney advising a client or to a person advising a member of his or her family.

*(Amended by Stats. 2011, Ch. 15, Sec. 251. (AB 109) Effective April 4, 2011. Operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68.)"*

Read penal Code Section 138,

"(a) Every person who gives or offers or promises to give to any witness or person about to be called as a witness, any bribe upon any understanding or agreement that the person shall not attend upon any trial or other judicial proceeding, or every person who attempts by means of any offer of a bribe to dissuade any person from attending upon any trial or other judicial proceeding, is guilty of a felony.

(b) Every person who is a witness, or is about to be called as such, who receives, or offers to receive, any bribe, upon any understanding that his or her testimony shall be influenced thereby, or that he or she will absent himself or herself from the trial or proceeding upon which his or her testimony is required, is guilty of a felony.

(*Amended by Stats. 1987, Ch. 828, Sec. 5.*)"

Read Penal Code Section 141(c).

"(c) A prosecuting attorney who intentionally and in bad faith alters, modifies, or withholds any physical matter, digital image, video recording, or relevant exculpatory material or information, knowing that it is relevant and material to the outcome of the case, with the specific intent that the physical matter, digital image, video recording, or relevant exculpatory material or information will be concealed or destroyed, or fraudulently represented as the original evidence upon a trial, proceeding, or inquiry, is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Ms. Lyman acted with actual malice and that she committed multiple felonies during the litigation of my lawsuit No. 1:21-cv-00761-WJ-JFR when she intentionally and maliciously lied to the Court.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to acknowledge that Attorney Ms. Lyman committed multiple felonies when she intentionally and criminally concealed the material facts of the case, when she criminally used invalid legal arguments, when she lied to the Court, and when she presented me from obtaining relief in a form of attending a fertility clinic.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he allowed Attorney Ms. Lyman to lie to the Court and to commit multiple felonies.

See the case law *IGNACIO LANUZA, v. JONATHAN M. LOVE, Assistant Chief Counsel, Immigration and Customs Enforcement*, No. 15-35408 (9th Circuit, 2018) where the 9th Circuit imprisoned a Governmental Attorney, debarred him, and compelled him to pay restitution to the Plaintiff for falsifying an immigration document and for preventing an immigrant to obtain a lawful permanent status in the United States.

- 76 -

I am respectfully asking the U.S. District Court for the District of New Mexico to initiate a criminal proceeding against Assistant U.S. Attorney Ms. Christine Lyman for multiple felonies and for intentionally preventing me from obtaining relief.

**Erroneous Fact No. 47**. Read the September 14, 2021 Order (Doc. No. 491), page 12, "Attorneys are bound by the local rules of the court in which they appear. Because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994)."

My objection. The case law *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994) is inapplicable because in that case "A party [sought] to disqualify opposing counsel on the ground of **a former representation**."

Contrary, I am seeking disqualification of Ms. Lyman for multiple felonies pursuant to multiple Federal criminal statutes (18 U.S.C. § 241, § 246, Chapter 73 – Obstruction of Justice, and 18 U.S. Code § 1091 – Genocide), multiple statutes of the California Penal Code, and *IGNACIO LANUZA, v. JONATHAN M. LOVE, Assistant Chief Counsel, Immigration and Customs Enforcement*, No. 15-35408 (9th Circuit, 2018.)

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Ms. Lyman committed multiple felonies within the meaning of the Federal criminal statutes and the California Penal Code during the litigation

of my lawsuit No. 1:21-cv-00761-WJ-JFR when she intentionally and maliciously lied to the Court.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to acknowledge that I was seeking to disqualify Attorney Ms. Lyman for multiple felonies and not for a "former representation of a client" within the meaning of *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994.)

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he allowed Attorney Ms. Lyman to lie to the Court and to commit multiple felonies instead of prosecuting Ms. Lyman pursuant to *LANUZA, v. LOVE,* No. 15-35408 (9th Circuit, 2018.)

Please, notice that in this Brief I will **not** discuss other case laws that were cited by Judge Mr. William Johnson in his September 14, 2021 Order (Doc. No. 491) that refused to disqualify Attorney Ms. Lyman because all these case laws are irrelevant to my ground for disqualification.

**Erroneous Fact No. 48**. Read the September 14, 2021 Order (Doc. No. 491), page 15,

"H. Plaintiff's Pro Se Status Does not Give Her License to Abuse the Judicial Process

The Court hereby STRIKES all of Plaintiff's "Supplements" and "Supplemental Briefs" and "Appendix/Supplements" that were filed since the case's transfer to this District as being

- 78 -

cumulative or otherwise violating this Court's local rules. All such pleadings filed prior to transfer will not be considered by the Court."

<u>My objection</u>. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in his June 28, 2021 Order (Doc. No. 415), Judge Spero announced about his intention **to consider** all my Supplemental Briefs that I filed prior to that Order, "Because Drevaleva is not represented by counsel, **the Court will consider all supplemental briefs filed thus far**."

**contemplated by those rules are not permitted without the Court's leave. Because Drevaleva is not represented by counsel, the Court will consider all supplemental briefs filed thus far. But because Plaintiff has now been admonished as to the**

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 14, 2021 Order (Doc. No. 491) and to eliminate the phrase that Judge Mr. William Johnson will not consider all my Supplemental Brief because Mr. Johnson's decision **contradicts** the previous decision of Judge Mr. Joseph Spero **to consider** all my Supplemental Briefs..

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he struck my Supplemental Briefs in violation of the June 28, 2021 Order (Doc. No. 415), Judge Spero.

<u>Erroneous Fact No. 49</u>. Read the September 28, 2021 Order (Doc. No. 522), page 2,

"**I. Continuing Violations After Stay Was Imposed**

Immediately after the Stay was imposed on September 14, 2021, and in flagrant violation of the Court's stay and its abundantly clear directives, Ms. Drevaleva proceeded to violate it in several ways.

### A. Filing of Pleadings and Motions

| | | |
|---|---|---|
| 09/14/2021 | view | [COURT ONLY] (Court only) ***Set STAYED Flag pursuant to Order 491 . (cmm) (Entered: 09/14/2021) |
| 09/17/2021 | view 492 | REPLY to Response to 484 Motion to Disqualify Counsel filed by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |
| 09/17/2021 | view 493 | MEMORANDUM in Support re 492 Reply to Response to Motion to Disqualify filed by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |
| 09/17/2021 | view 494 | NOTICE of Briefing Complete by Tatyana Evgenievna Drevaleva re 484 MOTION to Disqualify Counsel filed by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |
| 09/17/2021 | view 495 | FIRST MOTION for PERMISSION TO EXCEED Page LIMITATIONS by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |
| 09/17/2021 | view 496 | FIRST MOTION for Permission to File More Motions for Summary Judgment or, As an Alternative, to File a Supplemental Brief in Support to My First Motion for Partial Summary Judgment by Tatyana Evgenievna Drevaleva. (cmm) (Entered: 09/17/2021) |

All of these filings violated the Court's stay order and were summarily stricken. Doc. 498.

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in my September 15, 2021 at 10:57 AM email to Judge Mr. William Johnson and to Assistant U.S. Attorney Ms. Christine Lyman (Exhibit 375),

"Mr. Johnson,

I read your Order that you issued yesterday. I want to clarify some issues that you currently don't understand.

**Issue No. 1.** You stayed the lawsuit, and you prohibited me to submit any filings. However, yesterday, **before I had an opportunity to read your order**, I mailed to the U.S. District Court for the District of New Mexico the following filings:

1) REPLY TO LYMAN'S CRIMINAL, FRIVOLOUS, AND MALICIOUS OPPOSITION TO MY FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR

2) FIRST MOTION FOR PERMISSION TO EXCEED PAGE LIMITATIONS, The Civil Local Rules of the U.S. District Court for the District of New Mexico, Rules 7.5 and 10.5

3) FIRST MOTION FOR PERMISSION TO FILE MORE MOTIONS FOR SUMMARY JUDGMENT OR, AS AN ALTERNATIVE, TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT TO MY FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT.

I mailed these documents yesterday that was September 14, 2021 at approximately 6.30 PM. **Afterwards**, I went to my elderly client's home, turned my computer on, and read your Order that prohibited me to submit any filings and that stated the lawsuit.

Because currently I can't submit any filings, I am sending you an email, and I am informing you that, before I had an opportunity to read your Order, I already mailed three documents to the U.S. District Court for the District of New Mexico. The Clerk will receive these documents in a few days. If the Clerk files these documents, I don't want you to find me in contempt of the Court, and I don't want you to think that I disobeyed your Order. I am repeating the third time that I mailed three documents to the court yesterday before I learned that you stayed the case and before I learned that you prohibited me to submit any filings in my lawsuit."

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 28, 2021 Order (Doc. No. 522) and to eliminate the phrase that I continued to file documents in my case No. 1:21-cv-00761-WJ-JFR in violation of the September 14, 2021 Order that imposed a stay on my lawsuit.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I intentionally kept filing my documents in my case No. 1:21-cv-00761-WJ-JFR after the Court imposed a stay.

**Erroneous Fact No. 50**. Read the September 28, 2021 Order (Doc. No. 522), pages 2-3,

"**B. Continuing E-Mail Communications with Court**

On September 15th and 16th, Ms. Drevaleva also picked up where she left off with her daily e-mail communications with the Court. This time, however, Plaintiff copied defense

counsel on the e-mails—no doubt under a misguided perception that doing so would successfully circumvent the Court's restrictions regarding ex parte communications. The Court assures Plaintiff that it does not, for several reasons. These e-mails still constitute communications made to the Court off the record and as such have no relevance to the lawsuit. Based on the substance and tone of those e-mails, Plaintiff sole objective was to vent displeasure at the Court's rulings which are not favorable to her, particularly the denial of electronic filing privileges. These off-therecord communications force the Court to waste its time having to address them, taking valuable time from other cases that need the Court's attention. Also, under this Court's local rule 5.1(a), "[f]axing, email or any other form of electronic submission does not constitute electronic filing and will not be accepted by the Clerk." Thus, sending these emails to the Court—even after Plaintiff was formally provided notice regarding compliance with the Court's Orders and Rules—still violates those very Orders and Rules, regardless of whether Plaintiff copies defense counsel on the e-mails."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in my September 15, 2021 at 10:57 AM email to Judge Mr. William Johnson and to Assistant U.S. Attorney Ms. Christine Lyman (Exhibit 375) I notified the Court that I had mailed my documents to the Clerk of the U.S. District Court for the District of New Mexico to be filed **before** I learned about a stay that was imposed on September 14, 2021.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 28, 2021 Order (Doc. No. 522) and to eliminate the phrase that admonished me for sending an email to the Court because the purpose of this email was to notify the Court that I mailed my documents to be filed **before** I learned about a stay that the Court imposed in its September 14, 2021 Order.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I intentionally wanted to disturb Judge Mr. Johnson when I sent my September 15, 2021 email to the Court.

**Erroneous Fact No. 51**. Read the September 28, 2021 Order (Doc. No. 522), pages 2-3,

"<u>C. E-Mails to Magistrate Judge Chambers With Hundreds of Exhibits</u>

On September 25, 2021, Plaintiff sent five e-mails **to Judge Robbenhaar's chambers**, with literally hundreds of pages of attachments (*by exact page count, 1531 pages total*), copied to opposing counsel and chambers of the undersigned—ostensibly as part of her "meet and confer" with opposing counsel for submission of the Joint Status Report."

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 25, 2021 I sent several emails **to Assistant U.S. Attorney Ms. Christine Lyman**, and I included Judges Mr. Johnson and Mr. Robbenhaar **into my correspondence with Attorney Ms. Lyman**. However, the September 28,

2021 Order (Doc. No. 522) made a mistake, and the Order asserted that I had included Ms. Lyman into my correspondence with Judge Mr. Johnson and with Judge Mr. Robbenhaar.

The purpose why I included Judges Mr. Johnson and Mr. Robbenhaar into my correspondence with Ms. Lyman was to demonstrate by the preponderance of the evidence that I was attempting to meet and confer with Ms. Lyman as the September 17, 2021 Order directed me.

However, Ms., Lyman criminally blocked the Meet and Confer Session, and she maliciously **didn't** provide me with her Stipulations and Contentions to the material facts of the case and to the applicable legal standards.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, despite I served Ms. Lyman with the facts of the case and with the legal arguments, and despite I attempted in good faith to obtain stipulations and contentions in accordance with the September 17, 2021 Order of the Hon. Judge John Robbenhaar, Ms. Lyman **didn't** provide me with the stipulations and contentions.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that on September 25, 2021 I emailed Ms. Lyman four Volumes of the Excerpts of the Record in Appeal No. `19-16395 that contained the EEO Investigative File (Volume 1) and the A.F.G.E. Master Agreement (Volumes 3-4.) Please, make

a finding that during my Meet and Confer Session I cited the Excerpts of the Record as the authority to support the facts of the case and the applicable legal standards.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 28, 2021 Order (Doc. No. 522) and to eliminate the phrase that I improperly emailed hundreds of pages to the Hon. Judge John Robbenhaar. I emailed these pages to Attorney Ms. Lyman, and I inly included Mr. Robbenhaar to my correspondence with Ms. Lyman.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I emailed hundreds of pages to the Hon. Judge John Robbenhaar.

**Erroneous Fact No. 52**. Read the September 28, 2021 Order (Doc. No. 522), page 5,

"D. Certificates of Services

On September 27, 2021, Plaintiff filed twenty-three (23) Certificates of Services (Docs. 499 to 521) which appear to put additional parties on notice that she intends to add their names to her Complaint and advising them of certain obligations pursuant to the ISO (including as parties the district judge presiding over this lawsuit while it was being litigated in the Northern District of California, and a federal magistrate judge involved in the litigation of one of Plaintiff's many other related cases, see Docs. 499 and 500).

The Court will STRIKE those documents because they violate the Court's stay Order and have absolutely no relevance to the information required in the preparation of a Joint Status Report. For example, while the JSR form asks for information pertaining to "amendments to pleading and joinder of parties," it does not call for (or allow) the actual addition of parties. Nor is a JSR form or a certificate of service the proper way to add parties.[1]

[1] Even assuming the stay was lifted and Plaintiff were allowed to add parties through proper procedure, she would need to formally amend her complaint and then effect service on all the parties she has included in her certificates of services." However, none of these parties have been added or properly served, nor can Plaintiff do so during the stay imposed by the Court."

My objection. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that in his September 17, 2021 Order (Doc. No. 497), the Hon. Judge John Robbenhaar explicitly ordered me to serve the Parties whom I was planning to add into my Complaint, and the Hon. Judge John Robbenhaar explicitly ordered me to file the Certificates of Service with the Court, see page 3, "Plaintiff shall serve a copy of this order on any parties that have been served but have not yet entered an appearance and shall file a certificate of service with the Court documenting such service. Plaintiff shall serve a copy of this order on any parties not yet served along with the summons and complaint."

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 28, 2021 Order (Doc. No. 522) and to eliminate the phrase

that I unlawfully filed the Certificates of Service in violation of the September 14, 2021 Order (Doc. No. 491) that imposed a stay.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that I unlawfully filed the Certificates of Service in violation of the September 14, 2021 Order (Doc. No. 491) that imposed a stay.

**Erroneous Fact No. 53.** Read the September 28, 2021 Order (Doc. No. 522), page 6, "Given Plaintiff's blatant disregard for carrying out any of the requirements related to the submission of the Joint Status Report, the Court is convinced that Ms. Drevaleva's abusive pattern of behavior is intentional."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that **none** of my filings was "abusive." I am also asking the Court to find that **Assistant U.S. Attorney Ms. Lyman** intentionally, maliciously, and criminally **kept abusing me** when she opposed my Motions, intentionally and maliciously listed invalid legal; arguments, criminally concealed the material facts of the case, and intentionally presented me from obtaining relief.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its September 28, 2021 Order (Doc. No. 522) and to eliminate the phrase that my "abusive pattern of behavior is intentional."

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he asserted that my "abusive pattern of behavior is intentional."

**Erroneous Fact No. 54.** Read the September 28, 2021 Order (Doc. No. 522), page 7, "A court has an inherent power to regulate the activities of vexatious or abusive litigants **after appropriate notice is given**. *Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002). In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the United States Supreme Court stated that the court's inherent powers are governed not by rules or statutes but by the control necessarily vested in courts to manage their own affairs in order to achieve the orderly and expeditious disposition of cases. *Id.* at 49."

My objections. Read *Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002), "Finally, we turn to the district court's imposition of restrictions on Ayala's future case filings. A district court has the inherent power to regulate the activities of "litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and **an opportunity to respond to the restrictive order**." *Werner v. State of Utah*, 32 F.3d 1446,

1447 (10th Cir. 1994); see also *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."). Here, it is clear from the data compiled by the district court that Ayala's case filings in district court have amounted to a pattern of malicious, abusive, and frivolous litigation. It is also clear from the record that the district court complied with due process requirements by providing Ayala with notice of the proposed filing restrictions **and an opportunity to respond**. We therefore find no abuse of discretion on the part of the district court in imposing those restrictions."

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he dismissed my lawsuit No. 1;21-cv-00761-WJ-JFR without providing me **with an opportunity to respond** to his September 14, September 28, and November 02, 2021 Orders without giving me an opportunity to present my objections and to respond to the Orders.

**Erroneous Fact No. 55.** Read the November 02, 2021 Order (Doc. No. 526), page 3, "There is no language in either the Court's local rules or the Court's initial scheduling order remotely suggesting that a "meet and confer" session can be accomplished by deluging Judge Robbenhaar's chambers with e-mails and hundreds of exhibits."

My objection. . Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that my September 25, 2021 emails

with Plaintiff's Statement of Facts, Part 1 and four volumes of the Excerpts of the Record in Appeal No. 19-16395 were forwarded **to Attorney Ms. Lyman** as a part of the **Meet and Confer session** pursuant to the September 17, 2021 Order of the Hon. Judge John Robbenhaar.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I included Judges Mr. Johnson and Mr. Robbenhaar **into my email to Ms. Lyman** and not vice versa.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I suspected that Ms. Lyman would **not** respond to the Meet and Confer session, Part 1. Actually, Ms. Lyman never responded to the Meet and Confer session, and **she never stipulated and never contended** to all material facts of the case and to all legal arguments that I presented to her attention.

The reason why I included Judges Mr. Johnson and Mr. Robbenhaar into my September 25, 2021 email to Ms. Lyman was to demonstrate to these Judges by the preponderance of the evidence that I honestly and in good faith met my obligations to meet and confer with Attorney Ms. Lyman, that I really presented to her attention multiple material facts of the case and multiple legal arguments, and that all these material facts of the case and legal arguments were based on the EEO Investigative File (**ER 03748 Volume 1**) and on the provisions of the A.F.G.E. Master Agreement (**ER 03748 Volumes 3 and 4**.) As I suspected, Ms. Lyman blocked the Meet and Confer session, and she never stipulated and contended to even one material fact of the case and to even one legal argument.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its November 02, 2021 Order (Doc. No. 526) and to eliminate the phrase that I dumped thousands of the irrelevant pages on the Hon. Judge John Robbenhaar. I am repeating again that all these documents were addressed to Attorney Ms. Lyman, and I only included Judges Mr. Johnson and Mr. Robbenhaar into my email to Ms. Lyman as witnesses.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he dismissed my lawsuit No. 1;21-cv-00761-WJ-JFR because he thought that I emailed thousands of irrelevant pages to the Hon. Judge John Robbenhaar.

**Erroneous Fact No. 56.** Read the November 02, 2021 Order (Doc. No. 526), page 5, "Other than filling in certain dates for discovery needs, **the JSR mainly requires Plaintiff to list her "Stipulations" and "Contentions" related to the lawsuit**. Instead, Plaintiff chose to ignore the Court's rule and Order by circumventing those requirements and dumping hundreds of pages of unrelated matter on the Court."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I served Ms. Lyman with Plaintiff's Statements of Facts, Parts 1 through 10, and I served Ms. Lyman with Legal Standards, Parts 1 through 11. I am asking the Court to make an additional finding that I offered

Ms. Lyman to stipulate or to contend to every **fact** of the case **from 1 through 247**, and I offered Ms. Lyman to stipulate or to contend to every **legal argument from 1 through 39**.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Ms. Lyman never stipulated and never contended to every fact of the case and to every legal argument. I am asking the Court to find that, because Ms. Lyman blocked a Meet and Confer session, and because she refused to stipulate and to contend to every fact of the case from 1 through 247 and to every legal argument from 1 through 39, there was no way for me to present to the attention of the Court detailed stipulations and detailed contentions to every material fact of the case and to every legal argument.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I actually informed the Court about **the scope** of every fact of the case from 1 through 247 and about **the scope** of every legal argument from 1 through 39, and this is why I mailed to the Court a heavy box of documents that contained approximately 1300 pages and that were my good faith efforts to meet and confer with Ms. Lyman.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that there was no my fault that I didn't write "Stipulations" and "Contentions" in the Joint Status Report and a Provisional Discovery Plan. I am asking the Court to find that Attorney Ms. Lyman **didn't stipulate** and **didn't contend** to all

facts of the case and to all legal arguments, and this is why I was unable to present "Stipulations" and "Contentions" to the attention of the Court.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its November 02, 2021 Order (Doc. No. 526) and to eliminate the phrase that I didn't present "Stipulations" and "Contentions" to the attention of the Court.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he dismissed my lawsuit No. 1;21-cv-00761-WJ-JFR because he thought that I didn't follow the September 17, 2021 Order of the Hon. Judge John Robbenhaar and that I didn't present "Stipulations" and "Contentions" to the attention of the Court.

**Erroneous Fact No. 57.** Read the November 02, 2021 Order (Doc. No. 526), page 7, Footnote 2, "The *Ehrenhaus* case [*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, (10th Cir. 1992)] dealt with sanctions for misconduct under Rule 37 relative to the discovery process, but the Tenth Circuit has recognized that the factors set forth in *Ehrenhaus* are also appropriately considered for cases arising under **Rule 11** or a court's inherent power to sanction. See *King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018); *Mobley v. McCormick*, 40 F.3d 337 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (using *Ehrenhaus* factors to dismiss a plaintiff's complaint with prejudice "for noncompliance with court orders." 996 F.2d 261, 264 (10th Cir. 1993))."

My objections. Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that I **always** complied with the F.R.C.P. Rule 11, and I always included Declarations under penalty of perjury where I declared under penalty of perjury that I had a personal knowledge of the facts of the case, and I declared under penalty of perjury that I was telling the truth to the Court.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that, after the Court warned me about Rule 11, I **always** included the **Rule 11 statements** into every pleading that I forwarded to the Opposing Counsel Ms. Lyman and that I submitted to the attention of the Court.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that Ms. Lyman **never** filed any Declarations under penalty of perjury that she was telling the truth to the Court and that she had a personal knowledge of the material facts of the case. I am asking the Court to find that Ms. Lyman **never** filed any **Rule 11 statement** in every her Opposition to my Motion.

Pursuant to the F.R.C.P. Rule 52(b), I am asking the U.S. District Court for the District of New Mexico to make an additional finding that **all** Ms. Lyman's filings are hearsay that is not supposed to be reviewed.

Pursuant to the F.R.C.P. Rule 59(e), I am asking the U.S. District Court for the District of New Mexico to amend its November 02, 2021 Order (Doc. No. 526) and to eliminate the phrase

that I violated Rule 11 and that any sanctions including dismissal with prejudice were appropriate against me for failure to comply with the Court's Orders.

Pursuant to the F.R.C.P. Rule 60(b)(1), am asking the U.S. District Court for the District of New Mexico to relieve me from the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) because the Judge made a "**mistake**" when he dismissed my lawsuit No. 1;21-cv-00761-WJ-JFR with prejudice because he thought that I intentionally didn't comply with the rules and with the Court's Orders.

**Conclusion**. Chief District Judge Mr. William Johnson clearly abused his discretion when he dismissed my lawsuit No. 1:21-cv-00761-WJ-JFR **without giving me an opportunity to respond** to his September 14, September 28, and November 02, 2021 Orders.

Mr. Johnson improperly dismissed my lawsuit because he thought that I intentionally didn't comply with the rules and with the Court's Orders. It was a mistake.

I am asking the U.S. District Court for the District of New Mexico to vacate the November 02, 2021 Order and Judgment (Doc. No. 526 and 527) and to reinstate my lawsuit No. 1:21-cv-00761-WJ-JFR back to the U.S. District Court for the District of New Mexico for a further proceeding.

**The F.R.C.P. Rule 11(b) Statement**.

I, Tatyana Evgenievna Drevaleva, am a Plaintiff Pro Se in the lawsuit No. 1:21-cv-00761-WJ-JFR. Pursuant to the F.R.C.P. Rule 11(b), I hereby declare that:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it - I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

4) For the reasons that I stated in my Motion, I am respectfully asking the U.S. District Court for the District of New Mexico to make additional factual findings and to amend the September 14, 2021 Order and both the November 02, 2021 Order and Judgment (Doc. No. 491, 526 and 527) accordingly pursuant to the F.R.C.P. Rule 59(e.)

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 11, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

November 11, 2021.

**Exhibit 374.**

My September 13, 2021 at 12:14 PM email to
Judge Mr. William Johnson and to Assistant U.S.
Attorney Ms. Christine Lyman.

 Gmail

**Tatyana Drevaleva <tdrevaleva@gmail.com>**

## Case No. 1:21-cv-00761-WJ-JFR.

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                                  Mon, Sep 13, 2021 at 12:14 PM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

To the Chief District Judge Mr. William P. Johnson.

Please, give me a time frame when you are finally going to rule on my Motion for Permission for Electronic Case Filing, on my Motion to Appoint a Counsel, and on my Motion for an expedited Jury Trial that is consolidated with a hearing of my Motion for Permanent Injunction.

If I don't hear from you until the end of this week, I will file a Motion to Disqualify you from judging my lawsuit No. 1:21-cv-00761-WJ-JFR, and I will file a Petition for Writ of Mandate with the 10th Circuit to compel you to rule on my Motion for Permission for Electronic Case Filing, my Motion to Appoint a Counsel, and on my Motion for an Expedited Jury Trial that is consolidated with a hearing of my Motion for Permanent Injunction.

Plaintiff Pro Se Tatyana Drevaleva.

**Exhibit 375.**

My September 15, 2021 at 10:57 AM email to Judge Mr. William Johnson and to Assistant U.S. Attorney Ms. Christine Lyman.

 Gmail

**Tatyana Drevaleva <tdrevaleva@gmail.com>**

---

**Case No. 1:21-cv-00761-WJ-JFR. Correspondence with the Court.**

---

**Tatyana Drevaleva <tdrevaleva@gmail.com>**                                                  Wed, Sep 15, 2021 at 10:57 AM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

Mr. Johnson,

I read your Order that you issued yesterday. I want to clarify some issues that you currently don't understand.

**Issue No. 1**. You stayed the lawsuit, and you prohibited me to submit any filings. However, yesterday, <u>before I had an opportunity to read your order,</u> I mailed to the U.S. District Court for the District of New Mexico the following filings:

> 1) REPLY TO LYMAN'S CRIMINAL, FRIVOLOUS, AND MALICIOUS OPPOSITION TO MY FIRST MOTION TO DISQUALIFY ASSISTANT U.S. ATTORNEY MS. CHRISTINE LYMAN FROM FALSELY REPRESENTING DEFENDANTS THE U.S. DEPARTMENT OF VETERANS AFFAIRS AND MR. DENIS McDONOUGH IN THE LAWSUIT No. 1:21-cv-00761-WJ-JFR
> 2) FIRST MOTION FOR PERMISSION TO EXCEED PAGE LIMITATIONS, The Civil Local Rules of the U.S. District Court for the District of New Mexico, Rules 7.5 and 10.5
> 3) FIRST MOTION FOR PERMISSION TO FILE MORE MOTIONS FOR SUMMARY JUDGMENT OR, AS AN ALTERNATIVE, TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT TO MY FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT.

I mailed these documents yesterday that was September 14, 2021 at approximately 6.30 PM. <u>Afterwards,</u> I went to my elderly client's home, turned my computer on, and read your Order that prohibited me to submit any filings and that stated the lawsuit.

Because currently I can't submit any filings, I am sending you an email, and I am informing you that, before I had an opportunity to read your Order, I already mailed three documents to the U.S. District Court for the District of New Mexico. The Clerk will receive these documents in a few days. If the Clerk files these documents, I don't want you to find me in contempt of the Court, and I don't want you to think that I disobeyed your Order. I am repeating the third time that I mailed three documents to the court yesterday <u>before I learned</u> that you stayed the case and <u>before I learned</u> that you prohibited me to submit any filings in my lawsuit.

**Issue No. 2**. I called your Secretary twice, and I asked only one question – to bring to your attention that I don't have electronic case filing privileges. I didn't ask about anything else. In your September 14, 2021 Order, you accused me in Ex Parte communication with the Court. You are incorrect. My phone calls to your Secretary were made only for the purpose to remind you that my Motion for Permission for Electronic Case Filing was pending. In my phone calls, I didn't explicitly ask you to grant my Motion. I only asked to rule on my Motion. If I knew how to include AUSA Lyman into my phone calls, I would have included her. However, I didn't know how to technically include AUSA Lyman into my phone calls, and therefore I didn't include her. However, I included AUSA Lyman into my email that I sent you on September 09, 2021. In that email, I very respectfully asked you to rule on my Motion for Permission for Electronic Case Filing. You ignored that email. On September 13, 2021, I sent you another email, and I also included AUSA Lyman into my correspondence with you. I informed you that, if I don't hear from you until the end of the week, I will petition to the 10th Circuit with a demand to disqualify you from judging my lawsuit No. 1:21-cv-00761-WJ-JFR, and I will file a Petition for Writ of Mandate with the 10th Circuit to compel you to rule on my Motion for Permission for Electronic Case Filing, my Motion to Appoint a Counsel, and on my Motion for an Expedited Jury Trial that is consolidated with a hearing of my Motion for Permanent Injunction.

Next day which was September 14, 2021, you accused me in an Ex Parte communication with the Court. I am repeating that:

1) I didn't know how to technically include AUSA Lyman into my phone calls because I am in California, and Lyman is who knows where. She is in a different State. She can't personally come to my home in California, and she can't participate in my phone conversation with your secretary. Likewise, I don't know where she is, she never disclosed her real address, and I can't personally come to her place and to include her into my phone conversation with your secretary

2) In my phone conversation with your Secretary, I asked to rule on my Motion for Permission for Electronic Case Filing, and I didn't ask about anything else

3) I included AUSA Lyman into two emails that I sent you on September 09 and 13, 2021 where I asked you to rule on my Motion for Permission for Electronic Case filing. Therefore, AUSA Lyman was aware that I contacted with you and I asked you to rule on my Motion for Permission for Electronic Case Filing. Therefore, you can't accuse me in an Ex Parte communication with the Court.

**Issue No. 3**. As you know, I don't have electronic case filing privileges at the U.S. District Court for the District of New Mexico. In order for me to submit any document to the Court in

New Mexico, I must do all of the following:

1) I must prepare the electronic version of the document in my computer

2) I must put this electronic version on my flash drive

3) I must go to a different city Oakland to print out my documents at 7 cents per page instead of printing our for 15 cents per page at the FedEx in Downtown San Francisco

4) Because I don't have a car, I must spend significant amounts of time waiting for the bus, going on the bus to Downtown San Francisco from 3015 Clement Street (approximately 50 minutes on the bus plus 10-15 minutes waiting for the bus)

5) From Downtown San Francisco,, I must go on the BART from the Embarcadero BART station to MacArthur BART station in Oakland, CA – approximately 20 minutes plus 10-15 minutes waiting for the train

6) After I get to the MacArthur BART station, I have to wait for another 10-15 minutes until I get on the Kaiser Permanente shuttle because it is the only transportation that goes to the printing place that I need. I need to get on the Kaiser Shuttle, and I need to go on this bus for approximately 7-10 minutes, and I need to get off at the top of the hill

7) From the top of the hill, I need to walk for approximately 10 minutes to the printing place

8) I need to spend my time printing out the paper documents, and I must pay money 7 cents per one page plus tax. It is cheaper than to print out my documents at the FedEx Office that charges 15 cents per page

9) I need to walk again from the printing place to the Fabiola Building of Kaiser Permanente – another 15 minutes

10) I need to wait for the Kaiser Shuttle for another 10-15 minutes

11) I need to get on the Kaiser Shuttle and I need to go to the MacArthur BART station – another 10 minutes

12) I need to wait for the BART train that goes to San Francisco – another 5-25 minutes

13) I need to get on the train and to go back to the Embarcadero BART station – another 20 minutes

14) From the Embarcadero BART station, I need to walk to the Bus No. 1 – another 10 minutes

15) I need to wait the Bus No. 1 – another 5-10 minutes

16) I need to go to the cross of Van Ness and Post to the FedEx Office that works until 8.00 PM – another 15 minutes plus walking another 10 minutes

17) I need to pay money for shipping my paper documents to New Mexico – another 12 dollars plus approximately 20 minutes of my time at the FedEx Office

18) I need to walk back to the bus stop, and I need to wait for the bus No. 38 for another

10-15 minutes

19) I need to get on the bus No. 38 and to go to my elderly client – another 50-60 minutes plus 10 minutes of walking from the bus stop to my client's home.

In summary, in order for me to print out the paper documents and to mail them to the U.S. District Court for the District of New Mexico, I literally must:

1) spend 6-7 hours of my time

2) leave my elderly client alone in her home for 6-7 hours

3) jeopardize her health because during these 6-7 hours she may need my assistance. She may:

   a) Fall down at home, and nobody will assist her to get up
   b) Her blood pressure may decrease, and nobody will give her a cup of coffee
   c) Leave her hungry because she can't use a microwave herself to warm the food up
   d) She will not be able to walk in the street without my assistance
   e) In case of emergency, nobody will assist her

4) Spend significant amounts of my salary to pay for printing out the paper copies of my documents and to pay for shipping these documents to the U.S. District Court for the District of New Mexico.

This is what you literally did yesterday when you denied my access to the Electronic Case Filing:

1) You jeopardized the health of my elderly client

2) You compelled me to leave my client alone at her home for 6-7 hours

3) You compelled me to spend my salary that is already miserable (approximately $1500 per month) for printing out the paper copies and for mailing them to New Mexico.

When I came home yesterday after my trip to Oakland, I found out that:

1) My client's blood pressure dropped, and she called her daughter for assistance because I was not at home at that time

2) Her daughter left her job and came to my client's place to give her a cup of coffee

3) The daughter also fed my client because my client was unable to eat herself.

When I returned home yesterday, I read your Order where you accused me in filing "harassing" Supplemental Briefs, and you denied my access to the Electronic Case Filing.

I am informing you that in 2019 I lost my job three times because I was compelled to leave three elderly clients alone at home while I was printing out the paper copies during the litigations of my lawsuits against the California Department of Industrial relations and against the Alameda

Health System at the State Court. I am informing you that in 2019 three elderly clients fired me because they couldn't tolerate that I left them alone at home.

Now, you put me in jeopardy to lose my current job because, Denying my access to the electronic case filing, you literally jeopardize the health and the life of my elderly client. She may fall down at home, and she may hit her head. She has a history of falling down at home and hitting her head. If I am at home, I will assist her to get up. If you deny my access to the electronic case filing, and if you compel me to leave my client alone at home for 6-7 hours (maybe more depending on circumstances), you literally commit elder abuse, and you will be liable for that.

Also, if you deny my access to the electronic case filing, and if you compel me to spend literally all my salary for printing out the paper copies of the documents and for mailing them to the District Court of New Mexico, you will be liable for compelling me to spend my last money for unnecessary expenses that you have a power to prevent.

I am asking you to reconsider your Order that denied my access to the electronic case filing.

I will present more objections to your September 14, 2021 Order in my next email.

Right now, I need to go to a pharmacy to get a medicine for my client.

I am a live-in Caregiver, and I live together with my elderly client.

Tatyana.

**Exhibit 376.**

My September 15, 2021 at 08:18 PM email to Judge Mr. William Johnson and to Assistant U.S. Attorney Ms. Christine Lyman.

 Gmail

Tatyana Drevaleva <tdrevaleva@gmail.com>

## Case No. 1:21-cv-00761-WJ-JFR. Second Correspondence with the Court.

Tatyana Drevaleva <tdrevaleva@gmail.com>                                    Wed, Sep 15, 2021 at 8:18 PM
To: johnsonproposedtext@nmd.uscourts.gov, "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

Mr. Johnson,

My elderly client developed today the following conditions:

1) Severe allergy in a form of a skin rash all over her body with severe itching. The skin rush was so severe that I wanted to go to Emergency room together with my client
2) Constipation
3) Diarrhea. My client was dirty, and I needed to wash her and to changer her clothe.

Ask yourself a question – what if all these conditions occurred yesterday when I was absent from home for 6-7 hours in order to print out the paper copies of my documents and to mail them to the U.S. District Court for the District of New Mexico because you criminally denied my access to the Electronic Case Filing? You would be liable for abusing my elderly client and for coercing me to leave my client alone for an extended period of time.

Similarly, you will be liable for abusing my elderly client because you criminally denied my Motion to Appoint a Counsel. You criminally ignored the California Government Code Section 68651 that imposed a mandatory obligation on you to appoint a Counsel. for my basic needs. As a result, I will have to leave my client alone for extended periods of time in order to serve Defendants with my Discovery requests.

Also, you literally jeopardized my job because I will have to spend significant amounts of time:

1) preparing my legal papers myself instead of a Counsel
2) conducting Discovery myself not knowing how to do it
3) not to sleep at night because I will have to write my legal papers at night while my client is sleeping
4) to abandon my client for extended periods of time because I would need to write my papers, to print them out, and to mail them to the U.S. District Court for the District of new Mexico
5) my client will not be able to timely have her lunch and dinner
6) my client is at risk of falls and body injuries
7) I will spend all my small salary for printing out my legal papers and for mailing

expenses

8) I will not have any money left for my own needs.

If my client fires me like three previous clients did in 2019, you will be liable for putting me to the street along with other homeless people whom you and Judges like you are made homeless.

Be aware that:

1) I am the only family member in the United States
2) I don't have a permanent place of living in the United States
3) I don't have a car
4) I was defamed about the reasons of the termination of my employment from the New Mexico VA Health Care System in 2017
5) As a result of defamation, I can't obtain a job in my professional field as a Monitor Technician
6) Asa a result of your September 14, 2021 Order that denied my access to the electronic case filing and that denied my Motion to Appoint a Counsel, I will have to spend all my time litigating my lawsuit No. 1:21-cv-00761-WJ-JFR myself, and it will deprive me of an opportunity to get an additional job and to earn additional money. Therefore, you intentionally and maliciously put me into financial misery
7) I am almost 55 yo, I don't have children, and you and judges like you are criminally deprived me of an opportunity to continue a treatment of my infertility.

In your September 14, 2021 Order, you stated that my lawsuit No. 1:21-cv-00761-WJ-JFR:

1) is just another employment discrimination case
2) that I am just a vexatious litigant that consistently files meritless Motions and moves to disqualify everybody
3) that I have a history of an abusive litigation behavior
4) that the criminals who crossed the Mexican board and who are currently detained are more important to you than I am
5) that you currently don't have two Judges in your Court, and therefore you will take care of the criminals first because their Liberty is jeopardized, and I don't deserve your attention because I am just a vexatious litigant in an employment discrimination case
6) that I harassed you because I communicated Ex Parte with you and I asked you to give me the time frame when you will finally rule on my **most important** Motion for Permission for Electronic Case Filing. I am emphasizing that for me this Motion was more important than my Motion for Partial Summary Judgment. Please, see my

explanations about my elderly client above

7)  that you will make rulings in my case only when you have time to do it and only after you take care of the criminals, and that my needs are not important at all.

Who cares that I've been deprived of an opportunity to continue a treatment of my infertility for 4.5 years and that my age is almost 55 yo? Nobody.

Are my age and my health condition important for a busy Chief Judge who is concerned about the people who crossed the Mexican border (and who will do it over and over again if you release them from jail)? Of course, no.

Is a Russian immigrant woman at the age of 55 who was fired from her job for her attempt to have a child important for the Chief Judge of the District Court in New Mexico? Of course, no.

In your September 14, 2021 Order, you stated that:

1)  I am capable of litigating my lawsuit myself

2)  that I already asked the District Court in California twice to appoint a Counsel, and  my Motions were denied

3)  that I already communicated with 25 lawyers in New Mexico, and nobody agreed to accept my lawsuit. If no one lawyer already agreed to accept my lawsuit in New Mexico, why should the Chief Judge bother to appoint a Counsel to me? Criminals are more important because they have a Constitutional right for a Counsel. A fired Russian woman doesn't have this right. She has already waited for 4.5 years (unlike the criminals whose lawsuits are decided instantly), so she can wait for another several years until a busy Chief Judge finds some time to pay attention to this Russian woman's basic needs.

Please, read 18 U.S. Code § 1091 – Genocide,

(a) Basic Offense.—Whoever, whether in time of peace or in time of war and with the specific intent to destroy, in whole or in **substantial part**, a national, ethnic, racial, or **religious group** as such—

(1) kills **members** of that group;

(2) **causes serious bodily injury** to **members** of that group;

(3) causes the permanent impairment of the mental faculties of **members** of the group through drugs, torture, or similar techniques;

(4) **subjects the group to conditions of life that are intended to cause the physical destruction** of the group in whole or in part;

(5) **imposes measures intended to prevent births within the group**; or

(6) transfers by force **children** of the group to another group;

shall be punished as provided in subsection (b).

(b) Punishment for Basic Offense.—The punishment for an offense under subsection (a) is—

(1) in the case of an offense under subsection (a)(1), where death results, by death or imprisonment for life and a fine of not more than $1,000,000, or both; and

(2) a fine of not more than $1,000,000 or imprisonment for not more than twenty years, or both, in any other case.

(c) Incitement Offense.—

Whoever directly and publicly **incites** another to violate subsection (a) shall be fined not more than $500,000 or imprisoned not more than five years, or both.

(d) Attempt and Conspiracy.—

Any person who attempts or conspires to commit an offense under this section shall be punished in the same manner as a person who completes the offense.

(e) Jurisdiction.—There is jurisdiction over the offenses described in subsections (a), (c), and (d) if—

(1) the offense is committed in whole or in part within the United States; or

(2) regardless of where the offense is committed, the alleged offender is—

(A) a national of the United States (as that term is defined in section 101 of the **Immigration and Nationality Act (8 U.S.C. 1101)**);

(B) an alien lawfully admitted for permanent residence in the United States (as that term is defined in section 101 of the **Immigration and Nationality Act (8 U.S.C. 1101)**);

(C) a stateless person whose habitual residence is in the United States; or

(D) present in the United States.

(f) Nonapplicability of Certain Limitations.—

Notwithstanding section 3282, in the case of an offense under this section, an indictment may be found, or information instituted, at any time without limitation.

(Added Pub. L. 100–606, § 2(a), Nov. 4, 1988, 102 Stat. 3045; amended Pub. L. 103–322, title VI, § 60003(a)(13), Sept. 13, 1994, 108 Stat. 1970; Pub. L. 107–273, div. B, title IV, § 4002(a)(4), (b)(7), Nov. 2, 2002, 116 Stat. 1806, 1808; Pub. L. 110–151, § 2, Dec. 21, 2007, 121 Stat. 1821; Pub. L. 111–122, § 3(a), Dec. 22, 2009, 123 Stat. 3481.)

I am asking you to reconsider your September 14, 2021 Order and do all of the following:

1) To give me access to the Electronic Case Filing in your Court

2) To appoint a Counsel to assist me with my legal needs

3) To do everything possible to expedite my lawsuit. My Liberty is at stake because the Federal Government defamed me about the reasons of the termination of my employment, because I can't get a job in my professional field, and because I am deprived of an access to my fertility treatment. The criminals who crossed the border can wait. I can't wait. I have already waited for 4.5 years

4) To immediately schedule an Expedited Jury Trial and to give me permanent injunction in a form of getting reinstated back to work at any VAMC and being awarded with my lost salary and benefits as a result of discrimination and unlawful termination of my employment that was committed by the New Mexico VA Health Care System in 2017

5) To grant my First Motion for Partial Summary Judgment despite this Motion exceeds page limits

6) If you are so busy that you can't give priority to my lawsuit, I am asking you to recuse yourself from judging my case and to assign this case to another Judge who will pay attention to me and not to the criminals who crossed the Mexican border.

Tatyana.

**Exhibit 377.**

My September 18, 2021 at 10:27 AM email to Judge Mr. William Johnson, to the Hon. Judge John Robbenhaar, and to Assistant U.S. Attorney Ms. Christine Lyman.

 Gmail

Tatyana Drevaleva <tdrevaleva@gmail.com>

## Case No. 1:21-cv-00761-WJ-JFR. Correspondence with the Court.

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                                                     Sat, Sep 18, 2021 at 10:27 AM
To: johnsonproposedtext@nmd.uscourts.gov, NMDml_Magistrate Judge Robbenhaar's Chambers
<robbenhaarchambers@nmd.uscourts.gov>, "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>

To the Hon. Judge John Robbenhaar from Plaintiff Tatyana Drevaleva.

Also, to Judge Johnson.

I am extremely grateful to Hon. Judge John Robbenhaar for promptly issuing an Order that scheduled the Initial
Case Management Conference. Thank you so much!

I have an objection to Judge Johnson's September 14, 2021 Order. Please, read page 7, "… no case management
hearing was held following remand from the Ninth Circuit Court of Appeals …"

Here, Judge Johnson is simply incorrect. The Initial Case Management Conference in case No. 3:18-cv-03748-JCS
after remand occurred at the U.S. District Court for the Northern District of California on April 30, 2021 before
Magistrate Judge Mr. Joseph C Spero.

Please, read the April 05, 2021 Order of Judge Spero (Doc. No, 345), page 1, lines 24-25, "A case management
conference will occur on April 30, 2021 at 2:00 PM via Zoom webinar. The parties shall file separate case
management statements no later than April 23, 2021."

Please, also see Docket No. 372 entered on May 03, 2021 that confirmed that the Initial Case Management
Conference actually occurred on April 30, 2021.

"FTR Time: Zoom Webinar Time: 2:04-2:39.

Plaintiff Attorney: Tatyana Drevaleva, pro se. NOTE: Ms. Drevaleva left the Zoom Webinar at 2:30 PM.

Defendant Attorney: Kimberly Robinson."


During the Initial Case Management Conference on April 30, 2021, Judge Spero verbally allowed the Parties to
conduct Discovery. Therefore, the Discovery in case No. 1:21-cv-00761-WJ-JFR **has already been open since April
30, 2021**.

I didn't propound any Discovery request because at that time I was writing 10 Appeals at the 9th Circuit after the
termination of my employment from both the Alameda Health System in 2013 and after the termination of my
employment from the New Mexico VA Health Care System in 2017. Therefore, I simply didn't have both time and
strength to propound a Discovery request. Moreover, I had no idea how to propound a Discovery request,
therefore, I didn't propound it. However, I contacted with the Legal Help Center at the U.S. District Court for the
Northern District of California, and they emailed me the Discovery forms of that Court. Still, I simply didn't have
time, strength to propound a Discovery request. Currently, I am learning how to do it.

Please, notice a material fact of the case that, after Judge Spero allowed Discovery in case No. 3:18-cv-03748-JCS,
Assistant U.S. Attorney Robinson disqualified herself from representing the U.S. Department of VA and its
Secretary, and AUSA Ms. Adrienne Zack entered a Notice of Substitution of Counsel (Doc. No. 382.)

Please, notice a material fact of the case that, despite the Discovery in case No. 3:18-cv-03748-JCS was open since
April 30, 2021, AUSA Zack **didn't propound any Discovery request at all**.

Now, please, take a Judicial Notice of a fraudulent statement of AUSA Lyman that claimed that a Discovery in this

case should occur. See Lyman's Opposition to my Motion for an Expedited Jury Trial that is Consolidated with my Motion for Permanent Injunction (Doc. No. 467), page 3, " "Conducting a hearing—in essence, a trial—on Plaintiff's request for a permanent injunction at this stage of the proceedings would prejudice the Defendants, be impracticable, **and undermine a central benefit of the discovery rules, allowing 'parties to obtain the fullest possible knowledge of the issues and facts before trial.'" "**

Here, Lyman knowingly committed fraud because she **knew** that the Initial Case Management Conference in this case occurred on April 30, 2021, and the Discovery in this case has already been open since April 30, 2021, and that AUSA Zack didn't propound any Discovery request.

See the same Lyman's Opposition, page 2, "The case management conference scheduled in the Northern District of California was vacated. See Doc. 436 (continuing case management conference to August 20, 2021); Doc. 451 at 7 (vacating all dates and deadlines)."

Here, Lyman committed another fraud because she knowingly withheld from the Court a material fact of the case that she **knew** that the Initial Case Management Conference in this case **occurred** on April 30, 2021, and the Discovery in this case has already been open since April 30, 2021, and that AUSA Zack didn't propound any Discovery request.

Therefore, following Judge Johnson's statement in his September 14, 2021 Order, Lyman's behavior warrants sanctions because she knowingly lied to the Court that the Initial Case Management Conference in this case hadn't occurred.

See Judge Johnson's September 14, 2021 Order, pages 14-15, " ("Flippant, unfounded accusations of misconduct and fraud by opposing counsel and court officials demean the profession and impair the orderly operation of the judicial system." At worst, the Court would be inclined to consider the appropriateness of sanctions for making such baseless accusations. Id. ("Such behavior warrants punishment.")"

However, I just demonstrated by the preponderance of the evidence that Attorney Lyman actually committed fraud because she **knowingly** withheld from the Court that the Discovery in case No. 1;21-cv-00761-WJ-JFR has been open since April 30, 2021, and she withheld the material fact of the case that AUSA Zack **never propounded any Discovery request** because Defendants have nothing to discover.

I will present more thoughts in my next email to the Court.

Tatyana.

**Exhibit 378.**

My October 14, 2021 at 12:28 PM email to Judge Mr. William Johnson, to the Hon. Judge John Robbenhaar, and to Assistant U.S. Attorney Ms. Christine Lyman.

 Gmail

**Tatyana Drevaleva <tdrevaleva@gmail.com>**

## Case No. 1:21-cv-00761-WJ-JFR. Request to the Court.

**Tatyana Drevaleva <tdrevaleva@gmail.com>**                                           Thu, Oct 14, 2021 at 12:28 PM
To: "Lyman, Christine (USANM)" <Christine.Lyman@usdoj.gov>, johnsonproposedtext@nmd.uscourts.gov,
NMDml_Magistrate Judge Robbenhaar's Chambers <robbenhaarchambers@nmd.uscourts.gov>

To the Court.

The Parties in case No. 1:21-cv-00761-WJ-JFR exchanged the "meet and confer" statements.

Now, it is my responsibility to file our writings with the U.S. District Court for the District of New Mexico.

Previously, the Court filed over 1500 pages of my Excerpts of the Record, Volumes 1, 2, 3, and 4 in Appeal No.
198-16395 and Plaintiff's Statement of Facts, Part 1, see Doc. No. 522-1. I am reminding that I **emailed** all these
documents to the email address of the Hon. Judges Johnson and Robbenhaar.

I am respectfully asking the Court's permission for me **to email** the "meet and confer" session to the Court
because it is over 600 pages, and currently I don't have money to print out these documents and to mail them to
the U.S. District Court for the District of New Mexico.

Moreover, I don't want to leave my elderly client alone for another half of the day in order to go to Oakland and to
print out these documents.

Please, allow me to send these documents to the email addresses of the Hon. Judges Johnson and Robbenhaar.

Moreover, by allowing me to email over 600 pages to the Court, you will relieve the Clerks from the necessity to
manually scan all these 600 pages and to file them.

Please, let me know whether I can email the documents to the Court as soon as you can.

Thank you,

Respectfully,

Tanya.

## PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On November 11, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following document (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) FIRST MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE **60.**
2) Separate Brief
3) Declaration
4) Proposed Order
5) Exhibits 374, 375, 376, 377, 378.

On November 11, 2021, I emailed the mentioned above document from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on November 11, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: November 11, 2021.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*                                                    Case No. 1:21-cv-00761-WPJ

                v.

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

    *Defendants*

## PROPOSED ORDER.

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's First Motion to Vacate a Judgment, the F.R.C.P. RULE 60 is **GRANTED**.

**IT IS SO ORDERED**.

_____          _____

Date:                                              The Chief District Judge the Hon. William P. Johnson.

- 1 -

# FedEx

## Express

R 527

FZ

FZ

6 A
16:30
5056
11:16
5056
11:15

ORIGIN ID:SFOA (415) 954-2116
TATYANA DREWLEVA
3015 CLEMENT ST
APT 204
SAN FRANCISCO, CA 94121
UNITED STATES US

TO PETE V. DOMENICI
U.S. COURTHOUSE
333 LOMAS BLVD. NW

ALBUQUERQUE NM 87102

SHIP DATE: 11NOV21
ACTWGT: 0.50 LB
CAD: 8982482/SSF02220

REF:

REF1:

TRK#  2860 1932 5056
(000) 000-0000

SX ONMA

TUE – 16 NOV 4:30P
EXPRESS SAVER

87102
NM-US    ABQ

FedEx
Express

E

Pak

Align bottom of peel-and-stick airbill or pouch here.

Align top of FedEx Express® shipping label here.