IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

      **Plaintiff,**

    vs.                                              No.  21-cv-761 WJ-JFR

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS, ET AL.**

      **Defendants.**

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### FIRST MOTION TO VACATE THE JUDGMENT (Doc. 537)

The Court should deny Plaintiff's First Motion to Vacate the Judgment (Doc. 537) (the "Motion"). Although styled as a motion pursuant to Federal Rule of Procedure 60, the Motion continues to ask the Court for additional factfinding pursuant to Rule 52(b). Furthermore, the running list of "Erroneous Facts" is a continuation from Plaintiff's First Motion for Amended or Additional Findings (Doc. 528) and Plaintiff's First Motion for Altering and Amending a Judgment (Doc. 530).

Plaintiff's seriatim filings are a blatant attempt to evade this Court's local rules governing page limitations for motions. *See* D.N.M.LR-Civ. 7.5 (limiting a motion and supporting brief to 27 pages). As such, they should be stricken. *See Nanodetex Corp. v. Sandia Corp.*, No. CV 05-1041 BB/LAM, 2007 WL 9710535, at *1 (D.N.M. July 9, 2007) ("Judges in this district have not hesitated to strike similar multiple pleadings and to require the party filing them to consolidate the separate motions into a single motion.").

As Defendant has previously noted, *see* Docs. 529 and 533, Federal Rule of Civil Procedure 52(b) "applies only to cases in which a district court issues factual findings following a trial on the

merits." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007). Because there was no trial on the merits or any accompanying factual findings, the Court has no basis for "amend[ing] its findings—or mak[ing] additional findings." Fed. R. Civ. P. 52(b); *accord Holmes v. Grant Cty. Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. 2019) ("Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial.").

To the extent the Court construes the Motion as seeking relief pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff has not shown entitlement to relief based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud." *Kirven v. Stanfill*, No. CIV 18-1204 WJ/GJF, 2020 WL 5976809, at *1 (D.N.M. Oct. 8, 2020). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks and citation omitted). While Plaintiff appears to take issue with the Court's description of some previous filings as "motions" rather than "petitions" for mandamus, as well as lack of clarification as to whether Ninth Circuit "Motions Panels" disposed of her prior appeals rather than "Merits Panels," she does not explain why these purported errors should alter the Court's decision to dismiss her case as a sanction for contumacious litigation conduct. Instead, she blithely continues to pile on abusive filings that demonstrate that the Court's decision was correct.[1]

---

[1] The Court should consider whether additional sanctions are appropriate, including filing restrictions. *See, e.g.*, *Cruz v. New Mexico*, No. 1:18-CV-00204-WJ-KK, 2020 WL 1514622, at *2 (D.N.M. Mar. 30, 2020) (finding "that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's First Motion to Vacate the Judgment (Doc. 537).

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed November 16, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically November 16, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney