IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

       Plaintiff,

vs.                                    No. 21-cv-761 WJ-JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING / STRIKING PLAINTIFF'S MOTIONS (DOCS. 528, 530 and 537)**
**and**
**REGARDING DOCUMENTS MAILED IN FedEx BOX TO CLERK OF COURT**

THIS MATTER comes before the Court upon these motions, following an Order of

Abatement issued by the Tenth Circuit Court of Appeals (Doc. 536):

- Plaintiff's First Motion to Amend the Judgment Pursuant to Fed.R.Civ.P.52(b) (**Doc. 528**);

- Plaintiff's First Motion For Altering or Amending Judgment Pursuant to Fed.R.Civ.P 59(e) (**Doc. 530**); and

- Plaintiff's First Motion to Vacate Judgment Pursuant to Fed.R.Civ.P.60 (**Doc. 537**).

Plaintiff Tatyana Drevaleva, who is proceeding *pro se,* sued Defendants for violations of

Title VII and the Rehabilitation Act of Section 504. The case was transferred from the Northern

District of California ("NDC") on August 13, 2021. Doc. 453.  On November 2, 2021, this Court

dismissed the lawsuit with prejudice as a sanction, finding that Ms. Drevaleva intentionally and

willfully refused to comply with court orders and to follow appropriate procedures applicable to

all court litigants, including *pro se* parties.  Doc. 526.  Final Judgment was entered on November

2, 2021. Doc. 527.

After filing two post-judgment motions (Docs. 528 and 530), Plaintiff filed a Notice of Appeal on November 10, 2021 (Doc. 536).  On November 15, 2021, the Tenth Circuit Court of Appeals issued an Order of Abatement pending the Court's consideration of Plaintiff's motion to alter or amend judgment under Rule 59 (Doc. 530), pursuant to Fed. R. App. P. 4(a)(4)(B) which renders a notice of appeal effective "when the district court enters an order disposing of the last such remaining motion is entered."  Doc. 536 (Order of Abatement).

The Tenth Circuit's Order of Abatement was specific as to the Court's consideration of Plaintiff's motion in Document 530, but it appears that Plaintiff's two other motions are also included as types of motions that must be disposed of before a notice of appeal becomes effective under Fed.R.App.P.4(a)(4)(A).  Plaintiff filed her Motion to Amend Judgment (Doc. 528) and Motion to Vacate (Doc. 537) pursuant to Fed.R.Civ.P.52(b) and Rule 60 (respectively) within 28 days after the judgment was entered, and so this Court has jurisdiction to address both of these motions as well.  *See Warren v.  Am. Bankers Ins. of FL*, 507 F.3d 1239, 1245 (10th Cir. 2007) ("A notice [of appeal] filed before the filing of one of the specified motions [including a Rule 59(e) motion] . . .  is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals") (citing Adv. Comm. Notes to Fed.R.App.(a)(4)(A)).

I.      **First Motion for Amended or Additional Findings (Doc. 528)**

Plaintiff argues in this motion that the Court's  Memorandum Opinion and Order Imposing Sanction of Dismissal with Prejudice (Doc. 526) (the "Order"), as well as its two prior orders warning her to comply with the Local Rules and Court's orders (Docs. 491 and 522), contained various purported factual errors.

Plaintiff asks that the Court make "additional findings" to correct these errors pursuant to Federal Rule of Civil Procedure 52(b)—and yet again, she has failed to become familiar with the Court's procedural rules before deluging the Court with motions and objections to the Court's rulings. Rule 52(b) "applies only to cases in which a district court issues factual findings following a trial on the merits." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007). There has been no trial on the merits or any accompanying factual findings, and so the Court has no basis for "amend[ing] its findings—or mak[ing] additional findings." Fed. R. Civ. P. 52(b); *accord Holmes v. Grant Cty. Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. 2019) ("Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial.").

However, even under a Rule 59(e) analysis, this motion fails. Reconsideration under Rule 59(e) is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.   It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

The motion lists eight "erroneous facts" amidst pages and pages of extraneous and irrelevant information.  None of these facts even remotely hints at "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." The Court provides a few examples to illustrate the frivolous nature of Plaintiff's "objections" to the Court's rulings.  In "Erroneous Fact No. 1," Ms. Drevaleva objects

to the Court's noting in its Order that she was declared a vexatious litigant at the U.S. District Court for the Northern District of California ("NDC"). She does not claim that the Court made an inaccurate or erroneous statement, but merely states that she was "improperly" declared a vexatious litigant in the NDC.

In "Erroneous Fact No. 2," Plaintiff objects to the Court's characterization of her filing history as "littering the docket with cumulative irrelevant pleadings which failed to comply with the Court's federal and local rules, including filing frequent notices of appeal." *See* Doc. 528 at 4 (citing to numerous NDC docket entries). And in "Erroneous Fact" 3 and 4, Plaintiff makes various objections to rulings made by United States District Judge William Alsup, who presided over the case while it was litigated in the NDC.  Plaintiff simply does not like the rulings made by this Court, or past rulings made by Judge Alsup in the NDC and provides no basis for this Court to revisit or reconsider any of them. Accordingly, this motion is DENIED.

**II.     First Motion for Altering or Amending Judgment Pursuant to Fed.R.Civ.P.59(e) (Doc. 530)**

This next motion appears to be a continuation of Plaintiff's First Motion for Amended or Additional Findings (Doc. 528), presenting "Erroneous Facts" 9 through 11. Also, while Plaintiff styles this motion as one pursuant to Rule 59(e), it actually requests additional factfinding pursuant to Rule 52(b), which as noted above, cannot apply to this case where it was not dismissed on the merits. The Court will not waste its time considering these objections **since they all appear to involve Judge Alsup's rulings made approximately two years ago**.

None of Plaintiff's objections shows any clear error in the Court's orders that would justify a modification. *See, e.g.*, *Eberly v. Manning*, No. CV 04-0977 WJ/RLP, 2006 WL 8443598, at *2 (D.N.M. Oct. 25, 2006) (rejecting a Rule 59(e) motion to set aside sanctions

where the purported errors had no bearing on whether sanctions were warranted under 28 U.S.C. § 1927).  Accordingly, this motion is therefore DENIED.

**III.     Plaintiff's First Motion to Vacate Judgment Pursuant to Fed.R.Civ.P.60 (Doc. 537)**

Defendants present short but meritorious substantive arguments as to why this motion fails under either Rule 52(b) or Rule 60(b).  However, the Court need not consider the motion on its merits because of Plaintiff's blatant attempt, yet again, to disregard this Court's local rules governing page limitations for motions.  Under this Court's local rules, the combined length of a motion and supporting brief "must not exceed twenty-seven (27) double-spaced pages." D.N.M.LR-Civ.7.5.  Plaintiff's motion (Doc. 537) is 144 pages, with exhibits starting on page 123.  Plaintiff also filed a "Separate Brief" in support of the motion, which is three pages.

There is no record of Plaintiff's request for leave of Court to file a brief exceeding the required limits on number of pages, and so the Court hereby STRIKES Plaintiff's First Motion for Amended or Additional Findings (Doc. 528).

**IV.     Delivery of Box of Documents to Clerk of Court**

As noted on the Court docket, the Clerk's Office recently received a box via FedEx from Plaintiff on November 18, 2021. The box, weighing five pounds and measuring 9 inches by 10 inches, contains a motion with a page count of twenty-four (24), one page proof of service, one page proposed order, a three-page brief and a 467-page "Declaration." This Court's local rule requires that all exhibits "must not exceed a total of fifty (50) pages, unless all parties agree otherwise" and if not, then with leave of Court.  *See* D.N.M.LR-Civ. 10.5.

The Court finds that it would be excessively burdensome to scan these documents in order to have them entered on the docket. Moreover, the Court will not further consider this latest document dump by Plaintiff, since it is abundantly clear that in sending this box of

documents to the Clerk's Office, Plaintiff is once again in violation of orders that have already been entered.

The Court has no intention whatsoever of allowing Plaintiff to continue her attempts to commandeer Court personnel and resources with her onslaught of meritless filings, and Plaintiff will be facing filing restrictions in the future should she persist in these vexatious litigation tactics.

The Court hereby DENIES/STRIKES Plaintiff's Motions (Docs. 528, 530 and 537) for the above stated reasons.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE