

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2021 NOV 24  PM 2:12

CLERK-ALBUQUERQUE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

    *Plaintiff*

        v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

    *Defendants*

## SECOND MOTION FOR AMENDED OR ADDITIONAL FINDINGS,

## SECOND MOTION TO AMEND THE JUDGMENT, THE F.R.C.P. RULE 52(b);

## SECOND MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e);

## SECOND MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE 60.

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 19, 2021, the U.S. District Court for the District of New Mexico entered

an Order (Doc. No. 544) that denied the following Motions:

1) The First Motion for Amended or Additional Findings. First Motion to Amend the

   Judgment, the F.R.C.P. Rule 52(b) (Doc. No. 528)

2) The First Motion for Altering or Amending a Judgment, the F.R.C.P. Rule 59(e) (Doc. No. 530)

3) The First Motion to Vacate the Judgment, the F.R.C.P. Rule 60 (Doc. No. 537.)

Plaintiff Tatyana Drevaleva is filing the Second Motion for Amended or Additional Findings. Second Motion to Amend the Judgment, the F.R.C.P. Rule 52(b) that is consolidated with both my Second Motion for Altering or Amending a Judgment, the F.R.C.P. Rule 59(e) and the Second Motion to Vacate the Judgment, the F.R.C.P. Rule 60. Prior to filling this Motion, I met and conferred with AUSA Ms. Lyman, and she notified me about her intention to oppose this Motion.

**Part 1**. Denying my First Motion for Amended or Additional Findings. First Motion to Amend the Judgment, the F.R.C.P. Rule 52(b) (Doc. No. 528), the Court ruled, see Doc. No. 544, page 3, "Plaintiff asks that the Court make "additional findings" to correct these errors pursuant to Federal Rule of Civil Procedure 52(b)—and yet again, she has failed to become familiar with the Court's procedural rules before deluging the Court with motions and objections to the Court's rulings. Rule 52(b) "applies only to cases in which **a district court issues factual findings following a trial on the merits.**" **_Trentadue v. Integrity Comm., 501 F.3d 1215, 1237 (10th Cir. 2007)_**. There has been no trial on the merits or any accompanying factual findings, and so the Court has no basis for "amend[ing] its findings—or mak[ing] additional findings." Fed. R. Civ. P. 52(b); _accord_ **_Holmes v. Grant Cty. Sheriff's Dep't, 772 F. App'x 679, 680 (10th Cir. 2019)_** ("Rule 52(b) applies only to cases where findings of fact have been made by

the district court after a trial; here the district court granted a motion to dismiss as a matter of law and without a trial.”).”

My objection. Read the case law *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007), “Trentadue filed a motion requesting the district court supplement its judgment with additional findings of fact under Fed.R.Civ.P. 52(b). That rule, however, applies only to cases in which a district court issues factual findings following a trial on the merits. *See* Fed.R.Civ.P. 52(a). This case was terminated on summary judgment. Trentadue offers no legal support for his position; accordingly, we conclude that the district court did not abuse its discretion. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995).”

Please, notice that the case law *Trentadue* was decided on **September 07, 2007**. Please, notice that, after the *Trentadue* case law was decided, the Legislature amended the F.R.C.P. Rule 52, and the amendment became effective on **December 01, 2007**. Please, notice that the previous amendment of the F.R.C.P. Rule 52 became effective on December 01, 1995. Therefore, the *Trentadue* case law was decided on the plain language of the F.R.C.P. Rule 52, the version of **1995**.

I found one of the previous versions of the F.R.C.P. Rule 52(b) in *National Metal Finishing v. Barclaysamerican*, 899 F.2d 119 (1st Cir. 1990), “Rule 52(b) provides:

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The

motion may be made with a motion for a new trial pursuant to Rule 59. **When findings of fact are made in actions tried by the court without a jury**, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."

Please, read the **current** version of the F.R.C.P. Rule 52(b),

"(b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

Please, notice that in the current version of the F.R.C.P. Rule 52(b) (the last amendment of this Rule became effective on December 01, 2009) the Legislature **eliminated** the previous phrase that existed in this Rule, "**When findings of fact are made in actions tried by the court without a jury**, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."

Please, also notice that in the 2009 version of the F.R.C.P. Rule 52(b) the Legislature changed the previous 10 day requirement to the 28 day requirement for the party to file a Rule 52(b) Motion, see the Committee Notes on Rules—2009 Amendment,

- 4 -

"Former Rules 50, 52, and 59 adopted 10-day periods for their respective post-judgment motions. Rule 6(b) prohibits any expansion of those periods. Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days. Rule 6(b) continues to prohibit expansion of the 28-day period.

*Changes Made after Publication and Comment*. The 30-day period proposed in the August 2007 publication is shortened to 28 days."

Therefore, I am asking the U.S. District Court for the District of New Mexico to follow the **current** version of the F.R.C.P. Rule 52(b) that **doesn't** impose on a Court a requirement of a fact finding after a trial.

Please, notice that the case law *Holmes v. Grant Cty. Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. 2019) specifically stated that, "This order and judgment **is not binding precedent**, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1." The *Holmes* case law erroneously relied on *Trentadue* **without** taking into consideration that, **after** the *Trentadue* case law was decided, the Legislature amended the F.R.C.P. Rule 52(b.)

Foe the reasons stated above, I am asking the U.S. District Court for the District of New Mexico to reconsider its November 19, 2021 Order, to apply the **current** version of the F.R.C.P. Rule 52(b) to all my post-Judgment Motions (Doc. No. 528, 530, and 537), and to make additional fact findings that I described in all Erroneous Facts of the case that I listed in all these Motions pursuant to the current version of the F.R.C.P. Rule 52(b.).

**Part 2**. Read the November 19, 2021 Order (Doc. No. 544), page 3, "However, even under a Rule 59(e) analysis, this motion fails. Reconsideration under Rule 59(e) is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. **2000**) (citations omitted); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. **1995**)."

Here, the District Court cited the case law *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. **2000**.) Read *Servants of the Paraclete*, "Finally, we note that **a motion for reconsideration** and a successive Rule 60(b) motion, as brought by St. Paul in this case, are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed. Moreover, **a motion to reconsider** filed within ten days after entry of judgment is considered a Fed.R.Civ.P. 59(e)

motion. *See Van Skiver*, 952 F.2d at 1243 (10th Cir. 1991). Grounds warranting **a motion to reconsider** include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Sampson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Thus, **a motion for reconsideration** is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.* **Fed.R.App.P. 40(a)(2)** (grounds for rehearing)."

Please, notice that in its November 19, 2021 Order (Doc. No. 544) the District Court erred because, describing **a Motion to Alter or Amend a Judgment** pursuant to the **F.R.C.P. Rule 59(e)**, the Court provided a citation of *Servants of the Paraclete* that described a **Motion for Reconsideration**, and the U.S. District Court for the District of New Mexico failed to acknowledge that  the case law *Servants of the Paraclete* described a Motion for Reconsideration in connection with the **Fed.R.App.P. 40(a)(2.)**

Also, the District Court for the District of New Mexico erred because the Court cited the case law *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. **2000**) that was decided in **2000**, and the Court didn't take into its consideration that a change of the controlling law occurred that was the amendment of the F.R.C.P. Rule 59 that became effective on December 01, **2009**.

Read the current version of the F.R.C.P. Rule 59,

"(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Please, notice that the plain language of the F.R.C.P. Rule 59(e) allows a Party to ask the Court to "**to alter or amend a judgment**" without listing any prerequisites for altering and amending such as "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."

I am repeating my citation of the case law *BANISTER v. DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION*, No. 18–6943, U.S. Supreme Court, **2020**, "Federal Rule of Civil Procedure 59(e) allows a litigant **to file a motion to alter or amend a district court's judgment** within 28 days from the entry of judgment, with no possibility of an extension."

Please, notice that the *BANISTER* case law was decided by the U.S. Supreme Court in **2020** that was after the 2009 amendment of the F.R.C.P. Rule 59, and therefore the *BANISTER* case law abrogates the previous case law *Servants of the Paraclete* that was decided by the 10th Circuit in **2000** and that was based on the pre-2009 version of the F.R.C.P. Rule 59.

Please, notice that the case law *Servants of the Paraclete* described a Prima Facie Case for a **Motion for Reconsideration** in connection with the **Fed.R.App.P. 40(a)(2)** as follows, "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."

I am repeating that the current version of the F.R.C.P. Rule 59(e) allows a party to ask the Court to alter or amend its Judgment within 28 days after entry of a Judgment and without meeting any Prima Facie Case for altering or amending the Judgment.

Even if the case law *Servants of the Paraclete* were applicable, I clearly satisfied the requirements of the Prima Facie Case because there was a change of the controlling law that were the 2009 amendments of the F.R.C.P. Rules 52 and 59 (Element No. 1), and in its September 14, September 28, and November 02, 2021 Orders the Court made manifest errors of fact and law (Element No. 3.)

Now, I am responding on the merits on the Court's assertion that, see Doc. No. 544, page 3, "It is not appropriate to revisit issues already addressed or advance arguments **that could have been raised in prior briefing**. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)."

Read *Servants of the Paraclete*, "It is not appropriate to revisit issues already addressed or advance arguments **that could have been raised in prior briefing**. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)."

Providing this citation, the U.S. District Court for the District of New Mexico clearly abused its discretion because on September 14, 2021 the Court issued its first Order with the manifest errors of fact and law (Doc. No. 491) and imposed a stay prohibiting me to file any objection to this Order. On September 28, 2021, the Court issued its second Order with the

manifest errors of fact and law (Doc. No. 522), continued a stay, and again prohibited me to file objections to this Order. On November 02, 2021m the Court issued its third Order with the manifest errors of fact and law (Doc. No. 526) and entered a Judgment (Doc. No. 527) without allowing me to object to the November 02, 2021 Order (Doc. No. 526) before the Court entered a Judgment.

Therefore, the Court is ineligible to cite *Servants of the Paraclete* and is ineligible to claim that "It is not appropriate to revisit issues already addressed or advance arguments **that could have been raised in prior briefing**" because **no prior briefing was ever allowed** after the September 14, 2021 Order that impose a stay.

For the reasons stated above, I am asking the U.S. District Court for the District of New Mexico to reconsider its November 19, 2021 Order (Doc. No. 544), to apply a current 2009 version of the F.R.C.P. Rule 59(e) to all my post-Judgment Motions (Doc. No. 528, 530, and 537), and to alter and amend its November 02, 2021 Judgment pursuant to the 2009 version of the F.R.C.P. Rule 59(e) for the reasons that I stated in all my post-Judgment Motions (Doc. No. 528, 530, and 537.)

Moreover, in its November 19, 2021 Order (Doc. No. 544), the U.S. District Court for the District of New Mexico erroneously interpreted the scope of the Erroneous Facts of the case that I listed in my post-Judgment Motions. Read the Order (Doc. No. 544), pages 3-4, "In "Erroneous Fact No. 1," Ms. Drevaleva objects to the Court's noting in its Order that she was declared a vexatious litigant at the U.S. District Court for the Northern District of California ("NDC"). She

does not claim that the Court made an inaccurate or erroneous statement, but merely states that she was "improperly" declared a vexatious litigant in the NDC." Here, the U.S. District Court for the District of New Mexico erred because, describing the Erroneous Fact No. 1, demonstrated by the preponderance of the evidence that I was **not** declared a vexatious litigant **at the U.S. District Court for the Northern District of California**. I believe that, interpreting the "Erroneous Fact No. 1", the U.S. District Court for the District of New Mexico thought that I wrote that I had been "improperly" declared a vexatious litigant at the NDC. I am pointing out at the Court's obvious mistake, and I am assuring the Court that the scope of the Erroneous Fact No. 1 was to demonstrate by the preponderance of the evidence that I was **not** declared a vexatious litigant **at the NDC.** Describing the "Erroneous Fact No. 1", **I didn't get into the merits** of whether or not correctly the California Court of Appeal for the First District, Division Four declared me a vexatious litigant.

The U.S. District Court for the District of New Mexico also erred by writing, see Do. No. 544, page 4, "In "Erroneous Fact No. 2," Plaintiff objects to the Court's characterization of her filing history as "littering the docket with cumulative irrelevant pleadings which failed to comply with the Court's federal and local rules, including filing frequent notices of appeal." See Doc. 528 at 4 (citing to numerous NDC docket entries)." Here, the District Court erred because in my post-Judgment Motions (Doc. No. 528, 530, and 537) I specifically explained that the U.S. District Court for the Northern District of California **didn't** view my post-July 11, 2019 Judgment Motions and Supplemental Briefs as "cumulative irrelevant pleadings." Moreover, in my Rule 60 Motion (Doc. No. 537), I demonstrated by the preponderance of the evidence that

the U.S. District Court for the Northern District of California intended **to accept** my Supplemental Briefs notwithstanding the fact that many of these Briefs were filed without obtaining the Court's permission and thus violated the Civil Local Rules of the U.S. District Court for the Northern District of California, Rules 7-3(c) and (d.) Please, see a Declaration to my Rule 60 Motion, the Erroneous Fact No. 42, pages 60-61.

Also, I demonstrated to the U.S. District Court for the District of New Mexico that I actually followed the Civil Local Rules of the U.S. District Court for the Northern District of California, Rules 7-3(c) and (d), and I actually requested the permission of the U.S. District Court for the Northern District of California to file Supplemental Briefs, see a Declaration to my Rule 60 Motion, the Erroneous Fact No. 42, pages 61-62.

Also, I demonstrated to the U.S. District Court for the District of New Mexico by the preponderance of the evidence that none of my Notices of Appeal was frivolous, see my Rule 59(e) Motion, see the Erroneous Fact No. 11.

I am also objecting to the November 19, 2021 Order of the U.S. District Court for the District of New Mexico (Doc. No. 544), page 4, "And in **"Erroneous Fact" 3 and 4**, Plaintiff makes various objections to rulings made by United States District Judge William Alsup, who presided over the case while it was litigated in the NDC. Plaintiff simply does not like the rulings made by this Court, or past rulings made by Judge Alsup in the NDC and provides no basis for this Court to revisit or reconsider any of them. Accordingly, this motion is DENIED."

Here, the U.S. District Court for the District of New Mexico erred because, describing the Erroneous Fact No. 3, the Court asserted that I didn't like Judge Alsup's rulings. In my Rule 52(b) Motion, in the Erroneous Fact No. 3, I pointed out at the manifest errors of the fact that were committed by the U.S. District Court for the District of New Mexico who asserted that, in an attempt to challenge Judge Alsup's December 03, 2018 Order (Doc. No. 69), I filed numerous Motions for Reconsideration and Administrative Motions, Doc. No. 78, 94, 96, 99, 100, 103, 108 but they were all denied, see Doc. No. 98, 109.

Describing the Erroneous Fact No. 3, I didn't state whether or not I liked Judge Alsup's December 03, 2018 Order (Doc. No. 69.) I only stated that **I didn't file** the Administrative Motions, Doc. No. 94, 100, and 103, and these Administrative motions were filed by Assistant U.S. Attorney Ms. Robinson.

Describing the Erroneous Fact No. 3, I also stated that Doc. No. 96 was **not** a Motion for Leave to File a Motion for Reconsideration of Judge Alsup's December 03, 2018 Order, and Doc. No. 96 was a Noticed Motion pursuant to the Civil Local Rules of the U.S. District Court for the District of California, Rule 7-2. I also demonstrated that Doc. No. 107 was Judge Alsup's Order that was not related to my Motion for Reconsideration of the December 03, 2018 Order (Doc. No. 69), and Doc. No. 107 was an Order that was related to AUSA Ms. Robinson's Administrative Motions.

Therefore, in the Erroneous Fact No. 3 I demonstrated the manifest errors of fact that the U.S. District Court for the District of New Mexico committed in its September 14, 2021 Order and that warrant reversal pursuant to the F.R.C.P. Rules 52(b) and 59(e.)

In the Erroneous Fact No. 4, I pointed out at the manifest error of fact that was committed by the U.S. District Court for the District of New Mexico who asserted that, after the lawsuit No. 3:18-cv-03748-WHA was remanded back to the District Court, the Initial Case Management Conference never occurred. Describing the Erroneous fact No. 4, I demonstrated by the preponderance of the evidence that on April 30, 2021 Judge Joseph C. Spero actually held the Initial case Management Conference. Describing the Erroneous Fact No. 4, I didn't indicate whether or not I liked or disliked the December 03, 2018 Order of Judge Alsup. The Erroneous fact No. 4 has nothing to do with Judge Alsup at all. Because the U.S. District Court for the District of New Mexico erroneously held that no Initial Case Management Conference actually occurred after remand, in the Erroneous Fact No. 4 I demonstrated that this Conference actually occurred, and the ruling of the U.S. District Court for the District of New Mexico should be reversed pursuant to the F.R.C.P. Rules 52(b) and 59(e.)

Read the November 19, 2021 Order of the U.S. District Court for the District of new Mexico (Doc. No. 544), page 4,

"II. **First Motion for Altering or Amending Judgment Pursuant to Fed.R.Civ.P.59(e)**
**(Doc. 530)**

- 14 -

This next motion appears to be a continuation of Plaintiff's First Motion for Amended or Additional Findings (Doc. 528), presenting "Erroneous Facts" 9 through 11. Also, while Plaintiff styles this motion as one pursuant to Rule 59(e), it actually requests additional factfinding pursuant to Rule 52(b), which as noted above, cannot apply to this case where it was not dismissed on the merits. The Court will not waste its time considering these objections **since they all appear to involve Judge Alsup's rulings made approximately two years ago.**"

My objection. Here, the U.S. District Court for the District of New Mexico erred because the Court asserted that my Rule 59(e) Motion was a continuation of my Rule 52(b) Motion, and the Rule 52(b) Motion couldn't be applied because there was no trial on the merits. I am referring the Court to the 2009 amendments to both Rule 52 and 59, see my explanations above. Pursuant to these amendments, the Court has a power to make additional findings of fact pursuant to Rule 52(b) and to alter and amend a Judgment pursuant to Rule 59(e.)

Also, the scope of my Erroneous Fact No. 9 was not to challenge Judge Alsup's ruling that was made two years ago. The scope of my Erroneous Fact No. 9 was to demonstrate that I properly filed my post-July11, 2019 Judgment's Motion for Injunction Pending Appeal pursuant to the FRAP 8(a)(1), Doc. No. 174.

The scope of my Erroneous Fact No. 10 was not to challenge Judge Alsup's ruling that was made two years ago. The scope of my Erroneous Fact No. 10 was to demonstrate that on September 01, 2019 Judge Alsup denied (Doc. No. 193) my Second Motion to Vacate the Judgment because he thought that he didn't have jurisdiction to rule on this Motion. Describing

the Erroneous Fact No. 10, I wanted to demonstrate that Judge Alsup's September 01, 2019 Order (Doc. No. 193) didn't rule on the merits of my Second Motion to Vacate the Judgment.

The scope of the Erroneous Fact No. 11 was not to challenge Judge Alsup's ruling that was made two years ago. The scope of the Erroneous Fact No. 11 was to demonstrate that all my Notices of Appeal that I filed at the U.S. District Court for the Northern District of California were valid.

Read the November 19, 2021 Order (Doc. No. 544), pages 4-5, "None of Plaintiff's objections shows any clear error in the Court's orders that would justify a modification. *See, e.g., Eberly v. Manning*, No. CV 04-0977 WJ/RLP, 2006 WL 8443598, at *2 (D.N.M. Oct. 25, 2006) (rejecting a Rule 59(e) motion to set aside sanctions where the purported errors had no bearing on whether sanctions were warranted under 28 U.S.C. § 1927). Accordingly, this motion is therefore DENIED."

<u>My objections</u>. On November 02, 2021, the U.S. District Court for the District of New Mexico accused me in intentionally violating the Court's rules and Orders and entered a Judgment against me as a sanction for the alleged intentional violation of the Court's rules and Orders. In my three post-November 02, 2021 Judgment Motions (Doc. No. 528, 530, and 537), I clearly demonstrated that in its September 14, September 28, and November 02, 2021 Orders the Court made multiple manifest errors of fact and law. I demonstrated by the preponderance of the evidence that:

1) I did not violate the Orders of both the U.S. District Court for the Northern District of California and the U.S. District Court for the District of New Mexico

2) Even if I violated the Civil Local Rules of the U.S. District Court for the Northern District of California, and even if I unlawfully filed approximately 50 Supplemental Briefs, Judge Alsup never punished me for that, the 9th Circuit actually used my post-July 11, 2019 unlawfully filed Supplemental Briefs in its November 18, 2020 Memorandum in Appeal No. 19-16395, and Judge Spero announced about his intention to accept my Supplemental Briefs even if they were unlawfully filed without obtaining permission of the Court. See a Declaration to my First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60, the Erroneous Fact No. 19, pages 3-5 (the 9th Circuit's acceptance of my unlawfully filed Supplemental Briefs); see the Erroneous Fact No. 42, pages 60-61 (Judge Spero's intention to accept my Supplemental Briefs.) Also, please, see my First Motion for Amended or Additional Findings, the F.R.C.P. Rule 522(b), see the Erroneous Fact No. 8 (Judge Alsup's refusal to punish me for unlawfully filed 50 Supplemental Briefs.) Therefore, all my post-July 11, 2019 Supplemental Briefs were not frivolous, not redundant, not harassing, and not abusive.

3) Even if I violated the Civil Local Rules of the U.S. District Court for the District of New Mexico, I didn't do it intentionally, and I did it only because I didn't know these Rules. In my post-November 02, 2021 Judgment Motions, I clearly demonstrated that the Civil Local Rules of the U.S. District Court for the Northern District of California

differ from the Civil Local Rules of the U.S. District Court for the District of New Mexico. Therefore, after my lawsuit was transferred from the U.S. District Court for the Northern District of California to the U.S. District Court for the District of New Mexico, I made multiple procedural mistakes because at that time I didn't know the Civil Local Rules of the U.S. District Court for the District of New Mexico. However, I demonstrated that I did my best to familiarize myself with the Civil Local Rules of the U.S. District Court for the District of New Mexico and to actually follow these Rules.

4) I actually followed the Order of Judge Mr. Joseph C. Spero, and I requested his permission to file Supplemental Briefs, see a Declaration to my First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60, see the Erroneous Fact No. 42, pages 61-62

5) On September 25, 2021, I didn't "delug[e] Judge Robbenhaar's chambers with e-mails and hundreds of exhibits" (see the November 02, 2021 Order, Doc. No; 526, page 3.) On September 25, 2021, I sent my Meet ad Confer Session to AUSA Ms. Lyman, and I included Judges Mr. Johnson and Mr. Robbenhaar into my email to Ms. Lyman as witnesses. See my Declaration to my First Motion to Vacate the Judgment, the F.R.C.P. Rule 60, see the Erroneous Fact No. 51, pages 84-86

6) I was unable to file Stipulations and Contentions in the JSR because AUSA Ms. Lyman didn't stipulate and didn't contend to 247 material facts of the case and to 39

legal arguments. See my Declaration to my First Motion to Vacate the Judgment, the F.R.C.P. Rule 60, see the Erroneous Fact No. 55, pages 90-92.

Therefore, in my post-November 02, 2021 Judgment's Motions pursuant to Rule 52(b), Rule 59(e), and Rule 60, I demonstrated that I did not intentionally violate the Court's order and the Court's rules, and I demonstrated that the November 02, 2021 Order (Doc. No. 526) that imposed a sanction on me in a form of dismissal of my lawsuit was an error. I demonstrated that nothing in my litigation tactics at both the U.S. District Court for the Northern District of California and the U.S. District Court for the District of New Mexico didn't warrant imposing any sanctions, moreover, they didn't warrant imposing a sanction in a form if a dismissal of my lawsuit with prejudice.

Therefore, after the U.S. District Court for the District of New Mexico rules **on the merits** of my post-November 02, 2021 Judgment Motions (Doc. No. 528, 530, and 537), the Court will be convinced that its September 14, September 28, and November 02, 2021 Orders and Judgment were erroneous, and I pray that the Court will reverse the November 02, 2021 Judgment because I didn't deserve this ruling.

**Part 3**. On pages 5-6 of the November 19, 2021 Order (Doc. No. 544), the Court erroneously concluded that I exceeded page limitation in my both First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60 and in my First Motion for a direct Verdict pursuant to the F.R.C.P. Rule 50(b)(3.) The Court again erred because the Court actually entered its November 19, 2021 Order before receiving my Reply to Ms. Lyman's Opposition to my First

Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60. I mailed this Reply to the U.S. District Court for the District of New Mexico just one day prior to the November 19, 2021 Order. In this Reply, I wrote the following, pages 3-5, "I am responding to the merits of Ms. Lyman's frivolous assertion that my First Motion to Vacate the Judgment doesn't comply with the D.N.M.LR-Civ. 7.5 (limiting a motion and supporting brief to 27 pages).

Read the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7.5,

"**7.5 Length of Motion, Response and Reply.** The length of **a motion** or, if **a separate brief** is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed **twenty-seven (27) double-spaced pages**."

I strictly complied with the D.N.M.LR-Civ. 7.5 because the combined length of my First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60 and the Separate Brief is 27 (twenty seven) double-spaced pages.

Please, read the Civil Local Rules of the U.S. District Court for the District of New Mexico, Rule 7.3,

"**7.3 Form of Motion and Related Evidence.**

**(b)** Parties must submit evidence, in the form of **declarations**, affidavits, deposition excerpts, or other documents, **in support of allegations of fact**."

Please, notice that I strictly complied with the D.N.M.LR-Civ. 7.3(b) because I filed a Declaration in support to my First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60, and I listed the facts of the case that the District Court overlooked. Please, notice that the plain language of the D.N.M.LR-Civ. 7.3(b) **doesn't** impose a page limitation on **the Declaration** in support to the Motion. Therefore, because there is no any statutory page limit of the Declarations, I am eligible to file as many pages in the Declaration as I want.

Please, notice that the plain language of the D.N.M.LR-Civ. 7.5 imposes a page limit of **the Exhibits** to the Motion, "Page limits on exhibits are governed by D.N.M.LR-Civ. 10.5."

Read the D.N.M.LR-Civ. 10.5,

"**10.5. Page Limit for Exhibits.** All **exhibits** to a motion, response or reply, including excerpts from a deposition, must not exceed **a total of fifty (50) pages**, unless all parties agree otherwise[1]. If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7. A party may file only those pages of an exhibit which are to be brought to the Court's attention. A page from a condensed deposition transcript (containing four pages of testimony) will be considered one page for purposes of this rule.

[1] The CM/ECF application limits the file size of each document. The maximum file size and techniques for submitting documents that exceed this limitation are described in the CM/ECF Administrative Procedures Manual which can be found on the Court's web site."

Please, notice that I strictly complied with both D.N.M.LR-Civ. 7.5 and D.N.M.LR-Civ. 10.5 because the number of **Exhibits** that I filed in support to my First Motion to Vacate the Judgment doesn't exceed 50 pages."

Therefore, my both First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60 and my First Motion for a Direct Verdict pursuant to the F.R.C.P. Rule 50(b)(3) complied with the Civil Local Rules of the U.S. District Court for the District of New Mexico. The Declarations to these Motions didn't have any statutory page limits, therefore, I was free to write as many pages in the Declarations as I wanted.

**Conclusion.**

For the reasons stated above, I am respectfully asking the U.S. District Court for the District of New Mexico to do all of the following:

1)  To reconsider its November 19, 2021 Order

2)  To rule **on the merits** of my post-November 02, 2021 Judgment's Motions (Doc. No. 528, 530, and 537)

3)  To vacate the erroneous November 02, 2021 Judgment

4)  To allow me to email the voluminous (almost 500 pages) First Motion for a Direct Verdict pursuant to the F.R.C.P. Rule 50(b)(3) to the Chambers of Judge Mr. William Johnson in order to be electronically filed and in order to avoid spending time and resources to scan 500 pages

5) To issue any Order that the Court deems just and proper.


Tatyana Drevaleva, Plaintiff Pro Se, November 22, 2021.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Tatyana Evgenievna Drevaleva

     *Plaintiff*

             v.

Case No. 1:21-cv-00761-WPJ

1) The U.S. Department of Veterans Affairs

2) Mr. Denis Richard McDonough as a Secretary of

  the U.S. Department of Veterans Affairs

     *Defendants*

## DECLARATION TO THE SECOND MOTION FOR AMENDED OR ADDITIONAL FINDINGS,

## DECLARATION TO THE SECOND MOTION TO AMEND THE JUDGMENT, THE F.R.C.P. RULE 52(b);

## DECLARATION TO THE SECOND MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e);

## DECLARATION TO THE SECOND MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE 60.

I, Plaintiff Tatyana E. Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a Party in this action

2) I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) In its November 19, 2021 Order (Doc. No. 544), the U.S. District Court for the District of New Mexico made legal mistakes because the Court didn't take inti its consideration the 2009 amendments of both the F.R.C.P. Rules 52 and 59, and the Court relied on a pre-2009 case law *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007)

4) I am also referring the Court to the published Opinion of the 9th Circuit in *KIRK RISHOR, Petitioner-Appellee, v. BOB FERGUSON, Attorney General for the State of Washington, Respondent-Appellant*, No. 14-36071, 9th Circuit, 2016, "The panel held that a motion pursuant to Fed. R. Civ. P. 59(e) **that raises entirely new claims** should be construed as a second or successive habeas petition subject to AEDPA's restrictions; and that a Rule 59(e) motion raises a "new claim" when it seeks to add a ground for relief not articulated in the original federal habeas petition, presents newly discovered evidence, or seeks relief based on a subsequent change in the law. The panel wrote that, in contrast, a timely Rule 59(e) motion that asks the district court **to "correct manifest errors of law or fact upon which the judgment rests"** should not be construed as a second or successive petition. The panel held that Rishor's Rule 59(e) motion – which asked the district court to reconsider whether the state court violated clearly established federal law (1) by holding that Rishor had validly waived counsel on remand, and (2) by holding that the prosecution did not violate double jeopardy principles on remand – **did not raise "new claims**," and that **the district court therefore had jurisdiction to consider the post-judgment motion** in the first

instance without seeking pre-certification by the Court of Appeals under 28 U.S.C. §
2244(b)(3)(A)."

5) My First and Second Rule 59(e) Motions **didn't** raise new claims, and I asked the
U.S. District Court for the District of New Mexico **to correct the manifest errors of
fact and law** and that that were present at the September 14, September 28, and
November 02, 2021 Orders

6) In my post-November 02, 2021 Judgment Motions, I clearly demonstrated that my
litigation tactics at both the U.S. District Court for the Northern District of California
and the U.S. District Court for the District of New Mexico didn't warrant imposing
any sanctions, especially in a form of dismissal of my lawsuit with prejudice

7) I didn't deserve the November 02, 2021 Judgment that dismissed my lawsuit with
prejudice

8) For the reasons above, I am respectfully asking the U.S. District Court for the District
of New Mexico to reconsider its erroneous November 19, 2021 Order and to rule **on
the merits** of my post-November 02, 2021 Judgment Motions (Doc. No. 528, 530,
537)

9) I am also asking the U.S. District Court for the District of New Mexico to reconsider
its erroneous citation of *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th
Cir. **2000**) because this case law was decided before the 2009 amendment to the
F.R.C.P. Rule 59, and this case law actually describes a Motion for Reconsideration
pursuant to the **Fed.R.App.P. 40(a)(2)** (grounds for rehearing)

10) The U.S. District Court for the District of New Mexico also made a mistake by entering the November 19, 2021 Order before receiving my Reply to Ms. Lyman's Opposition to my First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60. In this Reply, I demonstrated that I didn't violate page limitations in my both First Motion to Vacate the Judgment pursuant to the F.R.C.P. Rule 60 and the First Motion for a Direct Verdict pursuant to the F.R.C.P. Rule 50(b)(3)

11) I am respectfully asking the U.S. District Court for the District of New Mexico to allow me to email a PDF version of my First Motion for a Direct Verdict pursuant to the F.R.C.P. Rule 50(b)(3) to the Chambers of Judge Mr. William Johnson in order to relieve the Clerk from the necessity to scan 500 pages

12) For the reasons stated above, I am respectfully asking the U.S. District Court for the District of New Mexico to vacate the November 02, 2021 Judgment because I didn't deserve this sanction.

**The F.R.C.P. Rule 11(b) Statement.**

I, Tatyana Evgenievna Drevaleva, am a Plaintiff Pro Se in the lawsuit No. 1:21-cv-00761-WJ-JFR. Pursuant to the F.R.C.P. Rule 11(b), I hereby declare that:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it - I certify that to the best of my

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

I declare under the penalty of perjury, under the Federal laws, under the laws of the State of California, and under the laws of the State of New Mexico that all foregoing is true and correct. Executed at San Francisco, CA on November 22, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva, Plaintiff Pro Se

November 22, 2021.

# PROOF OF SERVICE.

I am Tatyana Drevaleva, and I am a Pro Se Plaintiff in case No. **1:21-cv-00761-WJ-JFR**.

On November 22, 2021, I served Assistant U.S. Attorney for the Office of the U.S. Attorney for the District of New Mexico Ms. Christine Lyman electronically with the following documents (case No. **1:21-cv-00761-WPJ**) pursuant to the California Senate Bill No. 1146 that mandates the represented Parties to accept the electronic service during the COVID-19 pandemy:

1) SECOND MOTION FOR AMENDED OR ADDITIONAL FINDINGS,

   SECOND MOTION TO AMEND THE JUDGMENT, THE F.R.C.P. RULE 52(b);

   SECOND MOTION FOR ALTERING OR AMENDING A JUDGMENT, THE F.R.C.P. RULE 59(e);

   SECOND MOTION TO VACATE THE JUDGMENT, THE F.R.C.P. RULE 60.

2) Declaration.

On November 22, 2021, I emailed the mentioned above documents from my email address tdrevaleva@gmail.com to Ms. Lyman's email address Christine.Lyman@usdoj.gov

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on November 22, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: November 22, 2021.