IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

      Plaintiff,

   vs.                             No.  21-cv-761 WJ-JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, ET AL.

      Defendants.


**DEFENDANTS' OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR LEAVE TO
FILE THE FIRST MOTION FOR INJUNCTION PENDING APPEAL (DOC. 550)**

The Court should deny Plaintiff's First Motion for Leave to File the First Motion for Injunction Pending Appeal (Doc. 550) (the "Motion"). Plaintiff purports to seek permission to file a motion for a permanent injunction. *See* Doc. 550 at 14. However, the real purpose for filing a motion for leave in conjunction with a proposed motion (with separate briefs and declarations) appears to be evasion of this Court's page limitations. *See* Docs. 550 and 551 (presenting a combined 62 pages seeking a permanent injunction). Because Plaintiff did not seek leave to exceed the page limitations set forth in D.N.M.LR-Civ. 7.5, the Court should strike the Motion. *See, e.g.*, Doc. 544 at 5 (striking another motion due to failure to seek leave to exceed the page limitations).

The Court should also deny the Motion on the merits. The gravamen of Plaintiff's argument is that she does not need to satisfy the Supreme Court's "stupid" and "unnecessary" factors governing preliminary injunctive relief set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), because she is seeking a permanent injunction and also has a "statutory right" to permanent injunctive relief. Doc. 550 at 16. These arguments lack merit.

In deciding whether to grant an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d),[1] the Court considers (1) whether the movant has made a strong showing that she is likely to succeed on the merits; (2) whether the movant will be irreparably harmed absent injunctive relief; (3) whether injunctive relief would substantially injure the opposing parties; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Denver Bible Church v. Becerra*, No. 1:20-CV-02362-DDD-NRN, 2021 WL 1220758, at *1 (D. Colo. Mar. 28, 2021) (citing these factors in deciding whether to grant a motion for entry of an injunction pending appeal pursuant to Rule 62(d)). While these factors are not identical to the *Winter* factors, "there is 'substantial overlap' between both standards." *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1091 (D.N.M. 2017) (quoting *Nken v. Holder*, 566 U.S. 418, 434 (2009)); *see also Denver Bible Church*, 2021 WL 1220758, at *1.

Plaintiff fails to make a strong showing that she is likely to succeed on the merits of her remaining Title VII and Rehabilitation Act claims. As noted in Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 468), Plaintiff offers no evidence of discrimination based on gender or disability. Rather, the evidence shows that Defendants terminated Plaintiff—a probationary employee—because she abandoned her job without leave to seek free fertility treatments in Russia. Nor does Plaintiff show that allowing her to leave her job indefinitely was a reasonable accommodation for her purported disability.

Plaintiff cites *EEOC v. BNSF Ry. Co.*, 902 F.3d 916, 928 (9th Cir. 2018), *as amended* (Sept. 12, 2018), for the proposition that she need not satisfy *Winter* because the Americans with Disabilities Act and Title VII authorize injunctive relief "[i]f the court finds that the respondent

---

[1] Rule 62(c) was relocated to Rule 62(d) in 2018. Therefore, Defendants cite cases before 2018 that refer to Rule 62(c). *See* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment; 16A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3954 (5th ed.).

has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint." 42 U.S.C. § 2000e-5(g)(1).[2] However, Plaintiff does not present any evidence to support such a finding, which is certainly a higher threshold than the mere likelihood of success required under *Hilton* or *Winter*. Plaintiff's "evidence" consists solely of arguments that the VA breached a collective bargaining agreement by not granting her with leave without pay. Plaintiff makes no effort to offer any evidence of discriminatory motivation for this alleged breach.

Furthermore, injunctive relief in the form of reinstatement "is not appropriate if the continuing hostility between a plaintiff and a defendant or its employees renders the plaintiff's continued employment nonviable" or "if the litigation irreparably damages the employer-employee relationship." *Hayes v. SkyWest Airlines, Inc*., 12 F.4th 1186, 1204-05 (10th Cir. 2021). Plaintiff has filed numerous lawsuits in the Northern District of California targeting the VA and its employees. *See, e.g*., *Drevaleva v. United States et al*., No. 4:20-cv-00820-HSG (naming her former Albuquerque VA supervisors Carla Dunkelberger and Phil Johnson in their individual capacities for their role in her terimination); *Drevaleva v. Glazer et al*., No. 4:21-cv-00500-HSG (naming a Minneapolis VA employee, Joseph Glazer, in his individual capacity for rescinding a job offer based on a failed background check); *Drevaleva v. Hayo et al*., No. 4:21-cv-00684-HSG (naming VA EEO investigator Dennis Hayo in his individual capacity for allegedly mismanaging the EEO investigation). In light of Plaintiff's litigation conduct in these cases, it is fair to say that continuing hostility would render reinstatement nonviable.[3]

---

[2] Plaintiff also cites various regulations as entitling her to a permanent injunction. *See* Doc. 550 at 10, 20-21. None of these regulations applies to this case, however. *See* 38 C.F.R. § 23.530(d) (applying to employees of recipients of federal financial assistance, not employees of the federal government); 29 C.F.R. § 825.702(f) (requiring "maternity leave" benefits be made available to "women who are pregnant" regardless of tenure if the employer normally provides short-term disability benefits to employees with the same tenure).

[3] As Judge Alsup explained: "Ms. Drevaleva's litigation practice has become predictable. Upon

In sum, Plaintiff comes nowhere close to showing she is likely to succeed on the merits of her Title VII and Rehabilitation Act claims, a requirement for any type of injunctive relief in this case. *See Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016). The Court should therefore deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, the Court should strike or deny Plaintiff's First Motion for Leave to File the First Motion for Injunction Pending Appeal (Doc. 550).

Respectfully submitted,

FRED J. FEDERICI
United States Attorney

*Electronically filed November 29, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following pro se party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tatyana Evgenievna Drevaleva:  Tdrevaleva@gmail.com

*Filed electronically November 29, 2021*
CHRISTINE H. LYMAN
Assistant United States Attorney

---

dismissal, she files an affidavit of bias against the undersigned, a motion for reconsideration with supplemental briefing, and appeal. In the meantime, she files a new case." *See Drevaleva v. United States*, No. 4:20-cv-00820-HSG, Doc. 10 at 2 (N.D. Cal. Mar. 4, 2020).