**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TATYANA EVGENIEVNA DREVALEVA,

      Plaintiff,

     vs.                                   No. 21-cv-761 WJ-JFR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING / STRIKING PLAINTIFF'S MOTIONS FILED**
**AFTER FILING OF NOTICE OF APPEAL**
**and**
**ORDER RESTRICTING FURTHER CERTAIN FILINGS IN THIS CASE**

THIS MATTER comes before the Court upon the following motions filed by Plaintiff:

- First Motion for Leave to Amend My Joint Status Report and Provisional Discovery Plan, filed November 22, 2021 **(Doc. 545);**

- First Motion for Leave to File the First Motion for Injunction Pending Appeal, filed November 24, 2021 **(Doc. 550);**

- Second Motion for Amended or Additional Findings, Second Motion to Amend the Judgment, Second Motion for Altering or Amending  Judgment, Second Motion to Vacate the Judgment, filed November 24, 2021 **(Doc. 552);**

- First Motion to Transfer Lawsuits from the U.S. District Court for the Northern District of California to the U.S. District Court for the District of New Mexico, filed November 26, 2021 **(Doc. 553);**

- Motion to Vacate, filed November 29, 2021 **(Doc. 555);**

- Second Motion for Permission for the Electronic Case Filing, filed November 29, 2021 **(Doc. 557);**

- Second Motion to Appoint an Attorney, filed November 29, 2021 **(Doc. 558);**

- Motion-Request for Permission to File Supplemental Brief in Support to First Motion to Vacate, filed November 29, 2021 **(Doc. 559);** and

- First Motion for Order that (vacates the phrase in the September 14, 2021 Order (Doc. 491) that struck all my post-July 11, 2019 judgment supplemental briefs 2) that retroactively grants me with permission to file all my post-July 11, 2019 judgment supplemental briefs 3) that orders the real defendants the U.S. Department of Veterans Affairs and its Secretary Mr. Denis Richard McDonough (as opposed to AUSA Ms. Lyman) to respond on the merits of all my post-July 11, 2019 judgment's supplemental briefs and on the merits of all motions to vacate the judgment, filed November 29, 2021 **(Doc. 560)**.

## BACKGROUND

Plaintiff Tatyana Drevaleva, who is proceeding *pro se,* sued Defendants for violations of Title VII and the Rehabilitation Act of Section 504. The case was transferred from the Northern District of California ("NDC") on August 13, 2021. Doc. 453. On November 2, 2021, this Court dismissed the lawsuit with prejudice as a sanction, finding that Ms. Drevaleva intentionally and willfully refused to comply with court orders and to follow appropriate procedures applicable to all court litigants, including *pro se* parties. Doc. 526. Final Judgment was entered on November 2, 2021. Doc. 527.

The above motions were filed after Plaintiff filed a Notice of Appeal on November 10, 2021 (Doc. 532) and after the Tenth Circuit issued an Order of Abatement (Doc. 536) directing this Court to address motions filed by Plaintiff that were filed within 28 days of the Judgment and came under Fed. R. App. P. 4(a)(4)(B).[1] On November 19, 2021, the Court addressed the first round of motions filed by Plaintiff pursuant to Fed.R.App.P.4(a)(4)(B). The motions were either denied or stricken. Doc. 544. The Court considered the motions to be either frivolous and/or in violation of this Court's orders or rules, and issued a warning to Plaintiff:

> The Court has no intention whatsoever of allowing Plaintiff to continue her attempts to commandeer Court personnel and resources with her onslaught of meritless filings, and Plaintiff will be facing filing restrictions in the future should she persist in these vexatious litigation tactics.

---

[1] Motions that are filed pursuant to Fed. R. App. P. 4(a)(4)(B) within 28 days of Judgment render the Notice of Appeal ineffective until the motions are disposed of by the district court. Judgment was entered in this case on November 2, 2021 (Doc. 527).

Doc. 544 at 6.

**DISCUSSION**

Plaintiff continues her onslaught of meritless filings.  For the sake of efficiency, the Court divides the motions into two categories:

(1) motions that were filed 28 days of Judgment and come under Fed.R.App.P.4(a)(4)(B) which must be addressed by the Court before the Notice of Appeal becomes effective; and

(2) motions that do not come within Fed.R.App.4(a)(4)(B) and so do not abate the Notice of Appeal.

The Court has no jurisdiction over the second category of motions because Plaintiff has filed a Notice of Appeal.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (notice of appeal is an event of jurisdictional significance, conferring jurisdiction on the Court of Appeals and divesting the district court of control over those aspects of the litigation involved in the appeal); *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (filing of timely notice of appeal generally divests trial court of jurisdiction and confers jurisdiction upon the court of appeals); *U.S. v. Mavrokordatos,* 933 F.2d 843, 846 (10th Cir. 1991) (accord).  Thus, the Court will not address this second group of motions because they concern matters pending on appeal (that is, the dismissal of Plaintiff's lawsuit as a sanction).[2]

**I.     Motions Which Do Not Abate Plaintiff's Notice of Appeal**

The Court dismissed Plaintiff's lawsuit in its entirety, not on the merits but as a sanction for Ms. Drevaleva's egregious litigation conduct.  Doc. 526.  Seven out of the nine motions filed

---

[2] The Government has responded to two of Plaintiff's motions (Docs. 550 and 552), but the Court finds no need to wait for a response to the other motions in light of their frivolous nature.

by Plaintiff were not brought under any of the procedural rules listed in Fed.R.App.4(a)(4)(B)

requiring the district court's attention before a notice of appeal becomes effective, as follows:

- First Motion for Leave to Amend My Joint Status Report and Provisional Discovery Plan, filed November 22, 2021 **(Doc. 545);**

- First Motion for Leave to File the First Motion for Injunction Pending Appeal, filed November 24, 2021 **(Doc. 550);**

- First Motion to Transfer Lawsuits from the U.S. District Court for the Northern District of California to the U.S. District Court for the District of New Mexico, filed November 26, 2021 **(Doc. 553);**

- Motion to Vacate, filed November 29, 2021**(Doc. 555);**

- Second Motion for Permission for the Electronic Case Filing, filed November 29, 2021 **(Doc. 557);**

- Second Motion to Appoint an Attorney, filed November 29, 2021 **(Doc. 558);**

- First Motion for Order that vacates the phrase in the September 14, 2021 Order (Doc. 491) that struck all my post-July 11, 2019 judgment supplemental briefs 2) that retroactively grants me with permission to file all my post-July 11, 2019 judgment supplemental briefs 3) that orders the real defendants the U.S. Department of Veterans Affairs and its Secretary Mr. Denis Richard McDonough (as opposed to AUSA Ms. Lyman) to respond on the merits of all my post-July 11, 2019 judgment's supplemental briefs and on the merits of all motions to vacate the judgment, filed November 29, 2021 **(Doc. 560)**.

The above motions raise matters that are pending on appeal before the Tenth Circuit

Court of Appeals which now has jurisdiction to consider them. This Court is divested of

jurisdiction to consider them and so declines to do so.[3]

## II.    Motions Filed Pursuant to Fed.R.App.4(a)(4)(B)

Two of the nine motions listed above were filed within 28 days of the Judgment,

and both reference rules of civil procedure triggering the provisions of

---

[3] The Court further notes that the Government views these motions as a continuation of Ms. Drevaleva's filing of non-compliant motions and "vexatious litigation tactics" which the Court specifically warned Plaintiff to stop.  see Doc. 554, Resp. to Doc. 552).  The Court certainly agrees with this assessment, and would disposed of these motions by striking them if the Court did have jurisdiction over them.

Fed.R.App.4(a)(4)(B) which require that the district court must dispose of the motions before a notice of appeal become effective:

- Second Motion for Amended or Additional Findings, Second Motion to Amend the Judgment, Second Motion for Altering or Amending Judgment, Second Motion to Vacate the Judgment, filed November 24, 2021 **(Doc. 552); and**

- Motion-Request for Permission to File Supplemental Brief in Support to First Motion to Vacate, filed November 29, 2021 **(Doc. 559)**.

      A.   <u>Second Motion for Amended or Additional Findings; Second Motion to Amend Judgment (Rule 52(b); Second Motion for Altering or Amending Judgment (Rule 59(e); Second Motion to Vacate Judgment (Rule 60) (Doc. 552)</u>

      Ms. Drevaleva brings this motion under Rules 52(b), 59(e) and 60 of the Federal Rules of Civil Procedure, objecting to the Court's denial/striking of her motions in a recent Order. *See* Doc. 544. The motion is best construed as a motion for reconsideration pursuant to Rule 59(e), despite her references to other procedural rules.[4]  The Government has responded to the motion, offering valid reasons why the motion should be denied.

      First, Plaintiff argues that the Court cited a case pre-dating amendments to Rule 52(b), rendering the Court's reliance on that case legally incorrect. However, contrary to Plaintiff's assertions, these amendments only changed the deadline for filing the motion and made clarifying edits.  They did not abrogate *Trentadue v. Integrity Comm*., 501 F.3d 1215, 1237 (10th Cir. 2007), which noted that a Rule 52(b) motion "applies only to cases in which a district court issues factual findings following a trial on the merits." The Tenth Circuit relied on this holding in *Trentadue* as recently as 2019.  *See Holmes v. Grant Cty. Sheriff's Dep't*, 772 F.App'x 679, 680

---

[4] The motion weaves Rule 52(b) into the discussion which is actually a request for reconsideration of the Court's prior rulings.  *See* Doc. 552 at 1.  To the extent the motion is construed as one brought under Rule 60(b), Plaintiff has not shown entitlement to relief based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud." *Kirven v. Stanfill*, No. CIV 18-1204 WJ/GJF, 2020 WL 5976809, at *1 (D.N.M. Oct. 8, 2020). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry*., 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks and citation omitted). In fact, Ms. Drevaleva's recitation of this Court's purported "errors" only demonstrates that the Court was correct to dismiss her case as a sanction for her contumacious litigation conduct—Plaintiff's recent motions are just more of the same.

(10th Cir. 2019) (noting that "Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial," citing *Trentadue*, 501 F.3d at 1237).  Thus, the Court's previous rulings on Plaintiff's motions brought pursuant to Rule 52(b) are still legally correct: Rule 52 still clearly applies only to "an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a). Because no such trial occurred in this case, the Court did not have any occasion to "find the facts specially," *id.,* and absent any findings, there is no basis for the Court to "amend its findings . . . or make additional findings. *Id.;* Rule 52(b).

Second, Plaintiff makes various objections to the Court's reliance on *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), in which the Tenth Circuit set forth the three grounds for relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." According to Plaintiff, this standard applies only to a motion for reconsideration, ignoring the fact that the Tenth Circuit construed the motion for reconsideration in that case as a motion under Rule 59(e). *See id*.  Plaintiff also argues that this case postdates amendments to Rule 59. However, Plaintiff again fails to show that these amendments abrogated the Tenth Circuit's case law interpreting Rule 59(e). *See Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting the Rule 59(e) factors set forth in *Servants of the Paraclete*, 204 F.3d at 1012); *see also Nelson*, 921 F.3d at 930 (reiterating that *Servants of the Paraclete* prohibits parties from filing a second Rule 59(e) motion that rehashes arguments made in a prior Rule 59(e) motion).

Last, Plaintiff takes issue with the Court's assessment of the "erroneous facts" upon which she based her most recent post-judgment motions and contends that she "did not intentionally violate the Court's order and the Court's rule." Doc. 552 at 19.  Ms. Drevaleva

misreads the Court's ruling, which denied her motion on the ground that it asked the Court to "revisit issues already addressed in prior filings." *Fawley*, 2020 WL 2395926, at *2. As the Tenth Circuit has repeatedly explained, "parties cannot invoke Rule 59(e) to regurge or elaborate on arguments already decided in earlier Rule 59(e) proceedings." *Nelson*, 921 F.3d at 930.

The Court would also add that while Plaintiff professes to file these motions under Rule 59(e), they have no valid legal basis. Rather, Ms. Drevaleva is unhappy with the Court's rulings and apparently is under the misguided impression that if she asks for the same thing enough times, courts will capitulate and grant whatever it is she is seeking.

As examples: Plaintiff asks the Court to revisit the denial of her request to allow her to e-mail the Court another "document dump" of 500 pages (as accurately described by Defendant) to upload onto CM/ECF a "First Motion for a Direct Verdict" pursuant to Rule 50(b)(3). *See* Doc. 552 at 22. The Court has repeatedly admonished Ms. Drevaleva about her refusal to become familiar with the rules that will govern the case. *See, e.g.,* Doc. 491 at 6, 14; Doc. 522 at 6. She has steadfastly refused to do so—and refuses here yet again. She attempts to file a "First Motion for a Direct Verdict" in a case that was not dismissed on the merits but as a sanction, and in addition, she continues to refuse to comply with the Court's local rule regarding page limitations for briefs.

In another motion (*see* discussion above re: Doc. 557), Plaintiff asks the Court to revisit its ruling denying her electronic filing privileges. The Court initially denied the request "based on her past and current abusive filing conduct." *See* Doc. 491 at 5; Doc. 526 at 2. Given that Ms. Drevaleva has not curbed this conduct in the least (in fact it has escalated), it is somewhat incredulous that she would ask the Court to change its mind. Plaintiff's recent motions are of the same ilk, showing the kind of conduct that led to the case's dismissal as a sanction.

7

B.     Motion-Request for Permission to File Supplemental Brief in Support to First Motion to Vacate, filed November 29, 2021 (Doc. 559)

Plaintiff filed this motion purportedly pursuant to Rules 59(e) and 60, but the motion has little to do with either rule—it is simply a request to file a supplemental brief to her first motion to vacate (Doc. 555).

The request is DENIED.  First, as noted above, this Court has no jurisdiction to address the merits of the motion.  Second, Plaintiff's penchant for filing supplements has become part and parcel of her abusive litigation tactics, as has been well-documented in this Court's Orders and the request would also be denied for that reason even if the Court did have jurisdiction. *See* Doc. 491 at 3-5, 11.

### III.     Imposition of Filing Restrictions

In this Order, the Court has addressed the last of Plaintiff's motions that could be filed pursuant to Fed. R. App. P. 4(a)(4)(B) since 28 days have passed since Judgment was entered in this case. *See* Doc. 527 (Judgment, Nov. 2, 2021).  Further, as mentioned above, this Court also no longer has jurisdiction over any motions that involve matters pending on appeal.

Even after she filed her Notice of Appeal on November 10, 2021, Ms. Drevaleva's filing assault on this Court did not stop. *See* Doc. 532.  Instead of allowing the Tenth Circuit to consider the appeal which she chose to file, Plaintiff continues to assail the Court with a continuous stream of meritless filings—and the Court is certain this pattern of harassment would continue without the imposition of filing restrictions.

The Court's last Order warned Plaintiff that she would be "facing filing restrictions in the future should she persist in these vexatious litigation tactics." Doc. 544 at 6. Plaintiff is not entitled to pepper the docket in this case with all sorts of abusive filings and the Court is not required to allow it to continue. *See, e.g.*, *Cruz v. New Mexico*, No. 1:18-CV-00204-WJ-KK, 2020 WL 1514622, at *2 (D.N.M. Mar. 30, 2020) (finding "that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.").

The Court hereby ORDERS that:

**THE CLERK OF COURT SHALL NOT ACCEPT ANY FURTHER FILINGS BY PLAINTIFF IN THIS CASE OTHER THAN THOSE FILINGS THAT ARE NECESSARY TO PERFECT HER APPEAL. NO OTHER FILINGS IN THIS CASE WILL BE ACCEPTED BY THE CLERK OF COURT. UNACCEPTED FILINGS WILL BE HELD IN RECORDS UNTIL THE TENTH CIRCUIT COURT OF APPEALS ISSUES A DECISION IN THIS CASE.**

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE