IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

vs.                                                                                                  No. 1:21-cv-00761-WJ-JFR

WILLIAM P. JOHNSON, in his individual
Capacity as a Chief District Judge of the U.S.
District Court for the District of New Mexico,
THE U.S. DEPARTMENT OF VETERANS AFFAIRS, and
DENIS RICHARD MCDONOUGH, in his official
Capacity as a Secretary of the U.S. Department of
Veterans Affairs,

    Defendants.

**MEMORANDUM OPINION AND ORDER STRIKING PLAINTIFF DREVALEVA'S
<u>"VERIFIED PETITION" AND "INDEPENDENT PROCEEDING" (DOC. 580)
AND ORDER TO SHOW CAUSE</u>**

    THIS MATTER is before the Court on the:

    "1) Verified Petition for Writ of Mandate to Compel Mr. William P. Johnson in His Individual Capacity as a Chief District Judge of the U.S. District Court for the District of New Mexico to Vacate His Fraudulent November 02, 2021 Judgment in Case No. 1:21-cv-00761-WJ-JFR, 28 U.S.C. § 1361; 2) An Independent Proceeding to Relief Me From Chief District Judge of the U.S. District Court for the District of New Mexico Mr. Johnson's Fraudulent November 02, 2021 Judgment in Case No. 1:21-cv-00761-WJ-JFR, The F.R.C.P. Rule 60(d)(1); 3) An Independent Proceeding to Relieve Me From the Fraudulent November 02, 2021 Judgment in Case No. 1:21-cv-00761-WJ-JFR for the Fraud on the Court that was Committed by Chief District Judge of the U.S. District Court for the District of New Mexico Mr. William P. Johnson, the F.R.C.P. Rule 60(d)(3)."

(Doc. 580) ("Petition"). The Court finds that the Petition is a willful and bad faith violation of and attempt to circumvent not only the filing restrictions previously imposed in this case but also this Court and the Tenth Circuit's prior rulings disposing of Plaintiff Drevaleva's claims. (Doc. 526, 527, 564, 573, 574, 575, 576, 577). Therefore, the Court will strike Doc. 580 and will order

1

Plaintiff Tatyana Evgenievna Drevaleva to show cause why she should not be held in contempt of court for violation of the Court's rulings, orders, and restrictions.

Plaintiff Tatyana Evgenievna Drevaleva instituted a case under Title VII and the Rehabilitation Act in the Northern District of California. (Doc. 1). After finding that Ms. Drevaleva was a vexatious litigant, the Northern District transferred her case to this Court. (Doc. 453). Despite being warned, Ms. Drevaleva immediately launched into a long and vexatious pattern of abusive litigation tactics. (Doc. 526). After warning Ms. Drevaleva several times that the Court would impose sanctions, including dismissal and filing restrictions, if she continued her improper tactics, the Court finally dismissed Ms. Drevaleva's case, entered final Judgment, and imposed filing restrictions against her. (Doc. 526, 527, 564).

Ms. Drevaleva appealed the Court's Judgment and imposition of filing restrictions to the United States Court of Appeals for the Tenth Circuit. (Doc. 532, 566). While in the Tenth Circuit she also filed original proceedings, including petitions for writs of mandamus and judicial complaints. The Tenth Circuit affirmed this Court's dismissal of her case and the imposition of filing restrictions as a sanction, denied all her independent actions, and imposed its own filing restrictions. (Doc. 573, 574, 575, 576, 577).[1] The U.S. Supreme Court denied her petition for writ of certiorari to review the Tenth Circuit's rulings. (Doc. 579).

---

[1] Virtually every court she has appeared in has concluded that Ms. Drevaleva's litigation tactics are abusive. She has been found to be an abusive litigant in the Northern District of California, the Ninth Circuit, the District of Columbia, and the Federal Circuit Court of Appeals. Further, on October 13, 2020, even the United States Supreme Court entered an Order in *Drevaleva, Petitioner v. United States of America, et al., Respondents,* No. 20-5581 that stated: "As Petitioner has repeatedly abused the Court's process, the Clerk is directed not to accept any further petitions in non-criminal actions from Petitioner unless the docketing fee required by Rule 38(a) is paid and the Petition is submitted in compliance with Rule 33.1."

After the Tenth Circuit's affirmance, Ms. Drevaleva apparently moved back to California and once again began litigating in the Northern District of California. She also again shifted her attention eastward and refiled her Title VII and Rehabilitation Act claims in the District of Columbia. The District of Columbia once more found her to be a vexatious litigant and dismissed her filings in that court. *See, Drevaleva v. McDonough, et al.,* No. 22cv00887-HSG (D.D.C. 2022). While Ms. Drevaleva was prosecuting her vexatious allegations in Northern California and the District of Columbia, and even after warnings to stop, she continued to inundate this Court with thousands of pages of "courtesy" copies of her filings in other Courts, sending much of it to the judges' proposed text e-mail boxes. Improper and harassing post-judgment e-mails from her were sent to the undersigned Judge's proposed text in-box on November 3, 2022 (4 e-mails), November 4, 2022 (2 e-mails), December 26, 2022 (5 e-mails), December 28, 2022 (1 e-mail), January 3, 2023 (8 e-mails), January 5, 2023 (2 e-mails), January 9, 2023 (1 e-mail), January 22, 2023 (3 e-mails), January 26, 2023 (2 e-mails), February 9, 2023 (1 e-mail), and April 20, 2023 (1 e-mail).

On July 27, 2023, Ms. Drevaleva submitted her Petition to this Court. The Clerk's Office erroneously filed the Petition as the opening document in a new civil case, 1:23-cv-635-LF. However, the Petition makes it explicitly clear that Ms. Drevaleva is not instituting a new action but, instead, is intentionally circumventing the filing restrictions previously imposed by the Court in order to force the Court to change its decision in this case based on wholly unfounded accusations that the Judgment is fraudulent.

> "8. Because I can't proceed in case No. 1:21-cv-00761-WJ-JFR, I am filing this current pleading with an attempt to compel Judge Johnson to vacate his fraudulent November 02, 2021 Judgment."

(Doc. 580 at 8).

> "6. As a result of Judge Johnson's intentionally abusive, criminal, malicious, and harassing pseudo-judging tactics, and as a result

3

> of not having the ECF access, I can't file any documents in case
> no. 1:21-cv-00761-WJ-JFR.  This is why I am compelled to file
> this pleading."

(Doc. 580 at 7).

> "75. CONCLUSION. For the reasons stated above, I am respectfully
> asking the U.S. District Court for the District of New Mexico to relieve
> me from Judge Johnson's fraudulent November 02, 2021 Judgment
> (Exhibit 29) and to recuse Judge Johnson from judging my lawsuit
> No. 1 :21-cv-00761-WJ-JFR."

(Doc. 580 at 47-48).  Ms. Drevaleva purports to seek relief by way of a petition for writ of mandamus or an independent proceeding under Fed. R. Civ. P. 60(d).  However, Ms. Drevaleva cannot use either of these remedies to disregard, seek to negate, and improperly circumvent the Court's prior rulings and orders.

To the extent Ms. Drevaleva seeks a writ of "mandate" (Doc. 580 at 3), mandamus is an extraordinary remedy.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quotation omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy...." *Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir.1988). To be eligible for relief, then, Petitioner must establish that the duty to perform the act in question is plainly defined and peremptory, that she has a clear right to relief, and that she has no other adequate remedy.  *Rios v. Ziglar,* 398 F.3d 1201, 1206 (10th Cir.2005).

4

Mandamus relief is clearly and unequivocally unavailable to Plaintiff Drevaleva. The prior rulings in this case were made in the proper course of judicial discretion. Plaintiff Drevaleva was allowed to challenge those rulings by an appeal as of right to the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit found no error, factual or legal, in the prior rulings and affirmed them in all respects. (Doc. 577). The Supreme Court denied certiorari. (Doc. 579). Following the Tenth Circuit's decision, those rulings are law of the case and cannot be disturbed or set aside by way of mandamus. There is no mandatory, non-discretionary duty on the undersigned Judge or any other judge or court to set aside the prior rulings in this case and Drevaleva clearly has no right to relief by way of mandamus. *Rios v. Ziglar,* 398 F.3d at 1206.

Plaintiff Drevaleva also contends that she has a right under Fed. R. Civ. P. 60(d) to bring an independent proceeding either to set aside the Judgment or to be relieved of the Judgment based on fraud on the court. (Doc. 580 at 3, 9). However, Rule 60(d) was never intended to give a plaintiff a right of independent action for purposes of disregarding both this and the appellate courts' prior rulings and to relieve her of dismissal of the case based on her own improper actions. Under Rule 60(d), an independent action for relief from a judgment may be maintained only where:

> (1) the judgment should not, in good conscience, be enforced;
> (2) a good **defense** exists to the plaintiff's lawsuit;
> (3) fraud, accident, or mistake prevented the **defendant** from
> Obtaining the benefit of the good **defense**,
> (4) the **defendant** is free of fault and negligence; and
> (5) there is no adequate remedy at law."

Baicker-McKee Janssen, *Federal Civil Rules Handbook,* (2023 Ed.) (emphasis added). *See, also, Aldana v. Del Monte Fresh Produce N.A., Inc.,* 741 F.3d 1349, 1359 (11th Cir. 2014); *Mitchell v. Rees,* 651 F.3d 593, 595 (6th Cir. 2011).

Plaintiff Drevaleva is not a **defendant** in this proceeding and cannot avail herself of the Rule 60(d) remedy to try to set aside dismissal of her case due to her abusive litigation tactics.

n/a
n/a
n/a
n/a

Moreover, even if Rule 60(d) was available to a plaintiff, the Judgment was not the result of any fraud on the court but, instead, the result of Drevaleva's own improper actions and she is not, in any way, free of fault. Ms. Drevaleva cannot bring an independent proceeding to set aside the Judgment under Fed. R. Civ. P. 60(d). Her continued attempts to do so are abusive and in bad faith.

A motion under Fed. R. Civ. P. 60(b) is the only procedural mechanism for setting aside the Judgment in the circumstances of this case. Therefore, the Court properly construes and treats Ms. Drevaleva's Petition as a Rule 60(b) motion submitted in this case. *Mitchell v. Rees,* 651 F.3d at 595; *United States v. Demjanjuk*, 838 F.Supp. 2d 616, 626 (N.D. Ohio 2011). And, because she is subject to filing restrictions that prohibit her from filing any further motions in this case, the Court will strike the Petition as improperly submitted in violation of the Court's filing restrictions and for the bad faith purpose of trying to force the Court to vacate its prior lawful orders. (Doc. 564).

In her Petition, Ms. Drevaleva also makes unsupported, irrational, and specious accusations of bias and prejudice and seeks recusal of the undersigned Judge. (Doc. 580 at 5, 48). The standard for recusal under 28 U.S.C. § 455(a) is one of objective reasonableness. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7 (1988); *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir.1993). Under § 455(a), both a judge's interest in or relationship to a case and his or her bias or prejudice against persons involved in a case "*all* [must] be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.' " *Liteky v. United States,* 510 U.S. 540, 548 (1994) (emphasis in original) (quoting 28 U.S.C. § 455(a)). Section 455(a) was enacted in 1974 "to promote public confidence in the integrity of the judicial

6

process by replacing the subjective ... standard with an objective test." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. at 858 n. 7, *quoted in Nichols v. Alley,* 71 F.3d 347, 350 (10th Cir. 1995); *United States v. Cooley,* 1 F.3d at 992.

Under § 455, a judge should recuse if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *American Ready Mix v. Behles,* 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987) (per curiam)); *accord Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000); *United States v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994). Importantly, Section 455(a) is subject to an "extrajudicial source factor," which means that, at its base, alleged bias or prejudice must stem from an extrajudicial source outside the judicial proceeding at hand and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Liteky,* 510 U.S. at 545 & n. 1, 555 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Under the extrajudicial source factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the case, or of prior proceedings, do not constitute a basis for a bias or partiality motion. Judicial remarks during the course of the proceedings, even if they are critical or disapproving of, or even hostile to a party or their case, ordinarily do not support a bias or partiality challenge. Such remarks may do so only if they reveal an opinion that derives from an extrajudicial source. *Id.* at 555-56. Further, expressions of impatience, dissatisfaction, annoyance, and even anger, do not establish bias or partiality and are within the bounds of what federal judges may sometimes display. A judge's ordinary statements

7

or actions in the administration of courtroom proceedings are immune and do not establish impropriety or impartiality. *Id.*

The reasonableness test is "limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *Cooley,* 1 F.3d at 993, *cited in Nichols,* 71 F.3d at 351. Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.* (citing numerous cases). Furthermore, attempts to intimidate a judge do not ordinarily satisfy the requirements of § 455(a). *Id.; accord Greenspan,* 26 F.3d at 1006. Finally, § 455(a) "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Cooley,* 1 F.3d at 993 (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)), *quoted in Switzer,* 198 F.3d at 1258; *Nichols,* 71 F.3d at 351.

Disqualification of a judge for bias or prejudice proceeds under 28 U.S.C. § 144. Section 144 provides:

> "Whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, such judge shall proceed no further therein. . ."

Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial. *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992). The party seeking recusal must demonstrate an actual and reasonable factual basis to question the judge's impartiality. *United States v. Cooley,* 1 F.3d at 993.

8

Sections 144 and 455 of Title 28 do not require recusal or disqualification based only on assumptions about a judge's beliefs that are not substantiated by the facts of record. *See Nichols,* 71 F.3d at 351; *Bryce v. Episcopal Church,* 289 F.3d 648, 659–60 (10th Cir. 2002). *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004). A movant's factual allegations do not have to be taken as true. Further, under either § 144 or § 455 there is as much obligation for a judge ***not to recuse when there is no occasion to do so*** as there is to recuse when there is a reasonable basis to do so. A judge should not recuse based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987) (per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.

Plaintiff Drevaleva claims bias against her because she is Russian, speaks English as a second language, is proceeding pro se, and is indigent. (Doc. 580 at 5, 25). However, Ms. Drevaleva presents no actual, reasonable factual basis for recusal in this case and there are no facts in the record that, in any way, show extrinsic bias or prejudice, or support her accusations. Ms. Drevaleva appears to believe that if she recites her unfounded incantation that the Court's actions are "intentionally abusive, criminal, malicious, and harassing pseudo-judging tactics" (Doc. 580 at 7) that will be sufficient to trick another judge or court into setting aside the Judgment. Contrary to Ms. Drevaleva's repeated allegations, the United States Court of Appeals for the Tenth Circuit reviewed this Court's rulings and found no legal error and no impropriety and affirmed the Court's decision. (Doc. 577). Of course, Ms. Drevaleva simply rejects the Tenth Circuit's decision, baselessly claiming the Circuit court was wholly without jurisdiction. (Doc. 580 at 40). The fact is that the November 2, 2021 Judgment was not procured through any fraud on the Court or by any improper tactics by the Judge and is not the result of any extrajudicial bias or prejudice on the part

of the Judge. Instead, the Judgment was procured by Ms. Drevaleva, herself, through her own willful and intentional actions in refusing to comply with or respect any rule or order of this Court. (Doc. 526). Ms. Drevaleva's unsupported, irrational, and highly tenuous speculation and accusations do not alter the legal correctness of this Court's decision in this case, nor do they provide any basis for the undersigned Judge to recuse himself. *American Ready Mix v. Behles,* 14 F.3d at 1501; *Hinman v. Rogers,* 831 F.2d at 938–39; *Switzer v. Berry,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *United States v. Cooley,* 1 F.3d at 992-94.

Ms. Drevaleva has unnecessarily cost this Court and other courts within the federal system countless hours and resources, vexatiously multiplying the burden and cost of this litigation. The Court will not continue to tolerate her disrespect and malice towards the Court and willful disregard of the Court's rules, procedures, and orders. Under Fed. R. Civ. P. 11(b), 12(f), and the Court's inherent authority to manage its own docket, the Court finds that Ms. Drevaleva's filing is interposed for improper purposes and needlessly increases the burdens and costs of her litigation. Therefore, the Court will strike her Petition (Doc. 580).

The Court also **orders** Plaintiff Tatyana Evgenievna Drevaleva, within 30 days of entry of this Memorandum Opinion and Order, to show cause why she should not be held in contempt of court for her intentional, willful, and bad faith violation of the Court's rules, rulings, orders, and filing restrictions. Ms. Drevaleva's response to the order to show cause cannot exceed 50 pages, and any exhibits Ms. Drevaleva chooses to attach to the response are included in the 50-page limitation. If Plaintiff Drevaleva fails to respond to this order to show cause, or submits a response that does not comply with this order, the Court may find her in contempt of court without further notice.

The Court plans on holding a hearing on the order to show cause at which Ms. Drevaleva must appear in person before the Court.  If Plaintiff Drevaleva fails to appear in person at any such future hearing, sanctions and adverse consequences may be imposed against her up, and including, issuance of a warrant for her arrest for failure to appear.

**IT IS ORDERED:**

(1) The Petition filed by Tatyana Evgenievna Drevaleva (Doc. 580) is **STRICKEN** as having been filed in willful, intentional, and bad faith violation of the Court's rules and orders, including its December 2, 2021 Order imposing filing restrictions (Doc. 564);

(2) Plaintiff Tatyana Evgenievna Drevaleva **SHALL SHOW CAUSE** within 30 days after entry of this Order why she should not be held in contempt of court for her willful and intentional violation of the Court's orders, including the Court's December 2, 2021 Order imposing filing restrictions (Doc. 564).  Plaintiff Drevaleva's written response to this order to show cause may not exceed 50 pages.  The 50-page limit includes any exhibits to the response;

(3) The Clerk of the Court is **DIRECTED** to accept and file Plaintiff Drevaleva's response to this order to show cause, only, and is not to accept any other submissions received from Plaintiff Drevaleva in this case;

(4)  All prior rulings in the case remain in full force and effect and Tatyana Evgenievna Drevaleva is prohibited from making or attempting to make any further filings other than her response to the order to show cause, whether directly or indirectly attacking the Court's rulings in this case, including attempting to circumvent the restrictions by filing a separate or independent action relating to the subject matter of or attacking the rulings in 1:21-cv-00761.  The Clerk of the Court is to discard, without filing, any submission by Tatyana Evgenievna Drevaleva in violation of the Court's December 2, 2021 Order (Doc. 564) or this Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE